# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TYLER WALLACE,   )<br>  )<br>   Plaintiff,   )<br>  )<br>v.   )<br>  )<br>LOUISIANA-PACIFIC   )<br>CORPORATION d/b/a   )<br>LP BUILDING SOLUTIONS, et al.,   )<br>  )<br>   Defendants.   )  | CASE NO.:<br>_____ |

## NOTICE OF REMOVAL

Defendant Teal Sales Incorporated, identified in the Amended Complaint as TSI-Inc. ("TSI"), hereby gives notice of the removal of the above-styled action from the Circuit Court of Clarke County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original federal diversity jurisdiction under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff Tyler Wallace is diverse from Defendants TSI, Louisiana-Pacific Corporation d/b/a LP Building Solutions ("LP"), and Casey Industrial, Inc. ("Casey Industrial"). Defendant Stacey Campbell's ("Campbell") citizenship should not be considered in determining diversity because he is fraudulently joined. As grounds for removal, TSI states as follows:

1

## INTRODUCTION

1.      Plaintiff initiated this action on October 4, 2021, by filing a Complaint in the Circuit Court of Clarke County, Alabama, Case No. 16-CV-2021-900109. Plaintiff filed an Amended Complaint on February 18, 2022, which added TSI and Casey Industrial as defendants.

2.      Pursuant to 28 U.S.C. § 1446(a), the entire state court file, including all process, pleadings, and orders served upon TSI, is attached hereto as **Exhibit A**.

3.      This case arises out of a workplace accident that occurred at LP's plant in Thomasville, Alabama.  Ex. A, Amended Complaint at ¶ 7. According to the Amended Complaint, Plaintiff was injured while working near the waste conveyor at the LP plant when he came "into contact with the pinch and/or nip point" of the tail pulley on the conveyor.  *Id*. at ¶ 8.  Plaintiff claims that he suffered "severe, permanent and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body." *Id*.  In the Amended Complaint, Plaintiff asserts a worker's compensation claim against LP (Count I)[1]; a "co-employee liability" claim against Stacey Campbell (Count II); claims of negligence, wantonness, failure to warn, breach of implied warranty, and product liability under the Alabama Extended Manufacturer's Liability Act ("AEMLD") against TSI (Counts III – IIX); and

---

[1] Defendant TSI will move to sever and remand the worker's compensation claims against LP.

2

negligence and wantonness claims against Casey Industrial (Counts IX and X). *See, gen., id.* Plaintiff seeks both compensatory and punitive damages. *Id.*

## GROUNDS FOR REMOVAL

4. This removal is based on diversity of citizenship. Under 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *See Loss Mountain Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007).

5. This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and the true defendants to this case—LP, TSI, and Casey Industrial.

6. The United States District Court for the Southern District of Alabama, Southern Division, encompasses the Circuit Court of Clarke County, Alabama, so removal to this Court is proper. *See* 28 U.S.C. § 81(c)(2) and § 1441(b).

7. TSI was served with a copy of the Amended Complaint on February 25, 2022. TSI files this removal within thirty (30) days of that date, thus removal is timely under 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

8. Plaintiff and Defendants LP, TSI, and Casey Industrial are citizens of different states, and no other proper defendant is a citizen of Alabama, thus there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) and § 1441(b).

9. Plaintiff Tyler Wallace is a resident citizen of Clarke County, Alabama. Ex. A, Amended Complaint at ¶ 1.

10. For purposes of diversity jurisdiction, a corporation is a citizen of every state or foreign state where it is incorporated and every state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11. Defendant LP is a "foreign corporation" that does business in Alabama. *Id*. at ¶ 2. LP is incorporated in Delaware and its principal place of business is Nashville, Tennessee.

12. Defendant TSI is a "foreign corporation" with its principal place of business in Washington. *Id*. at ¶ 4. TSI is incorporated in Washington.

13. Defendant Casey Industrial is a "foreign corporation," with its corporate headquarters in Louisville, Colorado. *Id*. at ¶ 5. Upon information and belief, Casey Industrial is incorporated in Oregon.

14. Defendant Campbell is an Alabama resident, but because Plaintiff fraudulently joined Campbell for the purpose of destroying diversity among the parties, his citizenship should not be considered. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287-88 (11th Cir. 1998) ("[A]n action may nevertheless be removable if the joinder of the non-diverse party . . . [is] fraudulent.").

15. Thus, this action involves "citizens of different states" in accordance with 28 U.S.C. 1332(a)(1).

**Fraudulent Joinder of Stacey Campbell**

a.   Facts

16. Campbell is the Plant Manager at the Clarke County, Alabama, Louisiana-Pacific plant and was serving in that capacity at the time Plaintiff was injured at the plant on May 19, 2021. *See* Declaration of Stacey Campbell, **Exhibit B** at ¶ 1.

17. The LP plant where Plaintiff worked manufactures Oriented Strand Board ("OSB") that is used in construction and sub-floor building applications. Ex. B at ¶ 2. The plant includes a customized Finishing Line that takes freshly pressed panel boards and converts them into the desired size and grade, and then packages them so they can be sold to LP's customers. *Id*.

18. The Finishing Line was designed and built by TSI and installed by Casey Industrial, Inc. *See* Declaration of Benny Teal, **Exhibit C** at ¶ 3. Benny Teal

is the founder, President, and sole owner of TSI and has served in the same position since 1992. Ex. C at ¶ 1.

19. The Finishing Line consists of a series of roll, belt, and chain conveyors that move the OSB through the various stages of the finishing process after the boards exit the press. Ex. B at ¶ 2.

20. The Finishing Line includes a trim waste conveyor that moves pieces of OSB that have been trimmed off the board during the sizing process. *Id*. at ¶ 3. Plaintiff Tyler Wallace was injured on the lower end of the trim waste conveyor. *Id*. at ¶ 4.

21. The trim waste conveyor, including the lower section (or, the infeed end), was installed in 2007. Ex. C at ¶ 3. The trim waste conveyor that was installed in 2007 was the same conveyor that Plaintiff was working near when he was injured. Ex. B at ¶ 5.

22. The infeed end of the trim waste conveyor where Plaintiff was injured was not designed with a mechanical machine guard that would block access to the idling drum pulley or the sliding belt; rather, this section of the trim waste conveyor that TSI sold to Louisiana-Pacific for installation did not need a mechanical guard on the infeed end where Mr. Wallace was injured. Ex. C at ¶ 5.

23. Prior to Plaintiff's accident, the structure and component parts of the trim waste conveyor were not modified beyond the design that was supplied by TSI.

Ex. B at ¶ 6. Similarly, prior to Plaintiff's accident, the structure of the lower area of the conveyor (or, the infeed end) where Plaintiff was injured was not modified beyond its original design. *Id*.

24. No guard or safety devices were removed from the original manufacturer equipment prior to Plaintiff's accident. *Id*.

25. The photograph attached as "Exhibit A" Stacey Campbell's declaration accurately depicts the configuration and condition of the lower section (the infeed end) of the structure of the trim waste conveyor at the time of Plaintiff's accident. *Id*. at ¶ 7 and Ex. A thereto.

26. According to Benny Teal, the founder and owner of TSI, the photograph attached as "Exhibit A" to Stacey Campbell's declaration depicts the infeed end of the trim waste conveyor as it was originally designed and installed by TSI. Ex. C at ¶ 7. Based on Mr. Teal's knowledge of the equipment and his review of the photograph attached as "Exhibit A" Stacey Campbell's declaration, there are no missing component parts or equipment on the infeed end of the trim waste conveyor compared to when it was originally designed, manufactured, and installed. *Id*.

27. In other words, there were no "safety guards" provided by TSI that could have been removed from the infeed end of the conveyor at the time of Mr. Wallace's injury, because none were provided. *Id*.

### b. Standard

28. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). One situation in which the Eleventh Circuit recognizes fraudulent joinder – which applies to this lawsuit – "is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id*. (emphasis added); *see also Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (stating that a non-diverse defendant is fraudulently joined if "there is no possibility the plaintiff can establish a cause of action against the [non-diverse] defendant.") (quotations omitted).

29. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff" *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989). "But there

must be some question of fact before the district court can resolve that fact in the plaintiffs favor." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). In other words, "[w]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Id*.

30. And although the removing defendant's burden of establishing fraudulent joinder is a "heavy one," *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997), the courts must engage in a summary judgment-like proceeding and pierce the pleadings "so as to avoid a plaintiffs depriving diverse defendants of a federal forum *by mere conclusory allegations which have no basis in fact*." *Doe v. Cloverleaf Mall*, 829 F. Supp. 866, 870 (S.D. Miss. 1993) (internal citations and quotations omitted) (emphasis added).

31. Further, the Eleventh Circuit has explained that "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg*, 428 F.3d at 1325 n.5.

32. As demonstrated above by declarations of Stacey Campbell and Benny Teal, Plaintiff has asserted a co-employee claim against Stacey Campbell based on "mere conclusory allegations which have no basis in fact." *See* Exs. B and C; Ex. A, Complaint at ¶¶ 20-25. As explained below, there is no possibility that Plaintiff can prove a "co-employee" cause of action against Stacey Campbell under Alabama law.

### c. Analysis

33. Plaintiff's only claim against Defendant Campbell is found in Count II, entitled "Co-Employee Liability." *See* Ex. A, Complaint at ¶¶ 20-25.

34. Plaintiff alleges that Defendant Campbell was employed by LP at the Thomasville, Alabama facility and was a "co-employee" of Plaintiff's at the time of this accident. *Id*. at ¶ 21. Plaintiff states that "instead of maintaining … safety devices for the subject trim waste conveyor," Defendant Campbell "removed, bypassed, and/or failed to install or maintain safety features designed to prevent the very type of injury sustained by Plaintiff." *Id*. at ¶ 21. As a result of this alleged conduct, Plaintiff claims that he suffered "severe, permanent, disabling and disfiguring injuries." *Id*. at ¶ 25.

35. Though he does not reference it in his Amended Complaint, Plaintiff's "co-employee" claim is asserted pursuant to an express exception to Alabama's Worker's Compensation Act. *See* Ala. Code § 25-5-11(c)(2).

36. Alabama law allows claims against fellow employees for workplace injuries only in limited circumstances. *Layne v. Carr*, 631 So. 2d 978, 982 (Ala. 1994) ("The legislature expressly limited exceptions to the exclusivity of the workers' compensation scheme."). Specifically, under the co-employee liability exception to the Alabama Workers' Compensation Act, a co-employee's behavior must rise to the level of "willful conduct," which has been defined to include the

removal or failure to maintain a "safety device." *See Moore v. Reeves,* 589 So. 2d 173, 178–79 (Ala. 1991).

37. But, to maintain a co-employee under § 25–5–11(c)(2) based on removal of a safety guard or device, a Plaintiff must show "that the defendants willfully and intentionally removed from the machine the safety guard or device provided by the manufacturer of the machine with knowledge that injury would likely or probably result from the removal." *Id*. at 176; *see also Harris v. Gill*, 585 So. 2d 831, 835 (Ala. 1991) (describing the necessary elements of a claim under § 25–5–11(c)(2) to include: (1) the safety guard or device must have been provided by the manufacturer of the machine, and (2) the safety guard or device must have been removed from the machine).

38. Plaintiff cannot possibly establish these necessary elements. As the declaration of Benny Teal – TSI's founder and President – makes clear, the infeed end of the trim waste conveyor where Plaintiff was injured was not designed with a mechanical machine guard to begin with. Ex. C at ¶ 5. In other words, no safety guards were removed, because none were provided. *Id*. at ¶ 7.

39. Moreover, Mr. Teal's declaration confirms that the infeed end of the trim waste conveyor looked structurally the same at the time of Mr. Wallace's accident as it did when it was initially designed and sold to LP. Ex. C at ¶ 7. At the time of Plaintiff's accident, there were no missing component parts or equipment on

the infeed end of the trim waste conveyor compared to when it was originally designed, manufactured, and installed. *See id*.

40. Because Plaintiff cannot possibly prove that Stacey Campbell "willfully and intentionally removed from the machine the safety guard or device provided by the manufacturer" (*see Moore,* 589 So. 2d at 176), there "is no possibility he can establish a cause of action" under § 25–5–11(c)(2) against Mr. Campbell. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). Accordingly, Mr. Campbell – the only non-diverse defendant – is fraudulently joined. *Id*.

## AMOUNT IN CONTROVERSY

41. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2014). Here, although the Complaint does not cite a specific dollar figure sought by the Plaintiff, the amount in controversy easily exceeds $75,000.

42. As stated by the Eleventh Circuit, "a removing party is not required to prove the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 754 (11th Cir. 2010). Instead, in cases where no specific amount in controversy is alleged in the complaint, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable

inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (*quoting Pretka*, 608 F.3d at 754). In doing so, "a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount," but instead may "use their judicial experience and common sense." *Id.* at 1062 (citations and quotations omitted).

43.  Here, the face of the Amended Complaint establishes the jurisdictional amount. Specifically, Plaintiff alleges that his right hand and arm came into contact with a "pinch point" of a tail pully on a trim waste conveyor. Ex. A, Complaint at ¶ 8. As a result, Plaintiff claims that he suffered "severe, permanent and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body." *Id*. Based on these allegations, common sense dictates a finding that the requisite amount in controversy. *See Maconeghy v. Cooper Tire & Rubber Co.*, No. CIV.A. 08-0335-WS-M, 2008 WL 4811398, at *3 (S.D. Ala. Nov. 3, 2008) (allegations that plaintiff "suffered serious and permanent injuries" and that "he has been permanently disfigured and disabled" were sufficient to satisfy the amount in controversy from the face of the complaint); *Sanderson v. Daimler Chrysler Motor Corp.*, No. CIV.A. 07-0559-WS-B, 2007 WL 2988222, at *2 (S.D. Ala. Oct. 9, 2007) (holding that the complaint established that the amount in controversy more

13

likely than not exceeds $75,000 where plaintiff alleged "serious and permanent disfigurement and scarring to her face and body").

44. Moreover, the medical bills produced by Plaintiff which reflect treatment for the "severe, permanent, disfiguring, and disabling injuries" he claims are well in excess of $75,000. Indeed, one hospital bill alone totals $364,000.

45. Finally, Plaintiff seeks punitive damages in connection with all claims against Defendants TSI and Casey Industrial (*see* Ex. A, Complaint at pp. 9-18) which must also be considered when determining amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered."); *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 10-00359-CG-B, 2010 WL 4117038, at *4 (S.D. Ala. Sept. 23, 2010) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

46. Thus, based on Plaintiff's claims of severe, permanent, disfiguring, and disabling injuries, his known medical bills, plus his claim for punitive damages, there is "a plausible allegation" that the amount in controversy exceeds $75,000 at the time of removal, as required under 28 U.S.C. § 1332(a). *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

47. As of the date of this filing, Defendants LP, Stacey Campbell, and TSI are the only properly joined and served defendants.[2] LP has expressly consented to this removal. *See* Consent, **Exhibit D**. Campbell's consent is not required because, as explained above, he has not been properly joined. *See Maxwell v. E-Z Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012) ("A fraudulently joined party is not properly joined and, accordingly, need not join or consent to the removal."). Because no other defendants have been served, their consent is not required. 28 U.S.C. § 1446(b)(2)(A).

48. Pursuant to 28 U.S.C. § 1446(d), TSI will file a Notice of Filing Notice of Removal with the Circuit Court of Clarke County, Alabama. Copies of that Notice, together with this Notice of Removal, are being served upon all counsel of record pursuant to 28 U.S.C. § 1446(d).

49. TSI reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, TSI requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Clarke County; and that this Court will make such other orders as may be appropriate

---

[2] Upon information and belief, at the time this Notice was filed, Casey Industrial has not been served. Specifically, Alabama's online filing system – AlaCourt – does not reflect service of Casey Industrial.

to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

                Respectfully submitted,

                */s/ W. McKinley Dunn*
                One of the Attorneys for TSI

OF COUNSEL:
Adam K. Peck
*apeck@lightfootlaw.com*
Sanford G. Hooper
*shooper@lightfoolaw.com*
W. McKinley Dunn
*mdunn@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on March 25, 2022, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system. I also served a copy by electronic and/or U.S. mail to:

Wyatt P. Montgomery
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

*Attorneys for Plaintiff*

Charles A. Stewart III, Esq.
Lillie A. Hobson, Esq.
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com
lhobson@bradley.com

*Attorneys for Stacey Campbell*

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

jtrousdale@carrallison.com

*Attorneys for Louisiana-Pacific*

Casey Industrial, Inc.
890 W Cherry Street
Louisville, CO 80027

                                                */s/ W. McKinley Dunn*
                                                Of Counsel