# Exhibit A

DOCUMENT 1

ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>16<br><br>Date of Filing:<br>10/04/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### TYLER WALLACE v. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other    **First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO          **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**          ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

MON077                    10/4/2021 4:17:51 PM                    /s/ Wyatt P. Montgomery
_____          _____          _____
                         Date                             Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**          ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**          ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

|  |  |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) *Jury Trial Demanded* |
| | ) |
| LOUISIANA-PACIFIC CORPORATION | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| corporation;   STACEY LEVERNE | ) |
| CAMPBELL, an individual; and | ) |

Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama;

Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses at or with reference to the site of the incident made the basis of this litigation;

Fictitious Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the incident made the basis of this litigation;

Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was the owner or owners of the premises involved in the occurrence made the basis of this lawsuit;

Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe condition at the time of the subject incident;

Fictitious Party No. 8, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff.

DOCUMENT 2

Fictitious Party No. 9, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of removing, failure to maintain, and/or failure to install safety devices for the machine causing Plaintiff's injuries and damages;

Fictitious Party No. 10, whether singular or plural, those persons, firms or entities who manufactured designed, marketed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 11, whether singular or plural, those persons, firms, or entities who performed modifications to the equipment and/or machinery involved in the incident made the basis of this litigation through which those modifications and/or remanufacturing process caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 12, whether singular or plural, those other persons, firms, or entities who distributed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities who either re-manufactured, designed, modified, and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 14, whether singular or plural, that or those persons or persons, entity or entities who was responsible for the installation of the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 15, whether singular or plural, those other persons, firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 16, whether singular or plural, that or those entities who are the parent corporations, or the successors in interest to any of the named or fictitiously described defendants herein;

All of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment once ascertained.

      Defendants.                )

<u>**COMPLAINT**</u>

      COMES NOW the Plaintiff in the above-styled cause of action and shows unto the Court the following:

DOCUMENT 2

## PARTIES and VENUE

1.     Plaintiff Tyler Wallace is an individual over the age of nineteen (19) and is a resident and citizen of Clarke County, Alabama.

2.     Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions, is a foreign corporation registered to do business and doing business in the State of Alabama, for profit. At all times relevant to this litigation, Defendant Louisiana-Pacific was operating a plant facility in Clarke County, Alabama. At the time of the incident made the basis of this litigation, Plaintiff Tyler Wallace was working within the line and scope of his employment with and on behalf of Defendant Louisiana-Pacific.

3.     Defendant Stacey Leverne Campbell (hereinafter "Defendant Campbell") is an individual over the age of nineteen (19) and is a resident and citizen of the State of Alabama. Defendant Campbell is the Plant/Facilities Manager of Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, a co-employee of the Plaintiff.

4.     Fictitious Parties are described as follows: Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation; Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation; Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama; Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections

or analyses at or with reference to the site of the incident made the basis of this litigation; Fictitious Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the incident made the basis of this litigation; Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was the owner or owners of the premises involved in the occurrence made the basis of this lawsuit; Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe condition at the time of the subject incident; Fictitious Party No. 8, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful conduct either caused or contributed to cause the injuries and damages to the plaintiff; Fictitious Party No. 9, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of removing, failure to maintain, and/or failure to install safety devices for the machine causing Plaintiff's injuries and damages; Fictitious Party No. 10, whether singular or plural, those persons, firms or entities who manufactured, designed, marketed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 11, whether singular or plural, those persons, firms, or entities who performed modifications to the equipment and/or machinery involved in the incident made the basis of this litigation through which those modifications and/or remanufacturing process caused or contributed to cause the injuries and damages to the Plaintiff; Fictitious Party No. 12, whether singular or plural, those other persons, firms, or entities who distributed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities who either re-manufactured, designed, modified, and/or placed into the stream of commerce the

equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 14, whether singular or plural, that or those persons, entity or entities who was responsible for the installation of the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 15, whether singular or plural, those other persons, firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff; Fictitious Party No. 16, whether singular or plural, that or those entities who are the parent corporations, or the successors in interest to any of the named or fictitiously described defendants herein; all of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment once ascertained.

5.     The incident made the basis of this litigation occurred within Clarke County, Alabama within two (2) years of the filing of this action. At the time of the subject incident made the basis of this litigation, both Plaintiff Tyler Wallace and Defendant Louisiana-Pacific were subject to the Workers Compensation Act of Alabama.

## STATEMENT OF FACTS

6.     On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions (hereinafter "Louisiana-Pacific"), and/or Fictitious Defendant Nos. 1 through 16, where he worked in the Thomasville, Alabama plant facility.

7.     At said time and place, the Plaintiff was working in an area of the Louisiana-Pacific facility at or near the location of a trim waste conveyor. Further, at said time and place, and while working within the line and scope of his employment with Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff's right hand and arm was caused and/or allowed to come into contact with the pinch and/or nip point of an un-guarded pinch and/or nip point of the

DOCUMENT 2

tail pulley on the trim waste conveyor. As a result, thereof, Plaintiff sustained severe, permanent and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body.

8.      As a direct and proximate consequence of the Defendants' conduct, Plaintiff suffered severe, permanent, disfiguring and disabling injuries and the Defendants are thereby legally responsible.

**COUNT I**
**WORKER'S COMPENSATION CLAIM AGAINST**
**LOUISIANA-PACIFIC CORPORATION**

9.      Plaintiff adopts and realleges paragraph Nos. 1 through 8 as previously set forth in this complaint as if fully set out herein.

10.     On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16 and was working at said Defendant's Thomasville, Clarke County, Alabama facility.

11.     At said time and place, and while working within the line and scope of his employment with and/or on behalf of his employer Defendant Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, he was caused and/or allowed to sustain severe, permanent, disfiguring and disabling injuries.

12.     Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, received timely and actual notice of Plaintiff's accident and injuries in accordance with the Alabama Worker's Compensation Act, existing as of May 19, 2021.

13.     As a permanent result of said incident, Plaintiff Tyler Wallace sustained severe, permanent, disfiguring and disabling injuries about his body including, but not limited to, his right hand, right arm, back and leg. Additionally, Plaintiff has suffered from severe mental and emotional injuries as a result of the subject on-the-job injury.

DOCUMENT 2

14.    Subsequent to said injuries, Plaintiff Tyler Wallace was caused to obtain medial treatment for these injuries and continues to experience temporary total disability which is expected to persist an unknown period of time, and which is expected to be followed by a permanent total disability of his person. Plaintiff has incurred medical expenses for the treatment of his injuries and will continue to incur the same in the future. He has lost wages, lost money, and he has otherwise been injured or damaged.

15.    The Plaintiff and Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, are subject to the Worker's Compensation Act of the State of Alabama.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendant Louisiana-Pacific Corporation for the compensation, medical care expenses and vocational expenses to which he is entitled under the Worker's Compensation Act of the State of Alabama.

## COUNT II
## (CO-EMPLOYEE LIABILITY)

16.    Plaintiff adopts and realleges paragraphs 1 through 15 as previously set forth in this complaint as if fully set out herein.

17.    Defendant Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, was employed with Defendant Louisiana-Pacific at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, was Plaintiff's co-employee.

18.    Plaintiff alleges that Defendants Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, were required by law to maintain the subject premises, safety devices and equipment so that employees like the Plaintiff and other operators could do their jobs safely. Instead of maintaining the subject premises, including safety devices for the subject trim waste conveyor,

DOCUMENT 2

Defendants removed, bypassed, and/or failed to install or maintain safety features designed to prevent the very type of injury sustained by the Plaintiff.

19. Defendants Campbell, and/or Fictitious Defendant Nos. 1 through 16, knew or should have known that the safety devices they removed, bypassed, failed to provide and/or failed to maintain were necessary and required by law. Said Defendants failed to provide and maintain the necessary safety devices. Their failure was willful and done with the knowledge that an injury would likely or probably occur in the event the safety devices were not available to provide the protection for which they were provided.

20. Plaintiff further alleges Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, failure to maintain the premises, particularly the subject trim waste conveyor involved in the Plaintiff's injury, in a reasonably safe condition constitutes willfulness. A reasonable person in Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, position would have known that a failure to guard the nip and/or pinch point of the subject trim waste conveyor was substantially certain to cause and/or result in the type of injury sustained by the Plaintiff.

21. As a direct and proximate result of Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's willful conduct, the Plaintiff sustained the severe, permanent, disabling and disfiguring injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment in such an amount of compensatory and/or punitive damages as a jury deems reasonable and may award, plus interest and cost of this action.

DOCUMENT 2

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury to hear each and every issue raised within

this Complaint.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

## PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

Stacey Leverne Campbell
4836 County Road 6
Silas, AL 36919

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOUISIANA-PACIFIC | ) |
| CORPORATION d/b/a | ) |
| LP BUILDING SOLUTIONS, | ) |
| a corporation; TSI-INC, a | ) |
| corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## APPLICATION FOR EMPLOYMENT OF ATTORNEYS

COMES NOW the Plaintiff, Tyler Wallace, in the above-styled cause, pursuant to §25-5-90(a) of the Workers' Compensation Act of Alabama and petitions the Court to permit Wyatt P. Montgomery of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles P.C. in Mobile, Alabama to represent him in said cause as his attorney and to appoint said attorneys to represent him in said cause.

This the 27 day of August, ~~2020.~~ 2021

_____
TYLER WALLACE

STATE OF ALABAMA      )
COUNTY OF CLARKE      )

Sworn to and subscribed before me
this 27 day of August 2020. to/PNb
                        2021

_Aleam Blackley_
NOTARY PUBLIC
My Commission Expires: 8/8/2021

Clarke Co
Alabama.

DOCUMENT 3

ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE, an                    )
individual,                          )
                                     )
                                     ) Civil Action No.: _____
        Plaintiff,                   )
                                     )
v.                                   )
                                     )
LOUISIANA-PACIFIC CORPORATION        )
d/b/a LP BUILDING SOLUTIONS, a       )
corporation; STACEY LEVERNE          )
CAMPBELL, an individual; et al.,     )
                                     )
        Defendants.                  )

### PLAINTIFF'S FIRST DISCOVERY TO DEFENDANT LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SOLUTIONS

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to Rules 26, 33 and 34 of the Alabama Rules of Civil Procedure, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions:

### Definitions

As used herein:

1.      *"Defendant"*, *"you"* and/or *"your"* means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.      The word *"person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

DOCUMENT 3

3.    "*And*" and "*or*" and "*and/or*" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.  The use of the words "*include*(s)" and "*including*" shall be construed to mean "*without limitation.*"

4.    The word "*document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.    The word "*identify*" when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.    The word "*identify*" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership,

DOCUMENT 3

etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.      The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; Є to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.      "*Subject trim waste conveyor*" or "*subject equipment*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001involved in the incident made the basis of this litigation.

9.      "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.     "*Subject facility*" shall mean the Louisiana-Pacific facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

### Continuing Interrogatories and Requests for Production

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different

DOCUMENT 3

information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

## Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was

DOCUMENT 3

written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing; the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals. In addition, you are requested to produce all drafts and notes (whether

DOCUMENT 3

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.    Is this Defendant properly named in Plaintiff's Complaint?  If not, please provide the Defendant's correct name.

2.    Please identify the name of the person preparing the answers to these interrogatories and identify any person aiding in their preparation.

3.    Were you the employer of the Plaintiff on the date of the incident alleged in the Complaint?  If your answer is "no", state every fact supporting your contention that you were not Plaintiff's employer on the date of the incident, and produce every document in support of such contention.

4.    State the amount of gross wages of the Plaintiff for each and every week for 52 weeks next preceding the incident made the basis of this litigation.  In addition to your response, please furnish Plaintiff's attorney a copy of the payroll records for each and every week covering said pay period.

5.    Please state the gross cost to the Defendant for any benefits furnished to the Plaintiff as part of the Plaintiff's employment for the 52 weeks next preceding the date of the subject incident, including but not limited to:

> a.  Contributions made by Plaintiff to a tax qualified program or to a section 125 cafeteria plan;
>
> b.  Gross premiums paid for by the employer for medical insurance or hospitalization insurance coverage;
>
> c.  Gross premiums paid for by the employer for life insurance coverage;

DOCUMENT 3

    d.  Gross premiums paid for by the employer for disability insurance coverage;

    e.  Any other such fringe benefits or allowances paid for by the employer for the benefit of the plaintiff.

6.     On the date of the incident made the basis of this litigation, state the Plaintiff's job title and specify his job duties and responsibilities.

7.     On the date of his injury, explain what job duties the Plaintiff was performing when he was injured.

8.     State the date/time OSHA was notified of the Plaintiff's injury and identify the employee or individual who notified OSHA of the incident.

9.     State the results of any investigation into the injury of the Plaintiff and identify the employees and/or any third-party entity and individuals who participated in any investigation.

10.    Identify any and all OSHA citations issued against this Defendant as a result of the incident and injury made the basis of this litigation.

11.    Identify each employee who, to your knowledge, has provided a statement regarding this incident to this Defendant, OSHA or any investigating individual or agency.

12.    When did you first realize or receive notice that the Plaintiff received an injury?

    a.  Describe the details of said notice, whether verbal or written;

    b.  State the name of the person or supervisor receiving said notice.

13.    Do you have any knowledge or documentation of a disability given to the Plaintiff as a result of the injuries received in the incident made the basis of this litigation? If so, please state:

    a.  The name and address of doctor or other persons giving such rating; and

DOCUMENT 3

    b.  The percentage of disability.

14.    State the amount of compensation paid to the Plaintiff by the Defendant or Defendant's insurance carrier:

    a.  The weekly rate of said compensation and the period covered by said payments;

    b.  The type of compensation payment, such as temporary total disability or permanent partial disability.

15.    If you intend to refer to or introduce any written or documentary evidence or photographs at the time of the trial, please state specifically what evidence you intend to introduce and the purpose of introducing the evidence.  If you have such information and do not intend to introduce it but do intend to refer to it at the hearing, please state what information you will refer to and the purpose of referring to it.

16.    Please list all medical reports or medical records which are in the possession of Defendant, Defendant's insurance carrier or Defendant's attorneys.  State in substance the contents of said reports, and the names and addresses of the physicians giving same or in the alternative you may furnish copies of the same.

17.    Give the name, telephone number and address of each person you expect to use as a witness in the trial of this case.  Please state briefly what you expect to be the testimony of each witness.

18.    Give a full description of the equipment being operated and/or used by the Plaintiff involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.  Include in your response the year, make, model, manufacturer, and/or any other identifying information.

DOCUMENT 3

19.    State in detail any and all maintenance, repairs, modifications, safety device installation, and/or any other work performed by this Defendant, its agents and/or representatives and/or contractors, on the equipment being operated and/or used by the Plaintiff and/or involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

20.    Provide the following information for this Defendant, or any other entity or individual, who modified the subject machine on which the Plaintiff was injured before and/or after the date of his injury:

     a.  Each person or entity who modified the machine, including their phone number and address;

     b.  Each person or entity who authorized and/or requested the modification;

     c.  The date the modification(s) were made; and

     d.  The costs of any modifications.

21.    State when Defendant purchased the subject equipment involved in the incident made the basis of this litigation.  Include in your answer the purchase price and the name of the person and/or entity and/or entities the equipment was purchased from.

22.    Provide the names of any and all individuals and/or entities involved in the purchase of the subject equipment involved in the incident made the basis of this litigation.

23.    Provide the names and contact information for the person(s), or entity(ies) responsible for the installation of the subject equipment on the Defendant's premises in Clarke County, Alabama where the incident made the basis of this litigation occurred.

24.    Identify the employees of this Defendant who held the positions below on the date the Plaintiff sustained his injuries:

DOCUMENT 3

    a.  Plant manager;

    b.  Plant Safety Coordinator;

    c.  Head of Maintenance; and

    d.  All Maintenance employees.

25.    For the prior interrogatory, if the individuals identified for sub-items (a) through (d) no longer hold the position provide the following information:

    a.  Was the individual promoted, demoted or terminated;

    b.  When was the individual promoted, demoted or terminated;

    c.  Why the person was promoted, demoted or terminated; and

    d.  Who holds the position currently?

26.    State in detail this Defendant's standard operating procedures related to the job the Plaintiff was performing at the time of the incident made the basis of this litigation.

27.    Has any other individual been injured on the subject machine?

28.    If the response to the prior interrogatory is "yes", provide the following information:

    a.  The identity of the employee injured;

    b.  The date of the injury;

    c.  Whether or not a suit was filed or claim made; and

    d.  If suit was filed or a claim made, the result of the suit and/or claim.

29.    List each employee that has sustained an on-the-job injury caused by a machine requiring hospitalization in the last 15 years and explain the details of each such injury.

30.    Give a full description of training required by the Defendant to operate the equipment involved in the incident made the basis of this litigation.

DOCUMENT 3

31.     State in your own words how the incident made the basis of this litigation occurred.

32.     Provide a list of persons who witnessed the incident made the basis of this litigation.

33.     Provide a list of persons working on Defendant's premises in Clarke County, Alabama on the date of the incident made the basis of this litigation.

34.     Please state whether the Plaintiff has ever been reprimanded or disciplined by this Defendant in any way.  If so, please describe said reprimand and/or disciplinary action and the reason for said disciplinary action.

35.     Does this Defendant contend that the Plaintiff was responsible in any way for the injuries he sustained in the incident giving rise to this litigation?  If so, please describe in complete and accurate detail the basis of said contention.

36.     If any employee was disciplined by this Defendant for their part or role in the subject incident:

        a.   Identify the employee disciplined;

        b.   State the rule he/she violated; and

        c.   Describe the disciplinary action taken by this Defendant.

37.     Does this Defendant contend the injuries sustained by the Plaintiff in the incident giving rise to this litigation were caused by any third party?  If so, please provide the name and contact information for said third party, as well as the basis for said contention.

38.     Please list and describe any other conveyor belt systems in this Defendant's Clarke County, Alabama facility manufactured by TSI-INC.

DOCUMENT 3

39.     Please state whether any hazards of operations (HAZOP) analysis has ever been performed at the subject facility where the incident made the basis of this litigation occurred?  If so, please state the name and contact information for the individual(s) or entity(ies) who performed said analysis, as well as the purpose and outcome of said analysis.

40.     Please state whether any other employee of this Defendant has ever been injured on the subject premises in the same or similar manner as the Plaintiff was injured on the date of the incident made the basis of this suit.   If so, please give said employee's name and a description of the incident.

## REQUESTS FOR PRODUCTION

1.     Produce a copy of any and all incident or accident reports or reports of first injury regarding the accident made the basis of this action, including any first reports of injury, "claims summary form," supplemental reports or termination/cessation of benefit reports filed with any State agency including but not limited to the Department of Industrial Relations.

2.     Produce any employee handbook or Union contract.

3.     Produce all medical reports and records concerning the Plaintiff in the possession or under the control of this Defendant or its attorneys.

4.     Produce all correspondence and reports from any rehabilitation service or person concerning Plaintiff in the possession or under the control of the Defendant.

5.     Produce records which show for the 52 weeks next preceding Plaintiff's injury on the date made the basis of this litigation:

    a.   Gross wages;

    b.   Any and all fringe benefits or allowances and the costs thereof.

6.     Produce Plaintiff's personnel records while employed by this Defendant.

DOCUMENT 3

7.      Produce Defendant Stacey Leverne Campbell's personnel records while employed by this Defendant.

8.      Produce any written statement or recorded statement concerning the injury to the Plaintiff made the basis of this litigation, including the recorded statement taken from the Plaintiff by the insurance adjuster for the Defendant's insurance company.

9.      Produce all documents provided to OSHA or given to this Defendant by OSHA relating to OSHA's inspection into the Plaintiff's incident and injury made the basis of this litigation.

10.     Produce documents detailing any citations or fines issued against this Defendant by OSHA regarding any investigation initiated by OSHA as a result of the incident made the basis of this litigation.

11.     Produce all statements provided to OSHA or this Defendant regarding the subject incident.

12.     Produce any documentary or demonstrative evidence which you intend to introduce at the trial of this case.

13.     Produce a copy of any and all video and/or surveillance tapes showing the Plaintiff on the date of the incident made the basis of this litigation.

14.     Produce a copy of any and all video and/or surveillance tapes of Plaintiff which you intend to introduce at the trial of this case.

15.     Produce a copy of any and all medical records, impairment ratings, notes, reports and correspondence from case management nurses to Plaintiff's physician(s) concerning the Plaintiff.

DOCUMENT 3

16.     Produce all work orders, repair invoices, recalls, safety device manuals, and/or any other documentation concerning the subject equipment involved in the incident made the basis of this litigation.

17.     Produce all maintenance and service records for the subject equipment involved in the incident made the basis of this litigation.

18.     Produce all general layout drawings for the equipment involved in the incident made the basis of this litigation.

19.     Produce all general layout drawings and/or plans and specifications for all other conveyor belt systems designed and manufactured by TSI-INC that are located at this Defendant's Clarke County, Alabama facility where the incident made the basis of this litigation occurred.

20.     Produce a copy of Defendant's standard operating procedures in effect at the time of the subject incident made the basis of this litigation.

21.     Produce a copy of Defendant's safety rules, regulations and policies in effect at the time if the incident made the basis of this litigation.  If said policies have been modified in any way since the subject incident, please provide copies of said modifications.

22.     Produce a list of all persons and entities who made any repairs and/or performed work or maintenance of any kind on the subject equipment involved in the incident made the basis of this litigation.  Your response should include all repairs and/or work and/or maintenance or modifications performed encompassing the entire time in which this Defendant owned, possessed, leased and/or put into use said equipment.

23.     Produce documentation of ownership of the equipment involved in the incident made the basis of this litigation.

DOCUMENT 3

24.    Produce any contracts or other documents referencing any agreements between this Defendant and TSI-INC related to the equipment involved in the incident made the basis of this litigation.

25.    Produce any contracts or other documents referencing or explaining the relationship between this Defendant and the Plaintiff.

26.    Produce photographs of the subject equipment involved in the incident made the basis of this litigation. This request includes photographs both before and after the incident made the basis of this litigation. In other words, both before and after any modifications and/or guards were made to or placed on the subject equipment.

27.    Produce each Job Safety Analysis or examination for hazardous conditions conducted by this Defendant or provided to this Defendant with respect to the work being done on the subject equipment where the Plaintiff was injured.

28.    Produce any and all documents, whether created by this Defendant or any other entity, dealing with any and all training provided to the Plaintiff to perform the work he was performing on the day he was injured.

29.    Produce any safety policy specific to the work being done by the Plaintiff at the time of the incident made the basis of this litigation.

30.    Produce any and all documents related to any hazards of operations (HAZOP) analysis performed at the facility made the basis of this litigation.

31.    Provide any and all design drawings and/or installation instructions for the equipment involved in the incident made the basis of this litigation.

32.    Provide copies of any and all documentation provided by TSI-INC related to the equipment involved in the incident made the basis of this litigation.

DOCUMENT 3

33.     Produce any video footage captured by the Defendant of the incident made the basis of this litigation.

34.     Produce a copy of any citations given to this Defendant by any governing agency surrounding the incident made the basis of this litigation.

35.     Provide a list of all safety devices on the equipment involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

36.     Provide a copy of all emails, notes, documents, memos or other written communication to or from this Defendant (excluding any communication between Defendant and attorneys) specifically regarding the equipment involved in the incident made the basis of this litigation.

37.     Provide any and all correspondence and/or communications between this Defendant and TSI-INC related to the subject equipment involved in the incident made the basis of this litigation, as well as any other equipment designed and manufactured by TSI-INC located at this Defendant's Clarke County, Alabama facility where the subject incident occurred.

38.     Produce any and all documents reflecting injuries suffered by this Defendant's employees while operating the subject machine or other machines on this Defendant's premises.

39.     If this Defendant has been sued for workers compensation and/or personal injury by any employee, former or current, arising out of an injury sustained on the subject machine, produce a copy of the Complaint(s) filed against this Defendant for ten (10) years prior to the Plaintiff's injury made the basis of this litigation.

40.     Produce any and all documents from the manufacturer(s) of the subject machine and/or the manufacturer(s) of any additions to the subject machine dealing or referring to injuries to employees and/or safety devices on the subject machine.

DOCUMENT 3

41.   Produce the personnel files for any employee, former or current, identified in Interrogatories 17, 18, 20 and 21.

42.   Produce a copy of any document used to respond to any of Plaintiff's interrogatories.

43.   If you claim that any document(s) to be produced by you are privileged or confidential, please produce a privilege log pursuant to Rule 26(b)(5) of the Alabama Rules of Civil Procedure.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

## PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

DOCUMENT 4



ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation;  STACEY LEVERNE CAMPBELL, an individual, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S FIRST DISCOVERY TO STACEY LEVERNE CAMPBELL

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to *Rules 26, 33* and *34* of the *Alabama Rules of Civil Procedure*, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant Stacey Leverne Campbell:

### Definitions

As used herein:

1.    "*Defendant*", "*you*" and/or "*your*" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.    The word "*person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

DOCUMENT 4

3.     *"And"* and *"or"* and *"and/or"* shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive. The use of the words *"include*(s)*"* and *"including"* shall be construed to mean *"without limitation."*

4.     The word *"document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.     The word *"identify"* when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.     The word *"identify"* when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership,

DOCUMENT 4

etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.      The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; Є to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.      "*Subject trim waste conveyor*" or "*subject equipment*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001 involved in the incident made the basis of this litigation.

9.      "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.     "*Subject facility*" shall mean the Louisiana-Pacific facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

<u>**Continuing Interrogatories and Requests for Production**</u>

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different

DOCUMENT 4

information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

### Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was

DOCUMENT 4

written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing; the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals. In addition, you are requested to produce all drafts and notes (whether

DOCUMENT 4

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.     What was your employment designation at Defendant Louisiana-Pacific on the date of the incident made the basis of this litigation?

2.     Identify your current position with Defendant Louisiana-Pacific.

3.     Detail your ownership interest, if any, in Defendant Louisiana-Pacific.

4.     Identify the individual(s) or entity that modified the subject trim waste conveyor on which the Plaintiff was injured.

5.     Identify the individual(s) or entity that removed the barrier guard(s) exposing the inner components of the subject trim waste conveyor on which the Plaintiff was injured.

6.     Provide the date and the reason(s) for any modifications to the subject trim waste conveyor on which the Plaintiff was injured including, but not limited to, the removal or addition of a barrier guard.

7.     Identify any employee of Defendant Louisiana-Pacific that approved any modification to the subject trim waste conveyor including, but not limited to, the removal or addition of a barrier guard.

8.     Identify the employees at Defendant Louisiana-Pacific responsible for notifying OSHA of any reportable on the job injuries.

9.     Did this Defendant have any responsibility to notify OSHA of Plaintiff's injury?

10.     Identify any liability insurance policies, including umbrella policies that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

11.   Identify the employee(s), individual(s) or entity that placed the barrier guard(s) on the subject trim waste conveyor on which the Plaintiff was injured.

12.   Describe this Defendant's understanding of how the incident made the basis of this litigation occurred.

13.   If you contend the Plaintiff, or any other third-party, caused or contributed to cause the incident and injury made the basis of this litigation, describe in detail your basis for such contention.

14.   Detail this Defendant's participation into any investigation into Plaintiff's on the job injury and/or any investigation into the modification of the subject trim waste conveyor and/or any removal or addition of barrier guards on the subject conveyor on which the Plaintiff was injured.

15.   List and describe any other incidents at the subject Louisiana-Pacific facility in which an employee was injured by a conveyor belt system.

## REQUESTS FOR PRODUCTION

1.   Produce a copy of your tax returns for years 2015-2020.

2.   Produce your employment file from Louisiana-Pacific.

3.   Produce any and all safety policies pertaining to the maintenance of machinery, safety devices on machinery, and safety in general for Louisiana-Pacific and its employees in effect at the time of the Plaintiff's injury.

4.   Produce any and all approved protocols/procedures/training manuals used to train the Plaintiff on the safe operation of the subject trim waste conveyor.

5.   Produce any and all approved protocols/procedures for inspecting Louisiana-Pacific's equipment to determine if safety devices are operational from 2015 to the present.

DOCUMENT 4

6.      Produce any and all safety meeting reports including safety meeting sign in sheets and the topic(s) of discussion from 2015 to the present.

7.      Produce any and all daily production reports for the equipment at the subject Louisiana-Pacific facility from 2015 to the present.

8.      Produce Louisiana-Pacific's safety policy in effect at the time of the incident made the basis of this litigation.

9.      Produce any insurance policies, including umbrella policies, that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

10.     Produce any documents, photographs or reports completed in relation to any investigation into the root cause of Plaintiff's injury and/or the modification of or removal of or addition of guards from the subject trim waste conveyor on which the Plaintiff was injured.

Respectfully submitted,


/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com


/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

DOCUMENT 4

**PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL ALONG WITH SUMMONS AND COMPLAINT AS FOLLOWS:**

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

Stacey Leverne Campbell
4836 County Road 6
Silas, AL 36919



AlaFile E-Notice

16-CV-2021-900109.00

To:  Wyatt P. Montgomery
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 10/4/2021 4:17:56 PM

Notice Date:      10/4/2021 4:17:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO
C/O US CORPORATION COMPAN
641 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 10/4/2021 4:17:56 PM

Notice Date:      10/4/2021 4:17:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   STACEY LEVERNE CAMPBELL
      4836 COUNTY ROAD 6
      SILAS, AL, 36919

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 10/4/2021 4:17:56 PM

Notice Date:      10/4/2021 4:17:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2021-900109.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET

**NOTICE TO:** LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO, C/O US CORPORATION COMPAN 641 S. LAWRENCE STREET, MONTGOMERY, AL 36104

<div align="center">(Name and Address of Defendant)</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Wyatt P. Montgomery
,

<div align="center">(Name(s) of Attorney(s))</div>

WHOSE ADDRESS(ES) IS/ARE: 2020 Canyon Rd, Ste 150, Vestavia, AL 35216
.

<div align="center">(Address(es) of Plaintiff(s) or Attorney(s))</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TYLER WALLACE

<div align="right">[Name(s)]</div>

pursuant to the Alabama Rules of the Civil Procedure.

| 10/04/2021 | /s/ SUMMER SCRUGGS PADGETT | By: |
|---|---|---|
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.     /s/ Wyatt P. Montgomery

<div align="center">(Plaintiff's/Attorney's Signature)</div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<div align="center">(Date)</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div align="center">(Name of Person Served)          (Name of County)</div>

Alabama on _____ .

<div align="center">(Date)</div>

| (Type of Process Server) | (Server's Signature) | (Address of Server) |
|---|---|---|
| | (Server's Printed Name) | (Phone Number of Server) |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2021-900109.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**
**TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**

**NOTICE TO:** STACEY LEVERNE CAMPBELL, 4836 COUNTY ROAD 6, SILAS, AL 36919

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Wyatt P. Montgomery

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2020 Canyon Rd, Ste 150, Vestavia, AL 35216

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TYLER WALLACE
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 10/04/2021 | /s/ SUMMER SCRUGGS PADGETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ Wyatt P. Montgomery
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*            *(Name of County)*

Alabama on _____.
*(Date)*

_____     _____     _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____     _____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
10/6/2021 10:12 AM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

# IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| WALLACE TYLER, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:   CV-2021-900109.00 |
| | ) |
| LOUISIANA-PACIFIC | |
| CORPORATION D/B/A LP | ) |
| BUILDING SO, | |
| CAMPBELL STACEY LEVERNE, | ) |
| Defendants. | ) |

## RECUSAL

Comes now the undersigned Judge and files this his recusal in the above entitled action, and requests that the Presiding Circuit Judge appoint a special judge to hear said matter.

**DONE this 6th day of October, 2021.**

/s/ **C. ROBERT MONTGOMERY**
**CIRCUIT JUDGE**



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/6/2021 10:12:08 AM

Notice Date:     10/6/2021 10:12:08 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  HOWARD STEWART LEON
     showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/6/2021 10:12:08 AM

Notice Date:     10/6/2021 10:12:08 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO (PR
     C/O US CORPORATION COMPAN
     641 S. LAWRENCE STREET
     MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/6/2021 10:12:08 AM

Notice Date:     10/6/2021 10:12:08 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  CAMPBELL STACEY LEVERNE (PRO SE)
4836 COUNTY ROAD 6
SILAS, AL, 36919-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/6/2021 10:12:08 AM

Notice Date:     10/6/2021 10:12:08 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SC

C/O US CORPORATION COMPAN
641 S. LAWRENCE STREET
MONTGOMERY, AL 36104



9590 9402 6338 0296 6537 99

7020 2450 0002 2150 1100

*COMPLETE THIS SECTION ON DELIVERY*

**A.** Signature

*Kelly Webster*

☑ Agent
☐ Addressee

**B.** Received by *(Printed Name)*

**C.** Date of Delivery
10-6-21

**D.** Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No



CU-21-A-164    5

**3. Service Type**
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was served on 10/6/2021

**D001 LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO**

**Corresponding To**

CERTIFIED MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  HOWARD STEWART LEON
     showard@howardfesta.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was served on 10/6/2021

**D001 LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO**

**Corresponding To**

CERTIFIED MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 11

ELECTRONICALLY FILED
10/12/2021 2:57 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

WALLACE TYLER,                              )
Plaintiff,                                  )
                                            )
V.                                          )   Case No.:     CV-2021-900109.00
                                            )
LOUISIANA-PACIFIC CORPORATION               )
D/B/A LP BUILDING SO,                        )
CAMPBELL STACEY LEVERNE,                     )
Defendants.                                 )

## ASSIGNMENT OF JUDGE

WHEREAS, it having been made known to the Court that the Honorable C. ROBERT MONTGOMERY, Circuit Judge of the First Judicial Circuit, has a conflict in the above styled case.

It is therefore, ORDERED that pursuant to Rule 13 of the Alabama Rules of Judicial Administration, this case is hereby assigned to the Honorable GAINES C. McCORQUODALE, Presiding Circuit Judge of the First Judicial Circuit.

It is further ORDERED that this Order by spread upon the minutes of the Circuit Court of Clarke County, Alabama.

DONE this 12th day of October, 2021.

/s/ GAINES C MCCORQUODALE
CIRCUIT JUDGE



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:   MONTGOMERY WYATT PERRY
       wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/12/2021 2:57:11 PM

Notice Date:      10/12/2021 2:57:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/12/2021 2:57:11 PM

Notice Date:     10/12/2021 2:57:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO (PR
C/O US CORPORATION COMPAN
641 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/12/2021 2:57:11 PM

Notice Date:     10/12/2021 2:57:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: C ROBERT MONTGOMERY

To:  CAMPBELL STACEY LEVERNE (PRO SE)
4836 COUNTY ROAD 6
SILAS, AL, 36919-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 10/12/2021 2:57:11 PM

Notice Date:     10/12/2021 2:57:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
10/26/2021 2:21 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) *Jury Trial Demanded* |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation;   STACEY LEVERNE CAMPBELL, an individual; and | ) ) ) ) |

Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama;

Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses at or with reference to the site of the incident made the basis of this litigation;

Fictitious Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the incident made the basis of this litigation;

Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was the owner or owners of the premises involved in the occurrence made the basis of this lawsuit;

Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe condition at the time of the subject incident;

Fictitious Party No. 8, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff.

Fictitious Party No. 9, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of removing, failure to maintain, and/or failure to install safety devices for the machine causing Plaintiff's injuries and damages;

Fictitious Party No. 10, whether singular or plural, those persons, firms or entities who manufactured designed, marketed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 11, whether singular or plural, those persons, firms, or entities who performed modifications to the equipment and/or machinery involved in the incident made the basis of this litigation through which those modifications and/or remanufacturing process caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 12, whether singular or plural, those other persons, firms, or entities who distributed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities who either re-manufactured, designed, modified, and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 14, whether singular or plural, that or those persons or persons, entity or entities who was responsible for the installation of the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 15, whether singular or plural, those other persons, firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 16, whether singular or plural, that or those entities who are the parent corporations, or the successors in interest to any of the named or fictitiously described defendants herein;

All of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment once ascertained.

       Defendants.                 )

## **COMPLAINT**

      COMES NOW the Plaintiff in the above-styled cause of action and shows unto the Court

the following:

**PARTIES and VENUE**

1.     Plaintiff Tyler Wallace is an individual over the age of nineteen (19) and is a resident and citizen of Clarke County, Alabama.

2.     Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions, is a foreign corporation registered to do business and doing business in the State of Alabama, for profit.  At all times relevant to this litigation, Defendant Louisiana-Pacific was operating a plant facility in Clarke County, Alabama.  At the time of the incident made the basis of this litigation, Plaintiff Tyler Wallace was working within the line and scope of his employment with and on behalf of Defendant Louisiana-Pacific.

3.     Defendant Stacey Leverne Campbell (hereinafter "Defendant Campbell") is an individual over the age of nineteen (19) and is a resident and citizen of the State of Alabama. Defendant Campbell is the Plant/Facilities Manager of Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, a co-employee of the Plaintiff.

4.     Fictitious Parties are described as follows: Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation; Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation; Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama; Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections

or analyses at or with reference to the site of the incident made the basis of this litigation; Fictitious Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the incident made the basis of this litigation; Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was the owner or owners of the premises involved in the occurrence made the basis of this lawsuit; Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe condition at the time of the subject incident; Fictitious Party No. 8, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful conduct either caused or contributed to cause the injuries and damages to the plaintiff; Fictitious Party No. 9, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of removing, failure to maintain, and/or failure to install safety devices for the machine causing Plaintiff's injuries and damages; Fictitious Party No. 10, whether singular or plural, those persons, firms or entities who manufactured, designed, marketed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 11, whether singular or plural, those persons, firms, or entities who performed modifications to the equipment and/or machinery involved in the incident made the basis of this litigation through which those modifications and/or remanufacturing process caused or contributed to cause the injuries and damages to the Plaintiff; Fictitious Party No. 12, whether singular or plural, those other persons, firms, or entities who distributed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities who either re-manufactured, designed, modified, and/or placed into the stream of commerce the

equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious

Party No. 14, whether singular or plural, that or those persons, entity or entities who was

responsible for the installation of the equipment and/or machinery involved in the incident made

the basis of this litigation; Fictitious Party No. 15, whether singular or plural, those other persons,

firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and

damages to the Plaintiff; Fictitious Party No. 16, whether singular or plural, that or those entities

who are the parent corporations, or the successors in interest to any of the named or fictitiously

described defendants herein; all of whose true and correct names are unknown to the Plaintiff at

this time but will be substituted by amendment once ascertained.

5.     The incident made the basis of this litigation occurred within Clarke County,

Alabama within two (2) years of the filing of this action.  At the time of the subject incident made

the basis of this litigation, both Plaintiff Tyler Wallace and Defendant Louisiana-Pacific were

subject to the Workers Compensation Act of Alabama.

## STATEMENT OF FACTS

6.     On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of

Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions (hereinafter "Louisiana-

Pacific"), and/or Fictitious Defendant Nos. 1 through 16, where he worked in the Thomasville,

Alabama plant facility.

7.     At said time and place, the Plaintiff was working in an area of the Louisiana-Pacific

facility at or near the location of a trim waste conveyor.  Further, at said time and place, and while

working within the line and scope of his employment with Louisiana-Pacific, and/or Fictitious

Defendant Nos. 1 through 16, the Plaintiff's right hand and arm was caused and/or allowed to

come into contact with the pinch and/or nip point of an un-guarded pinch and/or nip point of the

tail pulley on the trim waste conveyor.  As a result, thereof, Plaintiff sustained severe, permanent and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body.

8.     As a direct and proximate consequence of the Defendants' conduct, Plaintiff suffered severe, permanent, disfiguring and disabling injuries and the Defendants are thereby legally responsible.

<div style="text-align:center">

**COUNT I**
**WORKER'S COMPENSATION CLAIM AGAINST**
**LOUISIANA-PACIFIC CORPORATION**

</div>

9.     Plaintiff adopts and realleges paragraph Nos. 1 through 8 as previously set forth in this complaint as if fully set out herein.

10.     On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16 and was working at said Defendant's Thomasville, Clarke County, Alabama facility.

11.     At said time and place, and while working within the line and scope of his employment with and/or on behalf of his employer Defendant Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, he was caused and/or allowed to sustain severe, permanent, disfiguring and disabling injuries.

12.     Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, received timely and actual notice of Plaintiff's accident and injuries in accordance with the Alabama Worker's Compensation Act, existing as of May 19, 2021.

13.     As a permanent result of said incident, Plaintiff Tyler Wallace sustained severe, permanent, disfiguring and disabling injuries about his body including, but not limited to, his right hand, right arm, back and leg.  Additionally, Plaintiff has suffered from severe mental and emotional injuries as a result of the subject on-the-job injury.

14.     Subsequent to said injuries, Plaintiff Tyler Wallace was caused to obtain medial treatment for these injuries and continues to experience temporary total disability which is expected to persist an unknown period of time, and which is expected to be followed by a permanent total disability of his person.  Plaintiff has incurred medical expenses for the treatment of his injuries and will continue to incur the same in the future.  He has lost wages, lost money, and he has otherwise been injured or damaged.

15.     The Plaintiff and Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, are subject to the Worker's Compensation Act of the State of Alabama.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendant Louisiana-Pacific Corporation for the compensation, medical care expenses and vocational expenses to which he is entitled under the Worker's Compensation Act of the State of Alabama.

## COUNT II
### (CO-EMPLOYEE LIABILITY)

16.     Plaintiff adopts and realleges paragraphs 1 through 15 as previously set forth in this complaint as if fully set out herein.

17.     Defendant Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, was employed with Defendant Louisiana-Pacific at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, was Plaintiff's co-employee.

18.     Plaintiff alleges that Defendants Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, were required by law to maintain the subject premises, safety devices and equipment so that employees like the Plaintiff and other operators could do their jobs safely.  Instead of maintaining the subject premises, including safety devices for the subject trim waste conveyor,

Defendants removed, bypassed, and/or failed to install or maintain safety features designed to prevent the very type of injury sustained by the Plaintiff.

19.     Defendants Campbell, and/or Fictitious Defendant Nos. 1 through 16, knew or should have known that the safety devices they removed, bypassed, failed to provide and/or failed to maintain were necessary and required by law.  Said Defendants failed to provide and maintain the necessary safety devices.  Their failure was willful and done with the knowledge that an injury would likely or probably occur in the event the safety devices were not available to provide the protection for which they were provided.

20.     Plaintiff further alleges Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, failure to maintain the premises, particularly the subject trim waste conveyor involved in the Plaintiff's injury, in a reasonably safe condition constitutes willfulness.  A reasonable person in Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, position would have known that a failure to guard the nip and/or pinch point of the subject trim waste conveyor was substantially certain to cause and/or result in the type of injury sustained by the Plaintiff.

21.     As a direct and proximate result of Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's willful conduct, the Plaintiff sustained the severe, permanent, disabling and disfiguring injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment in such an amount of compensatory and/or punitive damages as a jury deems reasonable and may award, plus interest and cost of this action.

DOCUMENT 23

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by struck jury to hear each and every issue raised within

this Complaint.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

## <u>PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:</u>

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

Stacey Leverne Campbell
4836 County Road 6
Silas, AL 36919

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE, an )
individual, )
) Civil Action No.: _____
Plaintiff, )
)
v. )
)
LOUISIANA-PACIFIC )
CORPORATION d/b/a )
LP BUILDING SOLUTIONS, )
a corporation; TSI-INC, a )
corporation, et al., )
)
Defendants. )

## APPLICATION FOR EMPLOYMENT OF ATTORNEYS

COMES NOW the Plaintiff, Tyler Wallace, in the above-styled cause, pursuant to §25-5-90(a) of the Workers' Compensation Act of Alabama and petitions the Court to permit Wyatt P. Montgomery of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles P.C. in Mobile, Alabama to represent him in said cause as his attorney and to appoint said attorneys to represent him in said cause.

This the 27 day of August, 2020.
2021
rb/rb

_____
TYLER WALLACE

STATE OF ALABAMA     )
COUNTY OF CLARKE     )

Sworn to and subscribed before me
this 27 day of August 2020.  to / pub
                         2021

*Aleane Blackledy*

NOTARY PUBLIC
My Commission Expires: *P. 1f 2024*

*Clarke Co*
*Alabama.*


ELECTRONICALLY FILED
10/26/2021 2:21 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation; STACEY LEVERNE CAMPBELL, an individual, et al., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST DISCOVERY TO
## STACEY LEVERNE CAMPBELL

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to *Rules 26*, *33* and *34* of the *Alabama Rules of Civil Procedure*, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant Stacey Leverne Campbell:

## Definitions

As used herein:

1.      "*Defendant*", "*you*" and/or "*your*" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.      The word "*person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.      "*And*" and "*or*" and "*and/or*" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.  The use of the words "*include*(s)" and "*including*" shall be construed to mean "*without limitation.*"

4.      The word "*document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.      The word "*identify*" when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.      The word "*identify*" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership,

etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.      The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; €to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.      "*Subject trim waste conveyor*" or "*subject equipment*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001involved in the incident made the basis of this litigation.

9.      "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.      "*Subject facility*" shall mean the Louisiana-Pacific facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

### Continuing Interrogatories and Requests for Production

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different

information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

## Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was

written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing; the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals. In addition, you are requested to produce all drafts and notes (whether

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## <u>INTERROGATORIES</u>

1.      What was your employment designation at Defendant Louisiana-Pacific on the date of the incident made the basis of this litigation?

2.      Identify your current position with Defendant Louisiana-Pacific.

3.      Detail your ownership interest, if any, in Defendant Louisiana-Pacific.

4.      Identify the individual(s) or entity that modified the subject trim waste conveyor on which the Plaintiff was injured.

5.      Identify the individual(s) or entity that removed the barrier guard(s) exposing the inner components of the subject trim waste conveyor on which the Plaintiff was injured.

6.      Provide the date and the reason(s) for any modifications to the subject trim waste conveyor on which the Plaintiff was injured including, but not limited to, the removal or addition of a barrier guard.

7.      Identify any employee of Defendant Louisiana-Pacific that approved any modification to the subject trim waste conveyor including, but not limited to, the removal or addition of a barrier guard.

8.      Identify the employees at Defendant Louisiana-Pacific responsible for notifying OSHA of any reportable on the job injuries.

9.      Did this Defendant have any responsibility to notify OSHA of Plaintiff's injury?

10.      Identify any liability insurance policies, including umbrella policies that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

11.     Identify the employee(s), individual(s) or entity that placed the barrier guard(s) on the subject trim waste conveyor on which the Plaintiff was injured.

12.     Describe this Defendant's understanding of how the incident made the basis of this litigation occurred.

13.     If you contend the Plaintiff, or any other third-party, caused or contributed to cause the incident and injury made the basis of this litigation, describe in detail your basis for such contention.

14.     Detail this Defendant's participation into any investigation into Plaintiff's on the job injury and/or any investigation into the modification of the subject trim waste conveyor and/or any removal or addition of barrier guards on the subject conveyor on which the Plaintiff was injured.

15.     List and describe any other incidents at the subject Louisiana-Pacific facility in which an employee was injured by a conveyor belt system.

## <u>REQUESTS FOR PRODUCTION</u>

1.     Produce a copy of your tax returns for years 2015-2020.

2.     Produce your employment file from Louisiana-Pacific.

3.     Produce any and all safety policies pertaining to the maintenance of machinery, safety devices on machinery, and safety in general for Louisiana-Pacific and its employees in effect at the time of the Plaintiff's injury.

4.     Produce any and all approved protocols/procedures/training manuals used to train the Plaintiff on the safe operation of the subject trim waste conveyor.

5.     Produce any and all approved protocols/procedures for inspecting Louisiana-Pacific's equipment to determine if safety devices are operational from 2015 to the present.

6.      Produce any and all safety meeting reports including safety meeting sign in sheets and the topic(s) of discussion from 2015 to the present.

7.      Produce any and all daily production reports for the equipment at the subject Louisiana-Pacific facility from 2015 to the present.

8.      Produce Louisiana-Pacific's safety policy in effect at the time of the incident made the basis of this litigation.

9.      Produce any insurance policies, including umbrella policies, that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

10.     Produce any documents, photographs or reports completed in relation to any investigation into the root cause of Plaintiff's injury and/or the modification of or removal of or addition of guards from the subject trim waste conveyor on which the Plaintiff was injured.

Respectfully submitted,


/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com


/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

**<u>PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL ALONG WITH SUMMONS AND COMPLAINT AS FOLLOWS:</u>**

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

Stacey Leverne Campbell
4836 County Road 6
Silas, AL 36919



AlaFile E-Notice

16-CV-2021-900109.00

To:   Wyatt P. Montgomery
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following alias summons was FILED on 10/26/2021 2:22:00 PM

Notice Date:      10/26/2021 2:22:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STACEY LEVERNE CAMPBELL
     4836 COUNTY ROAD 6
     SILAS, AL, 36919

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following alias summons was FILED on 10/26/2021 2:22:00 PM

Notice Date:     10/26/2021 2:22:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO (PR
      C/O US CORPORATION COMPAN
      641 S. LAWRENCE STREET
      MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following alias summons was FILED on 10/26/2021 2:22:00 PM

Notice Date:      10/26/2021 2:22:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following alias summons was FILED on 10/26/2021 2:22:00 PM

Notice Date:     10/26/2021 2:22:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2021-900109.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
## TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET

**NOTICE TO:** STACEY LEVERNE CAMPBELL, 4836 COUNTY ROAD 6, SILAS, AL 36919

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Wyatt P. Montgomery

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2020 Canyon Rd, Ste 150, Vestavia, AL 35216

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.
*(Name(s))*

| 10/26/2021 | /s/ SUMMER SCRUGGS PADGETT | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

_____                    _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____
*(Server's Printed Name)*          *(Phone Number of Server)*



ELECTRONICALLY FILED
11/5/2021 6:36 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| **TYLER WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO.: CV-2021-900109** |
| | ) |
| **LOUISIANA-PACIFIC CORPORATION,** | ) |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) |
| **a corporation; STACEY LEVERNE** | ) |
| **CAMPBELL, an individual; et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## ANSWER FOR COUNT I – WORKERS' COMPENSATION

---

COMES NOW, Defendant, Louisiana-Pacific Corporation, and for answer to Count I – Workers' Compensation of Plaintiff's Complaint states as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Defendant denies the material allegations in the Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FOURTH DEFENSE

Defendant denies that the Plaintiff suffered permanent injuries as a result of an accident arising out of and in the course of his employment.

### FIFTH DEFENSE

Defendant asserts that venue is improper.

### SIXTH DEFENSE

Defendant avers that the Plaintiff had a pre-existing injury or infirmity as defined under the Workers' Compensation Act of Alabama, at Section 25-5-58.

### SEVENTH DEFENSE

Defendant alleges that some or all of the Plaintiff's medical bills have been paid, or are due to be paid by some other health insurance provider.

### EIGHTH DEFENSE

Defendant denies that the Plaintiff was injured to the nature and extent claimed in his Complaint and demands strict proof thereof.

### NINTH DEFENSE

Plaintiff's claim may be barred because Plaintiff's injuries were the proximate result of Plaintiff's willful misconduct or intoxication from the use of alcohol or impairment from the use of illegal drugs in violation of Alabama Code Section 25-5-51.

### TENTH DEFENSE

Defendant asserts that the Plaintiff failed to provide Notice as required pursuant to the Alabama Workers' Compensation Act, specifically at Section 25-5-78 and Section 25-5-79 within the proper time period as required by law.

### ELEVENTH DEFENSE

Defendant asserts that the Plaintiff has or may collect benefits from a third-party tortfeasor, and the Defendant will be entitled to a setoff of any recovery made pursuant to Section 25-5-11 of the Workers' Compensation Act.

### TWELFTH DEFENSE

Defendant would plead as an affirmative defense Section 25-5-51 of the Workers' Compensation Act, that the Plaintiff knowingly and falsely misrepresented in writing his physical condition.

### THIRTEENTH DEFENSE

The Defendant pleads entitlement to a set off pursuant to Section 25-5-57(c) and Section 25-5-57(a)(4)(e), of the Workers' Compensation Act

### FOURTEENTH DEFENSE

The Plaintiff may have refused suitable employment as contemplated by Section 25-5-57(a)(3)(e), and thus would not entitled to compensation for the duration of the refusal.

### FIFTEENTH DEFENSE

The Defendant would plead as an affirmative defense "payment."

### SIXTEENTH DEFENSE

The Defendant would further aver and affirmatively state that it is entitled, pursuant to Section 25-5-57(c) of the Workers' Compensation Act, to a set off of any other recovery made by the Employee/Plaintiff from any benefit plan provided by the Employer.

### SEVENTEENTH DEFENSE

The Defendant may have paid disability benefits, and as such is allowed a credit under the Alabama Workers' Compensation Act or refund of such payments.

### EIGHTEENTH DEFENSE

That the Plaintiff may have returned to work making the same or more wages as at the time of the alleged injury, and is therefore limited to his physical impairment.

### NINETEENTH DEFENSE

The Plaintiff may have refused to undergo physical or vocational rehabilitation and/or refused to accept reasonable accommodation.

### TWENTIETH DEFENSE

The Plaintiff may have refused to comply with the Defendant's request that the Plaintiff submit to medical examination and treatment, and would thus not be entitled to compensation under Section 25-5-77(b) of the Workers' Compensation Act.

**TWENTY-FIRST DEFENSE**

The Plaintiff may have obtained unauthorized medical treatment, for which the Defendant is not liable.

**TWENTY-SECOND DEFENSE**

Defendant asserts that this Court lacks jurisdiction, both subject matter and personal, over this alleged claim.

**TWENTY-THIRD DEFENSE**

Defendant asserts insufficiency of process and insufficiency of service of process.

Defendant reserves the right to amend this Answer at any time during discovery and thereafter.

COMES NOW, Defendant, Louisiana-Pacific Corporation, and further answers the specific allegations to Count I – Workers' Compensation in Plaintiff's Complaint as follows:

1.  Based upon information and belief, Defendant acknowledges that the Plaintiff is over the age of 19 but denies that the Plaintiff is a resident of Clarke County.

2.  Defendant acknowledges that it does business in the State of Alabama and operates a facility in Clarke County, Alabama.   The remining allegations in this paragraph are denied.

3.  Defendant acknowledges that Stacey Campbell is the Plant Manager of the mill where the incident occurred.

4.  This paragraph makes allegations against fictitious parties.   To the extent any allegations are made against Louisiana-Pacific Corporation, they are denied.

5.  Defendant acknowledges that the alleged accident occurred in Clarke County, Alabama and, based upon the date listed, is within two years of the filing of the action. The Plaintiff and Defendant are subject to the Workers' Compensation Act of Alabama.

6. Defendant acknowledges that it employed the Plaintiff on May 19, 2021.

7. Defendant acknowledges that the Plaintiff was involved in an accident injuring his right hand/arm while working at Defendant's facility. The remainder of the allegations in this paragraph are denied.

8. Defendant denies the allegations in this paragraph.

## COUNT I

## WORKERS' COMPENSATION CLAIM AGAINST LOUISIANA-PACIFIC CORPORATION

9. Defendant adopts and reasserts each and every response to paragraphs numbered one through eight above as if previously set out herein.

10. Defendant acknowledges that it employed the Plaintiff on May 19, 2021, in Thomasville, Clarke County, Alabama.

11. Defendant acknowledges that the Plaintiff was involved in an accident causing an injury to his right hand/arm on May 19, 2021.   The remaining allegations are denied.

12. Defendant acknowledges that it received notice of the accident within the time required by the Workers' Compensation Act of Alabama.

13. Defendant denies the allegations in this paragraph.

14. Defendant acknowledges that the Plaintiff has undergone medical treatment for his accident and injury and has experienced a temporary total disability.   The remining allegations in this paragraph are denied.

15. Defendant acknowledges that it and the Plaintiff are subject to the Workers' Compensation Act of Alabama.

WHEREFORE, Defendant, Louisiana-Pacific Corporation, respectfully requests this Court deny the Plaintiff's requests for benefits and medical expenses under the Workers' Compensation Laws of the State of Alabama and dismiss this action.

–5–

Respectfully submitted,


    /s/ Jeremy N. Trousdale
JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
Attorneys for Defendant
for Count I – Workers' Compensation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 5th day of November, 2021:

Wyatt P. Montgomery, Esq. (MON077)          Stewart Howard, Esq. (HOW041)
*Attorney for Plaintiff*                                  *Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN           STEWARD HOWARD, P.C.
PORTIS & MILES, P.C.                             411 Saint Francis Street
301 St. Louis Street                                P.O. Box 1903
Mobile, Alabama 36602                           Mobile, Alabama 36633
                                                        Telephone:   (251) 431-9364


    /s/ Jeremy N. Trousdale
Of Counsel

–6–



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/5/2021 6:36:33 PM

Notice Date:      11/5/2021 6:36:33 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To: LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO (PR
C/O US CORPORATION COMPAN
641 S. LAWRENCE STREET
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/5/2021 6:36:33 PM

Notice Date:    11/5/2021 6:36:33 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  CAMPBELL STACEY LEVERNE (PRO SE)
4836 COUNTY ROAD 6
SILAS, AL, 36919-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/5/2021 6:36:33 PM

Notice Date:    11/5/2021 6:36:33 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/5/2021 6:36:33 PM

Notice Date:     11/5/2021 6:36:33 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/5/2021 6:36:33 PM

Notice Date:     11/5/2021 6:36:33 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
11/5/2021 6:54 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| a corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF SERVICE OF DISCOVERY

TO:   Clarke County Circuit Clerk

PLEASE TAKE NOTICE that the following discovery documents have been served on all counsel of record on behalf of the defendant.

( **XX** )       Interrogatories to Plaintiff – Count I Workers' Compensation
(      )       Answers to Interrogatories
( **XX** )       Request for Production to Plaintiff – Count I Workers' Compensation
(      )       Response to Request for Production
(      )       Request for Admissions
(      )       Response to Request for Admissions
(      )       Notice of Intent to Serve Subpoena
(      )       Notice of Deposition
(      )       Other: _____

              /s/ Jeremy N. Trousdale_____
              JEREMY N. TROUSDALE (TRO008)
              D. GREG DUNAGAN (DUN021)
              Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 5th day of November, 2021:

Wyatt P. Montgomery, Esq. (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602

Stewart Howard, Esq. (HOW041)
*Attorney for Plaintiff*
STEWARD HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone:   (251) 431-9364


       /s/ Jeremy N. Trousdale
OF COUNSEL



ELECTRONICALLY FILED
11/5/2021 6:54 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| **TYLER WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: CV-2021-900109** |
| | ) |
| **LOUISIANA-PACIFIC CORPORATION,** | ) |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) |
| **a corporation; STACEY LEVERNE** | ) |
| **CAMPBELL, an individual; et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## INTERROGATORIES FOR COUNT I – WORKERS' COMPENSATION

COMES NOW the Defendant, Louisiana-Pacific Corporation, and propounds the following interrogatories to the Plaintiff for Count I – Workers' Compensation, pursuant to Rule 33 of the Alabama Rules of Civil Procedure:

1. State your correct name, residence address at the time of the alleged accident and currently, date of birth, social security number, driver's license number, and your current occupation.

2. State the name and addresses of each and every employer of yours during the last ten years, and the type of employment which you worked, and the months and years during which you were at each place of employment, respectively.

3. Give the exact date, time, and location when you claim you were injured which led to this suit, how the incident/accident occurred in detail, and what injuries you received from the incident/accident.

1

4.   If you have ever suffered any injuries or illnesses either before or after the incident referred to in the Complaint, please give a description of all the injuries you received or illnesses you had.

5.   If you have been treated by any physician, chiropractor, or other health provider, or been in any hospitals or emergency rooms during the last ten years, state the name and address of such provider and the approximate date of the treatment.

6.   What do you claim was your average weekly wage at the time of the alleged injury in this case?

7.   Please give the name and addresses of each and every employee or other person who was present at the time you were injured.

8.   Give the names and addresses of each and every physician who has treated you for the injury made the basis of this suit and when.

9.   State the number of weeks and the amount per week you claim you are owed in temporary benefit payments from the defendant or its representative.

10.   Give a list of all medical expenses which you claim should be paid under workers' compensation that have not been paid to date.

11.   Please state your educational background in detail.

2

12.   Please give the name and address of each and every person who caused, directly or indirectly, in your opinion, your alleged injuries, and if they were employed by a third party, please give their employer.

13.   State the names and addresses of any and all of your proposed expert witnesses, including medical experts, and the technical field in which you claim they are experts.

14.   Summarize the substance of the facts and opinions of all your expert witness are expected to testify, including in your answer a summary of the grounds for the opinion of each such expert.

15.   State the name and address of each and every pharmacy where you have purchased any medication in the last 10 years.

16.   State whether you have ever made a workers' compensation claim from any prior employer.   If so, state:

(a)   The name and address of such previous employer.

(b)   The body parts and injury claimed in the claim along with the name and address of any physician or hospital that treated you for such injury.

3

   (c)  The name and address of the workers' compensation insurance company or third-party administrator that handled the claim.

17. Identify the county and court where you have been arrested and/or convicted of a crime including the charge and the results following arrest.

18. If you have ever filed for Social Security benefits, please identify the city and state where you filed for such benefits, and what rulings were entered in connection with the filing for those benefits, including the amount(s) of any monies received as a result of the filing.

19. Please state whether you have received and/or are receiving any short term and/or long-term disability benefits.   If so, please identify the name and address of the provider of those benefits and list the amounts of weekly or monthly benefit and the dates you received those benefits.

20. If you returned to any employment following your accident, but subsequently left that employment for any reason, please state the name and address of the employer(s), the reason you left said employment and your average weekly wage while employed there, respectively.

<div style="text-align: right">

/s/ Jeremy N. Trousdale
JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
Attorneys for Defendant
for Count I – Workers' Compensation

</div>

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 5th day of November, 2021:

Wyatt P. Montgomery, Esq. (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602

Stewart Howard, Esq. (HOW041)
*Attorney for Plaintiff*
STEWARD HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone:   (251) 431-9364

/s/ Jeremy N. Trousdale
OF COUNSEL

<div style="text-align: center">5</div>

ELECTRONICALLY FILED
11/5/2021 6:54 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| a corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| **Defendants.** | ) |

---

### REQUEST FOR PRODUCTION OF DOCUMENTS – COUNT I WORKERS' COMPENSATION

---

COMES NOW the Defendant, Louisiana-Pacific Corporation, and requests the following documents of the Plaintiff for Count I – Workers' Compensation pursuant to Rule 34 of the Alabama Rules of Civil Procedure:

1.   Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the Complaint or which the Plaintiff intends to use at the trial of this case.

2.   Copies of any and all medical bills doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the Complaint.

3.   Copies of any and all written or oral statements taken from prospective witnesses by Plaintiff or on Plaintiff's behalf concerning any and all matters connected with the lawsuit arising out of the action made the basis of this case.

4.   Copies of any and all photographs, documents, drawings, maps, or any other reproductions which the Plaintiff intends to use at the trial of this case.

1

5.   Copies of any and all documents which reference or describe Plaintiff's alleged injuries.

6.   Copies of any medical records, medical reports and expert opinions that relate to Plaintiff's medical health or medical conditions from the past five years.

7.   Copies of any item of evidence that the Plaintiff contends supports his claim for workers' compensation benefits.

8.   Copies of wage statements involving wage paid by this Defendant or this Defendant's representative to the Plaintiff in 52 weeks preceding the occurrence of the accident claimed in this suit.

9.   Copies of any W-2 forms and income tax records [both state and federal] of the Plaintiff for the years 2016-2020 inclusive.

10.   Copies of any payroll stubs, invoices for services rendered, disability payments, or any other documents of any type that reflect any monies received by Plaintiff between the date of the injury and the present date.

11.   If you or your attorney have ever received any documents from any entity at the Social Security Administration or from any other source pertaining to any Social Security claim, provide such documents.

12.   A curriculum vitae for any experts you intend to call to testify in this case.

13.   A copy of any and all reports or opinions of any expert you intend to call to testify in this case.

14.   A copy of any and all documents referencing any application for or receipt of any type of disability benefits.

    /s/ Jeremy N. Trousdale
JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
Attorneys for Defendant
For Count I – Workers' Compensation

2

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 5th day of November, 2021:

Wyatt P. Montgomery, Esq. (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602

Stewart Howard, Esq. (HOW041)
*Attorney for Plaintiff*
STEWARD HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone:   (251) 431-9364

   /s/ Jeremy N. Trousdale
OF COUNSEL

3



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/5/2021 6:54:39 PM

Notice Date:     11/5/2021 6:54:39 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  CAMPBELL STACEY LEVERNE (PRO SE)
4836 COUNTY ROAD 6
SILAS, AL, 36919-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/5/2021 6:54:39 PM

Notice Date:     11/5/2021 6:54:39 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/5/2021 6:54:39 PM

Notice Date:      11/5/2021 6:54:39 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/5/2021 6:54:39 PM

Notice Date:      11/5/2021 6:54:39 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
      gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/5/2021 6:54:39 PM

Notice Date:      11/5/2021 6:54:39 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 23

Case 1:22-cv-00128-JB-M Document 1-1 Filed 03/25/22 Page 109 of 685 ELECTRONICALLY FILED
11/8/2021 9:27 AM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | C<br>16-CV-2021-900109.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**
**TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**

**NOTICE TO:** STACEY LEVERNE CAMPBELL, 4836 COUNTY ROAD 6, SILAS, AL 36919

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Wyatt P. Montgomery

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2020 Canyon Rd, Ste 150, Vestavia, AL 35216

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                  *(Name(s))*

| 10/26/2021 | /s/ SUMMER SCRUGGS PADGETT | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_Stacey L. Campbell_ in _Clarke_ County,

*(Name of Person Served)*       *(Name of County)*

Alabama on _11/01/2021_.

*(Date)*

_Investigator_                                _218 Commerce St_
*(Type of Process Server)*                        *(Address of Server)*

_Marc W. McHenry_ (Server's Signature)      _Monta, AL 36103_

_Marc W. McHenry_                              _(334) 269-2345_
*(Server's Printed Name)*                      *(Phone Number of Server)*

**16-CV-2021-900109.00**
TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET

| C001 - WALLACE TYLER | **v.** | D002 - STACEY LEVERNE CAMPBELL |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**



AlaFile E-Notice

16-CV-2021-900109.00

To:  Wyatt P. Montgomery
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following RETURN ON SERVICE - SERVED was FILED on 11/8/2021 9:27:13 AM

Notice Date:     11/8/2021 9:27:13 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  CAMPBELL STACEY LEVERNE (PRO SE)
4836 COUNTY ROAD 6
SILAS, AL, 36919-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following RETURN ON SERVICE - SERVED was FILED on 11/8/2021 9:27:13 AM

Notice Date:     11/8/2021 9:27:13 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following RETURN ON SERVICE - SERVED was FILED on 11/8/2021 9:27:13 AM

Notice Date:      11/8/2021 9:27:13 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
     jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following RETURN ON SERVICE - SERVED was FILED on 11/8/2021 9:27:13 AM

Notice Date:      11/8/2021 9:27:13 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
     gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following RETURN ON SERVICE - SERVED was FILED on 11/8/2021 9:27:13 AM

Notice Date:     11/8/2021 9:27:13 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To: Wyatt P. Montgomery
wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following RETURN ON SERVICE - SERVED was FILED on 11/8/2021 9:27:13 AM

Notice Date:     11/8/2021 9:27:13 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
11/8/2021 1:33 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| a corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER FOR COUNT II – CO-EMPLOYEE LIABILITY

COMES NOW, Defendant, Louisiana-Pacific Corporation, and for answer to Count II – Co-Employee Liability of Plaintiff's Complaint states as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Defendant denies the material allegations in the Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FOURTH DEFENSE

Defendant denies that the Plaintiff suffered permanent injuries as a result of an accident arising out of and in the course of his employment.

### FIFTH DEFENSE

Defendant asserts that venue is improper.

–1–

## SIXTH DEFENSE

Defendant avers that the Plaintiff had a pre-existing injury or infirmity as defined under the Workers' Compensation Act of Alabama, at Section 25-5-58.

## SEVENTH DEFENSE

Defendant alleges that some or all of the Plaintiff's medical bills have been paid, or are due to be paid by some other health insurance provider.

## EIGHTH DEFENSE

Defendant denies that the Plaintiff was injured to the nature and extent claimed in his Complaint and demands strict proof thereof.

## NINTH DEFENSE

Plaintiff's claim may be barred because Plaintiff's injuries were the proximate result of Plaintiff's willful misconduct or intoxication from the use of alcohol or impairment from the use of illegal drugs in violation of Alabama Code Section 25-5-51.

## TENTH DEFENSE

Defendant asserts that the Plaintiff failed to provide Notice as required pursuant to the Alabama Workers' Compensation Act, specifically at Section 25-5-78 and Section 25-5-79 within the proper time period as required by law.

## ELEVENTH DEFENSE

Defendant asserts that the Plaintiff has or may collect benefits from a third-party tortfeasor, and the Defendant will be entitled to a setoff of any recovery made pursuant to Section 25-5-11 of the Workers' Compensation Act.

## TWELFTH DEFENSE

Defendant would plead as an affirmative defense Section 25-5-51 of the Workers' Compensation Act, that the Plaintiff knowingly and falsely misrepresented in writing his physical condition.

### THIRTEENTH DEFENSE

The Defendant pleads entitlement to a set off pursuant to Section 25-5-57(c) and Section 25-5-57(a)(4)(e), of the Workers' Compensation Act

### FOURTEENTH DEFENSE

The Plaintiff may have refused suitable employment as contemplated by Section 25-5-57(a)(3)(e), and thus would not entitled to compensation for the duration of the refusal.

### FIFTEENTH DEFENSE

The Defendant would plead as an affirmative defense "payment."

### SIXTEENTH DEFENSE

The Defendant would further aver and affirmatively state that it is entitled, pursuant to Section 25-5-57(c) of the Workers' Compensation Act, to a set off of any other recovery made by the Employee/Plaintiff from any benefit plan provided by the Employer.

### SEVENTEENTH DEFENSE

The Defendant may have paid disability benefits, and as such is allowed a credit under the Alabama Workers' Compensation Act or refund of such payments.

### EIGHTEENTH DEFENSE

That the Plaintiff may have returned to work making the same or more wages as at the time of the alleged injury, and is therefore limited to his physical impairment.

### NINETEENTH DEFENSE

The Plaintiff may have refused to undergo physical or vocational rehabilitation and/or refused to accept reasonable accommodation.

### TWENTIETH DEFENSE

The Plaintiff may have refused to comply with the Defendant's request that the Plaintiff submit to medical examination and treatment, and would thus not be entitled to compensation under Section 25-5-77(b) of the Workers' Compensation Act.

### TWENTY-FIRST DEFENSE

The Plaintiff may have obtained unauthorized medical treatment, for which the Defendant is not liable.

### TWENTY-SECOND DEFENSE

Defendant asserts that this Court lacks jurisdiction, both subject matter and personal, over this alleged claim.

### TWENTY-THIRD DEFENSE

Defendant asserts insufficiency of process and insufficiency of service of process.

Defendant reserves the right to amend this Answer at any time during discovery and thereafter.

COMES NOW, Defendant, Louisiana-Pacific Corporation, and further answers the specific allegations to Count II – Co-Employee Liability in Plaintiff's Complaint as follows:

1. Based upon information and belief, Defendant acknowledges that the Plaintiff is over the age of 19 but denies that the Plaintiff is a resident of Clarke County.

2.  Defendant acknowledges that it does business in the State of Alabama and operates a facility in Clarke County, Alabama. The remining allegations in this paragraph are denied.

3. Defendant acknowledges that Stacey Campbell is the Plant Manager of the mill where the incident occurred.

4. This paragraph makes allegations against fictitious parties. To the extent any allegations are made against Louisiana-Pacific Corporation, they are denied.

5. Defendant acknowledges that the alleged accident occurred in Clarke County, Alabama and, based upon the date listed, is within two years of the filing of the action. The Plaintiff and Defendant are subject to the Workers' Compensation Act of Alabama.

6.  Defendant acknowledges that it employed the Plaintiff on May 19, 2021.

7.  Defendant acknowledges that the Plaintiff was involved in an accident injuring his right hand/arm while working at Defendant's facility. The remainder of the allegations in this paragraph are denied.

8.  Defendant denies the allegations in this paragraph.

## COUNT I

## WORKERS' COMPENSATION CLAIM AGAINST LOUISIANA-PACIFIC CORPORATION

9.  Defendant adopts and reasserts each and every response to paragraphs numbered one through eight above as if previously set out herein.

10. Defendant acknowledges that it employed the Plaintiff on May 19, 2021, in Thomasville, Clarke County, Alabama.

11. Defendant acknowledges that the Plaintiff was involved in an accident causing an injury to his right hand/arm on May 19, 2021. The remaining allegations are denied.

12. Defendant acknowledges that it received notice of the accident within the time required by the Workers' Compensation Act of Alabama.

13. Defendant denies the allegations in this paragraph.

14. Defendant acknowledges that the Plaintiff has undergone medical treatment for his accident and injury and has experienced a temporary total disability. The remining allegations in this paragraph are denied.

15. Defendant acknowledges that it and the Plaintiff are subject to the Workers' Compensation Act of Alabama.

WHEREFORE, Defendant, Louisiana-Pacific Corporation, respectfully requests this Court deny the Plaintiff's requests for benefits and medical expenses under the Workers' Compensation Laws of the State of Alabama and dismiss this action.

–5–

## COUNT II – CO-EMPLOYEE LIABLITY

16. Defendant adopts and reasserts each and every response to paragraphs numbered one through fifteen above as if previously set out herein.

17. This paragraph makes allegations against Defendant Stacey Campbell and Fictitious defendants. To the extent any allegations are made against Defendant Louisiana-Pacific, they are denied.

18. This paragraph makes allegations against Defendant Stacey Campbell and Fictitious defendants. To the extent any allegations are made against Defendant Louisiana-Pacific, they are denied.

19. This paragraph makes allegations against Defendant Stacey Campbell and Fictitious defendants. To the extent any allegations are made against Defendant Louisiana-Pacific, they are denied.

20. This paragraph makes allegations against Defendant Stacey Campbell and Fictitious defendants. To the extent any allegations are made against Defendant Louisiana-Pacific, they are denied.

21. This paragraph makes allegations against Defendant Stacey Campbell and Fictitious defendants. To the extent any allegations are made against Defendant Louisiana-Pacific, they are denied.

WHEREFORE, Defendant, Louisiana-Pacific Corporation, respectfully requests this Court deny the Plaintiff's requests for any compensatory and/or punitive damages and/or interests and costs from this action and dismiss Defendant Louisiana-Pacific Corporation from Count II.

Respectfully submitted,


   /s/ Jeremy N. Trousdale
JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
Attorneys for Defendant
for Count I – Workers' Compensation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 8th day of November, 2021:

| Wyatt P. Montgomery, Esq. (MON077) | Stewart Howard, Esq. (HOW041) |
|---|---|
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| BEASLEY, ALLEN, CROW, METHVIN PORTIS & MILES, P.C. | STEWARD HOWARD, P.C. |
| 301 St. Louis Street | 411 Saint Francis Street |
| Mobile, Alabama 36602 | P.O. Box 1903 |
|  | Mobile, Alabama 36633 |
|  | Telephone:   (251) 431-9364 |


   /s/ Jeremy N. Trousdale
Of Counsel

–7–



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/8/2021 1:33:17 PM

Notice Date:      11/8/2021 1:33:17 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   CAMPBELL STACEY LEVERNE (PRO SE)
4836 COUNTY ROAD 6
SILAS, AL, 36919-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/8/2021 1:33:17 PM

Notice Date:       11/8/2021 1:33:17 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/8/2021 1:33:17 PM

Notice Date:      11/8/2021 1:33:17 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/8/2021 1:33:17 PM

Notice Date:      11/8/2021 1:33:17 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/8/2021 1:33:17 PM

Notice Date:        11/8/2021 1:33:17 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
11/16/2021 2:46 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                          )
                                        )
     **Plaintiff,**                   )
                                        )
v.                                      )     **CIVIL ACTION NO.: CV-2021-900109**
                                        )
LOUISIANA-PACIFIC CORP.,                )
                                        )
     **Defendant(s).**                )

---

## NOTICE OF SERVICE OF DISCOVERY

---

TO:   Clerk of Court, Clarke County
        Courthouse, 114 Court Street
        P.O. Box 921
        Grove Hill, AL  36451-0921

     PLEASE TAKE NOTICE that the following discovery documents have been served on all counsel of record on behalf of the defendant.

| | | |
|---|---|---|
| (   ) | Interrogatories to Plaintiff |
| (   ) | Answers to Interrogatories |
| (   ) | Request for Production to Plaintiff |
| (   ) | Response to Request for Production |
| (   ) | Request for Admissions |
| (   ) | Response to Request for Admissions |
| ( **XX** ) | **Notice of Intent to Serve Subpoenas** |
| (   ) | Notice of Deposition |
| (   ) | Other:_____ |

                                 JEREMY N. TROUSDALE (TRO008)
                                 Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to the following on this the ____ 16 ____ day of ____ November ____, 2021:

Wyatt P. Montgomery, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
301 St. Louis Street
Mobile, AL  36602

Stewart Howard, Esq.
Stewart Howard, PC
411 St. Francis Street
PO Box 1903
Mobile, AL  36633

OF COUNSEL

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
|   **Plaintiff,** | ) |
| | ) |
| **v.** | )   CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| | ) |
| LOUISIANA-PACIFIC CORP., | ) |
| | ) |
|   **Defendant(s).** | ) |

---

### NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

---

   Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant(s) will apply to the Clerk of the Court for issuance of the attached subpoenas directed to:

UAB Medicine
500 22ⁿᵈ Street South
Birmingham, AL  35233

USA Medical Center
2451 Fillingim Street
Mobile, AL  36617-2296

Jackson Emergency Transport Service
PO Box 2037
Laurel, MS  39442

Springhill Medical Center
3719 Dauphin Street
Mobile, AL  36608

to produce the documents or things at the time and place specified in the subpoena(s).

      Respectfully submitted,

      *[signature]*

      JEREMY N. TROUSDALE (TRO008)
      Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to the following on this the _____ day of _____, 2021:

Wyatt P. Montgomery, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
301 St. Louis Street
Mobile, AL  36602

Stewart Howard, Esq.
Stewart Howard, PC
411 St. Francis Street
PO Box 1903
Mobile, AL  36633

OF COUNSEL

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV-2021-900109 |
| | ) | |
| | ) | |
| LOUISIANA-PACIFIC CORP., | ) | |
| | ) | |
| Defendant(s). | ) | |

---

**CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45**

---

TO:   UAB Medicine
      500 22nd Street South
      Birmingham, AL  35233

        You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to:  **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

        1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

        2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to: **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

     (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

     (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

     (iv)    subjects a person to undue burden.

     (B)    If a subpoena

     (I)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

     (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

     (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

     (d)    Duties in Responding to Subpoena:

     (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

     (2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

     You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.


_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____


## RETURN ON SERVICE

Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.


_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:    **Employee:**    **Tyler Wallace**
          **Employer:**    **Louisiana-Pacific Corp.**
          **DOB:**    **11/17/92**
          **Our File No.: 2070-652**
          **SSN:**    **xxx-xx-8437**
          **DOI:**    **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057

## <u>CERTIFICATION OF RECORDS</u>

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB:**

**11/17/1992;   SS#   xxx-xx-X437),**   which   are   kept   in   the   office   of

_____, in my custody and

under my control.  I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All   of   which   I   hereby   certify   and   affirm   this   the   _____   day   of

_____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )      CIVIL ACTION NO.: CV-2021-900109
                                    )
                                    )
LOUISIANA-PACIFIC CORP.,            )
                                    )
        Defendant(s).               )

---

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   USA Medical Center
      2451 Fillingim Street
      Mobile, AL  36617-2296

        You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to: **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

        1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

        2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought. This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)    That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)    Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)    fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)      requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)      subjects a person to undue burden.

(B)      If a subpoena

(I)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      Duties in Responding to Subpoena:

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

　　　Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:    **Employee:**    **Tyler Wallace**
            **Employer:**    **Louisiana-Pacific Corp.**
            **DOB:**    **11/17/92**
            **Our File No.:**  **2070-652**
            **SSN:**    **xxx-xx-8437**
            **DOI:**    **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB:**

**11/17/1992;    SS#    xxx-xx-X437),**    which    are    kept    in    the    office    of

_____, in my custody and

under my control.  I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All  of  which  I  hereby  certify  and  affirm  this  the  _____  day  of

_____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV-2021-900109 |
| | ) | |
| | ) | |
| LOUISIANA-PACIFIC CORP., | ) | |
| | ) | |
| Defendant(s). | ) | |

---

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   Jackson Emergency Transport Service
PO Box 2037
Laurel, MS  39442

You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to:  **Tyler Wallace, SSN:  xxx-xx-7450.  This subpoena will be ongoing through the end and completion of this litigation.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(I)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

**RETURN ON SERVICE**

    Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:   **Employee:**   **Tyler Wallace**
          **Employer:**   **Louisiana-Pacific Corp.**
          **DOB:**        **11/17/92**
          **Our File No.: 2070-652**
          **SSN:**        **xxx-xx-8437**
          **DOI:**        **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.     We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.     The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB:**

**11/17/1992; SS# xxx-xx-X437),** which are kept in the office of

_____, in my custody and

under my control. I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All of which I hereby certify and affirm this the _____ day of

_____ 2021.


_____

NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____

Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        CIVIL ACTION NO.: CV-2021-900109
                                  )
                                  )
LOUISIANA-PACIFIC CORP.,          )
                                  )
        Defendant(s).             )

---

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   Springhill Medical Center
      3719 Dauphin Street
      Mobile, AL  36608

        You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to:  **Tyler Wallace, SSN:  xxx-xx-7450.  This subpoena will be ongoing through the end and completion of this litigation.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

        1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

        2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)     If a subpoena

(I)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:   Employee:   **Tyler Wallace**
      Employer:   **Louisiana-Pacific Corp.**
      DOB:        **11/17/92**
      Our File No.: **2070-652**
      SSN:        **xxx-xx-8437**
      DOI:        **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB:**

**11/17/1992;    SS#    xxx-xx-X437),**    which    are    kept    in    the    office    of

_____, in my custody and

under my control.  I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All  of  which  I  hereby  certify  and  affirm  this  the  _____  day  of

_____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
       jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/16/2021 2:47:01 PM

Notice Date:       11/16/2021 2:47:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/16/2021 2:47:01 PM

Notice Date:     11/16/2021 2:47:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/16/2021 2:47:01 PM

Notice Date:      11/16/2021 2:47:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 11/16/2021 2:47:01 PM

Notice Date:        11/16/2021 2:47:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

Case 1:22-cv-00128-JB-M   Document 1-1   Filed 03/25/22   Page 160 of 685   PageID #: 178

ELECTRONICALLY FILED
11/29/2021 4:29 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STACEY LEVERNE CAMPBELL'S
ANSWER TO PLAINTIFF'S COMPLAINT**

**Stacey Leverne Campbell** ("Campbell" or "this Defendant"), one of the Defendants in

this case, files his Answer to Plaintiff's Complaint as follows:

1. Campbell admits that the Plaintiff is over the age of 19. The remaining allegations

in this Paragraph are denied.

2. Campbell admits that Defendant Louisiana-Pacific ("LP") does business in the

State of Alabama and operates a facility in Clarke County, Alabama. The remaining allegations

in this Paragraph are denied.

3. Campbell admits to the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. The allegations contained in Paragraph 4 of the Complaint are directed against

fictitious individuals and therefore does not require a response. To the extent any allegations in

Paragraph 4 are construed against Campbell, he denies the same and demands strict proof thereof.

5. Campbell admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Campbell admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.      Campbell admits that the Plaintiff was involved in an accident causing an injury to his right hand and arm while working at Defendant's facility. Campbell denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8.      Campbell denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

## **COUNT 1**

9.      Campbell adopts and reasserts each and every response to Paragraphs numbered one through eight above as if previously set out herein.

10.      Campbell admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.      Campbell admits that the Plaintiff was involved in an accident causing an injury to his right hand and arm on May 19, 2021. Campbell denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12.      Campbell admits that LP received notice of the accident within the time required by the Worker's Compensation Act of Alabama.

13.      Campbell denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14.      Campbell admits that the Plaintiff has undergone medical treatment for his accident and injury. Campbell denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.      Campbell admits that LP and the Plaintiff are subject to the Workers' Compensation Act of Alabama.

## COUNT II

16.     Campbell adopts and reasserts each and every response to Paragraphs numbered one through fifteen above as if previously set out herein.

17.     Campbell admits the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Campbell admits that LP maintained the subject premises, safety devices, and equipment to ensure a safe work environment. Campbell denies removing, bypassing, or failing to install or maintain safety devices and demands strict proof thereof.

19.     Campbell denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20.     Campbell denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.     Campbell denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion resting upon any other party, Campbell asserts the following affirmative and other defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief against Campbell may be granted.

### SECOND DEFENSE

To the extent that any allegations against Campbell remain unaddressed, Campbell denies each and every allegation and demands strict proof thereof.

### THIRD DEFENSE

Campbell is neither indebted nor liable to Plaintiff in any manner or amount whatsoever.

### FOURTH DEFENSE

The proximate cause(s) of the injuries and damages alleged in Plaintiff's Complaint were the actions, non-actions, or negligence of a person or persons other than Campbell for whose actions Campbell is not liable, whether directly, contributorily, vicariously, by theory of express or implied agency, or otherwise.  Accordingly, Plaintiff is not entitled to recover from Campbell.

### FIFTH DEFENSE

Campbell denies that he acted intentionally, negligently, wantonly, or otherwise acted wrongfully in connection with any of the alleged occurrences referenced in Plaintiff's Complaint.

### SIXTH DEFENSE

No allegedly wrongful act of omission of Campbell was the cause in fact or the proximate cause of Plaintiff's alleged injuries or other damages.

### SEVENTH DEFENSE

The injuries and damages alleged in Plaintiff's Complaint were caused by intervening, superseding actions for which Campbell is in no way liable.

### EIGHTH DEFENSE

Tyler Wallace may have failed to exercise ordinary care for his own safety, resulting in his injury, and therefore Plaintiff is not entitled to recover from Campbell.

### NINTH DEFENSE

Campbell asserts the defense of contributory negligence.

### TENTH DEFENSE

Campbell asserts the defense of assumption of the risk.

### ELEVENTH DEFENSE

To the extent that Plaintiff has received or may receive benefits from collateral sources, including any *pro tanto* settlements, Campbell is entitled to have the Court reduce the amount of any award to Plaintiff by the amount of payments made.

### TWELFTH DEFENSE

If Campbell were negligent, which he specifically denies, then Plaintiff, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence, and therefore is not entitled to recover from Campbell.

### THIRTEENTH DEFENSE

Campbell reserves the right to assert that Plaintiff failed to mitigate his damages, if appropriate.

### FOURTEENTH DEFENSE

No act or omission of Campbell was performed with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of such act or omission, which must be shown by clear and convincing evidence to support an award of punitive damages.

### FIFTEENTH DEFENSE

Because of a lack of clear standards, any attempt to impose punitive damages against Campbell is unconstitutionally vague and/or overbroad.

### SIXTEENTH DEFENSE

Plaintiff has failed to plead with specificity his claim for punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, are in contravention of the rights of Campbell under the United States Constitution and the Constitution of the State of Alabama, including the following Constitutional provisions: (a) the Fifth Amendment of the United States Constitution; (b) the right to counsel provided by the Sixth Amendment of the United States Constitution; (c) the right to trial by jury of the Seventh Amendment of the United States Constitution; (d) the proportionality principles contained in the Eighth Amendment of the United States Constitution; (e) the Commerce Clause of Article I, Section 8 of the United States Constitution; (f) the Contracts Clause of Article I, Section 10 of the United States Constitution; (g) the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (h) the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (i) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; (j) the federal constitutional prohibition against vague and over broad laws; (k) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (1) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (m) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (n) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution; and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.    The procedures fail to provide objective and specific standards for determining whether an award of punitive damages is justified.

2.    The procedures fail to provide objective and specific standards for determining the amount of the award of punitive damages.

3. Because of the lack of specific standards for determining whether an award of punitive damages is justified, and if so, the amount of such award, Campbell has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform their conduct accordingly.

4. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

5. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

6. The procedures permit multiple awards of punitive damages for the same alleged act.

7. The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

8. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

9. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

10. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

11. Campbell denies that he is guilty of conduct for which punitive damages could or should be awarded and deny that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against him.

12. Plaintiff cannot recover punitive damages against Campbell because such an award, which is penal in nature, would violate Campbell's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States, unless Campbell is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

13. Subjecting Campbell to punitive damages, or affirming an award of punitive damages against him in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and by the Due Process Clause of the Article I,

Section 13, of the Alabama Constitution as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(a) Any award of punitive damages against Campbell under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b) There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c) Any punitive damages award would not be subject to post-trial or appellate review on the basis of suitable and sufficient objective standards and criteria;

(d) The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(e) Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Campbell's alleged wrongful or culpable conduct;

(f) Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(g) Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(h) In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several

verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and, under such a joint and several verdict, the single amount could be enforced against a defendant for any portion of that judgment regardless of the defendant's culpability or relative culpability;

(i)  Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(j)  Where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of each defendant;

(k)  An award of punitive damages should not be permitted to be assessed against Campbell for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Campbell;

(l)  An award of punitive damages should not be permitted to be assessed against Campbell vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by each defendant;

(m)  Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n)  Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(o)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Campbell;

(p)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)    The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(r)    The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)    An award of punitive damages would constitute an arbitrary and capricious taking of property of Campbell without due process of law.

14.    Plaintiff is not entitled to punitive damages from Campbell pursuant to the facts as alleged in Plaintiff's Complaint.

15.    Plaintiff's claim for punitive damages against Campbell is barred by the Fourteenth Amendment of the United States Constitution and by the Alabama Constitution.

16.    Imposition of punitive damages in this case against Campbell would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

17.    To award punitive damages against Campbell in this case would have a chilling effect upon his rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

18.    Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article I, Section 15, of the Alabama Constitution.

19.    To award punitive damages against Campbell in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

20.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award or the amount of the award of punitive damages, Campbell is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

21.    Plaintiff's claim for punitive damages violates the rights of Campbell to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial

review of punitive damages as set forth in *Hammond v. City of Gadsden,* 493 So. 2d 1374 (Ala. 1986), and *Green Oil Company v. Hornsby,* 539 So. 2d 218 (Ala. 1989), is unconstitutionally vague and inadequate in the following respects:

(a)     The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)     The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

(c)     The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(d)     The *Hammond* and *Green Oil* procedure does not address, nor does it cure, the lack of guidelines to be given to the jury in the assessment of punitive damages;

(e)     The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)     The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

22.     Campbell adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513 (2003) and their progeny.

23.     If punitive damages were assessed against Campbell for conduct or events allegedly occurring in states other than in the forum state, Campbell would be denied due process of law, the right to trial by jury, and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

24.     The imposition of punitive damages sought by Plaintiff violates Campbell's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment of the United States Constitution in that:

(a)     Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(b)     Campbell has no notice or means of ascertaining whether, or if so in what amount, they might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Campbell to punitive damages or as to the potential amount of such an award.

(c)     Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of this Defendant.

(e)     Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(f)     Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times Campbell could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

25.     Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment of the United States Constitution are violated.

26. Insofar as the punitive damages award sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

    (a)    Defendant's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

    (b)    The dormant or negative commerce clause derived from Article 1, Section 8, Clause 3, of the United States Constitution;

    (c)    The Full Faith and Credit Clause of Article IV, Section 1, of the United States Constitution;

    (d)    The requirement of the United States Constitution that a state respect the autonomy of other states within its spheres; and

    (f)    The prohibition against excessive fines in the United States Constitution.

27. The standards of conduct upon which punitive damages are sought against Campbell are vague and ambiguous.

28. The procedures used by courts under Alabama law and the guidelines given to the jurors, jointly and separately, are vague and ambiguous, and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on its notions of what the law should be instead of what it is.

29. The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

30. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of any award of punitive damages.

31. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

32. Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Campbell.

33. An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

**EIGHTEENTH DEFENSE**

Campbell reserves the right to allege additional affirmative defenses, or to withdraw affirmative defenses listed above, as additional facts and circumstances are learned throughout discovery.

**PRAYER FOR RELIEF AND JURY DEMAND**

WHEREFORE, Campbell prays for relief and judgment against Plaintiff as follows:

1.     That Plaintiff take nothing by reason of the Complaint, and that the Complaint be dismissed against this Defendant, with prejudice, by the Court;

2.     For a trial by jury on all issues so triable; and

3.     For such other and further relief as the Court deems proper.

*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:     (334) 956-7700
Facsimile:     (334) 956-7701
E-mail:        cstewart@bradley.com
               lhobson@bradley.com

***Attorneys for Louisiana-Pacific Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

/s/ Charles A. Stewart III
OF COUNSEL



AlaFile E-Notice

16-CV-2021-900109.00

To:  CHARLES A. STEWART III
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/29/2021 4:29:10 PM

Notice Date:     11/29/2021 4:29:10 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/29/2021 4:29:10 PM

Notice Date:     11/29/2021 4:29:10 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/29/2021 4:29:10 PM

Notice Date:      11/29/2021 4:29:10 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/29/2021 4:29:10 PM

Notice Date:     11/29/2021 4:29:10 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
      gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 11/29/2021 4:29:10 PM

Notice Date:      11/29/2021 4:29:10 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
12/1/2021 3:29 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | Cas<br>16-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

UAB MEDICINE

500 22ND ST S
BIRMINGHAM, AL 35233

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  12/16/2021 12:00 AM

**ROOM:**  Carr Allison

**ADDRESS:**  100 Vestavia Parkway

  Birmingham, AL 35216

**DATE ISSUED:**  12/1/2021

/s/ SUMMER SCRUGGS PADGETT

Signature of Court Clerk      Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**  court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____

_____  on  _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____

Date Mailed

_____

Sheriff           Deputy Sheriff

| Form C-13 (back)   Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
12/1/2021 3:29 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.: CV-2021-900109** |
| | ) |
| | ) |
| LOUISIANA-PACIFIC CORP., | ) |
| | ) |
| **Defendant(s).** | ) |

---

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   UAB Medicine
      500 22nd Street South
      Birmingham, AL  35233

You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to:  **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)    That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)    Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)    fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(I)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the ___1st___ day of _____December_____, 2021.

_____

JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:  **Employee:**   **Tyler Wallace**
     **Employer:**   **Louisiana-Pacific Corp.**
     **DOB:**        **11/17/92**
     **Our File No.:** **2070-652**
     **SSN:**        **xxx-xx-8437**
     **DOI:**        **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.     We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.     The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____1st_____ day of _____December_____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB: 11/17/1992;   SS#   xxx-xx-X437),**   which   are   kept   in   the   office   of _____, in my custody and under my control. I further certify that I am the legal custodian and keeper of the records. The attached records (_____ number of pages) were made in the regular course of business, and it was in the regular course of business for such records to be made at the time of the events, transactions, or occurrences to which they refer, or within a reasonable time thereafter.

All   of   which   I   hereby   certify   and   affirm   this   the   _____   day   of _____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>16-CV-2021-900109.00 |
|---|---|---|

# IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**

**(For Juvenile cases only):**

☐ **In the Matter of** _____

UAB MEDICINE

500 22ND ST S
BIRMINGHAM, AL 35233

W001

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  12/16/2021 12:00:00 AM

**ROOM:**  Carr Allison

**ADDRESS:**  100 Vestavia Parkway

Birmingham, AL 35216

**DATE ISSUED:**  12/1/2021

/s/ SUMMER SCRUGGS PADGETT

Signature of Court Clerk                     Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order
to _____

_____ on _____

_____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff                                          Deputy Sheriff

16-CV-2021-900109.00-W001

# SERVICE RETURN COPY



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
       jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:        12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:      12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:      12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:      12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:     12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOBSON LILLIE AMILEA
      lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:     12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  UAB MEDICINE
     500 22ND ST S
     BIRMINGHAM, AL, 35233

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:29:16 PM

Notice Date:      12/1/2021 3:29:16 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
12/1/2021 3:46 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | **Cas**<br>16-( |

# IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
   **(For Juvenile cases only):**
☐ **In the Matter of** _____

USA MEDICAL CENTER

2451 FILLINGIM STREET
MOBILE, AL 36617

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 12/16/2021 12:00 AM
**ROOM:** Carr Allison
**ADDRESS:** 100 Vestavia Parkway
Birmingham, AL 35216

**DATE ISSUED:** 12/1/2021

/s/ SUMMER SCRUGGS PADGETT
Signature of Court Clerk                    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____        on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
12/1/2021 3:46 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,            )
                          )
    Plaintiff,          )
                          )
v.                        )          CIVIL ACTION NO.: CV-2021-900109
                          )
LOUISIANA-PACIFIC CORP.,  )
                          )
    Defendant(s).       )

---

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:    USA Medical Center
    2451 Fillingim Street
    Mobile, AL  36617-2296

You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to: **Tyler Wallace, SSN:  xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

    1)    The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

    2)    The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)     That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)     Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)     fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)      requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)      subjects a person to undue burden.

(B)      If a subpoena

(I)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      Duties in Responding to Subpoena:

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the ___1st___ day of _____December_____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

  Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:    **Employee:**    **Tyler Wallace**
          **Employer:**    **Louisiana-Pacific Corp.**
          **DOB:**    **11/17/92**
          **Our File No.: 2070-652**
          **SSN:**    **xxx-xx-8437**
          **DOI:**    **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____1st_____ day of _____December_____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB: 11/17/1992;   SS#   xxx-xx-X437),**   which   are   kept   in   the   office   of _____, in my custody and under my control.  I further certify that I am the legal custodian and keeper of the records. The attached records (_____ number of pages) were made in the regular course of business, and it was in the regular course of business for such records to be made at the time of the events, transactions, or occurrences to which they refer, or within a reasonable time thereafter.

All   of   which   I   hereby   certify   and   affirm   this   the   _____   day   of _____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

| State of Alabama | ORDER TO APPEAR | Case Number: |
|---|---|---|
| Unified Judicial System | (SUBPOENA) | |
| Form C-13 (front)   Rev. 4/18 | | 16-CV-2021-900109.00 |

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

USA MEDICAL CENTER

2451 FILLINGIM STREET
MOBILE, AL 36617

W002

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**DATE:**  12/16/2021 12:00:00 AM
**ROOM:**  Carr Allison
**ADDRESS:**  100 Vestavia Parkway
  Birmingham, AL 35216

**DATE ISSUED:**  12/1/2021

/s/ SUMMER SCRUGGS PADGETT
Signature of Court Clerk          Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:**  You are ordered to serve this order on the above named person and make return to this court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order to

_____  on  _____

_____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                    Deputy Sheriff

16-CV-2021-900109.00-W002

# SERVICE RETURN COPY



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:      12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:      12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:      12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
      gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:      12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:     12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOBSON LILLIE AMILEA
      lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:      12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  USA MEDICAL CENTER
     2451 FILLINGIM STREET
     MOBILE, AL, 36617

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:47:00 PM

Notice Date:      12/1/2021 3:47:00 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

Case 1:22-cv-00128-JB-M   Document 1-1   Filed 03/25/22   Page 212 of 685   PageID #: 230

ELECTRONICALLY FILED
12/1/2021 3:50 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>16-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

JACKSON EMERGENCY TRANSPORT SERVICE

PO BOX 2037
LAUREL, MS 39442

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B.  Special Instructions
  You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**DATE:**  12/16/2021 12:00 AM

**ROOM:**  Carr Allison

**ADDRESS:**  100 Vestavia Parkway

  Birmingham, AL 35216

**DATE ISSUED:**  12/1/2021

/s/ SUMMER SCRUGGS PADGETT

Signature of Court Clerk          Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA**  You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**          court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order
to _____

_____ on _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____

Date Mailed

_____

Sheriff                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
12/1/2021 3:50 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                                )
                                             )
      Plaintiff,                            )
                                             )
v.                                           )   CIVIL ACTION NO.: CV-2021-900109
                                             )
                                             )
LOUISIANA-PACIFIC CORP.,                     )
                                             )
      Defendant(s).                         )

---

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:    Jackson Emergency Transport Service
        PO Box 2037
        Laurel, MS  39442

      You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

      To produce and permit said party to inspect and to copy each of the following documents:

      **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to:  **Tyler Wallace, SSN:  xxx-xx-7450.  This subpoena will be ongoing through the end and completion of this litigation.**

      Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

      1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

      2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(I)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____1st_____ day of _____December_____, 2021.

_____
(JEREMY) N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

        Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:   **Employee:   Tyler Wallace**
      **Employer:   Louisiana-Pacific Corp.**
      **DOB:         11/17/92**
      **Our File No.: 2070-652**
      **SSN:         xxx-xx-8437**
      **DOI:         05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.     We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.     The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____1st_____ day of _____December_____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant


**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding Tyler Wallace (**DOB:**

**11/17/1992;   SS#   xxx-xx-X437),**   which   are   kept   in   the   office   of

_____, in my custody and

under my control. I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All   of   which   I   hereby   certify   and   affirm   this   the   _____   day   of

_____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>16-CV-2021-900109.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

JACKSON EMERGENCY TRANSPORT SERVICE

PO BOX 2037
LAUREL, MS 39442

W003

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
    You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**   JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**DATE:**   12/16/2021 12:00:00 AM
**ROOM:**   Carr Allison
**ADDRESS:**   100 Vestavia Parkway
Birmingham, AL 35216

**DATE ISSUED:**   12/1/2021

/s/ SUMMER SCRUGGS PADGETT
Signature of Court Clerk                    Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:**                    court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                        Deputy Sheriff

16-CV-2021-900109.00-W003

## SERVICE RETURN COPY



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:     12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:      12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:      12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
gdunagan@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:     12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:     12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOBSON LILLIE AMILEA
        lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:      12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   JACKSON EMERGENCY TRANSPORT SERVICE
PO BOX 2037
LAUREL, MS, 39442

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 3:50:11 PM

Notice Date:      12/1/2021 3:50:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

Case 1:22-cv-00128-JB-M   Document 1-1   Filed 03/25/22   Page 228 of 685   PageID #: 246

ELECTRONICALLY FILED
12/1/2021 4:02 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | **ORDER TO APPEAR**<br>**(SUBPOENA)** | Cas<br>16-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

SPRINGHILL MEDICAL CENTER

3719 DAUPHIN STREET
MOBILE, AL 36608

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**     12/16/2021 12:00 AM
**ROOM:**    Carr Allison
**ADDRESS:**  100 Vestavia Parkway
         Birmingham, AL 35216

**DATE ISSUED:**  12/1/2021

/s/ SUMMER SCRUGGS PADGETT
_____
Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**         court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                    Deputy Sheriff

| Form C-13 (back)    Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
12/1/2021 4:02 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORP., | ) |
| Defendant(s). | ) |

---

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:   Springhill Medical Center
      3719 Dauphin Street
      Mobile, AL  36608

You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

To produce and permit said party to inspect and to copy each of the following documents:

**A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to:  **Tyler Wallace, SSN:  xxx-xx-7450.  This subpoena will be ongoing through the end and completion of this litigation.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

1)     The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

2)     The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(I)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the ___1st___ day of _____December_____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

Received this subpoena on _____ and served it on the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:    Employee:    **Tyler Wallace**
            Employer:    **Louisiana-Pacific Corp.**
            DOB:          **11/17/92**
            **Our File No.: 2070-652**
            SSN:          **xxx-xx-8437**
            DOI:          **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____1st_____ day of _____December_____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that the attached is a true and complete copy of the records regarding Tyler Wallace **(DOB: 11/17/1992; SS# xxx-xx-X437)**, which are kept in the office of _____, in my custody and under my control. I further certify that I am the legal custodian and keeper of the records. The attached records (_____ number of pages) were made in the regular course of business, and it was in the regular course of business for such records to be made at the time of the events, transactions, or occurrences to which they refer, or within a reasonable time thereafter.

All of which I hereby certify and affirm this the _____ day of _____ 2021.

_____
NAME

Sworn to and subscribed before me
this the _____ day of _____, 2021.

_____
Notary Public

My Commission Expires:

_____

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br><br>16-CV-2021-900109.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

SPRINGHILL MEDICAL CENTER

3719 DAUPHIN STREET
MOBILE, AL 36608

W004

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  12/16/2021 12:00:00 AM
**ROOM:**  Carr Allison
**ADDRESS:**  100 Vestavia Parkway
Birmingham, AL 35216

**DATE ISSUED:**  12/1/2021

/s/ SUMMER SCRUGGS PADGETT
Signature of Court Clerk                Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:**  You are ordered to serve this order on the above named person and make return to this court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order to _____

_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                                Deputy Sheriff

16-CV-2021-900109.00-W004

## SERVICE RETURN COPY



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:      12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:     12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:      12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
     gdunagan@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:      12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:     12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:     12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  SPRINGHILL MEDICAL CENTER
3719 DAUPHIN STREET
MOBILE, AL, 36608

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 12/1/2021 4:03:04 PM

Notice Date:      12/1/2021 4:03:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

 AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was not served on 12/6/2021

D002 CAMPBELL STACEY LEVERNE
Corresponding To
UNCLAIMED CERT MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:  HOWARD STEWART LEON
     showard@howardfesta.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was not served on 12/6/2021

D002 CAMPBELL STACEY LEVERNE
Corresponding To
UNCLAIMED CERT MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

GROVE HILL AL 36451

DEC 06 2021

Postmark
Here

CV-21-9109

Sent To   **USA MEDICAL CENTER**

Street and   **2451 FILLINGIM STREET**

City, State   **MOBILE, AL 36617**

7021 0950 0000 5967 0313

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

GROVE HILL AL 36451

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)         $ _____

☐ Certified Mail Restricted Delivery   $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery  $ _____

DEC 0 6 2021

Postmark
Here

**Postage**

$

**Total Postage and Fees**

$

CV-21-9-104

*Sent T*   JACKSON EMERGENCY TF

*Street*   PO BOX 2037

*City, St* LAUREL, MS 39442

0320 0330 5967 5545 0000 0000 0950 0940 1202

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

GROVE HILL AL 36451

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

DEC 0 6 2021
Postmark
Here

Postage

$

Total Postage and Fees

$

CN USPS 9-100

Sent To      SPRINGHILL MEDICAL CEN

Street an    3719 DAUPHIN STREET

City, State  MOBILE, AL 36608

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7021 0950 0000 5965 0337

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

GROVE HILL AL 3645

DEC 0 6 2021

CV-21-9+09

Postage

$

**Total Postage and Fees**

$

Sent To

UAB MEDICINE

Street a

500 22ND ST S

City, Sta

BIRMINGHAM, AL 35233

7021 0560 0000 5965 0344

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

ELECTRONICALLY FILED
12/9/2021 2:52 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE TO CLERK OF SERVICE OF DISCOVERY

Defendant **Stacey Leverne Campbell,** by and through undersigned counsel, hereby

certifies that on the 9th day of December 2021, all parties were served with the following:

1.       Defendant Campbell's First Interrogatories to the Plaintiff; and

2.       Defendant Campbell's First Request for Production to the Plaintiff.


/s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:     (334) 956-7700
Facsimile:      (334) 956-7701
E-mail:          cstewart@bradley.com
                    lhobson@bradley.com

***Attorneys for Stacey Leverne Campbell***

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, using the AlaFile system, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
   PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

                    */s/ Charles A. Stewart III*       
                    OF COUNSEL

ELECTRONICALLY FILED
12/9/2021 2:52 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT STACEY LEVERNE CAMPBELL'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

---

**Stacey Leverne Campbell** (hereinafter "this Defendant"), propounds the following interrogatories to Plaintiff Tyler Wallace to be answered and responded to within the time prescribed by law:

### INSTRUCTIONS

1.      This discovery is continuing and requires supplemental answers if Plaintiff obtains additional information or documents.

2.      This discovery is addressed to the personal knowledge of Plaintiff, as well as the knowledge of Plaintiff's attorneys, investigators, employees, agents, and other representatives.

3.      Whenever these interrogatories request information that is not available to Plaintiff in the form requested but is available in another form or can be obtained elsewhere, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

1

4.     If you have no information about the subject of a particular interrogatory, or if for some other reason you are unable to answer it, the response to that interrogatory should specifically so state, and no interrogatory should be left without some response.

5.     If you cannot answer an interrogatory completely, answer as fully as you can and specify the ways in which your response may be incomplete because of lack of knowledge.  If you do not know exact dates, amounts, or other facts with certainty, but have information from which you can make an approximate or estimated guess because you lack more precise information, please so state and provide such information.

6.     If you have previously provided information requested in an interrogatory in an answer to a preceding interrogatory, admission, or in other documents filed in this action (including answers to interrogatories or depositions), you may answer such interrogatory by reference to the specific portion of the document or answer to a preceding interrogatory providing the information requested.  To the extent that the referenced document or answer to a preceding interrogatory does not provide all of the information which is known to you (including, but not limited to specific details, the identity and location of persons, the description and location of documents or tangible things, etc.) that is called for by the interrogatory, state all such information in your answer to the interrogatory.

7.     If you object to any of the following interrogatories, state the objection and the facts or other evidence justifying the objection and answer any part of the interrogatory not subject to the objection.  If you object on the ground that an interrogatory is unduly burdensome, identify the quantity of material allegedly requested and the likely number of hours allegedly required to perform the requested search.

8.      If you withhold any information requested by these interrogatories by claiming that it is privileged or subject to protection as trial preparation material or work product, describe the nature of the withheld information in a manner that will enable the Court and counsel for this Defendant to assess the applicability of the privilege or protection.  Specifically, for any documents that are withheld, provide a list identifying each such document for which the claim of privilege is made or to which the objection relates, together with the following information:

a.      the identity of the document, including the exact name and title of the document, the number of pages, attachments, or appendices to the document, and all serial or identification numbers appearing on the document;

b.      a general description of the document and its subject matter;

c.      the name of the writer, sender, or initiator of the document;

d.      the name of all recipients of the document (including the addressees and    any indicated or blind copies);

e.      the date of the document;

f.      the number of the interrogatory to which the document relates;

g.      the reason(s) for each objection or claim of privilege; and

h.      the identity of each person having knowledge of the actual basis, if any, on which the privilege or other ground for objection is based.

9.      If you have multiple copies of a document that any of the following interrogatories require you to identify, identify all non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of any such document.

10.     With respect to each interrogatory propounded herein, each response shall identify any and all documents related to the facts and information in that response (by Bates number, if any) and all persons with knowledge related to the facts and information contained in that response.

## <u>DEFINITIONS</u>

The following definitions apply to each paragraph of this Defendant's First Set of Interrogatories and are deemed to be incorporated therein:

1.      The terms "Plaintiff," "Tyler Wallace," "Wallace," "you," and/or "your" shall mean and refer to Plaintiff Tyler Wallace and all other persons acting or purporting to act on behalf of Plaintiff Tyler Wallace.

2.      "Document" means every writing, tangible thing, or record of any kind or nature whatsoever synonymous with the broadest usage of the term under Rule 34 of the *Alabama Rules of Civil Procedure*, including but not limited to correspondence, memoranda, email, handwritten material, books, pictures, drawings, maps, audio or video recordings, computer files or databases, films, microfilms, and papers.

3.      "Person" means not just a natural person but also any entity, such as a corporation, partnership, proprietorship, association, governmental entity, agency group, organization, or groups of persons.

4.      "Identify" in reference to a person means to list the name, address, telephone number, business name, business address, and business telephone number.

5.      "Identify" in reference to a document means to list the date and subject matter of the document, to identify author(s) and recipient(s) of the document, and to identify all persons who have possession, custody, or control of the document.

6.      "Identify" in reference to a business, company, organization, or group of persons means to provide the following information about such business, company, organization, or group of persons:

a.      its full name;

b.      its form of business (*e.g.*, government agency, corporation, partnership, joint venture, etc.);

c.      its place of incorporation;

d.      its place(s) of business;

e.      the nature of its business;

f.      its executive officers; and

g.      the identity of natural persons having knowledge of the information sought by this interrogatory.

7.      To "identify" a communication shall mean to state the date of such communication; the parties to it; the nature and form of it, including whether it was written, how it was transmitted, sent, or otherwise communicated, and whether it was signed, sealed, certified, notarized, or otherwise subscribed by the person making that communication or a witness to it; a summary of the contents of that communication; and to identify, as documents, any correspondence pertaining to that communication.

8.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all documents and things that might otherwise be construed to be outside of its scope.

9.      The term "any" includes "all" and "each"; the term "all" includes "any"; and the term "each" includes "every."

10.      The term "fact" shall mean and refer to, without limitation, everything, occurrence, event, or state of affairs contended by you to relate to the subject referenced by the propounded interrogatory.

11.     The terms "relating to," "related to," "relate to," and "relates to" shall mean, without limitation, containing, reflecting, comprising, referring directly or indirectly to, discussing, mentioning, supporting, or referencing.

12.     The term "including" shall mean "including but not limited to."

13.     The terms "occurrence" and "transaction" shall mean and refer to the events described in the pleadings.

14.     The term "thing" shall mean any tangible object other than a document, including, without limitation, objects of every kind and nature, as well as prototypes, models, samples, or specimens thereof.

15.     Terms in the singular include the plural, and terms in the plural include the singular. Use of the feminine pronouns shall be deemed to include the masculine and neuter, and use of the masculine pronouns shall be deemed to include the feminine and neuter.

16.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the interrogatory all documents that might otherwise be construed to be outside the scope.

17.     "Describe" when used with respect to any oral communication(s) or statement(s) means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

An interrogatory asking you to "[s]et forth in detail the specific facts and circumstances that you contend" seeks the disclosure of each and every fact, circumstance, condition, and thing known to you, your agent, servant, employee or attorney, as of the date the interrogatories are answered, full identification and description of the sources of such facts, circumstances, conditions

and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

## INTERROGATORIES

1.      Please state your full name, age, and residential address.

**RESPONSE:**

2.      Please list the name, style, case number, jurisdiction and date filed of every other lawsuit in which you have been a party Plaintiff or party Defendant.

**RESPONSE:**

3.      Please list the names, ages, residential addresses, and occupations of each of your family members (related by blood or marriage) that currently reside in Clarke County.

**RESPONSE:**

4.      Have you ever been injured or hurt in any way either before or after the occasion complained of?  If yes, then please state:

(a)     how and when you suffered each injury;
(b)     in detail how each injury sustained;
(c)     whether you were treated by a doctor and, if so, by whom; and
(d)     whether you were hospitalized and, if so, at what institution.

**RESPONSE:**

5.      Please state each and every portion of your body that was injured on the occurrence alleged in your Complaint and describe each and every injury in complete detail.

**RESPONSE:**

6.      Please state the names of all persons, as completely as possible, who either saw the incident complained of in your Complaint or who have knowledge of the allegations in your Complaint.  For each, please state what knowledge the particular individual has and please be

7

specific and thorough.  If for some reason you do not know the name of a person who may fit within this category, then please state so and describe that individual as completely as possible stating age, sex, race, height, weight, hair color, any other distinguishing characteristic, and position or job held.

**RESPONSE:**

7.      Please give the name and address of each doctor or other medical provider who treated you for the injuries alleged in the Complaint.

**RESPONSE:**

8.      If you have been prescribed medication as a result of your alleged injuries, please provide the name and address of each pharmacy where you have filled any such prescription.

**RESPONSE:**

9.      Please give the name and address of each doctor, including dentist or orthodontist, or other medical provider who has treated you for any cause whatsoever during the last ten (10) years and describe the treatment rendered as completely as possible.

**RESPONSE:**

10.      Please give an itemized statement of money which you or some other person or entity actually expended for all medical treatment you received as a result of this incident, including but not limited to medicine, doctors' bills, hospital bills, rehabilitation, and nursing care, giving the name and address of each person or firm to whom such money was paid.

**RESPONSE:**

11.      Please state whether you or anyone on your behalf has received any requests, demands, or claims from a third-party payor for reimbursement for payment of medical, hospital, or related expenses that you are seeking in this lawsuit.  If so, then state the name and address of the third-party payor, the amount of reimbursement sought, and how, and if, the request for reimbursement has been resolved.

(a)      Please state the amount of any payments for health care coverage that you have made to the third party payor (including, but not limited to, premiums, co-payments, and deductibles), and produce any and all documents indicating or reflecting the same.  In addition, state whether you are current

8

in making those payments to the third-party payor, and if not, then state when and why you stopped making those payments.

(b)    If any of your agreements or policies with a third-party payor have been arranged or provided by your employer, please state the name and address of your employer, the date your employer initially arranged or provided you with that service, and whether your employer is still providing you with that service.

**RESPONSE:**

12.    Are you claiming damages for any injuries other than reimbursement of medical expenses arising out of the alleged injury?  If so, please describe each additional claim for damages in complete detail.

**RESPONSE:**

13.    Have you received any sum of money as insurance for the alleged injuries, or has any insurance company paid any portion of your medical bills incurred as a result of the alleged incident?  If yes, then please state by whom such sum of money was paid, what sum was paid, and on what account such sum was paid.

**RESPONSE:**

14.    Please itemize in complete detail each and every amount you claim this Defendant owes you as a result of the incident alleged in your Complaint and the basis for each.

**RESPONSE:**

15.    Please provide the name, address, and telephone number of each of your employers for the past ten (10) years.  Please also include the dates you worked for each such employer, the name of your immediate supervisor, and your position or job title.

**RESPONSE:**

16.    Please give the name, address, and any other contact information of each person whom you propose to call or may call as a witness at the trial of this case.

**RESPONSE:**

17.    Please give the name, address, and place of employment for each person whom you expect to call as an expert witness at trial, stating for each such person:

      (a)    the subject matter on which the expert is expected to testify;
      (b)    the substance of the facts and opinions to which the expert is expected to testify; and
      (c)    a summary of the grounds for each opinion.

**RESPONSE:**

18.    Please state the name and address of each and every person, company, or agency to whom you have given a statement (oral or written) with respect to the alleged occurrence or your alleged injuries.  If you have given written statement, attach a copy of the same.

**RESPONSE:**

19.    Please state the name and address of each and every person from whom you or anyone acting on your behalf have obtained a written or oral statement concerning any of the events described in the Complaint, and:

      (a)    give the date each such statement was taken;
      (b)    state the name and address of the person who obtained each such statement;
      (c)    state whether a transcript or written record of each such statement exists and in whose possession such transcript or written record now is or, if no such transcript or written record exists, describe the contents of each such statement; and
      (d)    if written, attach a copy of same.

**RESPONSE:**

20.    If you have ever been arrested or charged with a crime, please state the charge, date, court, and disposition for him and each crime.

**RESPONSE:**

21.    If you have ever been disciplined or written up for a violation of safety protocol during any period of employment with Defendant or other employer over the last 10 years, please state information about the event, date, supervisors involved, and dispositions for him and each act.

**RESPONSE:**


22.    If you have ever been disciplined or written up for any form of employee misconduct during any period of employment with Defendant or other employer over the last 10 years, please state information regarding the event, the date, supervisors involved, the dispositions for him and each act, and the outcome of such discipline.

**RESPONSE:**


23.    If you used to have possession, custody, or control of any document or item encompassed by any of the requests for production of documents set forth below but no longer do, please identify all persons you believe do or reasonably may have possession, custody, or control (please specify the document or item).

**RESPONSE:**


*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:    (334) 956-7700
Facsimile:    (334) 956-7701
E-mail:       cstewart@bradley.com
              lhobson@bradley.com

***Attorneys for Stacey Leverne Campbell***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, using the AlaFile system, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
    PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

*/s/ Charles A. Stewart III*                    
OF COUNSEL

12

ELECTRONICALLY FILED
12/9/2021 2:52 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT STACEY LEVERNE CAMPBELL'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**Stacey Leverne Campbell** (hereinafter "this Defendant"), pursuant to Rules 26 and 34 of the *Alabama Rules of Civil Procedure*, hereby files its First Requests for Production of Documents to Plaintiff Tyler Wallace ("Plaintiff"). The requested documents and things are to be produced for inspection and copying in accordance with the Instructions and Definitions set forth below, and within the time limits prescribed by Rule 34 or otherwise established by this Court. This Defendant requests that Plaintiff respond in writing and produce documents within thirty (30) days from the date of service at the offices of Bradley Arant Boult Cummings LLP:

> Charles A. Stewart III
> BRADLEY ARANT BOULT CUMMINGS LLP
> 445 Dexter Avenue, Suite 9075
> Montgomery, AL  36104
> Phone:         (334) 956-7700
> Facsimile:     (334) 956-7701
> Email:         cstewart@bradley.com

These requests for production of documents and things are governed by the following Instructions and Definitions:

<u>**INSTRUCTIONS**</u>

1.      This discovery is continuing and requires supplemental answers if Plaintiff obtains additional information or documents.

2.      The responses to these document requests should include all documents in the possession, custody, or control of Plaintiff or Plaintiff's attorneys of record, as well as any agents, representatives, employees, or investigators employed by Plaintiff or its attorneys of record, or anyone investigating the matter on Plaintiff's behalf.

3.      Pursuant to Rule 34(b) of the *Alabama Rules of Civil Procedure*, Plaintiff shall produce all documents in a form or forms in which they are ordinarily maintained in the usual course of business or in a form or forms that are reasonably usable, such as organizing and labeling them to correspond with the categories in these document requests.

4.      Whenever these document requests seek information that is not available to Plaintiff in the form requested but is available in another form or can be obtained elsewhere, Plaintiff shall so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

5.      If Plaintiff objects to any of the following document requests, Plaintiff shall state the objection and the facts or other evidence justifying the objection.  If Plaintiff objects on the ground that a request is unduly burdensome, Plaintiff shall identify the quantity of material allegedly requested and the likely number of hours allegedly required to perform the requested search.

6.      If Plaintiff withholds any information requested by these document requests by claiming that it is privileged or subject to protection as attorney work product, Plaintiff shall describe the nature of the withheld information in a manner that will enable the Court and counsel

2

for this Defendant to assess the applicability of the privilege or protection, including the date, type of document, author, recipient, and general subject matter.

7.      If Plaintiff has multiple copies of a document that any of the following document requests require Plaintiff to produce, Plaintiff shall produce all non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of any such document.

8.      Each request for production contemplates production of the document in its entirety, without abbreviation or expurgation.

9.      Whenever a requested document has ceased to exist, Plaintiff shall specify for each such document:

      a.     The type of document;
      b.     The information contained therein;
      c.     The date on which such document ceased to exist; and
      d.     The circumstances under which such document ceased to exist.

## DEFINITIONS

This Defendant incorporates herein the definitions set forth in its First Interrogatories to Plaintiff, served contemporaneously with these requests for production.

## REQUESTS FOR PRODUCTION

1.      Please identify and produce any and all photographs which have been taken by you as a result of the incident alleged in your Complaint and for which this suit was initiated. Please produce copies of these photographs made from the original negative and not from photocopies.

**RESPONSE:**


2.      Please identify and produce any and all statements taken from any party which relate in any way to this lawsuit or the allegations in your Complaint.

**RESPONSE:**

3.      Please identify and produce any photographs, digital images, animations, diagrams, drawings, charts, slides, motion pictures, films, or videos which depict any of the following:

  a.    The subject machine on which you were injured or any parts, components, or assembly thereof;
  b.    Any portion of the scene or location of the Incident;
  c.    Any allegedly defective condition with respect to the machine on which you were injured;
  d.    Any injuries or damages allegedly sustained as a result of the Incident.

  **RESPONSE:**

4.      Please identify and produce any and all tangible items gathered or retained as a result of the Incident made the basis of your lawsuit.

  **RESPONSE:**

5.      Please identify and produce all medical records, hospital records, reports, x-rays, examinations, tests, photographs, or other written or transcribed documents relating to all medical care and services, mental health services, counseling, or other such professional services or care related to the injuries or other damages that you allege were sustained as a consequence of the Incident.

  **RESPONSE:**

6.      Please identify and produce all documents relating to expenses incurred, including bills, statements, invoices, receipts, and cancelled checks arising from any injuries sustained as a result of the Incident.

  **RESPONSE:**

7.      For any third-party payor you name in response to Interrogatory No. 11 of Defendant's First Set of Interrogatories to Plaintiff, please produce any written agreement or policy between the third- party payor and you relating to payment or reimbursement of any medical, hospital, or related expenses, and any and all other documents that you have sent to or received from any third party payor regarding the medical, hospital, or related expenses that you are seeking in this lawsuit.

  **RESPONSE:**

8.    Please identify and produce a copy of the current curriculum vitae of any expert witness you have retained or specially employed who will testify at the trial of this matter.

**RESPONSE:**

9.    Please identify and produce a copy of the complete file of any expert witness you have retained or specially employed who will testify at the trial of this matter.

**RESPONSE:**

10.    Please identify and produce all documents, items, photographs, plats, sketches, reconstructions, notes, correspondence, reports, and materials of any kind reviewed by, relied upon, furnished to, or generated by any expert witness in forming an opinion in this case.

**RESPONSE:**

11.    Please identify and produce all time sheets, retainer agreements, bills, or invoices relating to work performed by any expert witness you have retained or specially employed in this case.

**RESPONSE:**

12.    Please identify and produce a copy of all authorities, journals, treatises, regulations, articles, and/or books upon which you or your expert(s) intend to rely to support your claims against this Defendant.

**RESPONSE:**

13.    Please identify and produce any and all documents that support your allegations set forth in Count I: Worker's Compensation Claim Against Louisiana-Pacific Corporation of your Complaint.

**RESPONSE:**

14.    Please identify and produce any and all documents that support your allegations set forth in Count II: Co-Employee Liability of your Complaint.

**RESPONSE:**

15.     Please identify and produce any and all documents you intend to use as an exhibit at any deposition, hearing, and during the trial of this matter.

**RESPONSE:**

16.     Please identify and produce any and all correspondence between you and this Defendant (including any of its officers and/or employees) and/or its insurance carrier.

**RESPONSE:**

17.     Please identify and produce a copy of each and every standard, regulation, law, and/or code you allege was violated by this Defendant and which proximately resulted in the injuries which are the subject of your lawsuit.

**RESPONSE:**

18.     Please identify and produce any and all documents, photographs, videotapes, or other materials of any kind which you contend relate to or establish negligence, fault, or liability of this Defendant.

**RESPONSE:**

19.     Please identify and produce each and every document requested by you from a third party in the prosecution of this case.

**RESPONSE:**

20.     Please identify and produce any and all federal and state income tax returns filed by you for the five (5) year period immediately preceding the alleged occurrence up to and including the present.

**RESPONSE:**

21.     Please identify and produce any and all investigative reports and written or recorded statements, to the extent not done so above, compiled in your prosecution of this lawsuit.

**RESPONSE:**

22.    Please produce a true and correct copy of each and every policy of insurance, other than life insurance, issued to you which was in effect at the time of the accident made the basis of this suit. This should include, but not be limited to, all health insurance, automobile insurance, or workmen's compensation insurance, or any other insurance or indemnity policies from any source.

**RESPONSE:**


23.    Please produce any and all documents or materials that you have collected for this case from an individual or entity other than Louisiana-Pacific Corporation, including, but not limited to, depositions, trial transcripts, and documents relative to Louisiana-Pacific Corporation, and/or its expert witnesses in this case.

**RESPONSE:**


24.    Please produce any and all documents or materials of communications with employers, including this Defendant or former employer over the last 10 years, including, but not limited to, evaluations, interviews, scheduling, write-ups, notice of violations or infractions, and documents relative to your conduct during time of employment.

**RESPONSE:**


24.    Please identify and produce a copy of each and every document requested in the interrogatories filed by this Defendant.

**RESPONSE:**


*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:    (334) 956-7700
Facsimile:    (334) 956-7701
E-mail:        cstewart@bradley.com
                lhobson@bradley.com

***Attorneys for Stacey Leverne Campbell***

7

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 9th day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, using the AlaFile system, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
   PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

*/s/ Charles A. Stewart III*
OF COUNSEL



AlaFile E-Notice

16-CV-2021-900109.00

To:  CHARLES A. STEWART III
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/9/2021 2:53:01 PM

Notice Date:     12/9/2021 2:53:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/9/2021 2:53:01 PM

Notice Date:     12/9/2021 2:53:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To: HOWARD STEWART LEON
    showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/9/2021 2:53:01 PM

Notice Date:      12/9/2021 2:53:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
     jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/9/2021 2:53:01 PM

Notice Date:     12/9/2021 2:53:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
      gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/9/2021 2:53:01 PM

Notice Date:      12/9/2021 2:53:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/9/2021 2:53:01 PM

Notice Date:     12/9/2021 2:53:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UAB MEDICINE

500 22ND ST S
BIRMINGHAM, AL 35233

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6338 0296 6529 69

2. Article Number (Transfer from service label)

7021 0950 0000 5967 0344

Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 12/1/21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV 21-q-lou   W

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JACKSON EMERGENCY TR

PO BOX 2037
LAUREL, MS 39442

9590 9402 6338 0296 6529 83

2. Article Number *(Transfer from service label)*

7021 0950 0000 5967 0320

PS Form 3811, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Ujesi Uf_   ☐ Agent
              ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

(U-2-1-1-10A  W

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED
12/20/2021 11:10 AM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| | ) |
| LOUISIANA-PACIFIC CORP., | ) |
| | ) |
| Defendant(s). | ) |

---

## NOTICE OF SERVICE OF DISCOVERY

---

TO:    Clerk of Court, Clarke County
       Courthouse, 114 Court Street
       P.O. Box 921
       Grove Hill, AL  36451-0921

PLEASE TAKE NOTICE that the following discovery documents have been served on all counsel of record on behalf of the defendant.

|  |  |  |
|---|---|---|
| ( | ) | Interrogatories to Plaintiff |
| ( | ) | Answers to Interrogatories |
| ( | ) | Request for Production to Plaintiff |
| ( | ) | Response to Request for Production |
| ( | ) | Request for Admissions |
| ( | ) | Response to Request for Admissions |
| ( **XX** | ) | **Notice of Intent to Serve Subpoenas** |
| ( | ) | Notice of Deposition |
| ( | ) | Other:_____ |

_Jeremy N. Trousdale_
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to the following on this the _____ 20th _____ day of _____ December _____, 2021:

Wyatt P. Montgomery, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
301 St. Louis Street
Mobile, AL  36602

Stewart Howard, Esq.
Stewart Howard, PC
411 St. Francis Street
PO Box 1903
Mobile, AL  36633

OF COUNSEL

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| | ) |
| LOUISIANA-PACIFIC CORP., | ) |
| | ) |
| Defendant(s). | ) |

## NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

      Take notice that upon the expiration of fifteen (15) days from the date of service of this notice that the Defendant(s) will apply to the Clerk of the Court for issuance of the attached subpoenas directed to:

SAAD Healthcare
1515 University Blvd South
Mobile, AL 36609

Grove Hill Healthcare
295 Jackson Street South, Ste B
Grove Hill, AL 36451

Grove Hill Memorial Hospital
295 South Jackson Street
Grove Hill, AL 36451

to produce the documents or things at the time and place specified in the subpoena(s).

               Respectfully submitted,

               JEREMY N. TROUSDALE (TRO008)
               Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to the following on this the _____20th_____ day of _____December_____, 2021:

Wyatt P. Montgomery, Esq.        Stewart Howard, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles    Stewart Howard, PC
301 St. Louis Street              411 St. Francis Street
Mobile, AL  36602               PO Box 1903
                              Mobile, AL  36633

OF COUNSEL

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        CIVIL ACTION NO.: CV-2021-900109
                                        )
                                        )
LOUISIANA-PACIFIC CORP.,                )
                                        )
        Defendant(s).                   )

---

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

TO:   SAAD Healthcare
      1515 University Blvd South
      Mobile, AL  36609

        You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to: **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

        1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

        2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(I)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____


## RETURN ON SERVICE

Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.


_____

PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:    **Employee:**  **Tyler Wallace**
          **Employer:**  **Louisiana-Pacific Corp.**
          **DOB:**       **11/17/92**
          **Our File No.: 2070-652**
          **SSN:**       **xxx-xx-8437**
          **DOI:**       **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding **Tyler Wallace (DOB:**

**11/17/1992;    SS#    xxx-xx-X437),**    which    are    kept    in    the    office    of

_____, in my custody and

under my control.  I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All  of  which  I  hereby  certify  and  affirm  this  the  _____  day  of

_____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )       CIVIL ACTION NO.: CV-2021-900109
                                        )
                                        )
LOUISIANA-PACIFIC CORP.,                )
                                        )
        Defendant(s).                   )

---

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:     Grove Hill Healthcare
        295 Jackson Street South, Ste B
        Grove Hill, AL  36451

        You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to: **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

        1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena. The attorney for the patient has received this notice.

        2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)      That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to: **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216,** within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)      Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)      fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(I)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:    Employee:    **Tyler Wallace**
          Employer:    **Louisiana-Pacific Corp.**
          DOB:    **11/17/92**
          Our File No.: **2070-652**
          SSN:    **xxx-xx-8437**
          DOI:    **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.    We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. See attached Notice which was served with the Subpoena attached.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.    The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that the attached is a true and complete copy of the records regarding **Tyler Wallace (DOB: 11/17/1992; SS# xxx-xx-X437),** which are kept in the office of _____, in my custody and under my control. I further certify that I am the legal custodian and keeper of the records. The attached records (_____ number of pages) were made in the regular course of business, and it was in the regular course of business for such records to be made at the time of the events, transactions, or occurrences to which they refer, or within a reasonable time thereafter.

All of which I hereby certify and affirm this the _____ day of _____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )      CIVIL ACTION NO.: CV-2021-900109
                                        )
                                        )
LOUISIANA-PACIFIC CORP.,                )
                                        )
        Defendant(s).                   )

---

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:    Grove Hill Memorial Hospital
       295 South Jackson Street
       Grove Hill, AL  36451

       You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

       To produce and permit said party to inspect and to copy each of the following documents:

       **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to: **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

       1)     The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

       2)     The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)    That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)    Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(I)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

        Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

<u>ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS</u>

RE:  **Employee:**  **Tyler Wallace**
     **Employer:**  **Louisiana-Pacific Corp.**
     **DOB:**  **11/17/92**
     **Our File No.:** **2070-652**
     **SSN:**  **xxx-xx-8437**
     **DOI:**  **05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.      We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena. See attached Notice which was served with the Subpoena attached.

2.      The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.      As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.      The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____ day of _____, 2021.

_____
JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that the attached is a true and complete copy of the records regarding **Tyler Wallace (DOB: 11/17/1992;   SS#   xxx-xx-X437)**,   which   are   kept   in   the   office   of _____, in my custody and under my control.  I further certify that I am the legal custodian and keeper of the records. The attached records (_____ number of pages) were made in the regular course of business, and it was in the regular course of business for such records to be made at the time of the events, transactions, or occurrences to which they refer, or within a reasonable time thereafter.

All   of   which   I   hereby   certify   and   affirm   this   the   _____   day   of _____ 2021.

_____
NAME

Sworn to and subscribed before me
this the _____ day of _____, 2021.

_____
Notary Public

My Commission Expires:
_____



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/20/2021 11:10:12 AM

Notice Date:      12/20/2021 11:10:12 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/20/2021 11:10:12 AM

Notice Date:     12/20/2021 11:10:12 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/20/2021 11:10:12 AM

Notice Date:      12/20/2021 11:10:12 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
    gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/20/2021 11:10:12 AM

Notice Date:     12/20/2021 11:10:12 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/20/2021 11:10:12 AM

Notice Date:     12/20/2021 11:10:12 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/20/2021 11:10:12 AM

Notice Date:     12/20/2021 11:10:12 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
12/21/2021 1:48 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF
## CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION | ) |
| d/b/a LP BUILDING SOLUTIONS, | ) |
| a corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| Defendants. | ) |

_____

## **NOTICE OF SERVICE OF DISCOVERY**

Defendant **Louisiana-Pacific Corporation** (hereinafter "LP" or "Defendant"), served the

following discovery on all counsel of record:

1. LP's Responses to Plaintiff Tyler Wallace's ("Plaintiff") of Interrogatories and

   Requests for Production.

2. LP's production of documents in response to Plaintiff's Requests for Production which

   are not subject to a protective order.

3. LP's Privilege Log.

Respectfully submitted this 21st day of December 2021.

*s/ Jeremy Trousdale*
Jeremy N. Trousdale, Esq. (TRO008)
D. Greg Dunagan, Esq. (DUN021)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

1

*Attorneys for Defendant*
*Louisiana-Pacific Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, using the AlaFile system, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Charles A. Stewart III
Lillie A. Hobson
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com
lhobson@bradley.com

*/s/ Jeremy Trousdale*
OF COUNSEL

2

### IN THE CIRCUIT COURT OF
### CLARKE COUNTY, ALABAMA

| | |
|---|---|
| **TYLER WALLACE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.: CV-2021-900109** |
| ) | |
| **LOUISIANA-PACIFIC CORPORATION,** ) | |
| **d/b/a LP BUILDING SOLUTIONS, a** ) | |
| **a corporation; STACEY LEVERNE** ) | |
| **CAMPBELL, an individual; et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT STACEY LEVERNE CAMPBELL'S
## OBJECTIONS & RESPONSES TO PLAINTIFF'S INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant **Stacey Leverne Campbell** (hereinafter "Campbell"), through his undersigned counsel of record, and pursuant to *Alabama Rules of Civil Procedure* 26, 33 and 34, submits his Objections and Responses to Plaintiffs First Set of Interrogatories and Requests for Production as follows:

### STANDARD OBJECTIONS

1.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is protected from disclosure under the attorney-client privilege, work product doctrine, or some other privilege or protection.

2.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is outside of Campbell's custody or control.

3.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent is seeks information that is already in Plaintiffs' possession, custody, or control.

4.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it imposes burdens or requirements beyond those set forth in the *Alabama Rules of Civil Procedure* or any order issued by the Court.

6.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

7.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not relevant to the subject matter of the case.

8.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it is not proportional to the needs of the case.

9.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it is overly broad or unduly burdensome.

10.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it is unreasonably cumulative or duplicative.

11.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks confidential, proprietary, or sensitive commercial or financial information prior to the entry of a mutually agreeable protective order.

12.     Campbell responds to each interrogatory and document request without waiving and expressly reserving: (a) all objections as to competency, relevancy, materiality, and admissibility of any discovery request and the subject matter thereof; (b) the right to object to the use of the discovery requests, responses, or the subject matter thereof on any ground at any further proceeding in this action; and (c) the right to object on any ground at any time to a demand or request for further interrogatories, requests for production, requests for admission, or other discovery.

13.     Campbell responds to each interrogatory and document request on the basis of information currently known and reserves the right to modify or supplement its answers.

14.     Campbell incorporates these General Objections in each response below.

### RESPONSES TO INTERROGATORIES

1.     What was your employment designation at Defendant Louisiana-Pacific on the date of the incident made he basis of this litigation?

**RESPONSE: This Defendant was employed as the active, full-time Plant Manager for Defendant Louisiana-Pacific's Clarke County OSB Plant.**

2.     Identify your current position with Defendant Louisiana-Pacific.

**RESPONSE: This Defendant is currently employed as Plant Manager for Defendant Louisiana-Pacific's Clarke County OSB Plant.**

3.     Detail your ownership interest, if any, in Defendant Louisiana-Pacific.

**RESPONSE: Objection. This Defendant objects to Interrogatory 3 on the basis that it does not relate to the subject matter of the case and is therefore irrelevant to either side. Subject to and without waving the foregoing objection, this Defendant's only ownership interest in LP is stock ownership.**

4.     Identify the individual(s) or entity that modified the subject trim waste conveyor on which the Plaintiff was injured.

3

**RESPONSE: The subject trim waste conveyor was purchased from TSI and installed with vendor oversight and was not modified in any form from the original manufacturer's design.**

5.      Identify the individual(s) or entity that removed the barrier guard(s) exposing the inner components of the subject trim waste conveyor on which the Plaintiff was injured.

**RESPONSE: Upon information and belief, no one.**

6.      Provide the date and the reason(s) for any modifications to the subject trim waste conveyor on which the Plaintiff was injured including, but not limited to, the removal or addition of a barrier guard.

**RESPONSE: This Defendant incorporates his responses from Interrogatory Nos. 4 and 5. Upon information and belief, there was neither a removal nor an addition of additional guarding to the subject trim waste conveyor until after the accident. An additional guard was added to the subject trim waste conveyor by Louisiana Pacific's maintenance on May 19, 2021.**

7.      Identify any employee of Defendant Louisiana-Pacific that approved any modification to the subject trim waste conveyor including, but not limited to, the removal or addition of a barrier guard.

**RESPONSE: This Defendant incorporates his responses from Interrogatories Nos. 4, 5, and 6. Upon information and belief, no barrier guard was removed from the subject trim waste conveyor. LP added additional guarding at the authorization of Stacey Campbell, Phil Andrews, and Scotty Boshell.**

8.      Identify the employees at Defendant Louisiana-Pacific responsible for notifying OSHA of any reportable on the job injuries.

**RESPONSE: J. Phil Andrews, EH&S Manager.**

9.      Did this Defendant have any responsibility to notify OSHA of Plaintiff's injury?

**RESPONSE: Objection. This Defendant objects to Interrogatory No. 9 for redundancy as it asks for the same information as Interrogatory 8. Subject to and without waiving the foregoing objections, as Plant Manager, this Defendant had the ultimate oversight responsibility to assure that OSHA was notified of the injury.**

4

10.     Identify any liability insurance policies, including umbrella policies that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

**RESPONSE: This Defendant is not aware of any policies that cover him personally for the incidents alleged.**

11.     Identify the employee(s), individual(s) or entity that placed the barrier guard(s) on the subject trim waste conveyor on which the Plaintiff was injured.

**RESPONSE: No barrier guard was added to the subject trim waste conveyor. The additional guarding for the subject trim waste conveyor was installed by LP's maintenance.  This Defendant will produce a list of maintenance employees on site May 18 and May 19, 2021.**

12.     Describe this Defendant's understanding of how the incident made the basis of this litigation occurred.

**RESPONSE: This lawsuit was just recently filed, and the investigation is ongoing. Further, this Defendant has not been able to interview Plaintiff regarding the incident. Until Plaintiff has been deposed, this Defendant is unable to respond to this interrogatory.**

13.     If you contend the Plaintiff, or any other third-party, caused or contributed to cause the incident and injury made the basis of this litigation, describe in detail your basis for such contention.

**RESPONSE: This Defendant refers Plaintiff to his response and objection to Interrogatory No. 12.**

14.     Detail this Defendant's participation into any investigation into Plaintiff's on the job injury and/or any investigation into the modification of the subject trim waste conveyor and/or removal or addition of barrier guards on the subject conveyor on which the Plaintiff was injured.

**RESPONSE: Objection. This interrogatory is confusing and compound. Additionally, this Defendant objects to Interrogatory 14 to the extent it seeks information regarding investigation performed at the direction of counsel. Subject to and without waiving the foregoing objections, this Defendant incorporates the responses from Interrogatory Nos. 4, 5, 6, 7, and 11. Finally, this Defendant was not a member of the investigation team that investigated the incident involving the plaintiff.**

15.     List and describe any other incidents at the subject Louisiana-Pacific facility in which an employee was injured by a conveyor belt system.

**RESPONSE: Objection.   As phrased, this interrogatory is overly broad, unduly burdensome, and incapable of a reasonable response.   Further, the interrogatory seeks information beyond the Mill at issue and for a period of time in excess of a reasonable scope.   Without waiving these or the general objections, this Defendant states that, upon information and belief, there were no other reportable injuries that occurred over the last 5 years, the time period reports are required to be kept pursuant to OSHA regulation, for the subject trim waste conveyor. This Defendant has no information about any prior similar incidents.**

**[EXECUTION TO FOLLOW ON NEXT PAGE]**

STACEY LEVERNE CAMPBELL

SWORN TO and SUBSCRIBED before me on this 20th day of December 2021.

[SEAL]

NOTARY PUBLIC
My Commission Expires: 11·3·2025



7

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Produce a copy of your tax returns for years 2015-2020.

   **RESPONSE: Objection.  The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence.**

2.      Produce your employment file from Louisiana-Pacific.

   **RESPONSE: Objection.  The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, this Defendant does not have a copy of his personnel file.**

3.      Produce any and all safety policies pertaining to the maintenance of machinery, safety devices on machinery, and safety in general for Louisiana-Pacific and its employees in effect at the time of the Plaintiff's injury.

   **RESPONSE: Objection. The term "safety in general" is vague, ambiguous, overly broad, unduly burdensome, unlimited in scope, and disproportional as it seeks information neither relevant nor proportional to the needs of this case. Subject to and without waiving these objections, This Defendant will search for and produce, subject to a protective order, relevant safety policies. This Defendant reserves the right to supplement this response if and when any additional information or documentation is discovered.**

4.      Produce any and all approved protocols/procedures/training manuals used to train the Plaintiff on the safe operation of the subject trim waste conveyor.

   **RESPONSE: This Defendant will search for and produce, subject to a protective order, relevant protocols, procedures, and training manuals. This Defendant reserves the right to supplement this response if and when any additional information or documentation is discovered.**

5.      Produce any and all approved protocols/procedures for inspection Louisiana-Pacific's equipment to determine if safety devices are operational from 2015 to the present.

   **RESPONSE: Objection. As phrased this request is vague, ambiguous, and incapable of a reasonable response. If Plaintiff will rephrase this request, then this Defendant will attempt to respond.**

6.      Produce any and all safety meeting reports including safety meeting sign in sheets and the topic(s) of discussion from 2015 to the present.

**RESPONSE: Objection. The absence of a subject matter restriction renders this Request overly broad, unduly burdensome, and disproportional as it seeks "any and all" documents limited in relation neither to the subject trim waste conveyor involved nor the Plaintiff himself. Subject to and without waiving those objections, this Defendant will search for and produce, if found, relevant safety sign-in sheets. This Defendant reserves the right to supplement this response if and when any additional information or documentation is discovered.**

7.      Produce any and all daily production reports for the equipment at the subject Louisiana-Pacific facility from 2015 to the present.

**RESPONSE: Objection. The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks information that are not proportional to the needs of this case. Specifically, this Request seeks "any and all daily production reports" for the last six years; this is an extraordinary time period creating an undue burden for this Defendant to produce. Subject to and without waiving those objections, this Defendant will produce, subject to a protective order, the daily production reports for the equipment at the subject facility for the last 6 months.**

8.      Produce Louisiana-Pacific's safety policy in effect at the time of the incident made the basis of this litigation.

**RESPONSE: Objection. The term "safety policy" is vague and ambiguous and therefore renders this Request overly broad as it attempts to serve as an umbrella Response to any information Plaintiff failed to include in Request No. 3. Subject to and without waiving that objection, this Defendant will produce, subject to a protective order, relevant safety policies in effect.**

9.      Produce any insurance policies, including umbrella policies, that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

**RESPONSE: Upon information and belief, this Defendant is not aware of any policy that covers himself for incidents or occurrences as stated in Plaintiff's complaint.**

10.     Produce any documents, photographs or reports completed in relation to any investigation into the root cause of Plaintiff's injury and/or the modification of or removal of or addition of guards from the subject trim waste conveyor on which the Plaintiff was injured.

**RESPONSE: Objection. As phrased, this request seeks documents prepared by counsel for this Defendant. As such, it seeks documents subject to the attorney-client and work-produce privileges. Subject to and without waiving this objection, this Defendant will produce photographs taken by LP employees.**

*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:     (334) 956-7700
Facsimile:     (334) 956-7701
E-mail:          cstewart@bradley.com
                     lhobson@bradley.com

***Attorneys for Stacey Leverne Campbell***

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of December, 2021, a copy of the foregoing was served on all parties by electronically emailing same to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

_/s/ Charles A. Stewart III_
OF COUNSEL

**IN THE CIRCUIT COURT OF**
**CLARKE COUNTY, ALABAMA**

| | |
|---|---|
| **TYLER WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION NO.: CV-2021-900109** |
| | ) |
| **LOUISIANA-PACIFIC CORPORATION,** | ) |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) |
| **a corporation; STACEY LEVERNE** | ) |
| **CAMPBELL, an individual; et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT LOUISIANA-PACIFIC CORPORATION'S OBJECTIONS & RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant **Louisiana-Pacific Corporation** (hereinafter "LP"), through its undersigned counsel of record, and pursuant to *Alabama Rules of Civil Procedure* 26, 33 and 34, submits its Objections and Responses to Plaintiffs First Set of Interrogatories and Requests for Production as follows:

### STANDARD OBJECTIONS

1.     LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is protected from disclosure under the attorney-client privilege, work product doctrine, or some other privilege or protection.

2.     LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is outside of LP's custody or control.

3.     LP objects to each definition, instruction, interrogatory, and document request to the extent is seeks information that is already in Plaintiffs' possession, custody, or control.

4.      LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      LP objects to each definition, instruction, interrogatory, and document request to the extent it imposes burdens or requirements beyond those set forth in the *Alabama Rules of Civil Procedure* or any order issued by the Court.

6.      LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

7.      LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not relevant to the subject matter of the case.

8.      LP objects to each definition, instruction, interrogatory, and document request to the extent it is not proportional to the needs of the case.

9.      LP objects to each definition, instruction, interrogatory, and document request to the extent it is overly broad or unduly burdensome.

10.     LP objects to each definition, instruction, interrogatory, and document request to the extent it is unreasonably cumulative or duplicative.

11.     LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks confidential, proprietary, or sensitive commercial or financial information prior to the entry of a mutually agreeable protective order.

12.     LP responds to each interrogatory and document request without waiving and expressly reserving: (a) all objections as to competency, relevancy, materiality, and admissibility of any discovery request and the subject matter thereof; (b) the right to object to the use of the

2

discovery requests, responses, or the subject matter thereof on any ground at any further proceeding in this action; and (c) the right to object on any ground at any time to a demand or request for further interrogatories, requests for production, requests for admission, or other discovery.

13.     LP responds to each interrogatory and document request on the basis of information currently known and reserves the right to modify or supplement its answers.

14.     LP incorporates these General Objections in each response below.

### RESPONSES TO INTERROGATORIES

1.     Is this Defendant properly named in Plaintiff's Complaint?  If not, please provide the Defendant's correct name.

**RESPONSE: Louisiana-Pacific Corporation is the correct name of this Defendant.**

2.     Please identify the name of the person preparing the answers to these interrogatories and identify any person aiding in their preparation.

**RESPONSE: These responses are the responses of LP, prepared in conjunction with LP's counsel.**

3.     Were you the employer of the Plaintiff on the date of the incident alleged in the Complaint?  If your answer is "no", state every fact supporting your contention that you were not Plaintiff's employer on the date of the incident, and produce every document in support of such contention.

**RESPONSE: Yes.**

4.     State the amount of gross wages of the Plaintiff for each and every week for 52 weeks next preceding the incident made the basis of this litigation.  In addition to your response, please furnish Plaintiff's attorney a copy of the payroll records for each and every week covering said pay period.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c), this Defendant will produce wage information.**

3

5.      Please state the gross cost to the Defendant for any benefits furnished to the Plaintiff as part of the Plaintiff's employment for the 52 weeks next preceding the date of the subject incident, including but not limited to:

    a.      Contributions made by Plaintiff to a tax qualified program or to a section 125 cafeteria plan;
    b.      Gross premiums paid for by the employer for medical insurance or hospitalization insurance coverage;
    c.      Gross premiums paid for by the employer for life insurance coverage;
    d.      Gross premiums paid for by the employer for disability insurance coverage;
    e.      Any other such fringe benefits or allowances paid for by the employer for the benefit of the plaintiff.

**RESPONSE: Defendant is self-insured for medical, dental and vision.  The accrual cost for the Plaintiff's benefits is as follows on a monthly basis for the 52 weeks prior to the date of injury:**

**Medical Accrual: $110.20**
**Dental/Vision Accrual: $18.96**
**STD: $2.86**
**LTD: $12.86**
**Absence Management FMLA: $2.12**
**Absence Management LOA: $0.08**
**Life/AD&D: $4.98**
**Employee Assistance Program: $1.59**

6.      On the date of the incident made the basis of this litigation, state the Plaintiff's job title and specify his job duties and responsibilities.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c), this Defendant will produce a copy of Plaintiff's job description on the day of the incident.**

7.      On the date of his injury, explain what job duties the Plaintiff was performing when he was injured.

**RESPONSE: At the time of his injury, Plaintiff was not performing his job duties at the time of the accident.**

8.      State the date/time OSHA was notified of the Plaintiff's injury and identify the employee or individual who notified OSHA of the incident.

**RESPONSE: Phil Andrews, EH & S Manager at LP's Clarke County OSB facility, contacted OSHA at 3:15 p.m. on May 19, 2021 to report the injury.**

9.      State the results of any investigation into the injury of the Plaintiff and identify the employees and/or any third-party entity and individuals who participated in any investigation.

**RESPONSE: Objection. As phrased, this request seeks documents prepared by counsel for this Defendant. As such, it seeks documents subject to the attorney-client and work-product privileges. Subject to and without waiving this objection, this Defendant will produce photographs taken by LP employees. Further, the investigation is still open due to LP's inability to interview Plaintiff.**

10.     Identify any and all OSHA citations issued against this Defendant as a result of the incident and injury made the basis of this litigation.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c), this Defendant will produce a copy of the OSHA citation.  LP is contesting Paragraph 1 of the OSHA citation.**

11.     Identify each employee who, to your knowledge, has provided a statement regarding this incident to this Defendant, OSHA or any investigating individual or agency.

**RESPONSE: On June 29, 2021, an OSHA investigator visited LP's site in Clarke County and interviewed Tyler Garza, Wallace's shift supervisor at the time of the incident and Randy McKinley, a press aid.**

12.     When did you first realize or receive notice that the Plaintiff received an injury?

      a.      Describe the details of said notice, whether verbal or written;
      b.      State the name of the person or supervisor receiving said notice.

**RESPONSE:**
      **a.      Shortly after the incident, Plaintiff alerted others to the accident by way of a radio with a shared channel.**
      **b.      Tyler Garza was the shift supervisor at the time of the injury and the one to hit the emergency stop button on the subject trim waste conveyor. Justin Dees called Phil Andrews stating Phil was "needed at the mill due to an employee in an entanglement."**

13.     Do you have any knowledge or documentation of a disability given to the Plaintiff as a result of the injuries received in the incident made the basis of this litigation?  If so, please state:

a.     The name and address of doctor or other persons giving such rating; and
b.     The percentage of disability.

**RESPONSE: Upon information and belief, not at this time.**


14.     State the amount of compensation paid to the Plaintiff by the Defendant or Defendant's insurance carrier:

a.     The weekly rate of said compensation and the period covered by said payments;
b.     The type of compensation payment, such as temporary total disability or permanent partial disability.

**RESPONSE: The Plaintiff has been and continues to be paid temporary total disability benefits weekly at the rate of $638.70 per week starting May 20, 2021.**


15.     If you intend to refer to or introduce any written or documentary evidence or photographs at the time of the trial, please state specifically what evidence you intend to introduce and the purpose of introducing the evidence.  If you have such information and do not intend to introduce it but do intend to refer to it at the hearing, please state what information you will refer to and the purpose of referring to it.

**RESPONSE: This lawsuit was just recently filed, and LP does not currently know what evidence it will rely upon at trial.  LP will comply with any Court-ordered deadlines relating to the production of exhibits.**


16.     Please list all medical reports or medical records which are in the possession of Defendant, Defendant's insurance carrier or Defendant's attorneys.  State in substance the contents of said reports, and the names and addresses of the physicians giving same or in the alternative you may furnish copies of the same.

**RESPONSE: LP will produce the medical records.**


17.     Give the name, telephone number and address of each person you expect to use as a witness in the trial of this case.  Please state briefly what you expect to be the testimony of each witness.

**RESPONSE: This lawsuit was just recently filed, and LP does not currently know the witnesses it will call at trial.  LP will comply with any Court-ordered deadlines relating to the identification of witnesses.**

18.     Give a full description of the equipment being operated and/or used by the Plaintiff involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.  Include in your response the year, make, model, manufacturer, and/or any other identifying information.

> **RESPONSE: Objection. LP does not know what equipment was being operated and/or used by Plaintiff at the time of the incident because LP has not been permitted to interview Plaintiff. Subject to and without waiving these or the general objections, in lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c) and "subject to the entry of a protective order," this Defendant will produce information regarding equipment on which Plaintiff was injured.**

19.     State in detail any and all maintenance, repairs, modifications, safety device installation, and/or any other work performed by this Defendant, its agents and/or representatives and/or contractors, on the equipment being operated and/or used by the Plaintiff and/or involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

> **RESPONSE: Objection. As phrased, this interrogatory is vague, ambiguous, overly broad, unduly burdensome, and incapable of a reasonable response. LP does not know what equipment was being operated and/or used by Plaintiff at the time of the incident because LP has not been permitted to interview Plaintiff. Subject to and without waiving these or the general objections, in lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c) and "subject to the entry of a protective order," this Defendant will produce information regarding the equipment on which Plaintiff was injured.**

20.     Provide the following information for this Defendant, or any other entity or individual, who modified the subject machine on which the Plaintiff was injured before and/or after the date of his injury:

> a.     Each person or entity who modified the machine, including their phone number and address;
> b.     Each person or entity who authorized and/or requested the modification;
> c.     The date the modification(s) were made; and
> d.     The costs of any modifications.

**RESPONSE: Before the accident, LP did not modify the subject trim-waste conveyor from its original design.  After the accident, LP added additional guarding at the authorization of Stacey Campbell, Phil Andrews, and Scotty Boshell. The guard was built by Jackson Metal Works and installed by LP's maintenance crew on May 19, 2021. A list of maintenance crew members for May 18 and May 19, 2021 will be produced. The cost of the additional guard was $2,756.53 (including applicable taxes). An invoice detailing the service**

7

**provided to LP by Jackson Metal Works will be produced. LP reserves the right to supplement its response to this interrogatory as more information is found.**

21.     State when Defendant purchased the subject equipment involved in the incident made the basis of this litigation.  Include in your answer the purchase price and the name of the person and/or entity and/or entities the equipment was purchased from.

**RESPONSE: Upon information and belief, the subject equipment (a trim waste conveyor) was purchased by LP from TSI, Inc. on October 1, 2005 for $36,777. This price does not include the cost of installation supervision, start-up, commissioning, training, and freight costs. This cost is derived from the unsigned contract between LP and TSI that LP will produce, "subject to the entry of a protective order." LP and TSI are both working diligently in search of the signed contract as it does not appear to exist in electronic form. LP will also produce, "subject to the entry of a protective order," a signed contract between LP and Casey, the vendor in charge of installing TSI's finish line which includes the subject machine. LP reserves the right to supplement this response if or when the signed contract is located.**

22.     Provide the names of any and all individuals and/or entities involved in the purchase of the subject equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. This interrogatory is unduly vague and overly burdensome as the subject equipment was purchased over 15 years ago with numerous individuals involved. Subject to and without waiving the foregoing objection, LP has identified the following employees of CPM, TSI, and LP as individuals who potentially were involved in the purchase of the subject equipment involved. LP reserves the right to supplement this response when or if more names are identified:**

**CPM was the primary contractor on the project with the role to coordinate between vendors (TSI, manufacturer of the machinery in the vicinity of where Plaintiff was injured, was considered a vendor). Upon information and belief, Ken Savage (Project Engineer) worked with both LP and Casey with the installation of the subject equipment. Richard Lloyd was a Project Lead of the installation. Ron Leyland was a primary contact for LP and TSI at CPM. Stephen Vajda and Jim Koontz were also additional points of contact for LP and TSI employed by CMP.**

**TSI is the manufacturer/seller of the subject equipment. Upon information and belief, Clyde Stearns (Engineering Manager) was a primary contact for LP and CPM at TSI. Kelly Baldwin was the onsite Construction Manager from TSI that oversaw the installation. Other TSI employees**

involved include Aaron Bowling, Jack Fung, Peter Grant, Rick Gobel, Andy Johnson, Janet Mueller (Engineering Assistant), and Zlato Savovik (TSI representative).

LP employees potentially involved in the purchase of the subject machine include:

- Greg Letarte – Project Manager during Construction of LP's Clarke County Facility. Primary role in contracting
- Pete McDonald – Project Manager before Greg Letarte during construction of LP's Clarke County Facility.
- Mike Richardson--Project Manager
- Doug Anderson – In-House Counsel
- Jamey Barnes – Southern Regional Manager of OSB Operations
- Jim Byrd – Maintenance Department Head
- David Crowe – Director of Manufacturing
- Don Crysell – Acting Clarke County Construction Safety Manager
- Andy Dean – Plant Engineer
- Steve Doffit – Plant Manager, reported to Phillip Schultz
- John Doherty – Construction Manager
- Brad Finch – Purchasing
- Kitt Keyes – In-House Counsel for LP
- Jim McDonald – Capital Purchasing
- John Oswald – Special Projects Manager
- Phillip Schultz – Operation Manager on OSB Team
- Neil Sherman – Purchasing
- Mike Skinner – Corporate Safety Manager

23.     Provide the names and contact information for the person(s), or entity(ies) responsible for the installation of the subject equipment on the Defendant's premises in Clarke County, Alabama where the incident made the basis of this litigation occurred.

**RESPONSE: Objection. This interrogatory is overly burdensome and incapable of a reasonable response as the subject equipment was purchased over 15 years ago with numerous individuals involved. Specifically, providing contact information of the parties involved is overly burdensome as, upon information and belief, few employees listed above are currently with LP and therefore contact information still in LP's possession is likely outdated and inaccurate. Subject to and without waiving the foregoing objection, LP integrates its response from Interrogatory No. 22 having identified the**

**employees of CPM, TSI, and LP as individuals who potentially were involved in the purchase of the subject machine and therefore potentially involved in its installation. Finally, Casey is the vendor that oversaw the installation of the TSI's finishing line which includes the subject equipment. Upon information and belief, David Albion (Senior Vice President) was a primary contact for LP at Casey. Other Casey employees involved in overseeing the installation include: Ray Bell (Project Manager), Bubba Hansen (Construction Manager), John Hannah (Superintendent), Ted Glover (Superintendent), Dawn Hawkins (Document Control), and Rick Stringer (Project Manager). LP reserves the right to supplement this response when or if more names are identified**

24.    Identify the employees of this Defendant who held the positions below on the date the Plaintiff sustained his injuries:

        a.    Plant manager;
        b.    Plant Safety Coordinator;
        c.    Head of Maintenance; and
        d.    All Maintenance employees.

**RESPONSE:**
**a.    Stacey Campbell**
**b.    Phil Andrews is the Environmental Health & Safety Manager at the Mill**
**c.    Scotty Boshell**
**d.    The following individuals were scheduled to work in Maintenance May 18, 2021 and May 19, 2021 and a copy of such schedule will be produced:**

        **Richard Anderson**
        **Thomas Anderson**
        **Mickey Arnold**
        **Justin Baugh**
        **Matthew Beech**
        **Willie J. Bridges**
        **Ray Carstarphen**
        **Ryan O. Davis**
        **Frank Finley**
        **Daniel Gill**
        **Randal Hyatt**
        **William R. Lankford**
        **David Lott**
        **Rodney Mullins**
        **Steven Overton**
        **Christopher Ray**
        **Stoney Rodriguez**

**William Sims**
**James G Singleton**
**Chase Tucker**
**Embrel Vaughn**
**Robin E. Wilson**

25.     For the prior interrogatory, if the individuals identified for sub-items (a) through (d) no longer hold the position provide the following information:

      a.     Was the individual promoted, demoted or terminated;
      b.     When was the individual promoted, demoted or terminated;
      c.     Why the person was promoted, demoted or terminated; and
      d.     Who holds the position currently?

**RESPONSE:**
**a.     There have been no changes to Stacey Campbell's position.**
**b.     There have been no changes to Phil Andrew's position.**
**c.     Scotty Boshell is no longer with the company, having left of his own volition the week of July 12. Matt Moore is currently head of maintenance and electrical.**
**d.     Upon information and belief, no maintenance employee has been promoted, demoted, or terminated outside of the usual manner in which entry level LP employees change levels based on the acquired skill sets that are learned during the regular course of their employment. LP reserves the right to supplement this interrogatory upon the discovery of new or updated information.**

26.     State in detail this Defendant's standard operating procedures related to the job the Plaintiff was performing at the time of the incident made the basis of this litigation.

**RESPONSE: LP has not been able to interview Plaintiff regarding the incident.  Until Plaintiff has been deposed, LP is unable to fully respond to this interrogatory. Upon current information and belief, Plaintiff was acting outside the scope of his job description at the time of his injury.**

27.     Has any other individual been injured on the subject machine?

**RESPONSE: Upon information and belief, no.**

28.     If the response to the prior interrogatory is "yes", provide the following information:

a.　　The identity of the employee injured;
b.　　The date of the injury;
c.　　Whether or not a suit was filed or claim made; and
d.　　If suit was filed or a claim made, the result of the suit and/or claim.

**RESPONSE: Not applicable.**

29.　　List each employee that has sustained an on-the-job injury caused by a machine requiring hospitalization in the last 15 years and explain the details of each such injury.

**RESPONSE: Objection.　As phrased, this interrogatory is overly broad, unduly burdensome, unreasonable in scope, and incapable of a reasonable response.　Further, the interrogatory seeks information beyond the Mill at issue and for a period of time in excess of a reasonable scope.　Without waiving these or the general objections, LP states that, upon information and belief, there has not been a injury at LP within the last five years, the timeframe required by OSHA to maintain records for, requiring hospitalization due to an injury involving the subject machine with the exception of Plaintiff. This Defendant also directs Plaintiff to see its responses to Interrogatory Nos. 27 and 28.**

30.　　Give a full description of training required by the Defendant to operate the equipment involved in the incident made the basis of this litigation.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c) and "subject to the entry of a protective order," this Defendant will produce the #4 Trim Waste Conveyor Lockout Procedure which contains start up procedures.**

31.　　State in your own words how the incident made the basis of this litigation occurred.

**RESPONSE: This lawsuit was just recently filed.　Further, LP has not been able to interview Plaintiff regarding the incident.　Until Plaintiff has been deposed, LP is unable to respond to this interrogatory.**

32.　　Provide a list of persons who witnessed the incident made the basis of this litigation.

**RESPONSE: Upon information and belief, there were no witnesses.**

33.　　Provide a list of persons working on Defendant's premises in Clarke County, Alabama on the date of the incident made the basis of this litigation.

**RESPONSE: Objection.  As phrased, this interrogatory is overly broad, unduly burdensome, and seeks information which is not relevant to the litigation.  Subject to and without waiving these objections, there were no witnesses to the incident.**

34.     Please state whether the Plaintiff has ever been reprimanded or disciplined by this Defendant in any way.  If so, please describe said reprimand and/or disciplinary action and the reason for said disciplinary action.

**RESPONSE: Plaintiff's employee file does not show that he has ever been reprimanded or disciplined by this Defendant in any way.**

35.     Does this Defendant contend that the Plaintiff was responsible in any way for the injuries he sustained in the incident giving rise to this litigation?  If so, please describe in complete and accurate detail the basis of said contention.

**RESPONSE: LP has been unable to interview the Plaintiff since the accident and therefore LP is unable to respond fully to this interrogatory. LP does not know what Plaintiff was doing at the subject machine at the time of the accident, and, as a result, it is impossible to describe the nature of Plaintiff's negligence**

36.     If any employee was disciplined by this Defendant for their part or role in the subject incident:

> a.     Identify the employee disciplined;
> b.     State the rule he/she violated; and
> c.     Describe the disciplinary action taken by this Defendant.

**RESPONSE: Not applicable.**

37.     Does this Defendant contend the injuries sustained by the Plaintiff in the incident giving rise to this litigation were caused by any third party?  If so, please provide the name and contact information for said third party, as well as the basis for said contention.

**RESPONSE: This lawsuit was just recently filed.  Further, LP has not been able to interview Plaintiff regarding the incident.  Until Plaintiff has been deposed, LP is unable to respond to this interrogatory.**

38.     Please list and describe any other conveyor belt systems in this Defendant's Clarke County, Alabama facility manufactured by TSI-INC.

13

**RESPONSE: Objection. This Interrogatory seeks information that is irrelevant to the case at hand. Furthermore, asking Defendant to list and describe every other conveyor belt systems is unduly burdensome and vague. Subject to and without waiving these and the general objections, upon information and belief, TSI, Inc. manufactured four Trim Waste Conveyors that are similar to the subject machine. The entire Trim Waste system consists of the Trim Hob, Infeed Rolls, Vibrating Conveyor, and Trim Waste Conveyors 1 to 4.**

39.    Please state whether any hazards of operations (HAZOP) analysis has ever been performed at the subject facility where the incident made the basis of this litigation occurred?  If so, please state the name and contact information for the individual(s) or entity(ies) who performed said analysis, as well as the purpose and outcome of said analysis.

**RESPONSE: Marsh Risk Consulting ("Marsh") performs a biennial risk assessment on each LP Mill. Evaluations have been completed at LP's Clarke County facility in 2007, 2011, 2013, 2015, and 2016 (2017). Mark Runyon of Marsh prepared the reports for 2021, 2019, and 2016 (2017).  The purpose of such analysis is to assist with LP's efforts to improve their property insurance programs, provide an external audit of their plant loss prevention practices, and assist LP with the implementation of a Risk Management Strategy to prioritize risk improvements and mitigation strategies. For assessments completed over the last 5 years, Marsh has not suggested any work or modifications be done to the subject equipment.**

40.    Please state whether any other employee of this Defendant has ever been injured on the subject premises in the same or similar manner as the Plaintiff was injured on the date of the incident made the basis of this suit.  If so, please give said employee's name and a description of the incident.

**RESPONSE: Upon information and belief, no.**

**[EXECUTION TO FOLLOW ON NEXT PAGE]**

<u>VERIFICATION</u>

STATE OF ALABAMA            )
                           )
CLARKE COUNTY              )

Before me, a Notary Public in and for said county and state, personally appeared _Linda McCampbell_ who, being by me first duly sworn, deposes and says on oath that he/she is _Corporate Representative_ of Louisiana-Pacific Corporation, and, as such, is authorized to make this affidavit, that he/she has read the foregoing Responses to First Interrogatories, and is informed and believes and, upon the basis of such information and belief, avers that the facts alleged therein are true and correct.

_Linda M Campbell_

SWORN TO and SUBSCRIBED before me this _21st_ day of December, 2021.

[SEAL]

_Rubye B Coleman_
NOTARY PUBLIC
My Commission Expires: _11/30/2022_

15

<u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

1.      Produce a copy of any and all incident or accident reports or reports of first injury regarding the accident made the basis of this action, including any first reports of injury, "claims summary form," supplemental reports or termination/cessation of benefit reports filed with any State agency including but not limited to the Department of Industrial Relations.

**RESPONSE: LP will produce the First Report of Injury and First Payment Combination Form.**

2.      Produce any employee handbook or Union contract.

**RESPONSE: Outside of a new employee orientation handbook, LP does not have an employee handbook. LP is non-union. Subject to a protective order, LP will produce the new orientation handbook.**

3.      Produce all medical reports and records concerning the Plaintiff in the possession or under the control of this Defendant or its attorneys.

**RESPONSE: LP will produce all medical records and reports in their possession.**

4.      Produce all correspondence and reports from any rehabilitation service or person concerning Plaintiff in the possession or under the control of the Defendant.

**RESPONSE: LP will produce all such documents within their possession.**

5.      Produce records which show for the 52 weeks next preceding Plaintiff's injury on the date made the basis of this litigation:

        a.      Gross wages;
        b.      Any and all fringe benefits or allowances and the costs thereof.

**RESPONSE: LP will produce wage information and fringe benefits information set out in response to Interrogatory No. 5.**

6.      Produce Plaintiff's personnel records while employed by this Defendant.

**RESPONSE: Subject to a protective order, LP will produce this personnel file.**

16

7.      Produce Defendant Stacey Leverne Campbell's personnel records while employed by this Defendant.

**RESPONSE: Objection. The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence.**

8.      Produce any written statement or recorded statement concerning the injury to the Plaintiff made the basis of this litigation, including the recorded statement taken from the Plaintiff by the insurance adjuster for the Defendant's insurance company.

**RESPONSE: No written or recorded statement was taken by LP from the Plaintiff.**

9.      Produce all documents provided to OSHA or given to this Defendant by OSHA relating to OSHA's inspection into the Plaintiff's incident and injury made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce the documents previously provided to OSHA.**

10.     Produce documents detailing any citations or fines issued against this Defendant by OSHA regarding any investigation initiated by OSHA as a result of the incident made the basis of this litigation.

**RESPONSE: LP will produce this citation.**

11.     Produce all statements provided to OSHA or this Defendant regarding the subject incident.

**RESPONSE: Defendant incorporates their response to Request No. 9 and further directs Plaintiff to see the statement of shift supervisor Tyler Garza that LP will produce.**

12.     Produce any documentary or demonstrative evidence which you intend to introduce at the trial of this case.

**RESPONSE: This litigation was just filed. As a result, LP does not know what documents it intends to rely upon at trial.  LP will comply with any Court-ordered deadlines.**

13.      Produce a copy of any and all video and/or surveillance tapes showing the Plaintiff on the date of the incident made the basis of this litigation.

**RESPONSE: Upon information and belief, the accident happened outside the view of LP's video cameras.**

14.      Produce a copy of any and all video and/or surveillance tapes of Plaintiff which you intend to introduce at the trial of this case.

**RESPONSE: This litigation was just filed.  As a result, LP does not know what documents it intends to rely upon at trial.  LP will comply with any Court-ordered deadlines.**

15.      Produce a copy of any and all medical records, impairment ratings, notes, reports and correspondence from case management nurses to Plaintiff's physician(s) concerning the Plaintiff.

**RESPONSE: LP will produce correspondence and reports from nurse case managers concerning the Plaintiff.**

16.      Produce all work orders, repair invoices, recalls, safety device manuals, and/or any other documentation concerning the subject equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. This response is unduly broad, vague, and overly burdensome as the subject equipment is over 15 years old and documentation for each work order, repair, recall, and other documentations is potentially vast. Subject to and without waiving those objections, LP will produce such documents that are currently in their possession. LP has reached out to TSI, Inc. and will produce received documents, subject to a protective order, concerning the Trim Waste area, including the subject equipment involved in the incident. LP reserves the right to supplement this Response if or when any additional information or documentation is discovered.**

17.      Produce all maintenance and service records for the subject equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. This response is unduly broad, vague, and overly burdensome as the subject equipment is over 15 years old and documentation for each work order, repair, recall, and other documentations is potentially vast. Subject to and without waiving those objections, LP will produce responsive documents that are currently in their possession. LP has reached**

**out to TSI, Inc. and will produce received documents, subject to the entry of a protective order, concerning the Trim Waste area which includes the subject equipment involved in the incident.**

18.     Produce all general layout drawings for the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce general layout drawings for the subject equipment.**

19.     Produce all general layout drawings and/or plans and specifications for all other conveyor belt systems designed and manufactured by TSI-INC that are located at this Defendant's Clarke County, Alabama facility where the incident made the basis of this litigation occurred.

**RESPONSE: Subject to a protective order, LP will produce general layout drawings for other trim waste conveyors manufactured by TSI located in LP's Clarke County facility.**

20.     Produce a copy of Defendant's standard operating procedures in effect at the time of the subject incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce a copy of the standard operating procedures.**

21.     Produce a copy of Defendant's safety rules, regulations and policies in effect at the time if the incident made the basis of this litigation.  If said policies have been modified in any way since the subject incident, please provide copies of said modifications.

**RESPONSE: Subject to a protective order, LP will produce LP's LOTO Policy.**

22.     Produce a list of all persons and entities who made any repairs and/or performed work or maintenance of any kind on the subject equipment involved in the incident made the basis of this litigation.  Your response should include all repairs and/or work and/or maintenance or modifications performed encompassing the entire time in which this Defendant owned, possessed, leased and/or put into use said equipment.

**RESPONSE: Objection. This response is unduly broad, vague, and overly burdensome as the subject equipment is over 15 years old and documentation for each work order, repair, recall, and other documentations is potentially vast. Subject to and without waiving those objections, LP will produce such**

**documents that are currently in their possession. LP has reached out to TSI, Inc. and will produce their records of repairs and inspections performed on the subject equipment.**

23.    Produce documentation of ownership of the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce the contract, purchase orders, and other information relating to documents involving TSI and LP.**

24.    Produce any contracts or other documents referencing any agreements between this Defendant and TSI-INC related to the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP incorporates the documents it will produce in response to Request No. 23.**

25.    Produce any contracts or other documents referencing or explaining the relationship between this Defendant and the Plaintiff.

**RESPONSE: As phrased, this request for production is vague, ambiguous, and incapable of a reasonable response. Please see information LP will produce in response to Request No. 23 and 24.**

26.    Produce photographs of the subject equipment involved in the incident made the basis of this litigation. This request includes photographs both before and after the incident made the basis of this litigation.  In other words, both before and after any modifications and/or guards were made to or placed on the subject equipment.

**RESPONSE: Objection. As phrased, this request seeks documents prepared by counsel for this Defendant. As such, it seeks documents subject to the work-product and attorney-client privileges. Subject to and without waiving this objection, this Defendant will produce photographs taken by LP employees.**

27.    Produce each Job Safety Analysis or examination for hazardous conditions conducted by this Defendant or provided to this Defendant with respect to the work being done on the subject equipment where the Plaintiff was injured.

**RESPONSE: This Defendant incorporates its response from Interrogatory No. 39 and reiterates that over the past five years Marsh has surveyed the**

**subject trim waste conveyor and has not suggested any work or modifications be done to the subject equipment.**

28.     Produce any and all documents, whether created by this Defendant or any other entity, dealing with any and all training provided to the Plaintiff to perform the work he was performing on the day he was injured.

**RESPONSE: Subject to a protective order, LP will produce Plaintiff's job description and training and safety policies in effect at the time of the incident. Plaintiff was not performing his work duties at the time he was injured.**

29.     Produce any safety policy specific to the work being done by the Plaintiff at the time of the incident made the basis of this litigation.

**RESPONSE: Objection. This request is impossible to comply with. Specifically, LP is unable to produce a specific safety policy to the work being done by the Plaintiff at the time of the incident because LP does not currently know what Plaintiff was doing at the time of the accident. Subject to a protective order, LP will produce documents relative to working on that equipment.**

30.     Produce any and all documents related to any hazards of operations (HAZOP) analysis performed at the facility made the basis of this litigation.

**RESPONSE: Objection. As phrased, this Request is overly broad, unduly burdensome, and incapable of a reasonable response. Further, the interrogatory seeks information beyond the machine at issue, and for a period of time in excess of a reasonable scope. This request seeks document irrelevant to the case at hand as it requests information beyond the subject equipment involved in the incident. Subject to and without waiving these and the general objections, this Defendant incorporates its responses from Interrogatory No. 39 and Request No. 27.  In each Marsh analysis completed over the last 5 years, Marsh has surveyed the subject trim waste conveyor and has not suggested any work or modifications be done to the subject trim waste conveyor.**

31.     Provide any and all design drawings and/or installation instructions for the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce drawings, manuals, and scope of work documents.**

32.     Provide copies of any and all documentation provided by TSI-INC related to the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, Defendant will produce correspondence between TSI and LP from 2005-2007 that relate to the installation of the subject machine and other machines manufactured by TSI. Additionally, LP will produce relevant drawings, instructions, purchase orders, site visits, budgets, invoices, repairs, etc. related to machines in the Trim Waste area and Finishing Line. LP reserves the right to supplement this response if or when any additional information or documentation is discovered.**

33.     Produce any video footage captured by the Defendant of the incident made the basis of this litigation.

**RESPONSE: Upon information and belief, the accident happened outside the view of LP's video cameras.**

34.     Produce a copy of any citations given to this Defendant by any governing agency surrounding the incident made the basis of this litigation.

**RESPONSE: LP will produce the OSHA citation.**

35.     Provide a list of all safety devices on the equipment involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

**RESPONSE:**
- **The guarding that was originally installed by the manufacturer and was on the equipment on the day of the incident;**
- **An air wand located at the scene of the accident;**
- **Stop buttons for the equipment;**
- **A local disconnect button near the machine; and**
- **An emergency stop button in the control room.**

**LP reserves the right to supplement this Request as the discovery process continues.**

36.     Provide a copy of all emails, notes, documents, memos or other written communication to or from this Defendant (excluding any communication between Defendant and attorneys) specifically regarding the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. As phrased, this Request is overly broad, unduly burdensome, vague, and incapable of a reasonable response. Further, the Request seeks information for a period of time in excess of a reasonable scope as the subject machine was purchased and installed over 15 years ago. Without waiving these or the general objections, subject to a protective order, LP will produce communications from TSI and LP during the time when the machine was installed and additional communications involving the Finishing Line supplied by TSI which includes the subject equipment. LP reserves the right to supplement this Request as more communications are found.**

37.    Provide any and all correspondence and/or communications between this Defendant and TSI-INC related to the subject equipment involved in the incident made the basis of this litigation, as well as any other equipment designed and manufactured by TSI-INC located at this Defendant's Clarke County, Alabama facility where the subject incident occurred.

**RESPONSE: LP incorporates its objections and response from Request No. 36. This request seeks document irrelevant to the case at hand as it requests information beyond the subject equipment involved in the incident. Without waiving these or the general objections, LP incorporates its response to Request No. 36 and, in addition, will produce, subject to a protective order, relevant drawings, instructions, purchase orders, site visits, budgets, invoices, repairs, RFQs, quotes, purchase specifications, purchase schedules, and purchase orders that involve purchases between LP and TSI at the LP Clarke County, Alabama facility related to machines in the Trim Waste area and Finishing Line. LP reserves the right to supplement this Request if or when more communications are found.**

38.    Produce any and all documents reflecting injuries suffered by this Defendant's employees while operating the subject machine or other machines on this Defendant's premises.

**RESPONSE: Objection.  As phrased, this Request is overly broad, unduly burdensome, and incapable of a reasonable response.  Further, the interrogatory seeks information beyond the Mill at issue, the machine at issue, and for a period of time in excess of a reasonable scope.  Without waiving these or the general objections, LP states, that, according to the records as kept pursuant to OSHA regulations, there have been no reportable injuries involving LP's employees while operating the subject machine. Subject to a protective order, LP will produce OSHA logs from 2016 to present.**

39.    If this Defendant has been sued for workers compensation and/or personal injury by any employee, former or current, arising out of an injury sustained on the subject machine, produce a copy of the Complaint(s) filed against this Defendant for ten (10) years prior to the Plaintiff's injury made the basis of this litigation.

**RESPONSE: Upon information and belief, LP has not been sued for injuries sustained on the subject machine.**

40.     Produce any and all documents from the manufacturer(s) of the subject machine and/or the manufacturer(s) of any additions to the subject machine dealing or referring to injuries to employees and/or safety devices on the subject machine.

**RESPONSE: Objection. As phrased, this Request is overly broad, unduly burdensome, and incapable of a reasonable response. Furthermore, the documents requested are outside the custody and control of Defendant. Subject to and without waiving these and the general objections, LP has, in response to this request, reached out to the manufacturer of the subject machine and will produce documents relating to the manufacture of the subject machine. Upon information and belief, there have been no previous reportable injuries to employees at LP's Clarke County facility on the subject machine. Therefore, upon information and belief, no documents were created in response to an injury reflecting any additions to the subject machine in "dealing or referring to injuries to employees and/or safety devices." Upon information and belief, the only change to the original manufacturer's design was the installation of an additional guard made in response to the Plaintiff's injury on May 19, 2021. Subject to a protective order, LP will produce relevant communications and documentations to that particular addition.**

41.     Produce the personnel files for any employee, former or current, identified in Interrogatories 17, 18, 20 and 21.

**RESPONSE: Objection. The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence. Additionally, due to the number of individuals working in maintenance at the plant, this request is unduly burdensome and poses no relation to the case. Subject to and without waiving these objections, LP will produce a list of the maintenance crew members and the time they each clocked in and out of the facility on May 18, 2021 to May 19, 2021.**

42.     Produce a copy of any document used to respond to any of Plaintiff's interrogatories.

**RESPONSE: Subject to a protective order, LP will produce any and all documents used to respond.**

43.     If you claim that any document(s) to be produced by you are privileged or confidential, please produce a privilege log pursuant to Rule 26(b)(5) of the Alabama Rules of Civil Procedure.

**RESPONSE: LP will produce a privilege log.**

/s/ *Jeremy N. Trousdale*

JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

**Attorneys for Defendant**
**Louisiana-Pacific Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21 day of December 2021, a copy of the foregoing was emailed electronically to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Charles A. Stewart III, Esq.
Lillie A. Hobson, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com
lhobson@bradley.com

/s/ *Jeremy Trousdale*
OF COUNSEL



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
        jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 1:49:04 PM

Notice Date:        12/21/2021 1:49:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 1:49:04 PM

Notice Date:      12/21/2021 1:49:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 1:49:04 PM

Notice Date:      12/21/2021 1:49:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
     gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 1:49:04 PM

Notice Date:      12/21/2021 1:49:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 1:49:04 PM

Notice Date:     12/21/2021 1:49:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 1:49:04 PM

Notice Date:      12/21/2021 1:49:04 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
12/21/2021 2:51 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

**STATE OF ALABAMA**    Revised 3/5/08    Cas...

Unified Judicial System

16-CLARKE    ☐ District Court    ☑ Circuit Court    CV2...

| | |
|---|---|
| TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET | **CIVIL MOTION COVER SHEET** <br> *Name of Filing Party:* D002 - CAMPBELL STACEY LEVERNE |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

CHARLES A. STEWART III

445 DEXTER AVE., SUITE 9075

MONTGOMERY, AL 36104

*Attorney Bar No.:* STE067

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: <br> 12/21/2021 2:47:09 PM | Signature of Attorney or Party <br> /s/ CHARLES A. STEWART III |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/21/2021 2:51 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNOPPOSED MOTION FOR
## ENTRY OF PROTECTIVE ORDER

Defendant **Stacey Leverne Campbell** (hereinafter "Campbell"), by and through undersigned counsel, files this motion for entry of the attached Stipulated Protective Order. *See* **Exhibit A**. In support of this motion, Campbell states as follows:

1.     The parties anticipate producing information and material that is proprietary, competitively sensitive, and/or confidential in connection with this case.

2.     The parties have worked jointly on this Stipulated Protective Order. All parties have agreed to the language contained in the Stipulated Protective Order.

3.     Counsel for all parties consent to the filing of this motion.

WHEREFORE, premises considered, this Defendant respectfully moves this Honorable Court to enter the Protective Order attached hereto as **Exhibit A**.

1

*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:    (334) 956-7700
Facsimile:    (334) 956-7701
E-mail:       cstewart@bradley.com
              lhobson@bradley.com

**Attorneys for Defendant**
**Stacey Leverne Campbell**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, using the AlaFile system, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

*/s/ Charles A. Stewart III*
OF COUNSEL

ELECTRONICALLY FILED
12/21/2021 2:51 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

# STIPULATED PROTECTIVE ORDER

---

This matter came before the Court on the Defendants' unopposed motion for entry of a protective order. Upon consideration of the motion, the Court finds that good cause exists for a protective order regarding confidential and proprietary information, and enters this protective order to facilitate discovery expeditiously and to protect trade secret or other confidential research, development, or commercial information, as provided by Rule 26(c) of the *Alabama Rules of Civil Procedure* ("Protective Orders"), and to promptly resolve disputes regarding confidential and proprietary information. This order is intended to protect parties and non-parties from the unauthorized disclosure of confidential and proprietary information which may cause harm to the party whose information is disclosed.

IT IS HEREBY ORDERED that:

1.     "Discovery Material" means any information, documents, answers to interrogatories, responses to requests for production or admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, and/or other

information, whether produced voluntarily or involuntarily in the course of this action, or in response to discovery requests in this litigation by any party or protected person.

2.     "Confidential Information" means any Discovery Material that may be designated by any party as "Confidential" under the procedures outlined below.

3.     On the certification after review of counsel that Discovery Material or parts thereof are entitled to protection under Rule 26(c) of the *Alabama Rules of Civil Procedure*, such Discovery Material may be designated as confidential and proprietary by marking or stamping each page with the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or a similar designation. All claims to confidentiality shall be made in good faith by the party or non-party asserting the claim.

4.     Confidential Information shall be used only for purposes of the prosecution or defense of this lawsuit and shall be shown only to the parties' attorneys; the parties' attorneys' staff (including associates, clerks, paraprofessionals, secretarial personnel, and clerical stenographic and videotape personnel); the parties; the parties' insurers and claims managers; the parties' experts, consultants and investigators; anyone whom the parties agree to in writing; anyone permitted by the Court order; the Court and its staff; and actual or proposed witnesses who have a need to review the Confidential Information for the prosecution or defense of this lawsuit.

5.     Any party wishing to limit further the individuals with access to Confidential Information shall confer with the other parties regarding the necessity for the requested limitation at least fourteen (14) days prior to the day such production is due to be produced. Should the parties be unable to agree to further limitation, at least four (4) days prior to the day the production is to be produced, the party wishing to impose the limitation shall petition the Court for a hearing to show good cause why such limitation should be ordered by the Court.

6.      Each person (other than Court officials, clerical and support personnel employed by the attorneys in this action, and employees of third party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this action) who is permitted to see Confidential Information shall first be shown a copy of this Order and advised that Confidential Information is deemed to be confidential until further order of the Court, and informed that the person must agree to be bound by the Order.  All experts, consultants, and investigators to whom Confidential Information is to be disclosed must first execute a copy of the Declaration attached hereto as Exhibit A.  Counsel for the party obtaining the person's signature on the Declaration attached as Exhibit A will retain the original signed Declaration.  In the event that the parties hereto or their counsel are aware of or become aware of any expert, consultant, or investigator to whom Confidential Information has been shown or disclosed prior to entry of this Order, a Declaration shall be executed by those individuals.

7.      If a party believes that Confidential Information does not warrant a designation of confidentiality, it shall first make a good-faith effort to resolve such dispute with opposing counsel. In the event that such dispute cannot be resolved by the parties, the party seeking confidentiality must apply to the Court for a determination as to whether the designation is appropriate within 14 days of the good-faith effort to resolve the dispute.  It is the burden of the disclosing party to establish that the designated material is confidential.  The document or information shall be treated as confidential until the Court resolves the matter.  If the party seeking the designation of confidentiality does not apply to the Court for determination within 14 days of the good-faith effort to resolve the dispute, the confidentiality of the documents at issue are waived.

8.      At the time of deposition or within thirty (30) days after receipt of the deposition transcript, by certification in writing served upon all counsel, a party may designate as confidential specific portions of the transcript.  Transcripts will be treated as confidential for this thirty (30)-day period.  Any portions of a transcript designated as confidential shall thereafter be treated as such in accordance with this Order.

9.      Documents or information unintentionally produced without a designation of confidentiality may be retroactively designated as such but only if so designated within 6 months of production, and shall be so treated from the date written notice of such designation is provided to the receiving party.  If a document or information was disseminated before it is designated confidential, then the disseminator or receiver of that material will not be considered to have violated the protective order for any actions taken before the confidential designation.  Counsel for the parties shall use best efforts to collect all copies and originals that were disseminated before the designation and to substitute the newly-designated material in their place.

10.     Upon receipt of a written request from any party in writing, all Confidential Information produced in this lawsuit, and all copies thereof, shall be returned to the producing party within one hundred twenty (120) days after judgment or dismissal becomes final in this lawsuit.  Alternatively, the recipient of such Confidential Information may certify to the producing party that all such confidential documents and information have been destroyed.  In addition, the provisions of this Order restricting the use and communication of Confidential Information shall continue to be binding after the conclusion of this litigation This provision does not apply to the extent any documents become a part of the public record at trial or during a hearing.

11.     Nothing in this Order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking or obtaining, on an appropriate showing, any additional

4

protections with respect to the discoverability or confidentiality of documents or other information, or prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents or information that may be subject to this Order.

12.     If Confidential Information is to be attached to, or quoted in, any filing with the Court (including, without limitation, in pleadings, affidavits, briefs, memoranda, appendices, deposition transcripts, or exhibits), the party intending to make such filing shall file a motion to seal directed to the portion of the filing containing the Confidential Information and file only a redacted version of the submission for the publicly accessible docket.  The Parties hereto intend that Confidential Information produced in the litigation shall not become part of the public record of the litigation, except upon further order of the Court.  The parties hereto shall join in any reasonable motion to seal.

13.     In the event that any Confidential Information is, consistent with the terms of this Order, used or disclosed in any **pretrial** hearing, deposition, or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.  *Should this matter proceed to trial, then the parties seeking protection must take steps to move the Court to protect the Confidential Information from becoming a part of the public record.*

14.     If a producing party inadvertently produces privileged information without intending to waive a claim of privilege, it shall, within five (5) business days of discovering such inadvertent disclosure, notify the receiving party or parties of its claim of privilege.  After being so notified, the receiving party or parties shall promptly return or destroy the specified information and any copies thereof.  If the receiving party or parties choose to destroy the specified information

pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the producing party.  If a receiving party receives information from a producing party that it believes to be privileged, it shall, within five (5) business days of discovering such disclosure, notify the producing party of its potentially inadvertent production.  If, after the receiving party provides such notification, the producing party confirms that the information is privileged, the receiving party shall promptly return or destroy the specified information and any copies thereof. If the receiving party chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the producing party.

15.    No person shall make copies, extracts, or summaries of documents containing Confidential Information except as necessary for the conduct of this litigation.  Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status.  Counsel and all other persons to whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of materials containing Confidential Information.

16.    This Order shall not be used in any proceeding as evidence that the parties agree to its jurisdiction or necessity.  This Order is merely a vehicle to facilitate on-going discovery.  This Order shall not affect the right of any party to oppose production of Discovery Material on any ground permitted by the *Alabama Rules of Civil Procedure*, nor shall this order affect the scope of discovery permitted by the *Alabama Rules of Civil Procedure*.

17.    The protections afforded by this Order shall extend to Confidential Information produced by third parties in this action, whether by subpoena or otherwise.  An individual or entity that is not a party to the action but that is producing documents, information, or things for purposes of the action that it considers to be Confidential Information may designate such documents,

information, or things as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the provisions of this Order shall thereafter apply to such Confidential Information.

**IT IS SO ORDERED,** this _____ day of _____, 20___.

_____
Circuit Judge

CONSENTED AND AGREED TO BY:

***Attorneys for Plaintiff Tyler Wallace***

*/s/ Wyatt P. Montgomery*
Wyatt P. Montgomery (MON077)
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
Telephone: (251) 308-1515
Email: wyatt.montgomery@beasleyallen.com

*/s/ Stewart Howard*
Stewart Howard (HOW041)
STEWART HOWARD, P.C.
411 Saint Francis Street
P. O. Box 1903
Mobile, Alabama 36633
Telephone: (251) 431-9364
Email: showard@howardfesta.com

*Attorneys for Defendant Stacey Leverne Campbell*

/s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradley.com
           lhobson@bradley.com

*Attorneys for Defendant Louisiana-Pacific Corporation*

/s/ Jeremy Trousdale
Jeremy N. Trousdale (TRO008)
D. Greg Dunagan (DUN021)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 949-2935
Email: jtrousdale@carrallison.com

8

**EXHIBIT A**

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF _____**


I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____, and the

address of my present employer is _____.

3.      I have received a copy of the Protective Order ("Order") in this case dated

_____, 20___.

4.      I have carefully read and understand the provisions of the Order.

5.      I will comply with all the provisions of the Order.

6.      I will hold in confidence and not disclose to anyone all information designated

"confidential" that is disclosed to me.

7.      I will return all information designated confidential that comes into my possession, and documents or things which I have prepared relating thereto, to the attorneys for the party by whom I am employed or retained, or to the attorney from whom I received the information.

8.      I understand that if I violate the provisions of this Order, I will be subject to sanctions by the Court and that the parties, or any one of them, may assert other remedies against me.

DATED:                                          SIGNED:

_____          _____

                                                _____
                                                Print Name

ELECTRONICALLY FILED
12/21/2021 2:51 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| WALLACE TYLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2021-900109.00 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO, | ) | |
| CAMPBELL STACEY LEVERNE, | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

This matter came before the Court on the Defendants' unopposed motion for entry of a protective order. Upon consideration of the motion, the Court finds that good cause exists for a protective order regarding confidential and proprietary information, and enters this protective order to facilitate discovery expeditiously and to protect trade secret or other confidential research, development, or commercial information, as provided by Rule 26(c) of the *Alabama Rules of Civil Procedure* ("Protective Orders"), and to promptly resolve disputes regarding confidential and proprietary information. This order is intended to protect parties and non-parties from the unauthorized disclosure of confidential and proprietary information which may cause harm to the party whose information is disclosed.

IT IS HEREBY ORDERED that:

1.    "Discovery Material" means any information, documents, answers to interrogatories, responses to requests for production or admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, and/or other information, whether produced voluntarily or involuntarily in the course of this action, or in response to discovery requests in this litigation by any party or protected person.

2.    "Confidential Information" means any Discovery Material that may be designated by any party as "Confidential" under the procedures outlined below.

3.    On the certification after review of counsel that Discovery Material or parts thereof are entitled to protection under Rule 26(c) of the *Alabama Rules of Civil Procedure*, such Discovery Material may be designated as confidential and proprietary by marking or stamping each page with the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or a similar designation.  All claims to confidentiality shall be made in good faith by the party or non-party asserting the claim.

4.    Confidential Information shall be used only for purposes of the prosecution or defense of this lawsuit and shall be shown only to the parties' attorneys; the parties' attorneys' staff (including associates, clerks, paraprofessionals, secretarial personnel, and clerical stenographic and videotape personnel); the parties; the parties' insurers and claims managers; the parties' experts, consultants and investigators; anyone whom the parties agree to in writing; anyone permitted by the Court order; the Court and its staff; and actual or proposed witnesses who have a need to review the Confidential Information for the prosecution or defense of this lawsuit.

5.    Any party wishing to limit further the individuals with access to Confidential Information shall confer with the other parties regarding the necessity for the requested limitation at least fourteen (14) days prior to the day such production is due to be produced. Should the parties be unable to agree to further limitation, at least four (4) days prior to the day the production is to be produced, the party wishing to impose the limitation shall petition the Court for a hearing to show good cause why such limitation should be ordered by the Court.

6. Each person (other than Court officials, clerical and support personnel employed by the attorneys in this action, and employees of third party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this action) who is permitted to see Confidential Information shall first be shown a copy of this Order and advised that Confidential Information is deemed to be confidential until further order of the Court, and informed that the person must agree to be bound by the Order. All experts, consultants, and investigators to whom Confidential Information is to be disclosed must first execute a copy of the Declaration attached hereto as Exhibit A. Counsel for the party obtaining the person's signature on the Declaration attached as Exhibit A will retain the original signed Declaration. In the event that the parties hereto or their counsel are aware of or become aware of any expert, consultant, or investigator to whom Confidential Information has been shown or disclosed prior to entry of this Order, a Declaration shall be executed by those individuals.

7. If a party believes that Confidential Information does not warrant a designation of confidentiality, it shall first make a good-faith effort to resolve such dispute with opposing counsel. In the event that such dispute cannot be resolved by the parties, the party seeking confidentiality must apply to the Court for a determination as to whether the designation is appropriate within 14 days of the good-faith effort to resolve the dispute. It is the burden of the disclosing party to establish that the designated material is confidential. The document or information shall be treated as confidential until the Court resolves the matter. If the party seeking the designation of confidentiality does not apply to the Court for determination within 14 days of the good-faith effort to resolve the dispute, the confidentiality of the documents at issue are waived.

8.      At the time of deposition or within thirty (30) days after receipt of the deposition transcript, by certification in writing served upon all counsel, a party may designate as confidential specific portions of the transcript.  Transcripts will be treated as confidential for this thirty (30)-day period.  Any portions of a transcript designated as confidential shall thereafter be treated as such in accordance with this Order.

9.      Documents or information unintentionally produced without a designation of confidentiality may be retroactively designated as such but only if so designated within 6 months of production, and shall be so treated from the date written notice of such designation is provided to the receiving party.  If a document or information was disseminated before it is designated confidential, then the disseminator or receiver of that material will not be considered to have violated the protective order for any actions taken before the confidential designation.  Counsel for the parties shall use best efforts to collect all copies and originals that were disseminated before the designation and to substitute the newly-designated material in their place.

10.      Upon receipt of a written request from any party in writing, all Confidential Information produced in this lawsuit, and all copies thereof, shall be returned to the producing party within one hundred twenty (120) days after judgment or dismissal becomes final in this lawsuit.  Alternatively, the recipient of such Confidential Information may certify to the producing party that all such confidential documents and information have been destroyed.  In addition, the provisions of this Order restricting the use and communication of Confidential Information shall continue to be binding after the conclusion of this litigation This provision does not apply to the extent any documents become a part of the public record at trial or during a hearing.

11.     Nothing in this Order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking or obtaining, on an appropriate showing, any additional protections with respect to the discoverability or confidentiality of documents or other information, or prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents or information that may be subject to this Order.

12.     If Confidential Information is to be attached to, or quoted in, any filing with the Court (including, without limitation, in pleadings, affidavits, briefs, memoranda, appendices, deposition transcripts, or exhibits), the party intending to make such filing shall file a motion to seal directed to the portion of the filing containing the Confidential Information and file only a redacted version of the submission for the publicly accessible docket.  The Parties hereto intend that Confidential Information produced in the litigation shall not become part of the public record of the litigation, except upon further order of the Court.  The parties hereto shall join in any reasonable motion to seal.

13.     In the event that any Confidential Information is, consistent with the terms of this Order, used or disclosed in any **pretrial** hearing, deposition, or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.  *Should this matter proceed to trial, then the parties seeking protection must take steps to move the Court to protect the Confidential Information from becoming a part of the public record.*

14.     If a producing party inadvertently produces privileged information without intending to waive a claim of privilege, it shall, within five (5) business days of discovering such inadvertent disclosure, notify the receiving party or parties of its claim of privilege.  After being

so notified, the receiving party or parties shall promptly return or destroy the specified information and any copies thereof. If the receiving party or parties choose to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the producing party. If a receiving party receives information from a producing party that it believes to be privileged, it shall, within five (5) business days of discovering such disclosure, notify the producing party of its potentially inadvertent production. If, after the receiving party provides such notification, the producing party confirms that the information is privileged, the receiving party shall promptly return or destroy the specified information and any copies thereof. If the receiving party chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the producing party.

15.    No person shall make copies, extracts, or summaries of documents containing Confidential Information except as necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of materials containing Confidential Information.

16.    This Order shall not be used in any proceeding as evidence that the parties agree to its jurisdiction or necessity. This Order is merely a vehicle to facilitate on-going discovery. This Order shall not affect the right of any party to oppose production of Discovery Material on any ground permitted by the *Alabama Rules of Civil Procedure*, nor shall this order affect the scope of discovery permitted by the *Alabama Rules of Civil Procedure*.

17.     The protections afforded by this Order shall extend to Confidential Information produced by third parties in this action, whether by subpoena or otherwise.  An individual or entity that is not a party to the action but that is producing documents, information, or things for purposes of the action that it considers to be Confidential Information may designate such documents, information, or things as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the provisions of this Order shall thereafter apply to such Confidential Information.

**DONE this[To be filled by the Judge].**

                                        **/s/[To be filled by the Judge]**
                                        **CIRCUIT JUDGE**



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To: CHARLES A. STEWART III
cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 12/21/2021 2:51:11 PM

D002 CAMPBELL STACEY LEVERNE
MOTION FOR PROTECTIVE ORDER
[Filer: STEWART CHARLES ANDREW II]

Notice Date:      12/21/2021 2:51:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 12/21/2021 2:51:11 PM

D002 CAMPBELL STACEY LEVERNE

MOTION FOR PROTECTIVE ORDER

[Filer: STEWART CHARLES ANDREW II]

Notice Date:     12/21/2021 2:51:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   HOWARD STEWART LEON
      showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 12/21/2021 2:51:11 PM

D002 CAMPBELL STACEY LEVERNE

MOTION FOR PROTECTIVE ORDER

[Filer: STEWART CHARLES ANDREW II]

Notice Date:     12/21/2021 2:51:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   TROUSDALE JEREMY NELSON
      jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 12/21/2021 2:51:11 PM

D002 CAMPBELL STACEY LEVERNE

MOTION FOR PROTECTIVE ORDER

[Filer: STEWART CHARLES ANDREW II]

Notice Date:    12/21/2021 2:51:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 12/21/2021 2:51:11 PM

D002 CAMPBELL STACEY LEVERNE

MOTION FOR PROTECTIVE ORDER

[Filer: STEWART CHARLES ANDREW II]

Notice Date:     12/21/2021 2:51:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   HOBSON LILLIE AMILEA
      lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was FILED on 12/21/2021 2:51:11 PM

D002 CAMPBELL STACEY LEVERNE
MOTION FOR PROTECTIVE ORDER
[Filer: STEWART CHARLES ANDREW II]

Notice Date:     12/21/2021 2:51:11 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
12/21/2021 4:31 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION | ) |
| d/b/a LP BUILDING SOLUTIONS, | ) |
| a corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| Defendants. | ) |

# NOTICE OF SERVICE OF DISCOVERY

Defendant **Stacey Leverne Campbell** (hereinafter "Campbell"), hereby certifies that on

the 21st day of December, 2021, counsel for all parties was served with the following:

1.      Campbell's Responses to Plaintiff Tyler Wallace's ("Plaintiff") Interrogatories and Requests for Production;

2.      Campbell's production of documents in response to Plaintiff's Requests for Production which are not subject to a protective order; and

3.      Campbell's Privilege Log.

<div style="margin-left:40%">

*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:    (334) 956-7700
Facsimile:    (334) 956-7701
E-mail:    cstewart@bradley.com
        lhobson@bradley.com

***Attorneys for Defendant Stacey Leverne Campbell***

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, using the AlaFile system, which will send notification of such filing to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

*/s/ Charles A. Stewart III*
OF COUNSEL

2

## IN THE CIRCUIT COURT OF
## CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TYLER WALLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: CV-2021-900109** |
| | ) | |
| **LOUISIANA-PACIFIC CORPORATION,** | ) | |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) | |
| **a corporation; STACEY LEVERNE** | ) | |
| **CAMPBELL, an individual; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT LOUISIANA-PACIFIC CORPORATION'S OBJECTIONS & RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant **Louisiana-Pacific Corporation** (hereinafter "LP"), through its undersigned counsel of record, and pursuant to *Alabama Rules of Civil Procedure* 26, 33 and 34, submits its Objections and Responses to Plaintiffs First Set of Interrogatories and Requests for Production as follows:

### STANDARD OBJECTIONS

1.     LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is protected from disclosure under the attorney-client privilege, work product doctrine, or some other privilege or protection.

2.     LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is outside of LP's custody or control.

3.     LP objects to each definition, instruction, interrogatory, and document request to the extent is seeks information that is already in Plaintiffs' possession, custody, or control.

4.      LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      LP objects to each definition, instruction, interrogatory, and document request to the extent it imposes burdens or requirements beyond those set forth in the *Alabama Rules of Civil Procedure* or any order issued by the Court.

6.      LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

7.      LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not relevant to the subject matter of the case.

8.      LP objects to each definition, instruction, interrogatory, and document request to the extent it is not proportional to the needs of the case.

9.      LP objects to each definition, instruction, interrogatory, and document request to the extent it is overly broad or unduly burdensome.

10.     LP objects to each definition, instruction, interrogatory, and document request to the extent it is unreasonably cumulative or duplicative.

11.     LP objects to each definition, instruction, interrogatory, and document request to the extent it seeks confidential, proprietary, or sensitive commercial or financial information prior to the entry of a mutually agreeable protective order.

12.     LP responds to each interrogatory and document request without waiving and expressly reserving: (a) all objections as to competency, relevancy, materiality, and admissibility of any discovery request and the subject matter thereof; (b) the right to object to the use of the

2

discovery requests, responses, or the subject matter thereof on any ground at any further proceeding in this action; and (c) the right to object on any ground at any time to a demand or request for further interrogatories, requests for production, requests for admission, or other discovery.

13.    LP responds to each interrogatory and document request on the basis of information currently known and reserves the right to modify or supplement its answers.

14.    LP incorporates these General Objections in each response below.

### RESPONSES TO INTERROGATORIES

1.    Is this Defendant properly named in Plaintiff's Complaint?  If not, please provide the Defendant's correct name.

**RESPONSE: Louisiana-Pacific Corporation is the correct name of this Defendant.**

2.    Please identify the name of the person preparing the answers to these interrogatories and identify any person aiding in their preparation.

**RESPONSE: These responses are the responses of LP, prepared in conjunction with LP's counsel.**

3.    Were you the employer of the Plaintiff on the date of the incident alleged in the Complaint?  If your answer is "no", state every fact supporting your contention that you were not Plaintiff's employer on the date of the incident, and produce every document in support of such contention.

**RESPONSE: Yes.**

4.    State the amount of gross wages of the Plaintiff for each and every week for 52 weeks next preceding the incident made the basis of this litigation.  In addition to your response, please furnish Plaintiff's attorney a copy of the payroll records for each and every week covering said pay period.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c), this Defendant will produce wage information.**

5.      Please state the gross cost to the Defendant for any benefits furnished to the Plaintiff as part of the Plaintiff's employment for the 52 weeks next preceding the date of the subject incident, including but not limited to:

a.      Contributions made by Plaintiff to a tax qualified program or to a section 125 cafeteria plan;
b.      Gross premiums paid for by the employer for medical insurance or hospitalization insurance coverage;
c.      Gross premiums paid for by the employer for life insurance coverage;
d.      Gross premiums paid for by the employer for disability insurance coverage;
e.      Any other such fringe benefits or allowances paid for by the employer for the benefit of the plaintiff.

**RESPONSE: Defendant is self-insured for medical, dental and vision.  The accrual cost for the Plaintiff's benefits is as follows on a monthly basis for the 52 weeks prior to the date of injury:**

**Medical Accrual: $110.20**
**Dental/Vision Accrual: $18.96**
**STD: $2.86**
**LTD: $12.86**
**Absence Management FMLA: $2.12**
**Absence Management LOA: $0.08**
**Life/AD&D: $4.98**
**Employee Assistance Program: $1.59**

6.      On the date of the incident made the basis of this litigation, state the Plaintiff's job title and specify his job duties and responsibilities.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c), this Defendant will produce a copy of Plaintiff's job description on the day of the incident.**

7.      On the date of his injury, explain what job duties the Plaintiff was performing when he was injured.

**RESPONSE: At the time of his injury, Plaintiff was not performing his job duties at the time of the accident.**

8.      State the date/time OSHA was notified of the Plaintiff's injury and identify the employee or individual who notified OSHA of the incident.

4

**RESPONSE: Phil Andrews, EH & S Manager at LP's Clarke County OSB facility, contacted OSHA at 3:15 p.m. on May 19, 2021 to report the injury.**

9.　　　State the results of any investigation into the injury of the Plaintiff and identify the employees and/or any third-party entity and individuals who participated in any investigation.

**RESPONSE: Objection. As phrased, this request seeks documents prepared by counsel for this Defendant. As such, it seeks documents subject to the attorney-client and work-product privileges. Subject to and without waiving this objection, this Defendant will produce photographs taken by LP employees. Further, the investigation is still open due to LP's inability to interview Plaintiff.**

10.　　Identify any and all OSHA citations issued against this Defendant as a result of the incident and injury made the basis of this litigation.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c), this Defendant will produce a copy of the OSHA citation.  LP is contesting Paragraph 1 of the OSHA citation.**

11.　　Identify each employee who, to your knowledge, has provided a statement regarding this incident to this Defendant, OSHA or any investigating individual or agency.

**RESPONSE: On June 29, 2021, an OSHA investigator visited LP's site in Clarke County and interviewed Tyler Garza, Wallace's shift supervisor at the time of the incident and Randy McKinley, a press aid.**

12.　　When did you first realize or receive notice that the Plaintiff received an injury?

　　　　a.　　Describe the details of said notice, whether verbal or written;
　　　　b.　　State the name of the person or supervisor receiving said notice.

**RESPONSE:**
　　　　**a.　　Shortly after the incident, Plaintiff alerted others to the accident by way of a radio with a shared channel.**
　　　　**b.　　Tyler Garza was the shift supervisor at the time of the injury and the one to hit the emergency stop button on the subject trim waste conveyor. Justin Dees called Phil Andrews stating Phil was "needed at the mill due to an employee in an entanglement."**

13.　　Do you have any knowledge or documentation of a disability given to the Plaintiff as a result of the injuries received in the incident made the basis of this litigation?  If so, please state:

     a.     The name and address of doctor or other persons giving such rating; and

     b.     The percentage of disability.

**RESPONSE: Upon information and belief, not at this time.**


14.    State the amount of compensation paid to the Plaintiff by the Defendant or Defendant's insurance carrier:

     a.     The weekly rate of said compensation and the period covered by said payments;

     b.     The type of compensation payment, such as temporary total disability or permanent partial disability.

**RESPONSE: The Plaintiff has been and continues to be paid temporary total disability benefits weekly at the rate of $638.70 per week starting May 20, 2021.**


15.    If you intend to refer to or introduce any written or documentary evidence or photographs at the time of the trial, please state specifically what evidence you intend to introduce and the purpose of introducing the evidence. If you have such information and do not intend to introduce it but do intend to refer to it at the hearing, please state what information you will refer to and the purpose of referring to it.

**RESPONSE: This lawsuit was just recently filed, and LP does not currently know what evidence it will rely upon at trial. LP will comply with any Court-ordered deadlines relating to the production of exhibits.**


16.    Please list all medical reports or medical records which are in the possession of Defendant, Defendant's insurance carrier or Defendant's attorneys. State in substance the contents of said reports, and the names and addresses of the physicians giving same or in the alternative you may furnish copies of the same.

**RESPONSE: LP will produce the medical records.**


17.    Give the name, telephone number and address of each person you expect to use as a witness in the trial of this case. Please state briefly what you expect to be the testimony of each witness.

**RESPONSE: This lawsuit was just recently filed, and LP does not currently know the witnesses it will call at trial. LP will comply with any Court-ordered deadlines relating to the identification of witnesses.**

18.     Give a full description of the equipment being operated and/or used by the Plaintiff involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.  Include in your response the year, make, model, manufacturer, and/or any other identifying information.

**RESPONSE: Objection. LP does not know what equipment was being operated and/or used by Plaintiff at the time of the incident because LP has not been permitted to interview Plaintiff. Subject to and without waiving these or the general objections, in lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c) and "subject to the entry of a protective order," this Defendant will produce information regarding equipment on which Plaintiff was injured.**

19.     State in detail any and all maintenance, repairs, modifications, safety device installation, and/or any other work performed by this Defendant, its agents and/or representatives and/or contractors, on the equipment being operated and/or used by the Plaintiff and/or involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

**RESPONSE: Objection. As phrased, this interrogatory is vague, ambiguous, overly broad, unduly burdensome, and incapable of a reasonable response. LP does not know what equipment was being operated and/or used by Plaintiff at the time of the incident because LP has not been permitted to interview Plaintiff. Subject to and without waiving these or the general objections, in lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c) and "subject to the entry of a protective order," this Defendant will produce information regarding the equipment on which Plaintiff was injured.**

20.     Provide the following information for this Defendant, or any other entity or individual, who modified the subject machine on which the Plaintiff was injured before and/or after the date of his injury:

    a.     Each person or entity who modified the machine, including their phone number and address;
    b.     Each person or entity who authorized and/or requested the modification;
    c.     The date the modification(s) were made; and
    d.     The costs of any modifications.

**RESPONSE: Before the accident, LP did not modify the subject trim-waste conveyor from its original design.  After the accident, LP added additional guarding at the authorization of Stacey Campbell, Phil Andrews, and Scotty Boshell. The guard was built by Jackson Metal Works and installed by LP's maintenance crew on May 19, 2021. A list of maintenance crew members for May 18 and May 19, 2021 will be produced. The cost of the additional guard was $2,756.53 (including applicable taxes). An invoice detailing the service**

**provided to LP by Jackson Metal Works will be produced. LP reserves the right to supplement its response to this interrogatory as more information is found.**

21.    State when Defendant purchased the subject equipment involved in the incident made the basis of this litigation.  Include in your answer the purchase price and the name of the person and/or entity and/or entities the equipment was purchased from.

**RESPONSE: Upon information and belief, the subject equipment (a trim waste conveyor) was purchased by LP from TSI, Inc. on October 1, 2005 for $36,777. This price does not include the cost of installation supervision, start-up, commissioning, training, and freight costs. This cost is derived from the unsigned contract between LP and TSI that LP will produce, "subject to the entry of a protective order."  LP and TSI are both working diligently in search of the signed contract as it does not appear to exist in electronic form. LP will also produce, "subject to the entry of a protective order," a signed contract between LP and Casey, the vendor in charge of installing TSI's finish line which includes the subject machine. LP reserves the right to supplement this response if or when the signed contract is located.**

22.    Provide the names of any and all individuals and/or entities involved in the purchase of the subject equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. This interrogatory is unduly vague and overly burdensome as the subject equipment was purchased over 15 years ago with numerous individuals involved. Subject to and without waiving the foregoing objection, LP has identified the following employees of CPM, TSI, and LP as individuals who potentially were involved in the purchase of the subject equipment involved. LP reserves the right to supplement this response when or if more names are identified:**

**CPM was the primary contractor on the project with the role to coordinate between vendors (TSI, manufacturer of the machinery in the vicinity of where Plaintiff was injured, was considered a vendor). Upon information and belief, Ken Savage (Project Engineer) worked with both LP and Casey with the installation of the subject equipment. Richard Lloyd was a Project Lead of the installation. Ron Leyland was a primary contact for LP and TSI at CPM. Stephen Vajda and Jim Koontz were also additional points of contact for LP and TSI employed by CMP.**

**TSI is the manufacturer/seller of the subject equipment. Upon information and belief, Clyde Stearns (Engineering Manager) was a primary contact for LP and CPM at TSI. Kelly Baldwin was the onsite Construction Manager from TSI that oversaw the installation. Other TSI employees**

8

involved include Aaron Bowling, Jack Fung, Peter Grant, Rick Gobel, Andy Johnson, Janet Mueller (Engineering Assistant), and Zlato Savovik (TSI representative).

LP employees potentially involved in the purchase of the subject machine include:

- Greg Letarte – Project Manager during Construction of LP's Clarke County Facility. Primary role in contracting
- Pete McDonald – Project Manager before Greg Letarte during construction of LP's Clarke County Facility.
- Mike Richardson--Project Manager
- Doug Anderson – In-House Counsel
- Jamey Barnes – Southern Regional Manager of OSB Operations
- Jim Byrd – Maintenance Department Head
- David Crowe – Director of Manufacturing
- Don Crysell – Acting Clarke County Construction Safety Manager
- Andy Dean – Plant Engineer
- Steve Doffit – Plant Manager, reported to Phillip Schultz
- John Doherty – Construction Manager
- Brad Finch – Purchasing
- Kitt Keyes – In-House Counsel for LP
- Jim McDonald – Capital Purchasing
- John Oswald – Special Projects Manager
- Phillip Schultz – Operation Manager on OSB Team
- Neil Sherman – Purchasing
- Mike Skinner – Corporate Safety Manager

23.   Provide the names and contact information for the person(s), or entity(ies) responsible for the installation of the subject equipment on the Defendant's premises in Clarke County, Alabama where the incident made the basis of this litigation occurred.

RESPONSE: Objection. This interrogatory is overly burdensome and incapable of a reasonable response as the subject equipment was purchased over 15 years ago with numerous individuals involved. Specifically, providing contact information of the parties involved is overly burdensome as, upon information and belief, few employees listed above are currently with LP and therefore contact information still in LP's possession is likely outdated and inaccurate. Subject to and without waiving the foregoing objection, LP integrates its response from Interrogatory No. 22 having identified the

9

**employees of CPM, TSI, and LP as individuals who potentially were involved in the purchase of the subject machine and therefore potentially involved in its installation. Finally, Casey is the vendor that oversaw the installation of the TSI's finishing line which includes the subject equipment. Upon information and belief, David Albion (Senior Vice President) was a primary contact for LP at Casey. Other Casey employees involved in overseeing the installation include: Ray Bell (Project Manager), Bubba Hansen (Construction Manager), John Hannah (Superintendent), Ted Glover (Superintendent), Dawn Hawkins (Document Control), and Rick Stringer (Project Manager). LP reserves the right to supplement this response when or if more names are identified**

24.    Identify the employees of this Defendant who held the positions below on the date the Plaintiff sustained his injuries:

        a.    Plant manager;
        b.    Plant Safety Coordinator;
        c.    Head of Maintenance; and
        d.    All Maintenance employees.

**RESPONSE:**
**a.    Stacey Campbell**
**b.    Phil Andrews is the Environmental Health & Safety Manager at the Mill**
**c.    Scotty Boshell**
**d.    The following individuals were scheduled to work in Maintenance May 18, 2021 and May 19, 2021 and a copy of such schedule will be produced:**

        **Richard Anderson**
        **Thomas Anderson**
        **Mickey Arnold**
        **Justin Baugh**
        **Matthew Beech**
        **Willie J. Bridges**
        **Ray Carstarphen**
        **Ryan O. Davis**
        **Frank Finley**
        **Daniel Gill**
        **Randal Hyatt**
        **William R. Lankford**
        **David Lott**
        **Rodney Mullins**
        **Steven Overton**
        **Christopher Ray**
        **Stoney Rodriguez**

**William Sims**
**James G Singleton**
**Chase Tucker**
**Embrel Vaughn**
**Robin E. Wilson**

25.     For the prior interrogatory, if the individuals identified for sub-items (a) through (d) no longer hold the position provide the following information:

      a.     Was the individual promoted, demoted or terminated;
      b.     When was the individual promoted, demoted or terminated;
      c.     Why the person was promoted, demoted or terminated; and
      d.     Who holds the position currently?

**RESPONSE:**
**a.     There have been no changes to Stacey Campbell's position.**
**b.     There have been no changes to Phil Andrew's position.**
**c.     Scotty Boshell is no longer with the company, having left of his own volition the week of July 12. Matt Moore is currently head of maintenance and electrical.**
**d.     Upon information and belief, no maintenance employee has been promoted, demoted, or terminated outside of the usual manner in which entry level LP employees change levels based on the acquired skill sets that are learned during the regular course of their employment. LP reserves the right to supplement this interrogatory upon the discovery of new or updated information.**

26.     State in detail this Defendant's standard operating procedures related to the job the Plaintiff was performing at the time of the incident made the basis of this litigation.

**RESPONSE: LP has not been able to interview Plaintiff regarding the incident.  Until Plaintiff has been deposed, LP is unable to fully respond to this interrogatory. Upon current information and belief, Plaintiff was acting outside the scope of his job description at the time of his injury.**

27.     Has any other individual been injured on the subject machine?

**RESPONSE: Upon information and belief, no.**

28.     If the response to the prior interrogatory is "yes", provide the following information:

a.     The identity of the employee injured;
b.     The date of the injury;
c.     Whether or not a suit was filed or claim made; and
d.     If suit was filed or a claim made, the result of the suit and/or claim.

**RESPONSE: Not applicable.**

29.    List each employee that has sustained an on-the-job injury caused by a machine requiring hospitalization in the last 15 years and explain the details of each such injury.

**RESPONSE: Objection.  As phrased, this interrogatory is overly broad, unduly burdensome, unreasonable in scope, and incapable of a reasonable response.  Further, the interrogatory seeks information beyond the Mill at issue and for a period of time in excess of a reasonable scope.  Without waiving these or the general objections, LP states that, upon information and belief, there has not been a injury at LP within the last five years, the timeframe required by OSHA to maintain records for, requiring hospitalization due to an injury involving the subject machine with the exception of Plaintiff. This Defendant also directs Plaintiff to see its responses to Interrogatory Nos. 27 and 28.**

30.    Give a full description of training required by the Defendant to operate the equipment involved in the incident made the basis of this litigation.

**RESPONSE: In lieu of responding, pursuant to *Ala. R. Civ. P.* 33(c) and "subject to the entry of a protective order," this Defendant will produce the #4 Trim Waste Conveyor Lockout Procedure which contains start up procedures.**

31.    State in your own words how the incident made the basis of this litigation occurred.

**RESPONSE: This lawsuit was just recently filed.  Further, LP has not been able to interview Plaintiff regarding the incident.  Until Plaintiff has been deposed, LP is unable to respond to this interrogatory.**

32.    Provide a list of persons who witnessed the incident made the basis of this litigation.

**RESPONSE: Upon information and belief, there were no witnesses.**

33.    Provide a list of persons working on Defendant's premises in Clarke County, Alabama on the date of the incident made the basis of this litigation.

**RESPONSE: Objection.  As phrased, this interrogatory is overly broad, unduly burdensome, and seeks information which is not relevant to the litigation.  Subject to and without waiving these objections, there were no witnesses to the incident.**

34.    Please state whether the Plaintiff has ever been reprimanded or disciplined by this Defendant in any way.  If so, please describe said reprimand and/or disciplinary action and the reason for said disciplinary action.

**RESPONSE: Plaintiff's employee file does not show that he has ever been reprimanded or disciplined by this Defendant in any way.**

35.    Does this Defendant contend that the Plaintiff was responsible in any way for the injuries he sustained in the incident giving rise to this litigation?  If so, please describe in complete and accurate detail the basis of said contention.

**RESPONSE: LP has been unable to interview the Plaintiff since the accident and therefore LP is unable to respond fully to this interrogatory. LP does not know what Plaintiff was doing at the subject machine at the time of the accident, and, as a result, it is impossible to describe the nature of Plaintiff's negligence**

36.    If any employee was disciplined by this Defendant for their part or role in the subject incident:

       a.      Identify the employee disciplined;
       b.      State the rule he/she violated; and
       c.      Describe the disciplinary action taken by this Defendant.

**RESPONSE: Not applicable.**

37.    Does this Defendant contend the injuries sustained by the Plaintiff in the incident giving rise to this litigation were caused by any third party?  If so, please provide the name and contact information for said third party, as well as the basis for said contention.

**RESPONSE: This lawsuit was just recently filed.  Further, LP has not been able to interview Plaintiff regarding the incident.  Until Plaintiff has been deposed, LP is unable to respond to this interrogatory.**

38.    Please list and describe any other conveyor belt systems in this Defendant's Clarke County, Alabama facility manufactured by TSI-INC.

**RESPONSE: Objection. This Interrogatory seeks information that is irrelevant to the case at hand. Furthermore, asking Defendant to list and describe every other conveyor belt systems is unduly burdensome and vague. Subject to and without waiving these and the general objections, upon information and belief, TSI, Inc. manufactured four Trim Waste Conveyors that are similar to the subject machine. The entire Trim Waste system consists of the Trim Hob, Infeed Rolls, Vibrating Conveyor, and Trim Waste Conveyors 1 to 4.**

39.    Please state whether any hazards of operations (HAZOP) analysis has ever been performed at the subject facility where the incident made the basis of this litigation occurred?  If so, please state the name and contact information for the individual(s) or entity(ies) who performed said analysis, as well as the purpose and outcome of said analysis.

**RESPONSE: Marsh Risk Consulting ("Marsh") performs a biennial risk assessment on each LP Mill. Evaluations have been completed at LP's Clarke County facility in 2007, 2011, 2013, 2015, and 2016 (2017). Mark Runyon of Marsh prepared the reports for 2021, 2019, and 2016 (2017).  The purpose of such analysis is to assist with LP's efforts to improve their property insurance programs, provide an external audit of their plant loss prevention practices, and assist LP with the implementation of a Risk Management Strategy to prioritize risk improvements and mitigation strategies. For assessments completed over the last 5 years, Marsh has not suggested any work or modifications be done to the subject equipment.**

40.    Please state whether any other employee of this Defendant has ever been injured on the subject premises in the same or similar manner as the Plaintiff was injured on the date of the incident made the basis of this suit.  If so, please give said employee's name and a description of the incident.

**RESPONSE: Upon information and belief, no.**

**[EXECUTION TO FOLLOW ON NEXT PAGE]**

<u>VERIFICATION</u>

STATE OF ALABAMA      )
                             )
CLARKE COUNTY       )

       Before me, a Notary Public in and for said county and state, personally appeared
___Linda McCampbell___ who, being by me first duly sworn, deposes and says on oath
that he/she is __Corporate Representative__ of Louisiana-Pacific Corporation, and, as
such, is authorized to make this affidavit, that he/she has read the foregoing Responses to First
Interrogatories, and is informed and believes and, upon the basis of such information and belief,
avers that the facts alleged therein are true and correct.

                           _Linda M Campbell_

SWORN TO and SUBSCRIBED before me this 21st day of December, 2021.

[SEAL]

                     _Rubye B Coleman_
                     NOTARY PUBLIC
                     My Commission Expires: 11/30/2022

<u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

1.      Produce a copy of any and all incident or accident reports or reports of first injury regarding the accident made the basis of this action, including any first reports of injury, "claims summary form," supplemental reports or termination/cessation of benefit reports filed with any State agency including but not limited to the Department of Industrial Relations.

**RESPONSE: LP will produce the First Report of Injury and First Payment Combination Form.**

2.      Produce any employee handbook or Union contract.

**RESPONSE: Outside of a new employee orientation handbook, LP does not have an employee handbook. LP is non-union. Subject to a protective order, LP will produce the new orientation handbook.**

3.      Produce all medical reports and records concerning the Plaintiff in the possession or under the control of this Defendant or its attorneys.

**RESPONSE: LP will produce all medical records and reports in their possession.**

4.      Produce all correspondence and reports from any rehabilitation service or person concerning Plaintiff in the possession or under the control of the Defendant.

**RESPONSE: LP will produce all such documents within their possession.**

5.      Produce records which show for the 52 weeks next preceding Plaintiff's injury on the date made the basis of this litigation:

        a.      Gross wages;
        b.      Any and all fringe benefits or allowances and the costs thereof.

**RESPONSE: LP will produce wage information and fringe benefits information set out in response to Interrogatory No. 5.**

6.      Produce Plaintiff's personnel records while employed by this Defendant.

**RESPONSE: Subject to a protective order, LP will produce this personnel file.**

16

7.      Produce Defendant Stacey Leverne Campbell's personnel records while employed by this Defendant.

**RESPONSE: Objection. The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence.**

8.      Produce any written statement or recorded statement concerning the injury to the Plaintiff made the basis of this litigation, including the recorded statement taken from the Plaintiff by the insurance adjuster for the Defendant's insurance company.

**RESPONSE: No written or recorded statement was taken by LP from the Plaintiff.**

9.      Produce all documents provided to OSHA or given to this Defendant by OSHA relating to OSHA's inspection into the Plaintiff's incident and injury made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce the documents previously provided to OSHA.**

10.      Produce documents detailing any citations or fines issued against this Defendant by OSHA regarding any investigation initiated by OSHA as a result of the incident made the basis of this litigation.

**RESPONSE: LP will produce this citation.**

11.      Produce all statements provided to OSHA or this Defendant regarding the subject incident.

**RESPONSE: Defendant incorporates their response to Request No. 9 and further directs Plaintiff to see the statement of shift supervisor Tyler Garza that LP will produce.**

12.      Produce any documentary or demonstrative evidence which you intend to introduce at the trial of this case.

**RESPONSE: This litigation was just filed. As a result, LP does not know what documents it intends to rely upon at trial.  LP will comply with any Court-ordered deadlines.**

17

13.     Produce a copy of any and all video and/or surveillance tapes showing the Plaintiff on the date of the incident made the basis of this litigation.

**RESPONSE: Upon information and belief, the accident happened outside the view of LP's video cameras.**

14.     Produce a copy of any and all video and/or surveillance tapes of Plaintiff which you intend to introduce at the trial of this case.

**RESPONSE: This litigation was just filed.  As a result, LP does not know what documents it intends to rely upon at trial.  LP will comply with any Court-ordered deadlines.**

15.     Produce a copy of any and all medical records, impairment ratings, notes, reports and correspondence from case management nurses to Plaintiff's physician(s) concerning the Plaintiff.

**RESPONSE: LP will produce correspondence and reports from nurse case managers concerning the Plaintiff.**

16.     Produce all work orders, repair invoices, recalls, safety device manuals, and/or any other documentation concerning the subject equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. This response is unduly broad, vague, and overly burdensome as the subject equipment is over 15 years old and documentation for each work order, repair, recall, and other documentations is potentially vast. Subject to and without waiving those objections, LP will produce such documents that are currently in their possession. LP has reached out to TSI, Inc. and will produce received documents, subject to a protective order, concerning the Trim Waste area, including the subject equipment involved in the incident. LP reserves the right to supplement this Response if or when any additional information or documentation is discovered.**

17.     Produce all maintenance and service records for the subject equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. This response is unduly broad, vague, and overly burdensome as the subject equipment is over 15 years old and documentation for each work order, repair, recall, and other documentations is potentially vast. Subject to and without waiving those objections, LP will produce responsive documents that are currently in their possession. LP has reached**

**out to TSI, Inc. and will produce received documents, subject to the entry of a protective order, concerning the Trim Waste area which includes the subject equipment involved in the incident.**

18.    Produce all general layout drawings for the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce general layout drawings for the subject equipment.**

19.    Produce all general layout drawings and/or plans and specifications for all other conveyor belt systems designed and manufactured by TSI-INC that are located at this Defendant's Clarke County, Alabama facility where the incident made the basis of this litigation occurred.

**RESPONSE: Subject to a protective order, LP will produce general layout drawings for other trim waste conveyors manufactured by TSI located in LP's Clarke County facility.**

20.    Produce a copy of Defendant's standard operating procedures in effect at the time of the subject incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce a copy of the standard operating procedures.**

21.    Produce a copy of Defendant's safety rules, regulations and policies in effect at the time if the incident made the basis of this litigation.  If said policies have been modified in any way since the subject incident, please provide copies of said modifications.

**RESPONSE: Subject to a protective order, LP will produce LP's LOTO Policy.**

22.    Produce a list of all persons and entities who made any repairs and/or performed work or maintenance of any kind on the subject equipment involved in the incident made the basis of this litigation.  Your response should include all repairs and/or work and/or maintenance or modifications performed encompassing the entire time in which this Defendant owned, possessed, leased and/or put into use said equipment.

**RESPONSE: Objection. This response is unduly broad, vague, and overly burdensome as the subject equipment is over 15 years old and documentation for each work order, repair, recall, and other documentations is potentially vast. Subject to and without waiving those objections, LP will produce such**

19

**documents that are currently in their possession. LP has reached out to TSI, Inc. and will produce their records of repairs and inspections performed on the subject equipment.**

23.    Produce documentation of ownership of the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce the contract, purchase orders, and other information relating to documents involving TSI and LP.**

24.    Produce any contracts or other documents referencing any agreements between this Defendant and TSI-INC related to the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP incorporates the documents it will produce in response to Request No. 23.**

25.    Produce any contracts or other documents referencing or explaining the relationship between this Defendant and the Plaintiff.

**RESPONSE: As phrased, this request for production is vague, ambiguous, and incapable of a reasonable response. Please see information LP will produce in response to Request No. 23 and 24.**

26.    Produce photographs of the subject equipment involved in the incident made the basis of this litigation. This request includes photographs both before and after the incident made the basis of this litigation.  In other words, both before and after any modifications and/or guards were made to or placed on the subject equipment.

**RESPONSE: Objection. As phrased, this request seeks documents prepared by counsel for this Defendant. As such, it seeks documents subject to the work-product and attorney-client privileges. Subject to and without waiving this objection, this Defendant will produce photographs taken by LP employees.**

27.    Produce each Job Safety Analysis or examination for hazardous conditions conducted by this Defendant or provided to this Defendant with respect to the work being done on the subject equipment where the Plaintiff was injured.

**RESPONSE: This Defendant incorporates its response from Interrogatory No. 39 and reiterates that over the past five years Marsh has surveyed the**

**subject trim waste conveyor and has not suggested any work or modifications be done to the subject equipment.**

28.     Produce any and all documents, whether created by this Defendant or any other entity, dealing with any and all training provided to the Plaintiff to perform the work he was performing on the day he was injured.

**RESPONSE: Subject to a protective order, LP will produce Plaintiff's job description and training and safety policies in effect at the time of the incident. Plaintiff was not performing his work duties at the time he was injured.**

29.     Produce any safety policy specific to the work being done by the Plaintiff at the time of the incident made the basis of this litigation.

**RESPONSE: Objection. This request is impossible to comply with. Specifically, LP is unable to produce a specific safety policy to the work being done by the Plaintiff at the time of the incident because LP does not currently know what Plaintiff was doing at the time of the accident. Subject to a protective order, LP will produce documents relative to working on that equipment.**

30.     Produce any and all documents related to any hazards of operations (HAZOP) analysis performed at the facility made the basis of this litigation.

**RESPONSE: Objection. As phrased, this Request is overly broad, unduly burdensome, and incapable of a reasonable response. Further, the interrogatory seeks information beyond the machine at issue, and for a period of time in excess of a reasonable scope. This request seeks document irrelevant to the case at hand as it requests information beyond the subject equipment involved in the incident. Subject to and without waiving these and the general objections, this Defendant incorporates its responses from Interrogatory No. 39 and Request No. 27.  In each Marsh analysis completed over the last 5 years, Marsh has surveyed the subject trim waste conveyor and has not suggested any work or modifications be done to the subject trim waste conveyor.**

31.     Provide any and all design drawings and/or installation instructions for the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, LP will produce drawings, manuals, and scope of work documents.**

32.     Provide copies of any and all documentation provided by TSI-INC related to the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Subject to a protective order, Defendant will produce correspondence between TSI and LP from 2005-2007 that relate to the installation of the subject machine and other machines manufactured by TSI. Additionally, LP will produce relevant drawings, instructions, purchase orders, site visits, budgets, invoices, repairs, etc. related to machines in the Trim Waste area and Finishing Line. LP reserves the right to supplement this response if or when any additional information or documentation is discovered.**

33.     Produce any video footage captured by the Defendant of the incident made the basis of this litigation.

**RESPONSE: Upon information and belief, the accident happened outside the view of LP's video cameras.**

34.     Produce a copy of any citations given to this Defendant by any governing agency surrounding the incident made the basis of this litigation.

**RESPONSE: LP will produce the OSHA citation.**

35.     Provide a list of all safety devices on the equipment involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

**RESPONSE:**
- **The guarding that was originally installed by the manufacturer and was on the equipment on the day of the incident;**
- **An air wand located at the scene of the accident;**
- **Stop buttons for the equipment;**
- **A local disconnect button near the machine; and**
- **An emergency stop button in the control room.**

**LP reserves the right to supplement this Request as the discovery process continues.**

36.     Provide a copy of all emails, notes, documents, memos or other written communication to or from this Defendant (excluding any communication between Defendant and attorneys) specifically regarding the equipment involved in the incident made the basis of this litigation.

**RESPONSE: Objection. As phrased, this Request is overly broad, unduly burdensome, vague, and incapable of a reasonable response. Further, the Request seeks information for a period of time in excess of a reasonable scope as the subject machine was purchased and installed over 15 years ago. Without waiving these or the general objections, subject to a protective order, LP will produce communications from TSI and LP during the time when the machine was installed and additional communications involving the Finishing Line supplied by TSI which includes the subject equipment. LP reserves the right to supplement this Request as more communications are found.**

37.    Provide any and all correspondence and/or communications between this Defendant and TSI-INC related to the subject equipment involved in the incident made the basis of this litigation, as well as any other equipment designed and manufactured by TSI-INC located at this Defendant's Clarke County, Alabama facility where the subject incident occurred.

**RESPONSE: LP incorporates its objections and response from Request No. 36. This request seeks document irrelevant to the case at hand as it requests information beyond the subject equipment involved in the incident. Without waiving these or the general objections, LP incorporates its response to Request No. 36 and, in addition, will produce, subject to a protective order, relevant drawings, instructions, purchase orders, site visits, budgets, invoices, repairs, RFQs, quotes, purchase specifications, purchase schedules, and purchase orders that involve purchases between LP and TSI at the LP Clarke County, Alabama facility related to machines in the Trim Waste area and Finishing Line. LP reserves the right to supplement this Request if or when more communications are found.**

38.    Produce any and all documents reflecting injuries suffered by this Defendant's employees while operating the subject machine or other machines on this Defendant's premises.

**RESPONSE: Objection.  As phrased, this Request is overly broad, unduly burdensome, and incapable of a reasonable response.  Further, the interrogatory seeks information beyond the Mill at issue, the machine at issue, and for a period of time in excess of a reasonable scope.  Without waiving these or the general objections, LP states, that, according to the records as kept pursuant to OSHA regulations, there have been no reportable injuries involving LP's employees while operating the subject machine. Subject to a protective order, LP will produce OSHA logs from 2016 to present.**

39.    If this Defendant has been sued for workers compensation and/or personal injury by any employee, former or current, arising out of an injury sustained on the subject machine, produce a copy of the Complaint(s) filed against this Defendant for ten (10) years prior to the Plaintiff's injury made the basis of this litigation.

**RESPONSE: Upon information and belief, LP has not been sued for injuries sustained on the subject machine.**

40.     Produce any and all documents from the manufacturer(s) of the subject machine and/or the manufacturer(s) of any additions to the subject machine dealing or referring to injuries to employees and/or safety devices on the subject machine.

**RESPONSE: Objection. As phrased, this Request is overly broad, unduly burdensome, and incapable of a reasonable response. Furthermore, the documents requested are outside the custody and control of Defendant. Subject to and without waiving these and the general objections, LP has, in response to this request, reached out to the manufacturer of the subject machine and will produce documents relating to the manufacture of the subject machine. Upon information and belief, there have been no previous reportable injuries to employees at LP's Clarke County facility on the subject machine. Therefore, upon information and belief, no documents were created in response to an injury reflecting any additions to the subject machine in "dealing or referring to injuries to employees and/or safety devices." Upon information and belief, the only change to the original manufacturer's design was the installation of an additional guard made in response to the Plaintiff's injury on May 19, 2021. Subject to a protective order, LP will produce relevant communications and documentations to that particular addition.**

41.     Produce the personnel files for any employee, former or current, identified in Interrogatories 17, 18, 20 and 21.

**RESPONSE: Objection. The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence. Additionally, due to the number of individuals working in maintenance at the plant, this request is unduly burdensome and poses no relation to the case. Subject to and without waiving these objections, LP will produce a list of the maintenance crew members and the time they each clocked in and out of the facility on May 18, 2021 to May 19, 2021.**

42.     Produce a copy of any document used to respond to any of Plaintiff's interrogatories.

**RESPONSE: Subject to a protective order, LP will produce any and all documents used to respond.**

43.     If you claim that any document(s) to be produced by you are privileged or confidential, please produce a privilege log pursuant to Rule 26(b)(5) of the Alabama Rules of Civil Procedure.

**RESPONSE: LP will produce a privilege log.**

/s/ Jeremy N. Trousdale
JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

**Attorneys for Defendant
Louisiana-Pacific Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21 day of December 2021, a copy of the foregoing was emailed electronically to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Charles A. Stewart III, Esq.
Lillie A. Hobson, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com
lhobson@bradley.com

/s/ Jeremy Trousdale
OF COUNSEL

26

## IN THE CIRCUIT COURT OF
## CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TYLER WALLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: CV-2021-900109** |
| | ) | |
| **LOUISIANA-PACIFIC CORPORATION,** | ) | |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) | |
| **a corporation; STACEY LEVERNE** | ) | |
| **CAMPBELL, an individual; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# DEFENDANT STACEY LEVERNE CAMPBELL'S
# OBJECTIONS & RESPONSES TO PLAINTIFF'S INTERROGATORIES
# AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant **Stacey Leverne Campbell** (hereinafter "Campbell"), through his undersigned counsel of record, and pursuant to *Alabama Rules of Civil Procedure* 26, 33 and 34, submits his Objections and Responses to Plaintiffs First Set of Interrogatories and Requests for Production as follows:

## STANDARD OBJECTIONS

1. Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is protected from disclosure under the attorney-client privilege, work product doctrine, or some other privilege or protection.

2. Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is outside of Campbell's custody or control.

3.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent is seeks information that is already in Plaintiffs' possession, custody, or control.

4.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it imposes burdens or requirements beyond those set forth in the *Alabama Rules of Civil Procedure* or any order issued by the Court.

6.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

7.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks information that is not relevant to the subject matter of the case.

8.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it is not proportional to the needs of the case.

9.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it is overly broad or unduly burdensome.

10.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it is unreasonably cumulative or duplicative.

11.      Campbell objects to each definition, instruction, interrogatory, and document request to the extent it seeks confidential, proprietary, or sensitive commercial or financial information prior to the entry of a mutually agreeable protective order.

12.    Campbell responds to each interrogatory and document request without waiving and expressly reserving: (a) all objections as to competency, relevancy, materiality, and admissibility of any discovery request and the subject matter thereof; (b) the right to object to the use of the discovery requests, responses, or the subject matter thereof on any ground at any further proceeding in this action; and (c) the right to object on any ground at any time to a demand or request for further interrogatories, requests for production, requests for admission, or other discovery.

13.    Campbell responds to each interrogatory and document request on the basis of information currently known and reserves the right to modify or supplement its answers.

14.    Campbell incorporates these General Objections in each response below.

### RESPONSES TO INTERROGATORIES

1.    What was your employment designation at Defendant Louisiana-Pacific on the date of the incident made he basis of this litigation?

**RESPONSE: This Defendant was employed as the active, full-time Plant Manager for Defendant Louisiana-Pacific's Clarke County OSB Plant.**

2.    Identify your current position with Defendant Louisiana-Pacific.

**RESPONSE: This Defendant is currently employed as Plant Manager for Defendant Louisiana-Pacific's Clarke County OSB Plant.**

3.    Detail your ownership interest, if any, in Defendant Louisiana-Pacific.

**RESPONSE: Objection. This Defendant objects to Interrogatory 3 on the basis that it does not relate to the subject matter of the case and is therefore irrelevant to either side. Subject to and without waving the foregoing objection, this Defendant's only ownership interest in LP is stock ownership.**

4.    Identify the individual(s) or entity that modified the subject trim waste conveyor on which the Plaintiff was injured.

3

**RESPONSE: The subject trim waste conveyor was purchased from TSI and installed with vendor oversight and was not modified in any form from the original manufacturer's design.**

5.      Identify the individual(s) or entity that removed the barrier guard(s) exposing the inner components of the subject trim waste conveyor on which the Plaintiff was injured.

**RESPONSE: Upon information and belief, no one.**

6.      Provide the date and the reason(s) for any modifications to the subject trim waste conveyor on which the Plaintiff was injured including, but not limited to, the removal or addition of a barrier guard.

**RESPONSE: This Defendant incorporates his responses from Interrogatory Nos. 4 and 5. Upon information and belief, there was neither a removal nor an addition of additional guarding to the subject trim waste conveyor until after the accident. An additional guard was added to the subject trim waste conveyor by Louisiana Pacific's maintenance on May 19, 2021.**

7.      Identify any employee of Defendant Louisiana-Pacific that approved any modification to the subject trim waste conveyor including, but not limited to, the removal or addition of a barrier guard.

**RESPONSE: This Defendant incorporates his responses from Interrogatories Nos. 4, 5, and 6. Upon information and belief, no barrier guard was removed from the subject trim waste conveyor. LP added additional guarding at the authorization of Stacey Campbell, Phil Andrews, and Scotty Boshell.**

8.      Identify the employees at Defendant Louisiana-Pacific responsible for notifying OSHA of any reportable on the job injuries.

**RESPONSE: J. Phil Andrews, EH&S Manager.**

9.      Did this Defendant have any responsibility to notify OSHA of Plaintiff's injury?

**RESPONSE: Objection. This Defendant objects to Interrogatory No. 9 for redundancy as it asks for the same information as Interrogatory 8. Subject to and without waiving the foregoing objections, as Plant Manager, this Defendant had the ultimate oversight responsibility to assure that OSHA was notified of the injury.**

4

10.     Identify any liability insurance policies, including umbrella policies that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

**RESPONSE: This Defendant is not aware of any policies that cover him personally for the incidents alleged.**

11.     Identify the employee(s), individual(s) or entity that placed the barrier guard(s) on the subject trim waste conveyor on which the Plaintiff was injured.

**RESPONSE: No barrier guard was added to the subject trim waste conveyor. The additional guarding for the subject trim waste conveyor was installed by LP's maintenance.   This Defendant will produce a list of maintenance employees on site May 18 and May 19, 2021.**

12.     Describe this Defendant's understanding of how the incident made the basis of this litigation occurred.

**RESPONSE: This lawsuit was just recently filed, and the investigation is ongoing. Further, this Defendant has not been able to interview Plaintiff regarding the incident. Until Plaintiff has been deposed, this Defendant is unable to respond to this interrogatory.**

13.     If you contend the Plaintiff, or any other third-party, caused or contributed to cause the incident and injury made the basis of this litigation, describe in detail your basis for such contention.

**RESPONSE: This Defendant refers Plaintiff to his response and objection to Interrogatory No. 12.**

14.     Detail this Defendant's participation into any investigation into Plaintiff's on the job injury and/or any investigation into the modification of the subject trim waste conveyor and/or removal or addition of barrier guards on the subject conveyor on which the Plaintiff was injured.

**RESPONSE: Objection. This interrogatory is confusing and compound. Additionally, this Defendant objects to Interrogatory 14 to the extent it seeks information regarding investigation performed at the direction of counsel. Subject to and without waiving the foregoing objections, this Defendant incorporates the responses from Interrogatory Nos. 4, 5, 6, 7, and 11. Finally, this Defendant was not a member of the investigation team that investigated the incident involving the plaintiff.**

15.     List and describe any other incidents at the subject Louisiana-Pacific facility in which an employee was injured by a conveyor belt system.

> **RESPONSE: Objection.   As phrased, this interrogatory is overly broad, unduly burdensome, and incapable of a reasonable response.   Further, the interrogatory seeks information beyond the Mill at issue and for a period of time in excess of a reasonable scope.   Without waiving these or the general objections, this Defendant states that, upon information and belief, there were no other reportable injuries that occurred over the last 5 years, the time period reports are required to be kept pursuant to OSHA regulation, for the subject trim waste conveyor. This Defendant has no information about any prior similar incidents.**

**[EXECUTION TO FOLLOW ON NEXT PAGE]**

STACEY LEVERNE CAMPBELL

SWORN TO and SUBSCRIBED before me on this 20th day of December 2021.

[SEAL]

NOTARY PUBLIC
My Commission Expires: 11·3·2025



7

<u>Responses to Requests for Production</u>

1.     Produce a copy of your tax returns for years 2015-2020.

**RESPONSE: Objection.  The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence.**

2.     Produce your employment file from Louisiana-Pacific.

**RESPONSE: Objection.  The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, this Defendant does not have a copy of his personnel file.**

3.     Produce any and all safety policies pertaining to the maintenance of machinery, safety devices on machinery, and safety in general for Louisiana-Pacific and its employees in effect at the time of the Plaintiff's injury.

**RESPONSE: Objection. The term "safety in general" is vague, ambiguous, overly broad, unduly burdensome, unlimited in scope, and disproportional as it seeks information neither relevant nor proportional to the needs of this case. Subject to and without waiving these objections, This Defendant will search for and produce, subject to a protective order, relevant safety policies. This Defendant reserves the right to supplement this response if and when any additional information or documentation is discovered.**

4.     Produce any and all approved protocols/procedures/training manuals used to train the Plaintiff on the safe operation of the subject trim waste conveyor.

**RESPONSE: This Defendant will search for and produce, subject to a protective order, relevant protocols, procedures, and training manuals. This Defendant reserves the right to supplement this response if and when any additional information or documentation is discovered.**

5.     Produce any and all approved protocols/procedures for inspection Louisiana-Pacific's equipment to determine if safety devices are operational from 2015 to the present.

**RESPONSE: Objection. As phrased this request is vague, ambiguous, and incapable of a reasonable response. If Plaintiff will rephrase this request, then this Defendant will attempt to respond.**

6.      Produce any and all safety meeting reports including safety meeting sign in sheets and the topic(s) of discussion from 2015 to the present.

**RESPONSE: Objection. The absence of a subject matter restriction renders this Request overly broad, unduly burdensome, and disproportional as it seeks "any and all" documents limited in relation neither to the subject trim waste conveyor involved nor the Plaintiff himself. Subject to and without waiving those objections, this Defendant will search for and produce, if found, relevant safety sign-in sheets. This Defendant reserves the right to supplement this response if and when any additional information or documentation is discovered.**

7.      Produce any and all daily production reports for the equipment at the subject Louisiana-Pacific facility from 2015 to the present.

**RESPONSE: Objection. The documents requested herein are immaterial, irrelevant, and not calculated to lead to the discovery of admissible evidence. Furthermore, this request seeks information that are not proportional to the needs of this case. Specifically, this Request seeks "any and all daily production reports" for the last six years; this is an extraordinary time period creating an undue burden for this Defendant to produce. Subject to and without waiving those objections, this Defendant will produce, subject to a protective order, the daily production reports for the equipment at the subject facility for the last 6 months.**

8.      Produce Louisiana-Pacific's safety policy in effect at the time of the incident made the basis of this litigation.

**RESPONSE: Objection. The term "safety policy" is vague and ambiguous and therefore renders this Request overly broad as it attempts to serve as an umbrella Response to any information Plaintiff failed to include in Request No. 3. Subject to and without waiving that objection, this Defendant will produce, subject to a protective order, relevant safety policies in effect.**

9.      Produce any insurance policies, including umbrella policies, that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

**RESPONSE: Upon information and belief, this Defendant is not aware of any policy that covers himself for incidents or occurrences as stated in Plaintiff's complaint.**

9

10.     Produce any documents, photographs or reports completed in relation to any investigation into the root cause of Plaintiff's injury and/or the modification of or removal of or addition of guards from the subject trim waste conveyor on which the Plaintiff was injured.

**RESPONSE: Objection. As phrased, this request seeks documents prepared by counsel for this Defendant. As such, it seeks documents subject to the attorney-client and work-produce privileges. Subject to and without waiving this objection, this Defendant will produce photographs taken by LP employees.**

/s/ Charles A. Stewart III

Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:     (334) 956-7700
Facsimile:     (334) 956-7701
E-mail:        cstewart@bradley.com
               lhobson@bradley.com

**Attorneys for Stacey Leverne Campbell**

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of December, 2021, a copy of the foregoing was served on all parties by electronically emailing same to the following counsel of record:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

*/s/ Charles A. Stewart III*
OF COUNSEL

11



AlaFile E-Notice

16-CV-2021-900109.00

To:  CHARLES A. STEWART III
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 4:31:52 PM

Notice Date:      12/21/2021 4:31:52 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 4:31:52 PM

Notice Date:      12/21/2021 4:31:52 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 4:31:52 PM

Notice Date:     12/21/2021 4:31:52 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   TROUSDALE JEREMY NELSON
      jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 4:31:52 PM

Notice Date:      12/21/2021 4:31:52 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
     gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 4:31:52 PM

Notice Date:     12/21/2021 4:31:52 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOBSON LILLIE AMILEA
      lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 12/21/2021 4:31:52 PM

Notice Date:     12/21/2021 4:31:52 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
12/29/2021 9:30 AM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| WALLACE TYLER,<br>Plaintiff, | )<br>)<br>) |
| V. | ) Case No.:    CV-2021-900109.00 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION<br>D/B/A LP BUILDING SO,<br>CAMPBELL STACEY LEVERNE,<br>Defendants. | )<br>)<br>)<br>) |

### STIPULATED PROTECTIVE ORDER

This matter came before the Court on the Defendants' unopposed motion for entry of a protective order.  Upon consideration of the motion, the Court finds that good cause exists for a protective order regarding confidential and proprietary information, and enters this protective order to facilitate discovery expeditiously and to protect trade secret or other confidential research, development, or commercial information, as provided by Rule 26(c) of the *Alabama Rules of Civil Procedure* ("Protective Orders"), and to promptly resolve disputes regarding confidential and proprietary information. This order is intended to protect parties and non-parties from the unauthorized disclosure of confidential and proprietary information which may cause harm to the party whose information is disclosed.

IT IS HEREBY ORDERED that:

1.    "Discovery Material" means any information, documents, answers to interrogatories, responses to requests for production or admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, and/or other information, whether produced voluntarily or involuntarily in

the course of this action, or in response to discovery requests in this litigation by any party or protected person.

2.      "Confidential Information" means any Discovery Material that may be designated by any party as "Confidential" under the procedures outlined below.

3.      On the certification after review of counsel that Discovery Material or parts thereof are entitled to protection under Rule 26(c) of the *Alabama Rules of Civil Procedure*, such Discovery Material may be designated as confidential and proprietary by marking or stamping each page with the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or a similar designation.  All claims to confidentiality shall be made in good faith by the party or non-party asserting the claim.

4.      Confidential Information shall be used only for purposes of the prosecution or defense of this lawsuit and shall be shown only to the parties' attorneys; the parties' attorneys' staff (including associates, clerks, paraprofessionals, secretarial personnel, and clerical stenographic and videotape personnel); the parties; the parties' insurers and claims managers; the parties' experts, consultants and investigators; anyone whom the parties agree to in writing; anyone permitted by the Court order; the Court and its staff; and actual or proposed witnesses who have a need to review the Confidential Information for the prosecution or defense of this lawsuit.

5.      Any party wishing to limit further the individuals with access to Confidential Information shall confer with the other parties regarding the necessity for the requested limitation at least fourteen (14) days prior to the day such production is due to be produced.  Should the parties be unable to agree to further limitation, at least four (4) days prior to the day the production is to be produced, the party wishing to

impose the limitation shall petition the Court for a hearing to show good cause why such limitation should be ordered by the Court.

6.     Each person (other than Court officials, clerical and support personnel employed by the attorneys in this action, and employees of third party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connected with this action) who is permitted to see Confidential Information shall first be shown a copy of this Order and advised that Confidential Information is deemed to be confidential until further order of the Court, and informed that the person must agree to be bound by the Order. All experts, consultants, and investigators to whom Confidential Information is to be disclosed must first execute a copy of the Declaration attached hereto as Exhibit A. Counsel for the party obtaining the person's signature on the Declaration attached as Exhibit A will retain the original signed Declaration. In the event that the parties hereto or their counsel are aware of or become aware of any expert, consultant, or investigator to whom Confidential Information has been shown or disclosed prior to entry of this Order, a Declaration shall be executed by those individuals.

7.     If a party believes that Confidential Information does not warrant a designation of confidentiality, it shall first make a good-faith effort to resolve such dispute with opposing counsel. In the event that such dispute cannot be resolved by the parties, the party seeking confidentiality must apply to the Court for a determination as to whether the designation is appropriate within 14 days of the good-faith effort to resolve the dispute. It is the burden of the disclosing party to establish that the

designated material is confidential.  The document or information shall be treated as confidential until the Court resolves the matter.  If the party seeking the designation of confidentiality does not apply to the Court for determination within 14 days of the good-faith effort to resolve the dispute, the confidentiality of the documents at issue are waived.

8.      At the time of deposition or within thirty (30) days after receipt of the deposition transcript, by certification in writing served upon all counsel, a party may designate as confidential specific portions of the transcript.  Transcripts will be treated as confidential for this thirty (30)-day period.  Any portions of a transcript designated as confidential shall thereafter be treated as such in accordance with this Order.

9.      Documents or information unintentionally produced without a designation of confidentiality may be retroactively designated as such but only if so designated within 6 months of production, and shall be so treated from the date written notice of such designation is provided to the receiving party.  If a document or information was disseminated before it is designated confidential, then the disseminator or receiver of that material will not be considered to have violated the protective order for any actions taken before the confidential designation.  Counsel for the parties shall use best efforts to collect all copies and originals that were disseminated before the designation and to substitute the newly-designated material in their place.

10.     Upon receipt of a written request from any party in writing, all Confidential Information produced in this lawsuit, and all copies thereof, shall be returned to the producing party within one hundred twenty (120) days after judgment or dismissal becomes final in this lawsuit.    Alternatively, the recipient of such Confidential

Information may certify to the producing party that all such confidential documents and information have been destroyed. In addition, the provisions of this Order restricting the use and communication of Confidential Information shall continue to be binding after the conclusion of this litigation This provision does not apply to the extent any documents become a part of the public record at trial or during a hearing.

11.     Nothing in this Order, and no action taken pursuant to it, shall be deemed to preclude any party from seeking or obtaining, on an appropriate showing, any additional protections with respect to the discoverability or confidentiality of documents or other information, or prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents or information that may be subject to this Order.

12.     If Confidential Information is to be attached to, or quoted in, any filing with the Court (including, without limitation, in pleadings, affidavits, briefs, memoranda, appendices, deposition transcripts, or exhibits), the party intending to make such filing shall file a motion to seal directed to the portion of the filing containing the Confidential Information and file only a redacted version of the submission for the publicly accessible docket. The Parties hereto intend that Confidential Information produced in the litigation shall not become part of the public record of the litigation, except upon further order of the Court. The parties hereto shall join in any reasonable motion to seal.

13.     In the event that any Confidential Information is, consistent with the terms of this Order, used or disclosed in any **pretrial** hearing, deposition, or in any other manner, such information shall not lose its confidential status by reason of such use or

disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure. *Should this matter proceed to trial, then the parties seeking protection must take steps to move the Court to protect the Confidential Information from becoming a part of the public record.*

14.    If a producing party inadvertently produces privileged information without intending to waive a claim of privilege, it shall, within five (5) business days of discovering such inadvertent disclosure, notify the receiving party or parties of its claim of privilege.  After being so notified, the receiving party or parties shall promptly return or destroy the specified information and any copies thereof.  If the receiving party or parties choose to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the producing party.  If a receiving party receives information from a producing party that it believes to be privileged, it shall, within five (5) business days of discovering such disclosure, notify the producing party of its potentially inadvertent production.  If, after the receiving party provides such notification, the producing party confirms that the information is privileged, the receiving party shall promptly return or destroy the specified information and any copies thereof.  If the receiving party chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the producing party.

15.    No person shall make copies, extracts, or summaries of documents containing Confidential Information except as necessary for the conduct of this litigation.  Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status.  Counsel and all other persons to

whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of materials containing Confidential Information.

16.    This Order shall not be used in any proceeding as evidence that the parties agree to its jurisdiction or necessity.  This Order is merely a vehicle to facilitate on-going discovery.   This Order shall not affect the right of any party to oppose production of Discovery Material on any ground permitted by the *Alabama Rules of Civil Procedure*, nor shall this order affect the scope of discovery permitted by the *Alabama Rules of Civil Procedure*.

17.    The protections afforded by this Order shall extend to Confidential Information produced by third parties in this action, whether by subpoena or otherwise. An individual or entity that is not a party to the action but that is producing documents, information, or things for purposes of the action that it considers to be Confidential Information may designate such documents, information, or things as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the provisions of this Order shall thereafter apply to such Confidential Information.

**DONE this 29th day of December, 2021.**

**/s/ GAINES C MCCORQUODALE**
**CIRCUIT JUDGE**



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

A court action was entered in the above case on 12/29/2021 9:30:03 AM

ORDER

[Filer: ]

Disposition:       GRANTED
Judge:             GCM

Notice Date:       12/29/2021 9:30:03 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To: HOWARD STEWART LEON
   showard@howardfesta.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

A court action was entered in the above case on 12/29/2021 9:30:03 AM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            GCM

Notice Date:      12/29/2021 9:30:03 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:  TROUSDALE JEREMY NELSON
     jtrousdale@carrallison.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

A court action was entered in the above case on 12/29/2021 9:30:03 AM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            GCM

Notice Date:      12/29/2021 9:30:03 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:  DUNAGAN DON GREGORY
     gdunagan@carrallison.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

A court action was entered in the above case on 12/29/2021 9:30:03 AM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           GCM

Notice Date:     12/29/2021 9:30:03 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To: STEWART CHARLES ANDREW II
cstewart@babc.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

A court action was entered in the above case on 12/29/2021 9:30:03 AM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            GCM

Notice Date:      12/29/2021 9:30:03 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   HOBSON LILLIE AMILEA
      lhobson@bradley.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

A court action was entered in the above case on 12/29/2021 9:30:03 AM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            GCM

Notice Date:      12/29/2021 9:30:03 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
1/4/2022 12:53 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>16-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

SAAD HEALTHCARE

1515 UNIVERSITY BLVD S
MOBILE, AL 36609

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 01/19/2022 12:00 AM
**ROOM:** Carr Allison
**ADDRESS:** 100 Vestavia Parkway
Birmingham, AL 35216

**DATE ISSUED:** 1/4/2022

/s/ SUMMER SCRUGGS PADGETT
Signature of Court Clerk                    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____  on  _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                        Deputy Sheriff

| Form C-13 (back)   Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
1/4/2022 12:53 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE,                          )
                                        )
    Plaintiff,                      )
                                        )
v.                                      )   CIVIL ACTION NO.: CV-2021-900109
                                        )
LOUISIANA-PACIFIC CORP.,                )
                                        )
    Defendant(s).                   )

---

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

---

TO:    SAAD Healthcare
        1515 University Blvd South
        Mobile, AL  36609

        You are hereby commanded, at the instance of the Defendant, within fifteen (15) days after service of this subpoena:

        To produce and permit said party to inspect and to copy each of the following documents:

        **A CERTIFIED copy of the COMPLETE medical file**, including but not limited to, doctors' and nurses' notes, x-ray films, lab reports, history and physical, admission and discharge summaries, physical therapy notes/reports, consultation and operative reports, admission sheets, blood alcohol test results, histories and profiles, drug screening test results, computer data or compilations or reports, itemized bills and all other forms of documents, pertaining to each and every admission, emergency room treatment, and clinic visit pertaining to: **Tyler Wallace, SSN: xxx-xx-7450. This subpoena will be ongoing through the end and completion of this litigation.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you.

HIPAA COMPLIANCE LANGUAGE:

        1)      The defendant has given or attempted to give the individual whose records we are seeking notice of this subpoena.  The notice of intent of this subpoena was issued at least fifteen (15) days prior to the issuance of the subpoena.  The attorney for the patient has received this notice.

        2)      The notice of the intent to issue the subpoena as well as the subpoena, are sufficiently specific about the records sought.  This notice provides sufficient information about the litigation to allow the attorney for the patient to raise an objection from the court.

3)     That the attorney for the patient has fifteen (15) days from the issuance of the Notice of Intent to issue the subpoena to file or raise any objections to same, and that time has passed with no objections being raised or if any objections have been raised, they have been resolved by the court.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of documents to the party causing the issuance of this subpoena, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.  Please advise us if the reasonable copying cost will be over $100.00

Should you choose to mail legible copies of the records requested, please deliver or mail them to:  **Jeremy Trousdale, Esq., Carr Allison, 100 Vestavia Parkway; Birmingham, Alabama 35216**, within 15 days of service of this subpoena.

Rule 45 of the Alabama Rules of Civil Procedure, which applies to this request for documents, provides in sections (c) and (d) as follows:

(c)     Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I)     fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(I)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You have the right object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item to which objection is made, your reasons for such objection.

This the ____4th____ day of ____January, 2022_____, ~~2021~~.

JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

CIRCUIT CLERK

By:_____

## RETURN ON SERVICE

        Received this subpoena on _____ and served it on
the within named on the _____ day of _____, 2021.

_____
PROCESS SERVER

## ASSURANCE OF COMPLIANCE WITH HIPAA NOTICE PROVISIONS

RE:   **Employee:   Tyler Wallace**
      **Employer:   Louisiana-Pacific Corp.**
      **DOB:        11/17/92**
      **Our File No.: 2070-652**
      **SSN:        xxx-xx-8437**
      **DOI:        05/19/21**

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurance:

1.     We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.  See attached Notice which was served with the Subpoena attached.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this Subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

4.     The information being disclosed will be used for litigation purposes only in the above-styled lawsuit.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

This is the _____4th_____ day of _____January, 2022_____, ~~2021.~~

JEREMY N. TROUSDALE (TRO008)
Attorney for Defendant

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
Telephone:  (205) 822-2006
Facsimile:   (205) 822-2057

## CERTIFICATION OF RECORDS

I, _____, hereby certify and affirm in writing that

the attached is a true and complete copy of the records regarding **Tyler Wallace (DOB:**

**11/17/1992;    SS#    xxx-xx-X437),**    which    are    kept    in    the    office    of

_____, in my custody and

under my control.  I further certify that I am the legal custodian and keeper of the records.

The attached records (_____ number of pages) were made in the regular course of

business, and it was in the regular course of business for such records to be made at the

time of the events, transactions, or occurrences to which they refer, or within a reasonable

time thereafter.

All  of  which  I  hereby  certify  and  affirm  this  the  _____  day  of

_____ 2021.


_____
NAME


Sworn to and subscribed before me
this the _____ day of _____, 2021.


_____
Notary Public

My Commission Expires:

_____

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>16-CV-2021-900109.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

SAAD HEALTHCARE

1515 UNIVERSITY BLVD S
MOBILE, AL 36609

W005

A.  Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury
B.  Special Instructions
   You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  JEREMY N. TROUSDALE MR. 100 VESTAVIA PKWY. BIRMINGHAM, AL 35216 (205) 822-2006

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**   1/19/2022 12:00:00 AM

**ROOM:**   Carr Allison

**ADDRESS:**   100 Vestavia Parkway

Birmingham, AL 35216

**DATE ISSUED:**   1/4/2022

/s/ SUMMER SCRUGGS PADGETT

Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records
must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA**  You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**                   court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____

_____   on _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

16-CV-2021-900109.00-W005

# SERVICE RETURN COPY



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:      1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:     1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:     1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:      1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
      cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:      1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOBSON LILLIE AMILEA
      lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:      1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  SAAD HEALTHCARE
1515 UNIVERSITY BLVD S
MOBILE, AL, 36609

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 1/4/2022 12:54:01 PM

Notice Date:     1/4/2022 12:54:01 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

# OFFICIAL USE

7021 0950 0000 5967 0467

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $ _____
- ☐ Return Receipt (electronic) $ _____
- ☐ Certified Mail Restricted Delivery $ _____
- ☐ Adult Signature Required $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Sent To

**SAAD HEALTHCARE**

Street and

**1515 UNIVERSITY BLVD 6**

City, State

**MOBILE, AL 36609**

Postmark
Here

GROVE HILL AL 36451
JAN 05 2020

PS Form 3800, Apr 2015

DOCUMENT 68

ELECTRONICALLY FILED
1/31/2022 1:27 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation; STACEY LEVERNE CAMPBELL, an individual, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY**

Take notice that upon the expiration of fifteen (15) days (or such other time as the Court

has allowed) from the date of service of this notice the Plaintiffs will apply to the Clerk of this

Court for issuance of the attached subpoena directed to the below who are not a party to this matter:

**Jackson Metalworks, Inc.**
**640 Clolinger Road**
**Jackson, AL 36545**


/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*


OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
 PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 31st day of January 2022 served a copy of the foregoing document upon all parties to this action by electronic service or by mailing a copy in the United States Mail, postage prepaid, and addressed as follows:

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 fax
Attorney for Defendant
Louisiana-Pacific Corporation

Charles A. Stewart, III
Lillie A. Hobson
Bradley Arant Boult Cummings, LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Attorney for Defendants
Louisiana-Pacific Corporation;
Stacey Leverne Campbell

/s/ Wyatt P. Montgomery
OF COUNSEL

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, an individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, a | ) | |
| corporation;  STACEY LEVERNE | ) | |
| CAMPBELL, an individual, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45**

   To:   **Jackson Metalworks, Inc.**
            **640 Clolinger Road**
            **Jackson, AL 36545**

You are hereby commanded to do each of the following acts at the instance of the Plaintiffs within fifteen (15) days of the date after service of this Subpoena: Produce and permit for inspection at the offices of Beasley, Allen, Crow, Methvin, Portis, Miles, P.C., 301 St. Louis Street Mobile, Al 36602, the following:

**Please produce any and all documents related to the guard Jackson Metalworks, Inc. built for Louisiana-Pacific Corporation ("LP") during May 2019.  Your production should include, but not be limited to, communications/correspondence with LP regarding the guard and/or the building/manufacturing of the guard; photographs; invoices; receipts; build requests; date of manufacture; date of installation; names of employees responsible for building the guard; names of employees responsible for installing the guard; and any and all other documentation not specifically requested herein related to the guard and the history of the guard.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this Subpoena have been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of the documents or things to the attorney causing issuance of this subpoena to Wyatt Montgomery, Beasley, Allen, Crow, Methvin, Portis, Miles, P.C., 301 St. Louis Street, Mobile 36602 or email a copy of all records to his legal assistant at anna.adams@beasleyallen.com, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of making such copies.

The Plaintiffs agree to pay all reasonable expenses incurred by you at the aforementioned time and place.

You have the right to object at any time prior to the date set forth in this Subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this Subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

/s/ Wyatt P. Montgomery

Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
 PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com



AlaFile E-Notice

16-CV-2021-900109.00

To:  Wyatt P. Montgomery
     wyatt.montgomery@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 1/31/2022 1:27:27 PM

Notice Date:     1/31/2022 1:27:27 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 1/31/2022 1:27:27 PM

Notice Date:      1/31/2022 1:27:27 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
     jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 1/31/2022 1:27:27 PM

Notice Date:      1/31/2022 1:27:27 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
      gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 1/31/2022 1:27:27 PM

Notice Date:      1/31/2022 1:27:27 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 1/31/2022 1:27:27 PM

Notice Date:     1/31/2022 1:27:27 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 1/31/2022 1:27:27 PM

Notice Date:     1/31/2022 1:27:27 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
2/9/2022 5:25 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| **TYLER WALLACE, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No.: CV-2021-900109 |
| | ) |
| **LOUISIANA-PACIFIC CORPORATION** | ) |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) |
| **corporation;  STACEY LEVERNE** | ) |
| **CAMPBELL, an individual, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF DISCOVERY</u>

Plaintiff Tyler Wallace, by and through undersigned counsel, hereby certifies that on

February 9, 2022, all parties were served with the following:

1. Plaintiff's Responses to Louisiana-Pacific Corporation's First Set of Interrogatories

   and Requests For Production For Count I-Workers' Compensation; and

2. Plaintiff's Responses to Stacey Leverne Campbell's First Set of Interrogatories and

   Requests For Production.

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this the 9th day of February 2022 served a copy of the foregoing document upon all parties to this action by electronic service or by mailing a copy in the United States Mail, postage prepaid, and addressed as follows:

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 fax
Attorney for Defendant
Louisiana-Pacific Corporation

Charles A. Stewart, III
Lillie A. Hobson
Bradley Arant Boult Cummings, LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Attorney for Defendants
Louisiana-Pacific Corporation;
Stacey Leverne Campbell

/s/ Wyatt P. Montgomery
OF COUNSEL

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| corporation;  STACEY LEVERNE | ) |
| CAMPBELL, an individual, et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSES TO DEFENDANT LOUISIANA-PACIFIC CORPORATION'S INTERROGATORIES AND REQUESTS FOR PRODCUTION FOR COUNT I-WORKERS' COMPENSATION

Plaintiff, Tyler Wallace, responds to Louisiana-Pacific Corporation's Interrogatories and

Requests for Production for Count I-Workers' Compensation as follows:

### INTERROGATORIES

1.      State your correct name, residence address at the time of the alleged accident and

currently, date of birth, social security number, driver's license number and your current

occupation.

**RESPONSE: Tyler Wallace**
            **209 Woodyard Road**
            **Leroy, Al 36548**
            **November, 17 1992**
            **AL #7988096**
            **Currently employed by Louisiana-Pacific Corporation**

2.      State the name and addresses of each and every employer of yours during the last

ten years, and the type of employment which you worked, and the months and years during which

you were at each place of employment, respectively.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome.  Without waiving said objection, Plaintiff provides the following information to the best of his recollection:**

**Ray Wallace & Sons Plumbing, Jackson, AL 05/2011-09/2012**
**United States Marine Corps 10/2012-10/2016**
**Ray Wallace & Sons Plumbing, Jackson, AL 10/2016-08/2018**
**Louisiana Pacific Corporation, Thomasville, AL  08/2018- to present.**

3.      Give the exact date, time, and location when you claim you were injured which led

to this suit, how the incident/accident occurred in detail, and what injuries you received from the

incident/accident.

**RESPONSE: Plaintiff states that discovery is in its initial stages and he is without full and complete disclosure from all Defendants, which precludes a full and complete response to this Interrogatory at this time.  Without waiving said objection, on May 19, 2021, Plaintiff states he was working at Louisiana Pacific Corporation in the Thomasville, AL plant. Plaintiff was working near the location of a trim waste conveyor. While working, the Plaintiff's right hand and arm came into contact with the pinch and/or nip point of an unguarded pinch and/or nip point on the trim waste conveyor. As a result, Plaintiff sustained severe, permanent, and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body.  Plaintiff reserves the right to supplement this response as discovery is ongoing and Plaintiff is still undergoing treatment.**

4.      If you have ever suffered any injuries or illnesses either before or after the incident

referred to in the Complaint, please give a description of all the injuries you received or illnesses

you had.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  It is unreasonable to ask anyone, including the Plaintiff, to recall every illness or injury they have ever had.  Without waiving said objection, Plaintiff had his appendix taken out in approximately 2002. The Plaintiff also had surgery on left labrum while in Marine Corps in 2015.**

5.      If you have been treated by any physician, chiropractor, or other health provider, or

been in any hospitals or emergency rooms during the last ten years, state the name and address of

such provider and the approximate date of the treatment.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, UAB Hospital, 2015, surgery on left labrum.**

6.      What do you claim was your average weekly wage at the time of the alleged injury

in this case?

**RESPONSE:  Defendant is in possession of the Plaintiff's wage and hour information.**

7.      Please give the name and addresses of each and every employee or other person

who was present at the time you were injured.

**RESPONSE: Plaintiff is unaware of each and every person who was present when the accident made the basis of this suit occurred. Plaintiff is aware of the following who may have been present at the facility at the time of this incident:  Jamie Singleton (address unknown), Danny Gill (address unknown), Tyler Garza (address unknown), Stacey Campbell (address unknown).**

8.      Give the names and addresses of each and every physician who has treated you for

the injury made the basis of this suit and when.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the incident which is the subject of this lawsuit. Plaintiff will supplement this response.**

9.      State the number of weeks and the amount per week you claim you are owed in

temporary benefit payments from the defendant or its representative.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response.**

10.    Give a list of all medical expenses which you claim should be paid under workers'

compensation that have not been paid to date.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response.**

11.    Please state your educational background in detail.

**RESPONSE: Graduated from Jackson High School, Jackson, AL 05/2011**

12.    Please give the name and address of each and every person who caused, directly or

indirectly, in your opinion, your alleged injuries, and if they were employed by a third party, please

give their employer.

**RESPONSE: Plaintiff states that discovery is in its initial stages and he is without full and complete disclosure from the Defendants, which precludes a full and complete response to this Interrogatory at this time.  Further, Plaintiff objects to this Interrogatory as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Without waiving said objections, see allegations in Plaintiff's Complaint.  Plaintiff reserves the right to supplement this response as discovery is ongoing.**

13.    State the names and addresses of any and all of your proposed expert witnesses,

including medical experts, and the technical field in which you claim they are experts.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**

14.    Summarize the substance of the facts and opinions of all your experts witnesses

expected to testify, including in your answer a summary of the grounds for the opinion of each

such expert.

**RESPONSE: See response to interrogatory 13**

15.     State the name and address of each and every pharmacy where you have purchased any medication in the last 10 years.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, Mac's Drugs, Jackson, AL**

16.     State whether you have ever made a workers' compensation claim from any prior employer. If so, state:

(a)     the name and address of such previous employer,

(b)     The body parts and injury claimed in the claim along with the name and address of any physician or hospital that treated you for such injury.

(c)     The name and address of the workers' compensation insurance company or third-party administrator that handled the claim.

**RESPONSE: Not applicable.**

17.     Identify the county and court where you have been arrested and/or convicted of a crime including the charge and the results following arrest.

**RESPONSE: Not applicable.**

18.     If you have ever filed for Social Security benefits, please identify the city and state where you filed for such benefits, and what rulings were entered in connection with the filing for those benefits, including the amount(s) of any monies received as a result of the filing.

**RESPONSE: Not applicable.**

19.      Please state whether you have received and/or are receiving any short term and/or long term disability benefits. If so, please identify the name and address of the provider of those benefits and list the amounts of weekly or monthly benefit and the dates you received those benefits.

**RESPONSE: None other than benefits being paid through my employer's workers' compensation insurance carrier.**

20.      If you returned to any employment following your accident, but subsequently left that employment for any reason, please state the name and address of the employer(s), the reason you left said employment and your average weekly wage while employed there, respectively.

**RESPONSE: Not applicable.**

TYLER WALLACE

SWORN TO AND SUBSCRIBED before me this the ___14___ day of

JANUARY , 20 22

NOTARY PUBLIC

My Commission expires: ___6-2-2025___

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com



## REQUESTS FOR PRODUCTION

1.     Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the Complaint or which Plaintiff intends to use at the trial of this cause.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response if necessary.  Additionally, Defendant should have copies of all injury-related records in its possession.**

2.     Copies of any and all medical bills, doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the Complaint.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response if necessary.**

3.     Copies of any and all written or oral statements taken from prospective witnesses by Plaintiff or on Plaintiff's behalf concerning any and all matters connected with the lawsuit arising out of the action made the basis of this case.

**RESPONSE:   Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Without waiving said objection, Plaintiff is not in possession of responsive documents other than a statement provided to OSHA which Plaintiff will produce.**

4.     Copies of any and all photographs, documents, drawings, maps, or other reproductions which the Plaintiff intends to use at the trial of this case.

**RESPONSE:  Discovery is in its initial stages and Plaintiff is without full and complete disclosure from all Defendants, which precludes a full and complete response to this Request at this time.  Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery.  Without waiving said objection, Plaintiff has not yet made a determination as to what evidence it will present at trial.  Plaintiff will supplement this response in accordance with the Alabama Rules of Civil Procedure and/or a Scheduling Order entered in this case.**

5.      Copies of any and all documents which reference or describe Plaintiff's alleged injuries.

**RESPONSE: Please see attached medical records.  Further, this Defendant should have copies of all of Plaintiff's medical records related to his on-the-job injury.  Plaintiff further states that his medical treatment is ongoing.**

6.      Copies of any medical records, medical reports and expert opinions that relate to Plaintiff's medical health or medical conditions from the past five years.

**RESPONSE:   Plaintiff objects to this Request as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, Plaintiff will produce responsive documents in his possession, if any.**

7.      Copies of any item of evidence that the Plaintiff contends supports his claim for workers' compensation benefits.

**RESPONSE:  Discovery is in its initial stages and the Plaintiff is without full and complete disclosure from all Defendants which precludes a full and complete response to this Request at this time.  Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Additionally, it is not possible at this stage of litigation to determine what evidence will be used to prove the Plaintiff's claims at trial.  Often that is not determined until the time of trial.  Without waiving said objection, see produced photographs of Plaintiff's injury, Plaintiff's medical records, and documents in this Defendant's possession.**

8.      Copies of wage statements involving wage paid by this Defendant or this Defendant's representative to the Plaintiff in 52 weeks preceding the occurrence of the accident claimed in this suit.

**RESPONSE: Defendant is in possession of these records.**

9.      Copies of any W-2 forms and income tax records [both state and federal] of the Plaintiff for the years 2016-2020 inclusive.

**RESPONSE: Plaintiff objects to this Request as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff will produce responsive documents in his possession, if any.**

10.      Copies of any payroll stubs, invoices for services rendered, disability payments or any other documents of any type that reflect any monies received by Plaintiff between the date of the injury and the present date.

**RESPONSE: Defendant is in possession of these records.**

11.      If you or your attorney have ever received any documents from any entity at the Social Security Administration or from any other source pertaining to any Social Security claim, provide such documents.

**RESPONSE: Not applicable.**

12.      A curriculum vitae for any experts you intend to call to testify in this case.

**RESPONSE: Plaintiff has not made a decision as to experts who may testify at the trial of this matter. Plaintiff will comply with the Court's scheduling order as it relates to identifying experts in this matter.**

13.     A copy of any and all reports or opinions of any expert you intend to call to testify

in this case.

**RESPONSE:  Plaintiff has not made a decision as to experts who may testify at the trial of this matter. Plaintiff will comply with the Court's scheduling order as it relates to identifying experts in this matter.**


14.     A copy of any and all documents referencing any application for or receipt of any

type of disability benefits.

**RESPONSE: Not applicable.**

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*


OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
  PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this the 9th day of February 2022 served a copy of the foregoing document upon all parties to this action by electronic service or by mailing a copy in the United States Mail, postage prepaid, and addressed as follows:

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 fax
Attorney for Defendant
Louisiana-Pacific Corporation

Charles A. Stewart, III
Lillie A. Hobson
Bradley Arant Boult Cummings, LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Attorney for Defendants
Louisiana-Pacific Corporation;
Stacey Leverne Campbell

/s/ Wyatt P. Montgomery
OF COUNSEL

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| **TYLER WALLACE, an individual,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No.: CV-2021-900109 |
| | ) |
| **LOUISIANA-PACIFIC CORPORATION** | ) |
| **d/b/a LP BUILDING SOLUTIONS, a** | ) |
| **corporation;  STACEY LEVERNE** | ) |
| **CAMPBELL, an individual, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S RESPONSES TO DEFENDANT STACEY LEVERNE CAMPBELL'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff, Tyler Wallace, responds to Stacey Leverne Campbell's Interrogatories and

Requests for Production as follows:

### INTERROGATORIES

1.      Please state your full name, age, and residential address.

**RESPONSE: Tyler Ray Wallace**
**209 Woodyard Road**
**Leroy, Al 36548**
**November, 17 1992**

2.      Please list the name, style, case number, jurisdiction and date filed of every other lawsuit

in which you have been a party Plaintiff or party Defendant.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, minor traffic violations, Tyler Ray Wallace v. Stephanie Wallace DR-2018-900014.00 02/22/2018 and Tyler Ray Wallace v. Stephanie Wallace DR-2018-900014.01 12/01/2021.**

3.      Please list the names, ages, residential addresses, and occupations of each of your family members (related by blood or marriage) that currently reside in Clarke County.

**RESPONSE: Ray and Becky Wallace, Jacob Wallace, Robert and Linda Johnson, Robin and Raven Johnson, Jordan Wallace, Patricia and Larry Wallace, Garrison Baugh.**

4.      Have you ever been injured or hurt in any way either before or after the occasion complained of? If yes, then please state:

(a)      how and when you suffered each injury;

(b)      in detail how each injury sustained;

(c)      whether you were treated by a doctor and, if so, by whom; and

(d)      whether you were hospitalized and, if so, at what institution.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. It is unreasonable to ask anyone, including the Plaintiff, to recall every illness or injury they have ever had. Without waiving said objection, Plaintiff had his appendix taken out in approximately 2002. The Plaintiff also had surgery on left labrum while in Marine Corps in 2015.**

5.      Please state each and every portion of your body that was injured on the occurrence alleged in your Complaint and describe each and every injury in complete detail.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome. Further, this Interrogatory seeks information within medical opinion testimony. Without waiving said objections, the Plaintiff generally sustained severe, permanent, and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body. Plaintiff reserves the right to supplement this response as discovery is ongoing and Plaintiff is still undergoing treatment. Also, see Plaintiff's medical records.**

6.      Please state the names of all persons, as completely as possible, who either saw the incident complained of in your Complaint or who have knowledge of the allegations in your Complaint. For each, please state what knowledge the particular individual has and please be

specific and thorough. If for some reason you do not know the name of a person who may fit

within this category, then please state so and describe that individual as completely as possible

stating age, sex, race, height, weight, hair color, any other distinguishing characteristic, and

position or job held.

**RESPONSE: Plaintiff is unaware of each and every person who was present when the accident made the basis of this suit occurred. Plaintiff is aware of the following who may have been present at the facility at the time of this incident:  Jamie Singleton (address unknown), Danny Gill (address unknown), Tyler Garza (address unknown), Stacey Campbell (address unknown).**

7.      Please give the name and address of each doctor or other medical provider who treated

you for the injuries alleged in the Complaint.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the incident which is the subject of this lawsuit. Plaintiff will supplement this response.**

8.      If you have been prescribed medication as a result of your alleged injuries, please provide

the name and address of each pharmacy where you have filled any such prescription.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, Mac's Drugs, Jackson, AL.**

9.      Please give the name and address of each doctor, including dentist or orthodontist, or

other medical provider who has treated you for any cause whatsoever during the last ten (10)

years and describe the treatment rendered as completely as possible.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, UAB Hospital, 2015, surgery on left labrum.**

10.     Please give an itemized statement of money which you or some other person or entity actually expended for all medical treatment you received as a result of this incident, including but not limited to medicine, doctors' bills, hospital bills, rehabilitation, and nursing care, giving the name and address of each person or firm to whom such money was paid.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response. Further, Plaintiff's employer should be in possession of responsive information.**

11.     Please state whether you or anyone on your behalf has received any requests, demands, or claims from a third-party payor for reimbursement for payment of medical, hospital, or related expenses that you are seeking in this lawsuit. If so, then state the name and address of the third-party payor, the amount of reimbursement sought, and how, and if, the request for reimbursement has been resolved.

(a)     Please state the amount of any payments for health care coverage that you have made to the third party payor (including, but not limited to, premiums, co-payments, and deductibles), and produce any and all documents indicating or reflecting the same. In addition, state whether you are current in making those payments to the third-party payor, and if not, then state when and why you stopped making those payments.

(b)     If any of your agreements or policies with a third-party payor have been arranged or provided by your employer, please state the name and address of your employer, the date your employer initially arranged or provided you with that service, and whether your employer is still providing you with that service.

**RESPONSE: None that Plaintiff is aware of.  Plaintiff will supplement should this change.**

12.     Are you claiming damages for any injuries other than reimbursement of medical expenses arising out of the alleged injury? If so, please describe each additional claim for damages in complete detail.

**RESPONSE: See Plaintiff's Complaint.  Plaintiff is seeking all damages allowed by Alabama law.**

13.     Have you received any sum of money as insurance for the alleged injuries, or has any insurance company paid any portion of your medical bills incurred as a result of the alleged incident? If yes, then please state by whom such sum of money was paid, what sum was paid, and on what account such sum was paid.

**RESPONSE: Plaintiff objects to this Interrogatory as vague.  Without waiving said objection, it is Plaintiff's understanding his medical bills related to his on-the-job injury are to be paid by his employer.  Plaintiff will produce medical records and bills in his possession.  Plaintiff further states that his medical treatment is ongoing.**

14.     Please itemize in complete detail each and every amount you claim this Defendant owes you as a result of the incident alleged in your Complaint and the basis for each.

**RESPONSE: Plaintiff states that discovery is in its initial stages and he is without full and complete disclosure from the Defendants, which precludes a full and complete response to this Interrogatory at this time.  Further, Plaintiff objects to this Interrogatory as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Additionally, this Interrogatory seeks information within the realm of medical opinion testimony.  Further, Plaintiff is still receiving medical treatment for his injuries, and therefore the full extent of his injuries is not yet known.  Additionally, it is not possible at this point to know what amount of damages the Plaintiff is owed.  Sometimes this is not known until the conclusion of trial.  Furthermore, the amount of damages is to be determined by the judge and/or jury who hears this case.**

15.     Please provide the name, address, and telephone number of each of your employers for

the past ten (10) years. Please also include the dates you worked for each such employer, the

name of your immediate supervisor, and your position or job title.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad and unduly burdensome.  Without waiving said objection, Plaintiff provides the following information to the best of his recollection:**
**Ray Wallace & Sons Plumbing, Jackson, AL 05/2011-09/2012**
**United States Marine Corps 10/2012-10/2016**
**Ray Wallace & Sons Plumbing, Jackson, AL 10/2016-08/2018**
**Louisiana Pacific Corporation, Thomasville, AL  08/2018- to present.**


16.     Please give the name, address, and any other contact information of each person whom

you propose to call or may call as a witness at the trial of this case.

**RESPONSE: A determination has not been made as to what witnesses Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**


17.     Please give the name, address, and place of employment for each person whom you

expect to call as an expert witness at trial, stating for each such person:

(a)     the subject matter on which the expert is expected to testify;

(b)     the substance of the facts and opinions to which the expert is expected to testify; and

(c)     a summary of the grounds for each opinion.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**


18.     Please state the name and address of each and every person, company, or agency to

whom you have given a statement (oral or written) with respect to the alleged occurrence or your

alleged injuries. If you have given written statement, attach a copy of the same.

**RESPONSE: Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Without waiving said objection, Plaintiff gave a statement to OSHA over the phone and will provide defense counsel with a copy.**

19.    Please state the name and address of each and every person from whom you or anyone acting on your behalf have obtained a written or oral statement concerning any of the events described in the Complaint, and:

(a)    give the date each such statement was taken;

(b)    state the name and address of the person who obtained each such statement;

(c)    state whether a transcript or written record of each such statement exists and in whose possession such transcript or written record now is or, if no such transcript or written record exists, describe the contents of each such statement; and

(d)    if written, attach a copy of same.

**RESPONSE: Plaintiff objects to this Interrogatory as it seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, not applicable.**

20.    If you have ever been arrested or charged with a crime, please state the charge, date, court, and disposition for him and each crime.

**RESPONSE: Not applicable.**

21.    If you have ever been disciplined or written up for a violation of safety protocol during any period of employment with Defendant or other employer over the last 10 years, please state information about the event, date, supervisors involved, and dispositions for him and each act.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, vague, and seeks information that is neither relevant to this litigation nor**

**reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, Plaintiff does not believe so.**

22.     If you have ever been disciplined or written up for any form of employee misconduct during any period of employment with Defendant or other employer over the last 10 years, please state information regarding the event, the date, supervisors involved, the dispositions for him and each act, and the outcome of such discipline.

**RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, unduly burdensome, vague, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, when Plaintiff was in the United States Marine Corp, he was riding as a passenger in a vehicle with someone who received a DUI.  Tyler was given a 6105 reprimand.**

23.     If you used to have possession, custody, or control of any document or item encompassed by any of the requests for production of documents set forth below but no longer do, please identify all persons you believe do or reasonably may have possession, custody, or control (please specify the document or item).

**RESPONSE: Not applicable.**

TYLER WALLACE

SWORN TO AND SUBSCRIBED before me this the ___14___ day of

JANUARY, 20 22

NOTARY PUBLIC

My Commission expires: ___6-2-2025___

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com



## REQUESTS FOR PRODUCTION

1.      Please identify and produce any and all photographs which have been taken by you as a

result of the incident alleged in your Complaint and for which this suit was initiated. Please

produce copies of these photographs made from the original negative and not from photocopies.

**RESPONSE: Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery.  Without waiving said objection, Plaintiff has not yet made a determination as to what evidence it will present at trial. Plaintiff will produce photographs of Plaintiff's injuries and photographs of the subject machine. Plaintiff will supplement this response in accordance with the Alabama Rules of Civil Procedure and/or a Scheduling Order entered in this case.**

2.      Please identify and produce any and all statements taken from any party which relate in

any way to this lawsuit or the allegations in your Complaint.

**RESPONSE: Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Without waiving said objection, Plaintiff is not in possession of responsive documents.**

3.      Please identify and produce any photographs, digital images, animations, diagrams,

drawings, charts, slides, motion pictures, films, or videos which depict any of the following:

a.      The subject machine on which you were injured or any parts, components, or assembly

thereof;

b.      Any portion of the scene or location of the Incident;

c.      Any allegedly defective condition with respect to the machine on which you were

injured;

d.      Any injuries or damages allegedly sustained as a result of the Incident.

**RESPONSE: Without waiving said objection, Plaintiff will produce photographs of the machine in question in his possession.  Plaintiff will supplement this response in accordance with the Alabama Rules of Civil Procedure and/or a Scheduling Order entered in this case.**

4.     Please identify and produce any and all tangible items gathered or retained as a result of

the Incident made the basis of your lawsuit.

**RESPONSE: Discovery is in its initial stages and Plaintiff is without full and complete disclosure from all Defendants, which precludes a full and complete response to this Request at this time.  Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery. Further, this Request is overly broad and vague. Without waiving said objection, Plaintiff has not yet made a determination as to what evidence it will present at trial.  Plaintiff will supplement this response in accordance with the Alabama Rules of Civil Procedure and/or a Scheduling Order entered in this case.**

5.     Please identify and produce all medical records, hospital records, reports, x-rays,

examinations, tests, photographs, or other written or transcribed documents relating to all

medical care and services, mental health services, counseling, or other such professional services

or care related to the injuries or other damages that you allege were sustained as a consequence

of the Incident.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response if necessary.**

6.     Please identify and produce all documents relating to expenses incurred, including bills,

statements, invoices, receipts, and cancelled checks arising from any injuries sustained as a result

of the Incident.

**RESPONSE: Please see attached medical records. Plaintiff continues to receive treatment for the injuries sustained in the accident which is the subject of this lawsuit. Plaintiff will supplement this response if necessary.**

7.      For any third-party payor you name in response to Interrogatory No. 11 of Defendant's

First Set of Interrogatories to Plaintiff, please produce any written agreement or policy between

the third- party payor and you relating to payment or reimbursement of any medical, hospital, or

related expenses, and any and all other documents that you have sent to or received from any

third party payor regarding the medical, hospital, or related expenses that you are seeking in this

lawsuit.

**RESPONSE: Not applicable.**


8.      Please identify and produce a copy of the current curriculum vitae of any expert witness

you have retained or specially employed who will testify at the trial of this matter.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**


9.      Please identify and produce a copy of the complete file of any expert witness you have

retained or specially employed who will testify at the trial of this matter.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**


10.     Please identify and produce all documents, items, photographs, plats, sketches,

reconstructions, notes, correspondence, reports, and materials of any kind reviewed by, relied

upon, furnished to, or generated by any expert witness in forming an opinion in this case.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**

11.     Please identify and produce all time sheets, retainer agreements, bills, or invoices relating

to work performed by any expert witness you have retained or specially employed in this case.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**

12.     Please identify and produce a copy of all authorities, journals, treatises, regulations,

articles, and/or books upon which you or your expert(s) intend to rely to support your claims

against this Defendant.

**RESPONSE: A determination has not been made as to what experts Plaintiff intends to use at the trial of this matter.  Plaintiff will comply with the Alabama Rules of Civil Procedure and/or any Scheduling Order entered by the Court in this matter.**

13.     Please identify and produce any and all documents that support your allegations set forth

in Count I: Worker's Compensation Claim Against Louisiana-Pacific Corporation of your

Complaint.

**RESPONSE: Discovery is in its initial stages and the Plaintiff is without full and complete disclosure from all Defendants which precludes a full and complete response to this Request at this time.  Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.  Additionally, it is not possible at this stage of litigation to determine what evidence will be used to prove the Plaintiff's claims at trial.  Often that is not determined until the time of trial.  Without waiving said objection, see produced photographs of Plaintiff's injury, Plaintiff's medical records, and documents in this Defendant's possession.**

14.     Please identify and produce any and all documents that support your allegations set forth

in Count II: Co-Employee Liability of your Complaint.

**RESPONSE: Discovery is in its initial stages and the Plaintiff is without full and complete disclosure from all Defendants which precludes a full and complete response to this Request at this time.  Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product**

**doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure. Additionally, it is not possible at this stage of litigation to determine what evidence will be used to prove the Plaintiff's claims at trial. Often that is not determined until the time of trial. Without waiving said objection, see produced photographs of Plaintiff's injury, Plaintiff's medical records, and documents in this Defendant's possession.**

15.     Please identify and produce any and all documents you intend to use as an exhibit at any

deposition, hearing, and during the trial of this matter.

**RESPONSE: Discovery is in its initial stages and Plaintiff is without full and complete disclosure from all Defendants, which precludes a full and complete response to this Request at this time. Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery. Without waiving said objection, Plaintiff has not yet made a determination as to what evidence it will present at trial. Plaintiff will supplement this response in accordance with the Alabama Rules of Civil Procedure and/or a Scheduling Order entered in this case.**

16.     Please identify and produce any and all correspondence between you and this Defendant

(including any of its officers and/or employees) and/or its insurance carrier.

**RESPONSE: None in Plaintiff's possession that he is aware of.**

17.     Please identify and produce a copy of each and every standard, regulation, law, and/or

code you allege was violated by this Defendant and which proximately resulted in the injuries

which are the subject of your lawsuit.

**RESPONSE: Plaintiff states that discovery is in its initial stages and he is without full and complete disclosure from the Defendants, which precludes a full and complete response to this Request at this time. Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure. Plaintiff also objects to this Request as it is overly broad and unduly burdensome. Additionally, Plaintiff objects to this Request as it seeks information within the realm of expert opinion testimony.**

18.     Please identify and produce any and all documents, photographs, videotapes, or other materials of any kind which you contend relate to or establish negligence, fault, or liability of this Defendant.

**RESPONSE: Discovery is in its initial stages and Plaintiff is without full and complete disclosure from all Defendants, which precludes a full and complete response to this Request at this time.  Further, Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery.  Additionally, this Request seeks information within the realm of expert opinion testimony. Without waiving said objection, Plaintiff has not yet made a determination as to what evidence it will present at trial.  Plaintiff will supplement this response in accordance with the Alabama Rules of Civil Procedure and/or a Scheduling Order entered in this case.**

19.     Please identify and produce each and every document requested by you from a third party in the prosecution of this case.

**RESPONSE: Plaintiff objects to this Request as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, Plaintiff will produce responsive documents in his possession, if any.**

20.     Please identify and produce any and all federal and state income tax returns filed by you for the five (5) year period immediately preceding the alleged occurrence up to and including the present.

**RESPONSE: Plaintiff objects to this Request as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, Plaintiff will produce responsive documents in his possession.**

21.     Please identify and produce any and all investigative reports and written or recorded statements, to the extent not done so above, compiled in your prosecution of this lawsuit.

**RESPONSE: Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by**

**Rule 26 of the Alabama Rules of Civil Procedure.  Without waiving said objection, Plaintiff is not in possession of responsive documents other than statement provided by OSHA, which will be produced.**

22.     Please produce a true and correct copy of each and every policy of insurance, other than life insurance, issued to you which was in effect at the time of the accident made the basis of this suit. This should include, but not be limited to, all health insurance, automobile insurance, or workmen's compensation insurance, or any other insurance or indemnity policies from any source.

**RESPONSE: Plaintiff objects to this Request as it seeks information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, this Defendant should have information on the Plaintiff's employer's workers' compensation carrier.**

23.     Please produce any and all documents or materials that you have collected for this case from an individual or entity other than Louisiana-Pacific Corporation, including, but not limited to, depositions, trial transcripts, and documents relative to Louisiana-Pacific Corporation, and/or its expert witnesses in this case.

**RESPONSE: Plaintiff objects to this Request as it seeks information gathered or prepared in anticipation of litigation and is protected by the work product doctrine and/or the attorney client privilege and is beyond the permissible scope of discovery as provided by Rule 26 of the Alabama Rules of Civil Procedure.**

24.     Please produce any and all documents or materials of communications with employers, including this Defendant or former employer over the last 10 years, including, but not limited to, evaluations, interviews, scheduling, write-ups, notice of violations or infractions, and documents relative to your conduct during time of employment.

**RESPONSE: Plaintiff objects to this Request as it is overly broad, unduly burdensome, and seeks information that is neither relevant to this litigation nor reasonably calculated to lead**

**to the discovery of admissible evidence.  Without waiving said objection, none in Plaintiff's possession that he is aware of.**

25. Please identify and produce a copy of each and every document requested in the

interrogatories filed by this Defendant.

**RESPONSE: Plaintiff states that discovery is ongoing and he is without full and complete disclosure from the Defendants, which precludes a full and complete response to this Request.  Further, Plaintiff incorporates each and every objection made in response to this Defendant's Interrogatories and Requests for Production as this Request in and of itself is overly broad and unduly burdensome.**

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this the 9th day of February 2022 served a copy of the foregoing document upon all parties to this action by electronic service or by mailing a copy in the United States Mail, postage prepaid, and addressed as follows:

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 fax
Attorney for Defendant
Louisiana-Pacific Corporation

Charles A. Stewart, III
Lillie A. Hobson
Bradley Arant Boult Cummings, LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Attorney for Defendants
Louisiana-Pacific Corporation;
Stacey Leverne Campbell

/s/ Wyatt P. Montgomery
OF COUNSEL



AlaFile E-Notice

16-CV-2021-900109.00

To:   Wyatt P. Montgomery
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 2/9/2022 5:25:20 PM

Notice Date:     2/9/2022 5:25:20 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 2/9/2022 5:25:20 PM

Notice Date:     2/9/2022 5:25:20 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 2/9/2022 5:25:20 PM

Notice Date:     2/9/2022 5:25:20 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 2/9/2022 5:25:20 PM

Notice Date:     2/9/2022 5:25:20 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 2/9/2022 5:25:20 PM

Notice Date:     2/9/2022 5:25:20 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following discovery was FILED on 2/9/2022 5:25:20 PM

Notice Date:     2/9/2022 5:25:20 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | |
|---|---|
| $ | |

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

CV-21-9-109

STACEY LEVERNE CAMPBELL, 4836 COUNTY ROAD 6, SILAS, AL 36919

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 0640 0000 2570 1074

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)           $ _____

☐ Return Receipt (electronic)         $ _____

☐ Certified Mail Restricted Delivery   $ _____

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

**Total Postage and Fees**

$

CV-21-9-109

Sent To   LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO

Street and   C/O US CORPORATION COMPAN 641 S. LAWRENCE STREET,

City, State   MONTGOMERY, AL 36104

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7011 0570 0002 2000 0542 2020 2

Case 1:22-cv-00128-JB-M   Document 1-1   Filed 03/25/22   Page 507 of 685   PageID #: 525

ELECTRONICALLY FILED
2/16/2022 2:25 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>16-0 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**

☐ **Municipality of** _____

☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**

  **(For Juvenile cases only):**

☐ **In the Matter of** _____

JACKSON METALWORKS, INC.

640 CLOLINGER ROAD
JACKSON, AL 36545

A.  Issued at the request of :

1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury

B.  Special Instructions
   You are ordered to:

1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  Wyatt P. Montgomery 2020 Canyon Rd, Ste 150 Vestavia, AL 35216 (205) 460-1212

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  03/16/2022 12:00 AM

**ROOM:**  _____

**ADDRESS:**  P.O. BOX 4160

  MONTGOMERY, AL 36103

**DATE ISSUED:**  2/16/2022

/s/ SUMMER SCRUGGS PADGETT

Signature of Court Clerk          Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:**          court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to

_____   on   _____

_____

_____

Signature and Title of Server

*(For Criminal cases only)*

☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff                                    Deputy Sheriff

| Form C-13 (back)   Rev.4/18 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
2/16/2022 2:25 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: CV-2021-900109 ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation;  STACEY LEVERNE CAMPBELL, an individual, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

## SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

To:   **Jackson Metalworks, Inc.**
      **640 Clolinger Road**
      **Jackson, AL 36545**

You are hereby commanded to do each of the following acts at the instance of the Plaintiffs within fifteen (15) days of the date after service of this Subpoena: Produce and permit for inspection at the offices of Beasley, Allen, Crow, Methvin, Portis, Miles, P.C., 301 St. Louis Street Mobile, Al 36602, the following:

**Please produce any and all documents related to the guard Jackson Metalworks, Inc. built for Louisiana-Pacific Corporation ("LP") during May 2019.  Your production should include, but not be limited to, communications/correspondence with LP regarding the guard and/or the building/manufacturing of the guard; photographs; invoices; receipts; build requests; date of manufacture; date of installation; names of employees responsible for building the guard; names of employees responsible for installing the guard; and any and all other documentation not specifically requested herein related to the guard and the history of the guard.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this Subpoena have been issued have the right to be present at the time of such production or inspection.

You have the option to deliver or mail legible copies of the documents or things to the attorney causing issuance of this subpoena to Wyatt Montgomery, Beasley, Allen, Crow, Methvin, Portis, Miles, P.C., 301 St. Louis Street, Mobile 36602 or email a copy of all records to his legal assistant at anna.adams@beasleyallen.com, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of making such copies.

The Plaintiffs agree to pay all reasonable expenses incurred by you at the aforementioned time and place.

You have the right to object at any time prior to the date set forth in this Subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this Subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Dated:  _____, 2022.


CLERK:


By:  _____

/s/ Wyatt P. Montgomery

Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN
  PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
(251) 308-1515
wyatt.montgomery@beasleyallen.com

Stewart Howard (HOW041)
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
(251) 431-9364
showard@howardfesta.com

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation;  STACEY LEVERNE CAMPBELL, an individual, et al., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## <u>CERTIFICATE</u>

I hereby certify that the attached is a true and complete copy of the records pertaining to the matters designated in the subpoena to JACKSON METALWORKS INC. kept in its office, in my custody, and that I am the custodian and keeper of said records.

I further certify that said records were made in the regular course of business of this office and that it was in the regular course of business for such records to be made at the time of the events, transactions or occurrences to which they refer, or within a reasonable time thereafter.

Signed this _____ day of _____ 2022.


_____

CUSTODIAN OF RECORDS

Sworn to and subscribed before me this _____ day of _____ 2022.


_____

NOTARY PUBLIC

My Commission Expires: _____

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>16-CV-2021-900109.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** _____
☑ **TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET**
  **(For Juvenile cases only):**
☐ **In the Matter of** _____

JACKSON METALWORKS, INC.

640 CLOLINGER ROAD
JACKSON, AL 36545

W006

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
  You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

**You may contact:**  Wyatt P. Montgomery 2020 Canyon Rd, Ste 150 Vestavia, AL 35216 (205) 460-1212

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:**  3/16/2022 12:00:00 AM
**ROOM:**
**ADDRESS:**  P.O. BOX 4160
  MONTGOMERY, AL 36103

**DATE ISSUED:**  2/16/2022

/s/ SUMMER SCRUGGS PADGETT
Signature of Court Clerk          Deputy Clerk Initials

### ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this
**OR ANY AUTHORIZED PERSON:** court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____ on _____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

_____
Date Mailed

_____
Sheriff          Deputy Sheriff

16-CV-2021-900109.00-W006

## SERVICE RETURN COPY



AlaFile E-Notice

16-CV-2021-900109.00

To:   Wyatt P. Montgomery
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:    2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:      2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
     jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:     2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:     2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:     2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To: HOBSON LILLIE AMILEA
lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:     2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  JACKSON METALWORKS, INC.
640 CLOLINGER ROAD
JACKSON, AL, 36545

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following subpoena was FILED on 2/16/2022 2:24:55 PM

Notice Date:     2/16/2022 2:24:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

GROVE HILL AL 36451

FEB 17 2022

Postmark
Here

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)                 $ _____
☐ Return Receipt (electronic)               $ _____
☐ Certified Mail Restricted Delivery        $ _____
☐ Adult Signature Required                  $ _____
☐ Adult Signature Restricted Delivery       $ _____

**Postage**

$

**Total Postage and Fees**

$

Sent To       JACKSON METALWORKS, INC.

Street and Ap   640 CLOLINGER ROAD

City, State, Zi   JACKSON, AL 36545

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

USPS CU-27-9-109

ELECTRONICALLY FILED
2/18/2022 2:58 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) Civil Action No.: CV-2021-900109 |
| Plaintiff, | ) |
| | ) |
| v. | ) *Jury Trial Demanded* |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation; STACEY LEVERNE CAMPBELL, an individual; TSI-INC, a corporation, CASEY INDUSTRIAL, INC., a corporation, and | ) ) ) ) ) ) ) |

Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama;

Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses at or with reference to the site of the incident made the basis of this litigation;

Fictitious Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the incident made the basis of this litigation;

Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was the owner or owners of the premises involved in the occurrence made the basis of this lawsuit;

Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe condition at the time of the subject incident;

Fictitious Party No. 8, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff.

Fictitious Party No. 9, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of removing, failure to maintain, and/or failure to install safety devices for the machine causing Plaintiff's injuries and damages;

Fictitious Party No. 10, whether singular or plural, those persons, firms or entities who manufactured designed, marketed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 11, whether singular or plural, those persons, firms, or entities who performed modifications to the equipment and/or machinery involved in the incident made the basis of this litigation through which those modifications and/or remanufacturing process caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 12, whether singular or plural, those other persons, firms, or entities who distributed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities who either re-manufactured, designed, modified, and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 14, whether singular or plural, that or those persons or persons, entity or entities who was responsible for the installation of the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 15, whether singular or plural, those other persons, firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 16, whether singular or plural, that or those entities who are the parent corporations, or the successors in interest to any of the named or fictitiously described defendants herein;

All of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment once ascertained.

    Defendants.                    )

## **AMENDED COMPLAINT**

Comes now the Plaintiff in the above-styled cause of action and files this Amended Complaint to add TSI-INC and Casey Industrial, Inc. as party Defendants to this litigation. Plaintiff hereby incorporates by reference each and every material allegation presented in

Plaintiff's original Complaint, attached hereto as Exhibit A.  As grounds for said Amended Complaint, Plaintiff shows unto the Court the following:

## PARTIES and VENUE

1.     Plaintiff Tyler Wallace is an individual over the age of nineteen (19) and is a resident and citizen of Clarke County, Alabama.

2.     Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions, is a foreign corporation registered to do business and doing business in the State of Alabama, for profit.  At all times relevant to this litigation, Defendant Louisiana-Pacific was operating a plant facility in Clarke County, Alabama.  At the time of the incident made the basis of this litigation, Plaintiff Tyler Wallace was working within the line and scope of his employment with and on behalf of Defendant Louisiana-Pacific.

3.     Defendant Stacey Leverne Campbell (hereinafter, "Defendant Campbell") is an individual over the age of nineteen (19) and is a resident and citizen of the State of Alabama. Defendant Campbell is the Plant/Facilities Manager of Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, a co-employee of the Plaintiff.

4.     Defendant TSI-INC is a foreign corporation, with its principal place of business in Washington, and does business throughout the United States, including Clarke County, Alabama for profit.  Defendant TSI-INC ("TSI") is in the business of designing, developing, manufacturing, testing, furnishing, marketing, distributing and/or selling trim waste conveyor belts used in the oriented strand board ("OSB") industry, including the subject TSI 425-771-1190, Item# 07D Trim Waste Conveyor, DWG 252-25-001 ("subject trim waste conveyor") involved in the incident made the basis of this litigation, and is legally responsible for its actions or inactions as set forth herein.

5.     Defendant Casey Industrial, Inc. (hereinafter "Casey Industrial") is a foreign corporation with its corporate headquarters in Louisville, Colorado and does business throughout the United States, including Clarke County, Alabama.  Upon information and belief, Defendant Casey Industrial, Inc. was responsible for the installation of the subject trim waste conveyor.

6.     The incident made the basis of this litigation occurred within Clarke County, Alabama within two (2) years of the filing of this action.

## STATEMENT OF FACTS

7.     On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Louisiana-Pacific Corporation ("Louisiana-Pacific"), and/or Fictitious Defendant Nos. 1 through 16, where he worked in the Thomasville, Alabama plant facility.

8.     At said time and place, the Plaintiff was working in an area of the Louisiana-Pacific facility at or near the location of the subject trim waste conveyor manufactured by TSI, and/or Fictitious Defendant Nos. 1 through 16.  Further, at said time and place, and while working within the line and scope of his employment with Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff's right hand was caused and/or allowed to come into contact with the pinch and/or nip point of an un-guarded pinch and/or nip point of the tail pulley on the subject trim waste conveyor.  As a result thereof, Plaintiff sustained severe, permanent and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body.

9.     The subject trim waste conveyor was designed, developed, manufactured, tested, marketed, distributed, and sold by Defendant TSI-INC ("TSI"), and/or Fictitious Defendant Nos. 1 through 16.  At the time of the incident made the basis of this litigation, the subject trim waste conveyor was in substantially the same condition as it was when manufactured and sold by TSI, and/or Fictitious Defendant Nos. 1 through 16.

10.     At all material times the subject trim waste conveyor was being used and operated for the purpose and in the manner for which it was designed and sold.  The subject trim waste conveyor was not reasonably safe when being so used in a foreseeable manner but, to the contrary, was defective and unreasonably dangerous when being so used.  TSI, and/or Fictitious Defendant Nos. 1 through 16 knew, or in the exercise of reasonable care should have known, that the subject trim waste conveyor was unreasonably dangerous to the human body when being so used in a foreseeable manner.

11.     Furthermore, upon information and belief, the subject trim waste conveyor was assembled and installed by Defendant Casey Industrial, Inc.

12.     As a direct and proximate consequence of the Defendants' conduct, Plaintiff suffered severe, permanent, disfiguring and disabling injuries and the Defendants are thereby legally responsible.

**COUNT I
WORKER'S COMPENSATION CLAIM AGAINST
LOUISIANA-PACIFIC CORPORATION**

13.     Plaintiff adopts and realleges paragraph nos. 1 through 12 as previously set forth in this complaint as if fully set out herein.

14.     On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16 and was working at said Defendant's Thomasville, Clarke County, Alabama plant facility.

15.     At said time and place, and while working within the line and scope of his employment with and/or on behalf of his employer Defendant Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, he was caused and/or allowed to sustain severe, permanent, disfiguring and disabling injuries.

16.     Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, received timely and actual notice of Plaintiff's accident and injuries in accordance with the Alabama Worker's Compensation Act, existing as of May 19, 2021.

17.     As a permanent result of said incident, Plaintiff Tyler Wallace sustained severe, permanent, disfiguring and disabling injuries about his body including, but not limited to, his right hand, right arm, back and leg.

18.     Subsequent to said injuries, Plaintiff Tyler Wallace was caused to obtain medical treatment for these injuries and continues to experience temporary total disability which is expected to persist an unknown period of time, and which is expected to be followed by a permanent total disability of his person.  Plaintiff has incurred medical expenses for the treatment of his injuries and will continue to incur the same in the future.  He has lost wages, lost money, and he has otherwise been injured or damaged.

19.     The Plaintiff and Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, are subject to the Worker's Compensation Act of the State of Alabama.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Louisiana-Pacific Corporation for the compensation and medical care expenses to which he is entitled under the Worker's Compensation Act of the State of Alabama.

## COUNT II
## (CO-EMPLOYEE LIABILITY)

20.     Plaintiff adopts and realleges paragraphs 1 through 19 as previously set forth in this Amended Complaint as if fully set out herein.

21.     Defendant Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, was employed with Defendant Louisiana-Pacific at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, was Plaintiff's co-employee.

22.     Plaintiff alleges that Defendants Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, were required by law to maintain the subject premises, safety devices and equipment so that employees like the Plaintiff and other operators could do their jobs safely.  Instead of maintaining the subject premises, including safety devices for the subject trim waste conveyor, Defendants removed, bypassed, and/or failed to install or maintain safety features designed to prevent the very type of injury sustained by the Plaintiff.

23.     Defendants Campbell, and/or Fictitious Defendant Nos. 1 through 16, knew or should have known that the safety devices they removed, bypassed, failed to provide and/or failed to maintain were necessary and required by law.  Said Defendants failed to provide and maintain the necessary safety devices.  Their failure was willful and done with the knowledge that an injury would likely or probably occur in the event the safety devices were not available to provide the protection for which they were provided.

24.     Plaintiff further alleges Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, failure to maintain the premises, particularly the subject trim waste conveyor involved in the Plaintiff's injury, in a reasonably safe condition constitutes willfulness.  A reasonable person in Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, position would have known that a failure to guard the nip and/or pinch point of the subject trim waste conveyor was substantially certain to cause and/or result in the type of injury sustained by the Plaintiff.

25.     As a direct and proximate result of Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's willful conduct, the Plaintiff sustained the severe, permanent, disabling and disfiguring injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment in such an amount of compensatory and/or punitive damages as a jury deems reasonable and may award, plus interest and cost of this action.

### COUNT III
### ALABAMA EXTENDED MANUFACTURER LIABILITY DOCTRINE (AEMLD) AGAINST TSI-INC

26.     Plaintiff adopts and realleges paragraphs 1 – 25 as previously set forth in this complaint as if fully set out herein.

27.     On or about May 19, 2021, and for some time prior thereto, TSI, and/or Fictitious Defendant Nos. 9-14, was engaged in the business of designing, manufacturing, testing, selling and/or distributing trim waste conveyors throughout the United States, including the State of Alabama, for use in the oriented strand board industry.  TSI, and/or Fictitious Defendant Nos. 1 through 16, during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the subject trim waste conveyor which was a proximate cause of the severe and permanent injuries sustained by the Plaintiff.

28.     At the aforesaid time and place, the subject trim waste conveyor and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and were being used in a manner that was foreseeable.  The subject trim waste conveyor and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used.  The subject machine was unreasonably dangerous by design, manufacture and warnings accompanying

the subject conveyor.  TSI, and/or Fictitious Defendant Nos. 9-14, knew, or in the exercise of reasonable care should have known, that said trim waste conveyor was unreasonably dangerous to the human body when being so used in a foreseeable manner.

29.     The unreasonably dangerous nature of the subject trim waste conveyor and its component parts as herein described created a high probability that when a user or operator comes into contact with the tail pulley and drive belt, severe, permanent, disfiguring and disabling injuries would result.  TSI, and/or Fictitious Defendant Nos. 1 through 16, knew, or in the exercise of reasonable care, should have known of the risks associated with the use and operation of the subject trim waste conveyor prior to the production and marketing of the subject conveyor.

30.     The Plaintiff's injury occurred under reasonably foreseeable circumstances to the Defendant.  The failure of TSI, and/or Fictitious Defendant Nos. 1 through 16, to properly design the subject trim waste conveyor subjected the Plaintiff and others to an unreasonable risk of harm. The unreasonably dangerous and defective condition of the subject trim waste conveyor was a proximate cause of the severe, permanent, disfiguring and disabling injuries sustained by the Plaintiff and renders TSI, and/or Fictitious Defendants Nos. 1 through 16, liable to the Plaintiff pursuant to the Alabama Extended manufacturer's Liability Doctrine.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT IV
## NEGLIGENCE AGAINST TSI-INC

31.     Plaintiff adopts and realleges paragraphs 1-30 as previously set forth in this complaint as if fully set out herein.

32.     Defendant TSI, and/or Fictitious Defendant Nos. 1 through 16, had a duty to the Plaintiff to ensure a safe working environment by observing federal regulations and industry standards applicable to maintaining a safe working environment through the proper design and maintenance of machines/equipment used in the operations.  These defendants also had a duty to train, direct and warn those in harm's way of the hazards associated with working in the subject environment.  These defendants breached this duty by failing to ensure the working environment was safe and failing to train, direct and warn those in harm's way.

33.     Defendant TSI, and/or Fictitious Defendant Nos. 1 through 16, were negligent in the design, installation, assembly, and maintenance of the subject conveyor that caused or contributed to the injuries of the Plaintiff by failing to incorporate adequate safety devices and/or procedures and warnings.

34.     As a proximate result of the negligence of Defendants TSI, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff sustained severe, permanent and disfiguring injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT V
## NEGLIGENT FAILURE TO WARN AGAINST TSI-INC

35.     Plaintiff adopts and realleges paragraphs 1-34 as previously set forth in this Complaint as if fully set out herein.

36.     TSI, and/or Fictitious Defendant Nos. 1 through 16, as the designer, manufacturer, seller and/or distributor of the subject trim waste conveyor and its component parts, had a duty to

foreseeable owners, operators and users of the subject trim waste conveyor to exercise the same degree of care, diligence and skill to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject trim waste conveyor in its intended manner as other manufacturers and distributors would have exercised.  TSI, and/or Fictitious Defendant Nos. 1 through 16, negligently failed to warn of the dangers associated with the use and operation of the subject trim waste conveyor and such negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiff.

37.     TSI, and/or Fictitious Defendant Nos. 1 through 16, was in a position superior to that of the Plaintiff to be aware of the dangerous and defective condition of the subject trim waste conveyor as set forth herein.  Thus, TSI, and/or Fictitious Defendant Nos. 1 through 16, had an obligation to inform owners, operators and users of the subject trim waste conveyor, including the Plaintiff, of these defects.  Further, TSI, and/or Fictitious Defendants Nos. 1 through 16, had a superior opportunity to inspect the subject trim waste conveyor and become aware of its defects over and above the Plaintiff.  The absence of adequate warnings and instructions created an unreasonably dangerous condition and risk to foreseeable owners, users and operators of the subject trim waste conveyor that the Defendant knew or should have known about in the exercise of ordinary care.  TSI, and/or Fictitious Defendant Nos. 1 through 16, breached said duty, and negligently failed to warn the Plaintiff of the defective condition of the subject trim waste conveyor as described herein.

38.     The negligent conduct of TSI, and/or Fictitious Defendant Nos. 1 through 16, in failing to warn of the defective condition of the subject trim waste conveyor was a proximate cause of the severe, permanent, disfiguring and disabling injuries suffered by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory damages as a jury may determine to be appropriate and for the costs of this action.

### COUNT VI
### WANTONNESS AGAINST TSI-INC

39.     Plaintiff adopts and realleges paragraphs 1-38 as previously set forth in this complaint as if fully set out herein.

40.     TSI, and/or Fictitious Defendant Nos. 1 through 16, had a duty to the Plaintiff to ensure a safe working environment by observing federal regulations and industry standards applicable to maintaining a safe working environment through the proper design and maintenance of machines/equipment used in operations.  These defendants also had a duty to train, direct and warn those in harm's way of the hazards associated with working in the subject environment. These defendants breached this duty by failing to ensure the working environment was safe and failing to train, direct and warn those in harm's way.

41.     Defendant TSI, and/or Fictitious Defendant Nos. 1 through 16, were wanton in the design, installation, assembly, and maintenance of the subject conveyor that caused or contributed to the injuries of the Plaintiff by failing to incorporate adequate safety devices and/or procedures and warnings.

42.     As a proximate result of the wantonness of Defendants TSI, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff sustained severe, permanent and disfiguring injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory and punitive damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT VII
## WANTON FAILURE TO WARN AGAINST TSI-INC

43.     Plaintiff adopts and realleges paragraphs 1-42 as previously set forth in this complaint as if fully set out herein.

44.     TSI, and/or Fictitious Defendant Nos. 1 through 16, as the designer, manufacturer, seller and/or distributor of the subject trim waste conveyor and its component parts, had a duty to foreseeable owners, operators and users of the subject trim waste conveyor to exercise the same degree of care, diligence and skill to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject trim waste conveyor in its intended manner as other manufacturers and distributors would have exercised.  TSI, and/or Fictitious Defendant Nos. 1 through 16, wantonly failed to warn of the dangers associated with the use and operation of the subject trim waste conveyor and such willful and wanton conduct was a proximate cause of the severe, permanent, disfiguring and disabling injuries sustained by the Plaintiff.

45.     TSI, and/or Fictitious Defendant Nos. 1 through 16, was in a position superior to that of the Plaintiff to be aware of the dangerous and defective condition of the subject trim waste conveyor, as set forth herein.  TSI, and/or Fictitious Defendant Nos. 1 through 16, had an obligation to inform owners, operators and users of the subject trim waste conveyor, including the Plaintiff, of these defects.  Further, TSI, and/or Fictitious Defendant Nos. 1 through 16, had a superior opportunity to inspect the subject trim waste conveyor and become aware of its defects

over and above the Plaintiff.  The absence of adequate warnings and instructions created an unreasonably dangerous condition and risk to foreseeable owners, operators and users of the subject trim waste conveyor that the Defendant knew or should have known about in the exercise of ordinary care.

46.    The willful and wanton conduct of TSI, and/or Fictitious Defendant Nos. 1 through 16, in failing to warn of the defective condition of the subject trim waste conveyor was a proximate cause of the severe, permanent, disfiguring and disabling injuries sustained by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory and punitive damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY AGAINST TSI-INC

47.    Plaintiff adopts and realleges paragraph Nos. 1-46 as previously set forth in this complaint as if fully set out herein.

48.    TSI, and/or Fictitious Party Defendants Nos. 1 through 16, impliedly warranted that the subject trim waste conveyor and its component parts were reasonably fit and suitable for the purpose for which it was intended to be used, was free of defects, and was of merchantable quality. Plaintiff avers that TSI, and/or Fictitious Defendant Nos. 1 through 16, breached said implied warranties in that the subject trim waste conveyor was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, the subject trim waste conveyor was in a dangerously defective and unsafe condition, as described herein.  The plaintiff further avers that as a proximate result of the aforesaid breach of warranties by TSI, and/or Fictitious

Defendant Nos. 1 through 16, Plaintiff suffered severe, permanent, disfiguring and disabling injuries.

49.     The above-stated wrongful conduct of TSI, and/or Fictitious Defendant Nos. 1 through 16, was a proximate cause of the injuries suffered by the Plaintiff as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory and punitive damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT IX
## NEGLIGENCE AGAINST CASEY INDUSTRIAL, INC.

50.     Plaintiff adopts and realleges paragraphs 1-49 as previously set forth in this complaint as if fully set out herein.

51.     Plaintiff further avers that Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, in whole or in part, was responsible for the installation of the subject trim waste conveyor.  Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, had a duty to the Plaintiff to ensure a safe working environment by observing federal regulations and industry standards applicable to maintaining a safe working environment through the proper installation of machines/equipment used in the operations.  Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, also had a duty to train, direct and warn those in harm's way of the hazards associated with working in the subject environment.  Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, breached this duty by failing to ensure the working environment was safe and failing to train, direct and warn those in harm's way.

52.     Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, were negligent in the design, installation, assembly, and maintenance of the subject trim waste conveyor that caused

or contributed to the injuries of the Plaintiff by failing to incorporate adequate safety devices and/or procedures and warnings.

53.     As a proximate result of the negligence of Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff sustained severe, permanent and disfiguring injuries.

WHEREFORE, PREMISES CONSIDERED, The Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT X
## WANTONNESS AGAINST CASEY INDUSTRIAL, INC.

54.     Plaintiff adopts and realleges paragraphs 1-53 as previously set forth in this complaint as if fully set out herein.

55.     Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, had a duty to the Plaintiff to ensure a safe working environment by observing federal regulations and industry standards applicable to maintaining a safe working environment through the proper design, installation and maintenance of machines/equipment used in the operations.  Casey, and/or Fictitious Defendant Nos. 1 through 16, also had a duty to train, direct and warn those in harm's way of the hazards associated with working in the subject environment.  Defendant Case, and/or Fictitious Defendant Nos. 1 through 16, breached this duty by failing to ensure the working environment was safe and failing to train, direct and warn those in harm's way.

56.     Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, were wanton in the design, installation, assembly, and maintenance of the subject trim waste conveyor that caused or contributed to the injuries to the Plaintiff by failing to incorporate adequate safety devices and/or procedures and warnings.

57.     As a proximate result of the wantonness of Defendant Casey, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff sustained severe, permanent and disfiguring and disabling injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendants, named and fictitious, for such compensatory and punitive damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT XI
## COMBINED AND CONCURRING CONDUCT OF ALL DEFENDANTS

58.     Plaintiff re-alleges each and every allegation as set forth in this Complaint as if fully set out herein.

59.     Plaintiff avers the conduct of all named and Fictitious Defendants combined and concurred to cause the injuries to Tyler Wallace.

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury to hear all issues presented within the Plaintiff's original Complaint and this Amended Complaint.


Respectfully submitted,


/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON-077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

## **Certificate of Service**

I hereby certify that on the 18th day of February 2022, a copy of the foregoing was filed using the Alafile system which will automatically send a copy of the same to the following counsel of record:

Charles A. Stewart III, Esq.
Lillie A. Hobson, Esq.
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com
lhobson@bradley.com

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
jtrousdale@carrallison.com

## **PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL ALONG WITH THE SUMMONS AND COMPLAINT AS FOLLOWS:**

TSI-INC
20818 44th Ave. W.
Lynnwood, WA 98036

Casey Industrial, Inc.
890 W Cherry Street
Louisville, CO 80027



AlaFile E-Notice

ELECTRONICALLY FILED
2/18/2022 2:58 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

16-CV-2021-900109.00

To:  Wyatt P. Montgomery
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 10/4/2021 4:17:56 PM

Notice Date:      10/4/2021 4:17:56 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 78
(DOCUMENT 1)

ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>16<br>Date of Filing:<br>10/04/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### TYLER WALLACE v. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

MON077 | 10/4/2021 4:17:51 PM | /s/ Wyatt P. Montgomery
| Date | Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

DOCUMENT 78
(DOCUMENT 2)

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE, an          )
individual,                )
                           ) Civil Action No.: _____
          Plaintiff,       )
                           )
v.                         ) *Jury Trial Demanded*
                           )
LOUISIANA-PACIFIC CORPORATION   )
d/b/a LP BUILDING SOLUTIONS,  a   )
corporation;    STACEY LEVERNE   )
CAMPBELL, an individual; and   )

Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation;

Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama;

Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses at or with reference to the site of the incident made the basis of this litigation;

Fictitious Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had the right to control the work being done at the time of the incident made the basis of this litigation;

Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was the owner or owners of the premises involved in the occurrence made the basis of this lawsuit;

Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe condition at the time of the subject incident;

Fictitious Party No. 8, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff.

Fictitious Party No. 9, whether singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of removing, failure to maintain, and/or failure to install safety devices for the machine causing Plaintiff's injuries and damages;

Fictitious Party No. 10, whether singular or plural, those persons, firms or entities who manufactured designed, marketed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 11, whether singular or plural, those persons, firms, or entities who performed modifications to the equipment and/or machinery involved in the incident made the basis of this litigation through which those modifications and/or remanufacturing process caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 12, whether singular or plural, those other persons, firms, or entities who distributed and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities who either re-manufactured, designed, modified, and/or placed into the stream of commerce the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 14, whether singular or plural, that or those persons or persons, entity or entities who was responsible for the installation of the equipment and/or machinery involved in the incident made the basis of this litigation;

Fictitious Party No. 15, whether singular or plural, those other persons, firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff;

Fictitious Party No. 16, whether singular or plural, that or those entities who are the parent corporations, or the successors in interest to any of the named or fictitiously described defendants herein;

All of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment once ascertained.

        Defendants.                          )

## **COMPLAINT**

        COMES NOW the Plaintiff in the above-styled cause of action and shows unto the Court

the following:

## PARTIES and VENUE

1.      Plaintiff Tyler Wallace is an individual over the age of nineteen (19) and is a resident and citizen of Clarke County, Alabama.

2.      Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions, is a foreign corporation registered to do business and doing business in the State of Alabama, for profit.  At all times relevant to this litigation, Defendant Louisiana-Pacific was operating a plant facility in Clarke County, Alabama.  At the time of the incident made the basis of this litigation, Plaintiff Tyler Wallace was working within the line and scope of his employment with and on behalf of Defendant Louisiana-Pacific.

3.      Defendant Stacey Leverne Campbell (hereinafter "Defendant Campbell") is an individual over the age of nineteen (19) and is a resident and citizen of the State of Alabama. Defendant Campbell is the Plant/Facilities Manager of Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, a co-employee of the Plaintiff.

4.      Fictitious Parties are described as follows: Fictitious Party No. 1, whether singular or plural, that entity or those entities who or which was Plaintiff's employer at the time of the incident made the basis of this litigation; Fictitious Party No. 2, whether singular or plural, that person or those persons, individually and/or as partners, who was Plaintiff's employer at the time of the incident made the basis of this litigation; Fictitious Party No. 3, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this litigation, including, but not limited to, protection under the Workman's Compensation Act of Alabama; Fictitious Party No. 4, whether singular or plural, that entity or those entities who or which conducted safety inspections

DOCUMENT 78

or analyses at or with reference to the site of the incident made the basis of this litigation; Fictitious

Party No. 5, whether singular or plural, that entity or those entities who or which controlled or had

the right to control the work being done at the time of the incident made the basis of this litigation;

Fictitious Party No. 6, whether singular or plural, that entity or those entities who or which was

the owner or owners of the premises involved in the occurrence made the basis of this lawsuit;

Fictitious Party No. 7, whether singular or plural, that entity or those entities whose duty it was to

maintain the premises involved in the incident made the basis of this lawsuit in a reasonably safe

condition at the time of the subject incident; Fictitious Party No. 8, whether singular or plural, that

or those persons and/or co-employees whose willful and wrongful conduct either caused or

contributed to cause the injuries and damages to the plaintiff; Fictitious Party No. 9, whether

singular or plural, that or those persons and/or co-employees whose willful and wrongful acts of

removing, failure to maintain, and/or failure to install safety devices for the machine causing

Plaintiff's injuries and damages; Fictitious Party No. 10, whether singular or plural, those persons,

firms or entities who manufactured, designed, marketed and/or placed into the stream of commerce

the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious

Party No. 11, whether singular or plural, those persons, firms, or entities who performed

modifications to the equipment and/or machinery involved in the incident made the basis of this

litigation through which those modifications and/or remanufacturing process caused or contributed

to cause the injuries and damages to the Plaintiff; Fictitious Party No. 12, whether singular or

plural, those other persons, firms, or entities who distributed and/or placed into the stream of

commerce the equipment and/or machinery involved in the incident made the basis of this

litigation; Fictitious Party No. 13, whether singular or plural, those other persons, firms or entities

who either re-manufactured, designed, modified, and/or placed into the stream of commerce the

equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 14, whether singular or plural, that or those persons, entity or entities who was responsible for the installation of the equipment and/or machinery involved in the incident made the basis of this litigation; Fictitious Party No. 15, whether singular or plural, those other persons, firms, or entities whose wrongful conduct either caused or contributed to cause the injuries and damages to the Plaintiff; Fictitious Party No. 16, whether singular or plural, that or those entities who are the parent corporations, or the successors in interest to any of the named or fictitiously described defendants herein; all of whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment once ascertained.

5.      The incident made the basis of this litigation occurred within Clarke County, Alabama within two (2) years of the filing of this action.  At the time of the subject incident made the basis of this litigation, both Plaintiff Tyler Wallace and Defendant Louisiana-Pacific were subject to the Workers Compensation Act of Alabama.

## STATEMENT OF FACTS

6.      On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions (hereinafter "Louisiana-Pacific"), and/or Fictitious Defendant Nos. 1 through 16, where he worked in the Thomasville, Alabama plant facility.

7.      At said time and place, the Plaintiff was working in an area of the Louisiana-Pacific facility at or near the location of a trim waste conveyor.  Further, at said time and place, and while working within the line and scope of his employment with Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, the Plaintiff's right hand and arm was caused and/or allowed to come into contact with the pinch and/or nip point of an un-guarded pinch and/or nip point of the

tail pulley on the trim waste conveyor.  As a result, thereof, Plaintiff sustained severe, permanent and disfiguring and disabling injuries to his right hand, arm, and various other parts of his body.

8.      As a direct and proximate consequence of the Defendants' conduct, Plaintiff suffered severe, permanent, disfiguring and disabling injuries and the Defendants are thereby legally responsible.

### COUNT I
### WORKER'S COMPENSATION CLAIM AGAINST
### LOUISIANA-PACIFIC CORPORATION

9.      Plaintiff adopts and realleges paragraph Nos. 1 through 8 as previously set forth in this complaint as if fully set out herein.

10.      On or about May 19, 2021, the Plaintiff Tyler Wallace was an employee of Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16 and was working at said Defendant's Thomasville, Clarke County, Alabama facility.

11.      At said time and place, and while working within the line and scope of his employment with and/or on behalf of his employer Defendant Louisiana-Pacific, and/or Fictitious Defendant Nos. 1 through 16, he was caused and/or allowed to sustain severe, permanent, disfiguring and disabling injuries.

12.      Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, received timely and actual notice of Plaintiff's accident and injuries in accordance with the Alabama Worker's Compensation Act, existing as of May 19, 2021.

13.      As a permanent result of said incident, Plaintiff Tyler Wallace sustained severe, permanent, disfiguring and disabling injuries about his body including, but not limited to, his right hand, right arm, back and leg.  Additionally, Plaintiff has suffered from severe mental and emotional injuries as a result of the subject on-the-job injury.

14.     Subsequent to said injuries, Plaintiff Tyler Wallace was caused to obtain medial treatment for these injuries and continues to experience temporary total disability which is expected to persist an unknown period of time, and which is expected to be followed by a permanent total disability of his person.  Plaintiff has incurred medical expenses for the treatment of his injuries and will continue to incur the same in the future.  He has lost wages, lost money, and he has otherwise been injured or damaged.

15.     The Plaintiff and Defendant Louisiana-Pacific, and/or Defendant Nos. 1 through 16, are subject to the Worker's Compensation Act of the State of Alabama.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against Defendant Louisiana-Pacific Corporation for the compensation, medical care expenses and vocational expenses to which he is entitled under the Worker's Compensation Act of the State of Alabama.

## COUNT II
## (CO-EMPLOYEE LIABILITY)

16.     Plaintiff adopts and realleges paragraphs 1 through 15 as previously set forth in this complaint as if fully set out herein.

17.     Defendant Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, was employed with Defendant Louisiana-Pacific at the Thomasville, Alabama facility where the incident made the basis of this litigation occurred and thus, was Plaintiff's co-employee.

18.     Plaintiff alleges that Defendants Stacey Campbell, and/or Fictitious Defendant Nos. 1 through 16, were required by law to maintain the subject premises, safety devices and equipment so that employees like the Plaintiff and other operators could do their jobs safely.  Instead of maintaining the subject premises, including safety devices for the subject trim waste conveyor,

Defendants removed, bypassed, and/or failed to install or maintain safety features designed to prevent the very type of injury sustained by the Plaintiff.

19.     Defendants Campbell, and/or Fictitious Defendant Nos. 1 through 16, knew or should have known that the safety devices they removed, bypassed, failed to provide and/or failed to maintain were necessary and required by law.  Said Defendants failed to provide and maintain the necessary safety devices.  Their failure was willful and done with the knowledge that an injury would likely or probably occur in the event the safety devices were not available to provide the protection for which they were provided.

20.     Plaintiff further alleges Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, failure to maintain the premises, particularly the subject trim waste conveyor involved in the Plaintiff's injury, in a reasonably safe condition constitutes willfulness.  A reasonable person in Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's, position would have known that a failure to guard the nip and/or pinch point of the subject trim waste conveyor was substantially certain to cause and/or result in the type of injury sustained by the Plaintiff.

21.     As a direct and proximate result of Defendant Campbell's, and/or Fictitious Defendant Nos. 1 through 16's willful conduct, the Plaintiff sustained the severe, permanent, disabling and disfiguring injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment in such an amount of compensatory and/or punitive damages as a jury deems reasonable and may award, plus interest and cost of this action.

DOCUMENT 78

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury to hear each and every issue raised within this Complaint.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

**PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:**

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

Stacey Leverne Campbell
4836 County Road 6
Silas, AL 36919

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an<br>individual, | )<br>) |
| | ) Civil Action No.: _____ |
| Plaintiff, | )<br>) |
| | ) |
| v. | )<br>) |
| LOUISIANA-PACIFIC<br>CORPORATION d/b/a<br>LP BUILDING SOLUTIONS,<br>a corporation; TSI-INC, a<br>corporation, et al., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## APPLICATION FOR EMPLOYMENT OF ATTORNEYS

COMES NOW the Plaintiff, Tyler Wallace, in the above-styled cause, pursuant to §25-5-90(a) of the Workers' Compensation Act of Alabama and petitions the Court to permit Wyatt P. Montgomery of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles P.C. in Mobile, Alabama to represent him in said cause as his attorney and to appoint said attorneys to represent him in said cause.

This the 27 day of August, 2020.
2021
rb/rb

_____
TYLER WALLACE

STATE OF ALABAMA      )
COUNTY OF CLARKE      )

Sworn to and subscribed before me
this 27 day of August 2020.  to /pl5
2021

_Aleana Blackledy_
NOTARY PUBLIC
My Commission Expires: _P. 18. 2024_
Clarke Co
Alabama.

DOCUMENT 78
(DOCUMENT 3)

ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOUISIANA-PACIFIC CORPORATION | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST DISCOVERY TO
### DEFENDANT LOUISIANA-PACIFIC CORPORATION
### D/B/A LP BUILDING SOLUTIONS

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to Rules 26, 33 and 34 of the Alabama Rules of Civil Procedure, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant Louisiana-Pacific Corporation, d/b/a LP Building Solutions:

### Definitions

As used herein:

1.     "*Defendant*", "*you*" and/or "*your*" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.     The word "*person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.      "*And*" and "*or*" and "*and/or*" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.  The use of the words "*include*(s)" and "*including*" shall be construed to mean "*without limitation*."

4.      The word "*document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.      The word "*identify*" when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.      The word "*identify*" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership,

etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.      The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; €to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.      "*Subject trim waste conveyor*" or "*subject equipment*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001involved in the incident made the basis of this litigation.

9.      "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.    "*Subject facility*" shall mean the Louisiana-Pacific facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

### Continuing Interrogatories and Requests for Production

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different

information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

## Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was

written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing; the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition, you are requested to produce all drafts and notes (whether

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## **INTERROGATORIES**

1.      Is this Defendant properly named in Plaintiff's Complaint?  If not, please provide the Defendant's correct name.

2.      Please identify the name of the person preparing the answers to these interrogatories and identify any person aiding in their preparation.

3.      Were you the employer of the Plaintiff on the date of the incident alleged in the Complaint?  If your answer is "no", state every fact supporting your contention that you were not Plaintiff's employer on the date of the incident, and produce every document in support of such contention.

4.      State the amount of gross wages of the Plaintiff for each and every week for 52 weeks next preceding the incident made the basis of this litigation.  In addition to your response, please furnish Plaintiff's attorney a copy of the payroll records for each and every week covering said pay period.

5.      Please state the gross cost to the Defendant for any benefits furnished to the Plaintiff as part of the Plaintiff's employment for the 52 weeks next preceding the date of the subject incident, including but not limited to:

        a.   Contributions made by Plaintiff to a tax qualified program or to a section 125 cafeteria plan;

        b.   Gross premiums paid for by the employer for medical insurance or hospitalization insurance coverage;

        c.   Gross premiums paid for by the employer for life insurance coverage;

d.   Gross premiums paid for by the employer for disability insurance coverage;

e.   Any other such fringe benefits or allowances paid for by the employer for the benefit of the plaintiff.

6.      On the date of the incident made the basis of this litigation, state the Plaintiff's job title and specify his job duties and responsibilities.

7.      On the date of his injury, explain what job duties the Plaintiff was performing when he was injured.

8.      State the date/time OSHA was notified of the Plaintiff's injury and identify the employee or individual who notified OSHA of the incident.

9.      State the results of any investigation into the injury of the Plaintiff and identify the employees and/or any third-party entity and individuals who participated in any investigation.

10.      Identify any and all OSHA citations issued against this Defendant as a result of the incident and injury made the basis of this litigation.

11.      Identify each employee who, to your knowledge, has provided a statement regarding this incident to this Defendant, OSHA or any investigating individual or agency.

12.      When did you first realize or receive notice that the Plaintiff received an injury?

a.   Describe the details of said notice, whether verbal or written;

b.   State the name of the person or supervisor receiving said notice.

13.      Do you have any knowledge or documentation of a disability given to the Plaintiff as a result of the injuries received in the incident made the basis of this litigation?  If so, please state:

a.   The name and address of doctor or other persons giving such rating; and

       b.  The percentage of disability.

14.     State the amount of compensation paid to the Plaintiff by the Defendant or Defendant's insurance carrier:

       a.  The weekly rate of said compensation and the period covered by said payments;

       b.  The type of compensation payment, such as temporary total disability or permanent partial disability.

15.     If you intend to refer to or introduce any written or documentary evidence or photographs at the time of the trial, please state specifically what evidence you intend to introduce and the purpose of introducing the evidence.  If you have such information and do not intend to introduce it but do intend to refer to it at the hearing, please state what information you will refer to and the purpose of referring to it.

16.     Please list all medical reports or medical records which are in the possession of Defendant, Defendant's insurance carrier or Defendant's attorneys.  State in substance the contents of said reports, and the names and addresses of the physicians giving same or in the alternative you may furnish copies of the same.

17.     Give the name, telephone number and address of each person you expect to use as a witness in the trial of this case.  Please state briefly what you expect to be the testimony of each witness.

18.     Give a full description of the equipment being operated and/or used by the Plaintiff involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.  Include in your response the year, make, model, manufacturer, and/or any other identifying information.

19.     State in detail any and all maintenance, repairs, modifications, safety device installation, and/or any other work performed by this Defendant, its agents and/or representatives and/or contractors, on the equipment being operated and/or used by the Plaintiff and/or involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

20.     Provide the following information for this Defendant, or any other entity or individual, who modified the subject machine on which the Plaintiff was injured before and/or after the date of his injury:

      a.   Each person or entity who modified the machine, including their phone number and address;

      b.   Each person or entity who authorized and/or requested the modification;

      c.   The date the modification(s) were made; and

      d.   The costs of any modifications.

21.     State when Defendant purchased the subject equipment involved in the incident made the basis of this litigation.  Include in your answer the purchase price and the name of the person and/or entity and/or entities the equipment was purchased from.

22.     Provide the names of any and all individuals and/or entities involved in the purchase of the subject equipment involved in the incident made the basis of this litigation.

23.     Provide the names and contact information for the person(s), or entity(ies) responsible for the installation of the subject equipment on the Defendant's premises in Clarke County, Alabama where the incident made the basis of this litigation occurred.

24.     Identify the employees of this Defendant who held the positions below on the date the Plaintiff sustained his injuries:

    a.  Plant manager;

    b.  Plant Safety Coordinator;

    c.  Head of Maintenance; and

    d.  All Maintenance employees.

25.    For the prior interrogatory, if the individuals identified for sub-items (a) through (d) no longer hold the position provide the following information:

    a.  Was the individual promoted, demoted or terminated;

    b.  When was the individual promoted, demoted or terminated;

    c.  Why the person was promoted, demoted or terminated; and

    d.  Who holds the position currently?

26.    State in detail this Defendant's standard operating procedures related to the job the Plaintiff was performing at the time of the incident made the basis of this litigation.

27.    Has any other individual been injured on the subject machine?

28.    If the response to the prior interrogatory is "yes", provide the following information:

    a.  The identity of the employee injured;

    b.  The date of the injury;

    c.  Whether or not a suit was filed or claim made; and

    d.  If suit was filed or a claim made, the result of the suit and/or claim.

29.    List each employee that has sustained an on-the-job injury caused by a machine requiring hospitalization in the last 15 years and explain the details of each such injury.

30.    Give a full description of training required by the Defendant to operate the equipment involved in the incident made the basis of this litigation.

DOCUMENT 78

31.     State in your own words how the incident made the basis of this litigation occurred.

32.     Provide a list of persons who witnessed the incident made the basis of this litigation.

33.     Provide a list of persons working on Defendant's premises in Clarke County, Alabama on the date of the incident made the basis of this litigation.

34.     Please state whether the Plaintiff has ever been reprimanded or disciplined by this Defendant in any way.  If so, please describe said reprimand and/or disciplinary action and the reason for said disciplinary action.

35.     Does this Defendant contend that the Plaintiff was responsible in any way for the injuries he sustained in the incident giving rise to this litigation?  If so, please describe in complete and accurate detail the basis of said contention.

36.     If any employee was disciplined by this Defendant for their part or role in the subject incident:

        a.   Identify the employee disciplined;

        b.   State the rule he/she violated; and

        c.   Describe the disciplinary action taken by this Defendant.

37.     Does this Defendant contend the injuries sustained by the Plaintiff in the incident giving rise to this litigation were caused by any third party?  If so, please provide the name and contact information for said third party, as well as the basis for said contention.

38.     Please list and describe any other conveyor belt systems in this Defendant's Clarke County, Alabama facility manufactured by TSI-INC.

39.    Please state whether any hazards of operations (HAZOP) analysis has ever been performed at the subject facility where the incident made the basis of this litigation occurred?  If so, please state the name and contact information for the individual(s) or entity(ies) who performed said analysis, as well as the purpose and outcome of said analysis.

40.    Please state whether any other employee of this Defendant has ever been injured on the subject premises in the same or similar manner as the Plaintiff was injured on the date of the incident made the basis of this suit.  If so, please give said employee's name and a description of the incident.

## **REQUESTS FOR PRODUCTION**

1.    Produce a copy of any and all incident or accident reports or reports of first injury regarding the accident made the basis of this action, including any first reports of injury, "claims summary form," supplemental reports or termination/cessation of benefit reports filed with any State agency including but not limited to the Department of Industrial Relations.

2.    Produce any employee handbook or Union contract.

3.    Produce all medical reports and records concerning the Plaintiff in the possession or under the control of this Defendant or its attorneys.

4.    Produce all correspondence and reports from any rehabilitation service or person concerning Plaintiff in the possession or under the control of the Defendant.

5.    Produce records which show for the 52 weeks next preceding Plaintiff's injury on the date made the basis of this litigation:

      a.   Gross wages;

      b.   Any and all fringe benefits or allowances and the costs thereof.

6.    Produce Plaintiff's personnel records while employed by this Defendant.

7.      Produce Defendant Stacey Leverne Campbell's personnel records while employed by this Defendant.

8.      Produce any written statement or recorded statement concerning the injury to the Plaintiff made the basis of this litigation, including the recorded statement taken from the Plaintiff by the insurance adjuster for the Defendant's insurance company.

9.      Produce all documents provided to OSHA or given to this Defendant by OSHA relating to OSHA's inspection into the Plaintiff's incident and injury made the basis of this litigation.

10.     Produce documents detailing any citations or fines issued against this Defendant by OSHA regarding any investigation initiated by OSHA as a result of the incident made the basis of this litigation.

11.     Produce all statements provided to OSHA or this Defendant regarding the subject incident.

12.     Produce any documentary or demonstrative evidence which you intend to introduce at the trial of this case.

13.     Produce a copy of any and all video and/or surveillance tapes showing the Plaintiff on the date of the incident made the basis of this litigation.

14.     Produce a copy of any and all video and/or surveillance tapes of Plaintiff which you intend to introduce at the trial of this case.

15.     Produce a copy of any and all medical records, impairment ratings, notes, reports and correspondence from case management nurses to Plaintiff's physician(s) concerning the Plaintiff.

16.    Produce all work orders, repair invoices, recalls, safety device manuals, and/or any other documentation concerning the subject equipment involved in the incident made the basis of this litigation.

17.    Produce all maintenance and service records for the subject equipment involved in the incident made the basis of this litigation.

18.    Produce all general layout drawings for the equipment involved in the incident made the basis of this litigation.

19.    Produce all general layout drawings and/or plans and specifications for all other conveyor belt systems designed and manufactured by TSI-INC that are located at this Defendant's Clarke County, Alabama facility where the incident made the basis of this litigation occurred.

20.    Produce a copy of Defendant's standard operating procedures in effect at the time of the subject incident made the basis of this litigation.

21.    Produce a copy of Defendant's safety rules, regulations and policies in effect at the time if the incident made the basis of this litigation.  If said policies have been modified in any way since the subject incident, please provide copies of said modifications.

22.    Produce a list of all persons and entities who made any repairs and/or performed work or maintenance of any kind on the subject equipment involved in the incident made the basis of this litigation.  Your response should include all repairs and/or work and/or maintenance or modifications performed encompassing the entire time in which this Defendant owned, possessed, leased and/or put into use said equipment.

23.    Produce documentation of ownership of the equipment involved in the incident made the basis of this litigation.

24.     Produce any contracts or other documents referencing any agreements between this Defendant and TSI-INC related to the equipment involved in the incident made the basis of this litigation.

25.     Produce any contracts or other documents referencing or explaining the relationship between this Defendant and the Plaintiff.

26.     Produce photographs of the subject equipment involved in the incident made the basis of this litigation. This request includes photographs both before and after the incident made the basis of this litigation.  In other words, both before and after any modifications and/or guards were made to or placed on the subject equipment.

27.     Produce each Job Safety Analysis or examination for hazardous conditions conducted by this Defendant or provided to this Defendant with respect to the work being done on the subject equipment where the Plaintiff was injured.

28.     Produce any and all documents, whether created by this Defendant or any other entity, dealing with any and all training provided to the Plaintiff to perform the work he was performing on the day he was injured.

29.     Produce any safety policy specific to the work being done by the Plaintiff at the time of the incident made the basis of this litigation.

30.     Produce any and all documents related to any hazards of operations (HAZOP) analysis performed at the facility made the basis of this litigation.

31.     Provide any and all design drawings and/or installation instructions for the equipment involved in the incident made the basis of this litigation.

32.     Provide copies of any and all documentation provided by TSI-INC related to the equipment involved in the incident made the basis of this litigation.

33.     Produce any video footage captured by the Defendant of the incident made the basis of this litigation.

34.     Produce a copy of any citations given to this Defendant by any governing agency surrounding the incident made the basis of this litigation.

35.     Provide a list of all safety devices on the equipment involved in the incident made the basis of this litigation at the time of the incident made the basis of this litigation.

36.     Provide a copy of all emails, notes, documents, memos or other written communication to or from this Defendant (excluding any communication between Defendant and attorneys) specifically regarding the equipment involved in the incident made the basis of this litigation.

37.     Provide any and all correspondence and/or communications between this Defendant and TSI-INC related to the subject equipment involved in the incident made the basis of this litigation, as well as any other equipment designed and manufactured by TSI-INC located at this Defendant's Clarke County, Alabama facility where the subject incident occurred.

38.     Produce any and all documents reflecting injuries suffered by this Defendant's employees while operating the subject machine or other machines on this Defendant's premises.

39.     If this Defendant has been sued for workers compensation and/or personal injury by any employee, former or current, arising out of an injury sustained on the subject machine, produce a copy of the Complaint(s) filed against this Defendant for ten (10) years prior to the Plaintiff's injury made the basis of this litigation.

40.     Produce any and all documents from the manufacturer(s) of the subject machine and/or the manufacturer(s) of any additions to the subject machine dealing or referring to injuries to employees and/or safety devices on the subject machine.

41.     Produce the personnel files for any employee, former or current, identified in Interrogatories 17, 18, 20 and 21.

42.     Produce a copy of any document used to respond to any of Plaintiff's interrogatories.

43.     If you claim that any document(s) to be produced by you are privileged or confidential, please produce a privilege log pursuant to Rule 26(b)(5) of the Alabama Rules of Civil Procedure.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

**PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:**

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

DOCUMENT 378
(DOCUMENT 4)

ELECTRONICALLY FILED
10/4/2021 4:17 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation; STACEY LEVERNE CAMPBELL, an individual, et al., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST DISCOVERY TO
### STACEY LEVERNE CAMPBELL

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to *Rules 26*, *33* and *34* of the *Alabama Rules of Civil Procedure*, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant Stacey Leverne Campbell:

### Definitions

As used herein:

1.      "*Defendant*", "*you*" and/or "*your*" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.      The word "*person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.     "*And*" and "*or*" and "*and/or*" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.  The use of the words "*include*(s)" and "*including*" shall be construed to mean "*without limitation.*"

4.     The word "*document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.     The word "*identify*" when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.     The word "*identify*" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership,

etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.      The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; €to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.      "*Subject trim waste conveyor*" or "*subject equipment*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001involved in the incident made the basis of this litigation.

9.      "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.      "*Subject facility*" shall mean the Louisiana-Pacific facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

### Continuing Interrogatories and Requests for Production

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different

information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

### Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was

written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing; the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals. In addition, you are requested to produce all drafts and notes (whether

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.     What was your employment designation at Defendant Louisiana-Pacific on the date of the incident made the basis of this litigation?

2.     Identify your current position with Defendant Louisiana-Pacific.

3.     Detail your ownership interest, if any, in Defendant Louisiana-Pacific.

4.     Identify the individual(s) or entity that modified the subject trim waste conveyor on which the Plaintiff was injured.

5.     Identify the individual(s) or entity that removed the barrier guard(s) exposing the inner components of the subject trim waste conveyor on which the Plaintiff was injured.

6.     Provide the date and the reason(s) for any modifications to the subject trim waste conveyor on which the Plaintiff was injured including, but not limited to, the removal or addition of a barrier guard.

7.     Identify any employee of Defendant Louisiana-Pacific that approved any modification to the subject trim waste conveyor including, but not limited to, the removal or addition of a barrier guard.

8.     Identify the employees at Defendant Louisiana-Pacific responsible for notifying OSHA of any reportable on the job injuries.

9.     Did this Defendant have any responsibility to notify OSHA of Plaintiff's injury?

10.     Identify any liability insurance policies, including umbrella policies that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

11.     Identify the employee(s), individual(s) or entity that placed the barrier guard(s) on the subject trim waste conveyor on which the Plaintiff was injured.

12.     Describe this Defendant's understanding of how the incident made the basis of this litigation occurred.

13.     If you contend the Plaintiff, or any other third-party, caused or contributed to cause the incident and injury made the basis of this litigation, describe in detail your basis for such contention.

14.     Detail this Defendant's participation into any investigation into Plaintiff's on the job injury and/or any investigation into the modification of the subject trim waste conveyor and/or any removal or addition of barrier guards on the subject conveyor on which the Plaintiff was injured.

15.     List and describe any other incidents at the subject Louisiana-Pacific facility in which an employee was injured by a conveyor belt system.

## REQUESTS FOR PRODUCTION

1.     Produce a copy of your tax returns for years 2015-2020.

2.     Produce your employment file from Louisiana-Pacific.

3.     Produce any and all safety policies pertaining to the maintenance of machinery, safety devices on machinery, and safety in general for Louisiana-Pacific and its employees in effect at the time of the Plaintiff's injury.

4.     Produce any and all approved protocols/procedures/training manuals used to train the Plaintiff on the safe operation of the subject trim waste conveyor.

5.     Produce any and all approved protocols/procedures for inspecting Louisiana-Pacific's equipment to determine if safety devices are operational from 2015 to the present.

6.     Produce any and all safety meeting reports including safety meeting sign in sheets and the topic(s) of discussion from 2015 to the present.

7.     Produce any and all daily production reports for the equipment at the subject Louisiana-Pacific facility from 2015 to the present.

8.     Produce Louisiana-Pacific's safety policy in effect at the time of the incident made the basis of this litigation.

9.     Produce any insurance policies, including umbrella policies, that covers this Defendant for any portion of the incidents or occurrences stated in Plaintiff's Complaint.

10.     Produce any documents, photographs or reports completed in relation to any investigation into the root cause of Plaintiff's injury and/or the modification of or removal of or addition of guards from the subject trim waste conveyor on which the Plaintiff was injured.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com

**PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL ALONG WITH SUMMONS AND COMPLAINT AS FOLLOWS:**

Louisiana-Pacific Corporation
c/o United States Corporation Company
641 South Lawrence Street
Montgomery, Alabama 36104

Stacey Leverne Campbell
4836 County Road 6
Silas, AL 36919

ELECTRONICALLY FILED
2/18/2022 2:58 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) ) |
| | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOUISIANA-PACIFIC | ) |
| CORPORATION d/b/a | ) |
| LP BUILDING SOLUTIONS, | ) |
| a corporation; STACEY | ) |
| CAMPBELL, an individual; | ) |
| TSI-INC, a corporation; CASEY | ) |
| INDUSTRIAL, INC., a corporation; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **PLAINTIFF'S FIRST DISCOVERY TO DEFENDANT TSI-INC**

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to Rules 26, 33 and 34 of the Alabama Rules of Civil Procedure, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant TSI-INC:

## **Definitions**

As used herein:

1.    "*Defendant*", "*you*" and/or "*your*" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.      The word "*person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.      "*And*" and "*or*" and "*and/or*" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive. The use of the words "*include*(s)" and "*including*" shall be construed to mean "*without limitation*."

4.      The word "*document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.      The word "*identify*" when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and

(c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.      The word "*identify*" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership, etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.      The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; €to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.      "*Subject trim waste conveyor*" or "*subject machine*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001and its component parts involved in the incident made the basis of this litigation.

9.      "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.      "*Subject facility*" shall mean the Louisiana-Pacific Corporation facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

## Continuing Interrogatories and Requests for Production

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

## Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and

manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing;

the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition, you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## **INTERROGATORIES**

1.      Please state whether your name is correctly set forth as a Defendant in this case. If not, please state your name correctly.

2.      Please identify by name, contact information, and last known address each and every person who could arguably have discoverable information regarding any of the events giving rise to this litigation.  This includes, but is not limited to, persons known to you, believed by you or who could possibly be a witness in this case for or against any party; all persons, even if they are not personally known to you, but their identity is known to your attorney, your employer/principal, your insurance company(ies) and/or anyone acting on said entities' behalf.

3.      Identify each and every person this Defendant contends or believes has information or knowledge that would allegedly support any factual and/or legal defense raised in the Answer, or that the Defendant intends to raise at the trial of this cause.

4.      With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

        a.   Their name, address, and telephone number;

b.   The name, address, and telephone number of their employer or the organization with which they are associated in any professional capacity;

c.   The field in which they are to be offered as an expert;

d.   A summary of their qualifications within the field in which they are expected to testify;

e.   The substance of their qualifications within the field in which they are expected to testify; and

f.   The substance of the opinions to which they are expected to testify and a summary of the grounds for each opinion.

5.      Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the incident made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.      Please provide the following information for any and all policies of insurance (whether primary, secondary, excess, umbrella, personal, or otherwise) of any kind whatsoever that could arguably be applicable or available to satisfy part or all of any judgment or settlement in this matter:

a.   Full name of insurer(s);

b.   Policy number(s);

c.   Full description of the type of policy(ies); and

d.   Limits of liability (single limit, per occurrence or otherwise).

7.      List each and every defense known to you at this time that you presently intend to assert.

8.      If you contend that some other person or entity is or may be liable, in whole or in part, to the Plaintiff or to the Defendant(s), identify that person or entity as well as the alleged basis of liability.

9.      Please identify the name, address and position or title of each individual participating or assisting in the completion of Defendant's answers to these interrogatories.

10.     Please identify the Defendant TSI-INC fully, providing its official name, d/b/a name, principal place of business, and place and date of incorporation or formation.

11.     Please identify each and every subsidiary of the Defendant, TSI-INC by official name, d/b/a name, date of formation, and principal place of business.

12.     Please identify by name, case number, and court, any and all cases and complaints filed, whether pending or concluded, which involve any conveyor belt system, regardless of make or model, manufactured by the defendant, TSI or any of its subsidiaries or companies which it has acquired or with whom it has merged, where a failure to guard or adequately guard an open pinch and/or nip point on a conveyor was alleged.

13.     Set forth the name, address and job position of every individual who has knowledge of relevant facts about this case.

14.     Identify each piece of tangible evidence this Defendant or its counsel expects to use at trial and/or utilize in discovery.

15.     Identify all persons and/or documents that were used or referred to in any way when answering these interrogatories.

16.     Please describe in explicit detail Defendant TSI's document/information retention policy for both electronic and paper documents/information.

17.     Please identify by name, address and position/title with Defendant TSI the person(s) responsible for ensuring compliance with this Defendant's electronic and paper documents/information retention policy.

18.     Please state each and every fact that supports each of any affirmative defenses delineated in your Answer.

19.     Identify the date the subject trim waste conveyor was manufactured, and the location and name of facility where the subject trim waste conveyor was manufactured.

20.     Has TSI conducted any internal research or other studies relating to or addressing injuries caused by open pinch points on the same or similar make and/or model of trim waste conveyor or other similar conveyor system?  If the answer to this question is in the affirmative, please identify the date on which such study was commenced; the date on which it was concluded; the name of the employee(s) who directed such study(ies); whether any reports were issued as a result of such studies and any other information which otherwise identifies such study(ies) with particularity.

21.     Has Defendant TSI commissioned any external research or other studies relating to or addressing injuries caused by open pinch points on the same or similar make and/or model of trim waste conveyor or other similar conveyor system? If the answer to this question is in the affirmative, please identify the date on which such study(ies) was commenced; the date on which it was concluded; the name of the individual, company or other entity which conducted such study(ies); whether any reports were issued as a result of such study(ies) and any other information which otherwise identifies such study(ies) with particularity.

22.     For each statement that this defendant and/or its agents, representatives or employees (including attorneys, or insurance carriers) has custody and control of state:

    a.   The date the statement was taken;

    b.   The name, address and job position of each and every individual that took, heard or recorded each statement;

    c.   Where each statement was taken;

    d.   Whether the statement is in writing, audio and/or video recorded, and attach a copy of each statement hereto.

23.    Identify each and every admission and/or declaration against interest that the plaintiff has given and indicate when and where each statement was given, indicate who the statement was given to and set forth what each statement was.

24.    If you contend that the negligence of the plaintiff was a proximate cause of the incident and/or injuries that plaintiff has sustained in this case, set forth all facts which support such contention.

25.    If you contend the plaintiff failed to wear safety equipment or follow safety procedures at the time of the incident made the basis of this litigation, set forth all facts which support this contention.

26.    If you contend that this defendant is not liable in this case because its product complied with governmental and/or industry standards, identify what these standards are and set forth all facts which support this contention.

27.    If you contend that the plaintiff's injuries were caused by an entity and/or individual that is not a party to this action, identify this entity and/or individual and set forth all facts which support this contention.

28.    If you contend that the subject trim waste conveyor was not properly maintained or repaired, set forth all facts which support this contention.

29.     Please provide the name of the individual and/or entity who purchased the subject trim waste conveyor involved in the incident made the basis of this litigation.

30.     Please provide the name of each and every individual and/or entity who was responsible for installing and/or assembling the subject trim waste conveyor at the subject facility where the incident giving rise to this litigation occurred. Please include in your answer the specific responsibilities of each such individual or entity in the installation process.

31.     Please list the names of each and every individual and/or entity involved in the purchasing of the subject trim waste conveyor.

32.     Please list the names of any and all engineering firms or entities who were in any way involved in the design, manufacturing, selling or installation of the subject trim waste conveyor.

33.     Please describe, in detail, this Defendant's relationship with WPS Industries, Inc. including, but not limited to its involvement with this Defendant and the subject Louisiana-Pacific facility, and the subject trim waste conveyor at issue in this litigation.

34.     Please describe, in detail, this Defendant's relationship with CPM Consultants including, but not limited to, its involvement with this Defendant and the subject Louisiana-Pacific facility, and the subject trim waste conveyor at issue in this litigation.

35.     Please describe the relationship between this Defendant and Casey Industrial, Inc. as it relates to the subject trim waste conveyor and the Louisiana-Pacific facility involved in the incident made the basis of this litigation.

36.     Please identify the individuals who were responsible for incorporating safety features when the subject machine was designed, manufactured or installed.

37.     Please identify the person, persons, group, or other entity who designed the subject machine's product warnings.

38.     Please identify any internal or external standards which apply to the design, manufacture, installation, and safe operation of the subject machine utilized by this Defendant at the time the subject machine was designed, manufactured and installed.

## REQUESTS FOR PRODUCTION

1.     Produce copies of any and all documents reflecting any insurance policies (including declarations pages) which afford or may afford coverage against any damages, claims, or liability arising from the subject incident and the allegations contained in the Plaintiff's complaint filed in this action.  This includes but is not limited to general liability policies, umbrella policies, excess policies, property liability policies, commercial policies, or other insurance polices of any kind.

2.     Any and all documents that identify the name, title, and professional address if still employed by or affiliated with the Defendant or otherwise last known personal address of the person or persons who designed, formulated, or constructed the subject trim waste conveyor.

3.     Produce any and all documents, whether written or recorded, reflecting statements obtained from anyone who may have been a witness to any facts and circumstances leading up to and surrounding the subject incident.  This includes but is not limited to documents reflecting statements made by persons who witnessed the facts and circumstances surrounding the subject incident, written and/or recorded interviews by insurance companies, post-accident debriefing documents, among other such documents.

4.      Produce any and all documents that refer, relate, or reflect the facts and circumstances concerning the subject incident.  This includes but is not limited to internal investigative reports, insurance reports, reports of medical responders, notes, correspondence, journal entries, among other such documents that do not reflect a confidential communication between an attorney and client.

5.      Produce copies of any documents pertaining to this defendant's investigation of the subject incident, excluding any documents prepared solely by your attorney.  Please provide a privilege log if any privilege is claimed.

6.      Produce all photographs, videotapes, digital images, or other depiction of the personal injuries to the Plaintiff resulting from the subject incident.

7.      Produce all photographs, videotapes, digital images, or other depiction of the scene or area at which the subject incident occurred taken at any time.

8.      Produce any and all photographs, videotapes, digital images, or other depictions of the subject trim waste conveyor or any of its component parts or replacement parts.

9.      Produce any and all photographs, videotapes, digital images, or other depictions of evidence or items relevant to the subject incident.

10.      Produce any and all drawings, charts, maps, diagrams, or similar depictions or recreations depicting the scene, or the area surrounding the scene of the subject incident.

11.      Produce any and all reports and attachments thereto which relate in any way to the subject incident.

12.      Produce copies of any and all documents and writings reflecting any investigation conducted by this defendant into the subject incident.

13.     Produce any and all documents relating to the design of the subject trim waste conveyor.  This includes but is not limited to drawings, specifications, and engineering reports, correspondence, emails, photographs, prototypes, among other such documents including, but not limited to:

        a.   Any part changes or engineering changes made;

        b.   Any proposed changes that were not implemented;

        c.   The current design of the subject machine;

        d.   Any predecessor designs which are incorporated into the current design;

        e.   And any subsequent or next generation designs.

14.     Any and all documents referring to and/or reflecting patents for the subject trim waste conveyor.  This includes but it not limited to the patent documents, all applications for a patent, and correspondence/emails relating to the patent, among other such documents.

15.     Produce the curriculum vitae, or similar documents and writings that reflect the background/experience/education of the persons who were involved in the design of the subject trim waste conveyor and its optional equipment.

16.     Produce any and all documents relating to the design of optional equipment for the subject trim waste conveyor.  This includes but is not limited to drawings, specifications, and engineering reports, correspondence, emails, photographs, prototypes, among other such documents.

17.     Produce any and all documents referring to and/or reflecting patents for optional equipment for the subject trim waste conveyor.  This includes but is not limited to the patent documents, all applications for a patent, and correspondence/emails relating to the patent, among other such related documents.

18.     Produce any and all documents referring to or reflecting the cost to manufacture each optional device for the subject trim waste conveyor at or near the time the subject trim waste conveyor was sold by this defendant.

19.     Produce any and all documents relating to the design of the models you sell that have replaced the subject trim waste conveyor in your product line.  This includes but is not limited to drawings, specifications, and engineering reports, correspondence, emails, photographs, prototypes, among other such documents.

20.     Produce any and all documents which refer to and/or relate to and/or reflect the manufacture of the subject trim waste conveyor.  This includes but is not limited to the product control plan, data sheets, logs, among other such related documents.

21.     Produce any and all documents which refer to and/or relate to and/or reflect the inspection/testing of the subject trim waste conveyor.  This includes but is not limited to all documents reflecting testing, quality control, data, among other such related documents.

22.     Produce any and all documents which refer to and/or relate to and/or reflect the sale and/or distribution of the subject trim waste conveyor.  This includes but is not limited to all invoices, sales agreements, contracts, receipts, among other such related documents.

23.     Produce any and all documents which refer to and/or relate to and/or reflect the installation of the subject trim waste conveyor.  This includes, but is not limited to, all invoices, sales agreements, contracts, receipts, among other such related documents.

24.     Produce any and all on-site reports related to the subject LP facility where the incident made the basis of this litigation took place.

25.     Produce any and all documents which refer to and/or relate to and/or constitute any sales/marketing/advertising materials pertaining to the subject trim waste conveyor or

similar conveyors manufactured and sold by this defendant. This includes, but is not limited to, documents given to salespersons, print ads, internet marketing, videos/commercials, among other related documents.

26.     Produce any and all documents which refer to and/or relate to and/or constitute any sales/marketing/advertising materials pertaining to any predecessor machines to the subject trim waste conveyor.  This includes but is not limited to documents given to salespersons, print ads, internet marketing, videos/commercials, among other such related documents.

27.     Produce any and all documents which refer to and/or relate to and/or reflect the sales/marketing/advertising materials for any optional equipment for the subject trim waste conveyor.  This includes but is not limited to documents given to salespersons, print ads, internet marketing, videos/commercials, among other related documents.

28.     Produce any and all documents which refer to and/or relate to and/or constitute any instruction/operator manuals for the subject trim waste conveyor.

29.     Produce any and all documents which refer and/or relate to and/or constitute any instruction/operator manuals for any TSI conveyor similar to the subject trim waste conveyor.

30.     Produce all documents which refer to and/or relate to and/or constitute any instruction/operator manuals for optional equipment for the subject trim waste conveyor.

31.     Produce all documents which refer to and/or relate to and/or constitute any instruction/operator manuals for optional equipment for any TSI conveyor similar to the subject trim waste conveyor.

32.     Produce any and all documents which refer to and/or relate to and/or constitute any warnings of any kind for the subject trim waste conveyor.

33.     Produce any and all documents which refer to and/or relate to and/or constitute any warnings of any kind for any TSI conveyor similar to the subject conveyor.

34.     Produce any and all documents which refer to and/or relate to and/or constitute any training material for the subject trim waste conveyor.

35.     Produce any and all documents which refer to and/or relate to and/or constitute any training material for any TSI conveyor similar to the subject trim waste conveyor.

36.     Produce any and all documents which refer to and/or relate to and/or constitute any safety guidelines for the subject trim waste conveyor.

37.     Produce any and all documents which refer to and/or relate to and/or constitute any safety guidelines for any TSI conveyor similar to the subject trim waste conveyor.

38.     Produce any and all documents which have accompanied the subject trim waste conveyor during the entire time such product was sold.

39.     Produce any and all documents which refer to and/or relate to and/or constitute any instruction/operation and warnings for all predecessor products to the subject trim waste conveyor.

40.     Produce any and all documents which refer to and/or relate to and/or constitute any maintenance or repair manuals for the subject trim waste conveyor.

41.     Produce any and all documents relating in any way to maintenance of the subject trim waste conveyor and its component and replacement parts.

42.     Produce any and all documents relating in any way to repairs of the subject trim waste conveyor and its component and replacement parts.

43.     Produce any and all documents relating in any way to inspections of the subject trim waste conveyor.  This includes but is not limited to inspections prior to and after sale.

44.    Produce any and all documents relating in any way to work of any kind performed upon the subject trim waste conveyor.

45.    Produce any and all documents which refer to and/or reflect any and all complaints concerning personal injuries as a result of the use and operation of the subject and similar trim waste conveyors. This includes but is not limited to emails, correspondence of any kind, messages, phone logs, internal emails/correspondence/memoranda, follow up investigations, reports, among other such related documents.

46.    Produce any and all documents which refer to and/or reflect any and all complaints concerning personal injuries sustained to a person's fingers/hand/arm or leg during the operation of any conveyors you design, manufacture and/or sell.  This includes but is not limited to emails, correspondence of any kind, messages, phone logs, internal emails, correspondence/memoranda, follow up investigation, reports, among other such related documents.

47.    Produce any and all non-privileged documents which refer to and/or reflect any and all lawsuits concerning personal injuries as a result of the use of the make and model of the subject trim waste conveyor and similar conveyors.  This includes but is not limited to depositions, pleadings, discovery documents, correspondence, and other such non-privileged documents.

48.    Produce any and all non-privileged documents which refer to and/or reflect any and all lawsuits concerning personal injuries sustained to a person's fingers/hand/arm/leg during the operation of any conveyors you design, manufacture and/or sell.  This includes but is not limited to emails, correspondence of any kind, messages, phone logs, internal

emails/correspondence/memoranda, follow up investigations, reports, among other such related documents.

49.     Produce any and all documents referring to and/or reflecting any tests on any TSI conveyors similar to the subject trim waste conveyor.

50.     Produce a copy of any and all internal or external standards that govern the design, manufacture and/or assembly and installation of the subject machine.

51.     Produce any and all documents referring to and/or reflecting any guideline/standard/rule of any kind relating to guarding of trim waste conveyors.

52.     Produce any and all documents referring to and/or reflecting any violation of any standard for any trim waste conveyors this defendant has designed, manufactured and/or sold. This includes but is not limited to violations by a government agency or professional group, among other such related documents.

53.     Produce any and all documents evidencing and/or constituting any recall notices pertaining to any TSI trim waste conveyor or conveyor belt system designed, manufactured, and/or sold by this defendant.

54.     If this defendant no longer sells the make and/or model as the subject trim waste conveyor at issue in this litigation, produce any and all documents reflecting and/or referring to this defendant's decision to no longer sell said machine.  This includes but is not limited to internal safety discussions, internal analysis, internal suggested solutions, memoranda, emails, correspondence of any kind, reports, presentations, notices, among other such related documents.

55.     Produce any and all documents evidencing and/or constituting any safety bulletins pertaining to the subject trim waste conveyor or conveyors similar to the subject trim waste conveyor.

56.     Produce any and all documents which refer to or relate to potential safety hazards of the subject trim waste conveyor.  This includes but is not limited to internal safety discussions, internal analysis, internal suggested solutions, memoranda, emails, correspondence of any kind, reports, presentations, notices, among other such related documents.

57.     Produce any and all documents which refer to or relate to the safety of any TSI trim waste conveyor or any other TSI conveyor similar to the subject trim waste conveyor.

58.     Produce any and all documents which refer to or relate to the hazards/danger of the subject trim waste conveyor or any substantially similar conveyor designed, manufactured and/or sold by this defendant.

59.     Produce any and all documents which refer to or relate to the safety of any optional equipment for the subject trim waste conveyor or any similar conveyor designed, manufactured and/or sold by this defendant.

60.     Produce any and all documents which refer to or relate to the hazards/danger of any optional equipment for the subject trim waste conveyor or any similar conveyor designed, manufactured and/or sold by this defendant.

61.     Produce any and all documents which refer to and/or relate to and/or constitute any training materials for the subject trim waste conveyor or any conveyor similar to the subject trim waste conveyor designed, manufactured and/or sold by this defendant.  This includes, but is not limited to, training booklets, videos, among other such related documents.

62.     Produce any and all documents that support any contention that the Plaintiff was in any way responsible for the subject incident made the basis of this litigation.

63.     Produce any and all communications between this Defendant and Defendant Louisiana-Pacific Corporation related to the subject incident made the basis of this litigation, as well as the subject trim waste conveyor involved in the incident made the basis of this litigation.

64.     Produce any and all communications between this Defendant and WPS Industries, Inc. related to the subject trim waste conveyor involved in the incident made the basis of this litigation.

65.     Produce any and all documents detailing and/or describing the relationship between this Defendant and WPS Industries, Inc.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON-077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, AL 36633
Telephone – (251) 431-9364
showard@howardfesta.com

**PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:**

TSI-INC
20818 44th Ave. W.
Lynnwood, WA 98036

ELECTRONICALLY FILED
2/18/2022 2:58 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, an individual, | ) ) |
| | ) Civil Action No.: CV-2021-900109 |
| Plaintiff, | ) ) |
| v. | ) ) |
| LOUISIANA-PACIFIC CORPORATION d/b/a LP BUILDING SOLUTIONS, a corporation; STACEY CAMPBELL, an individual; TSI-INC, a corporation; CASEY INDUSTRIAL, INC., a corporation; et al., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S FIRST DISCOVERY TO DEFENDANT CASEY INDUSTRIAL, INC.

COMES NOW the Plaintiff, by and through his undersigned counsel of record, and pursuant to Rules 26, 33 and 34 of the Alabama Rules of Civil Procedure, and propounds the following set of Interrogatories and Requests for Production of Documents to Defendant Casey Industrial, Inc.:

## Definitions

As used herein:

1.     "*Defendant*", "*you*" and/or "*your*" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on this Defendant's behalf.

2.    The word "*person*(s)' means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.    "*And*" and "*or*" and "*and/or*" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.  The use of the words "*include*(s)" and "*including*" shall be construed to mean "*without limitation*."

4.    The word "*document*(s) is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of Defendant, including without limitation:

All writings; e-mails; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; fax transmissions; cables; memoranda; records; notes; report summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board of directors meetings; committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or date processing cards or discs or any other written, recorded, transcribed, punched, tapes, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.    The word "*identify*" when used with respect to an individual means to state such individual(s): (a) full name, present or last known residence and business address and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and

(c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.     The word "*identify*" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., a corporation, partnership, etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories and requests.

7.     The word "*identify*" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of), dictated or otherwise participated in the preparation of the document; €to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

8.     "*Subject trim waste conveyor*" or "*subject machine*" refers to the TSI-INC 425-771-1190, Item # 07D Trim Waste Conveyor, DWG 252-25-001 and its component parts involved in the incident made the basis of this litigation.

9.     "*Similar conveyor*" is intended to refer to all conveyors designed and manufactured with the same or substantially similar pulley and belt as the *subject trim waste conveyor*.

10.    "*Subject facility*" shall mean the Louisiana-Pacific Corporation facility in Clarke County, Alabama where the incident made the basis of this litigation occurred.

## Continuing Interrogatories and Requests for Production

These Interrogatories and Requests for Production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these Interrogatories and Requests for Production are obtained prior to trial.

## Instructions

Defendant should answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these Interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each Interrogatory, and, when an Interrogatory has subdivisions, to each subdivision.

With respect to any Interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the Interrogatory or Interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any Interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and

manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in Defendant's possession or control but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing: the type of document or thing;

the types of information thereon; the date upon which it ceased to exist; the circumstances under which it ceased to exist; and the identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition, you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## **<u>INTERROGATORIES</u>**

1.      Please state whether your name is correctly set forth as a Defendant in this case. If not, please state your name correctly.

2.      Please identify the name of the person preparing the answers to these interrogatories and identify any person aiding in their preparation.

3.      Does this Defendant have a liability insurance company or carrier that protects it against any portion of the incident occurrence which is stated in the complaint or amended complaints? If so, please provide the name of all insurance carriers including any excess or umbrella carriers and the liability limits of such policies.

4.      Please state the names and addresses of all persons with whom this Defendant has consulted as an expert witness including liability or damages.

5.      In regard to expert witnesses consulted by this Defendant, please state the subject matter upon which each such expert was consulted and if it is expected that each such expert

witness will testify in support of the allegations made in your answer in defense to Plaintiff's claims. Please state the subject matter upon which each expert is expected to testify.

6.    Please identify the individuals who were responsible for incorporating safety features when the subject machine was designed, manufactured or installed.

7.    What is the business relationship between this Defendant and the other Defendants in this lawsuit.

8.    Was there a written or oral contract in place dealing with the installation and/or assembly of the subject machine?

9.    If the response to the preceding interrogatory is yes, please provide explain this Defendant's responsibilities under said contract.

10.    Following the Plaintiff's injury made the basis of this litigation, did this Defendant commission or participate in any investigation into the circumstances made the basis of this litigation.

11.    If the response to the preceding interrogatory is yes, please identify the members of any such investigatory team and report the results of the team's findings.

12.    If this Defendant was contacted by any governmental agency investigating the circumstances surrounding the Plaintiff's injury made the basis of this litigation, identify the contacting agency, the representative of the contacting agency, the employee(s) who spoke with the agency reps, and the dates of each such contact.

13.    Was this Defendant punished or fined by any governmental agency for any action taken or not taken with respect to the circumstances leading to the injury of the Plaintiff.

14.    If the response to the preceding interrogatory is yes, please identify the fine/punishment and the governmental agency issuing the fine/punishment.

15.    Has this Defendant ever been sued for products liability pertaining to conveyor belt systems?  If so, please state the following:

    a.   When such suit was filed;

    b.   Who made such claim or filed such suit giving the address of the person who made such claim;

    c.   What was the nature of the claim;

    d.   What injuries or damages were claimed in each such suit or claim; and

    e.   What was the result of such claim or suit?

16.    For the product at issue in this case, state the date of its delivery to Louisiana-Pacific Corporation's facility in Thomasville, Alabama, and identify the entity or individuals who installed the subject machine.

17.    What person, persons, group, or other entity designed the subject machine's product warnings?

18.    Have any of the machines manufactured, sold, or installed by this Defendant ever been the subject of a governmental investigation or inquiry with regard to the possibility of injury?  If so, please state:

    a.   The name or description of the governmental agency which initiated any such inquiry or investigation;

    b.   The current status or result of such inquiry or investigation; and'

c.  Describe any identifying number(s) relating to any such inquiry or investigation.

19.     Explain in detail the records which this Defendant maintains of complaints, criticisms, accusations, allegations, or suggestions made to Defendant directly or indirectly regarding machines it designs, manufactures, sells, installs or assembles.

20.     Please provide the name, address, and job title with this Defendant of the person most familiar with maintenance of records of complaints, criticisms, accusations, allegations, or suggestions that are made regarding the products similar to the subject machine that this Defendant either designs, manufactures, sells, installs or assembles.

21.     Please state whether this Defendant abides by any regulations from any trade associations.  If so, please state the trade association within which this Defendant is involved.

22.     Identify all internal or external standards which apply to the design, manufacture, installation, and safe operation of the subject machine utilized by this Defendant at the time the subject machine was installed.

23.     If you contend that anyone else's acts caused or contributed to this subject incident, identify such persons or entities, the specific acts you complain of, and each person or entity with knowledge of facts regarding this contention.

## REQUESTS FOR PRODUCTION

1.      Produce a copy of any contract between this Defendant and any other Defendant to this suit or any other entity dealing with any design, manufacture, install and/or assembly of the subject machine.

2.      Produce a copy of any and all written safety information provided by this Defendant dealing with the operation of the subject machine.

3.     Produce a copy of any operator documents, operator's manuals or any other documents dealing with the subject machine.

4.     Produce a copy of any documents provided to you by Defendant TSI-INC, or any other entity, related to the design, manufacture, installation or assembly of the subject machine.

5.     Produce a copy of any and all design and/or engineering drawings of any modifications of the subject machine.

6.     Produce a copy of any and all documents that address any safety analysis performed anytime the subject machine was designed, manufactured, installed or modified.

7.     Produce a copy of any and all standards, OSHA or otherwise, consulted or referenced when the subject machine was designed, manufactured or installed.

8.     Produce any and all incident reports or other writings wherein this Defendant was notified that a conveyor belt system designed, manufactured or installed by this Defendant caused an injury.

9.     Produce any and all films or videotape showing or depicting any tests of the subject machine.

10.     Produce any and all advertising or promotional material, whether in form of booklets, pamphlets, videotape or otherwise, relative to the subject machine.

11.     Produce a roster of employees who work for this Defendant as an engineer or otherwise who had responsibility for the design, manufacture or installation and assembly of the subject machine.

12.     Produce any and all documents, warnings, brochures, labels, or other materials which would accompany the subject machine at the time the product was designed, manufactured or installed by this Defendant.

13.     Produce any and all warnings that accompany the subject machine at any time.

14.     Produce any and all documents which reflect any recall or attempt to recall or notify purchasers or users regarding any problems or hazards with the subject machine or similar machine.

15.     Produce any and all documents that relate to the identification of hazards or risks associated with the subject machine.

16.     Produce a copy of any and all internal and external standards that govern the design, manufacture, and/or installation or assembly of the subject machine.

17.     Produce all experts' reports, including any tests, supporting data, calculations, or photographs, factual observations and reports or facts on which such experts intend to rely.

18.     Produce copies of any and all documents reflecting any insurance policies (including declarations pages) which afford or may afford coverage against any damages, claims, or liability arising from the subject incident and the allegations contained in the Plaintiff's complain and amended complaints filed in this action.  This includes but is not limited to general liability policies, umbrella policies, excess policies, property liability policies, commercial policies, or other insurance policies of any kind.

19.     Produce a copy of any and all communications between this Defendant and any other Defendant in this litigation related to the subject machine at issue in this litigation.

20.     Produce a copy of any and all communications between this Defendant and any other individual or entity related to the subject machine at issue in this litigation.

21.     Produce a copy of any communications between this Defendant and any other Defendant in this litigation related to the subject incident made the basis of this litigation.

22.     Produce a copy of any and all communications between this Defendant and any other individual or entity related to the subject incident made the basis of this litigation.

23.     Produce a copy of any and all internal or external policies and procedures followed by this Defendant at the time of the subject incident made the basis of this litigation related to the installation and/or assembly of machines similar to the subject machine at issue in this litigation, i.e. conveyor belt systems.

24.     Produce a copy of any and all documents this Defendant receives pursuant to any non-party subpoenas filed by this Defendant.

Respectfully submitted,

/s/ Wyatt P. Montgomery
Wyatt P. Montgomery (MON-077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

/s/ Stewart Howard
Stewart Howard (HOW041)
*Attorney for Plaintiff*
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, AL 36633
Telephone – (251) 431-9364
showard@howardfesta.com

**PLEASE SERVE THE DEFENDANT ALONG WITH SUMMONS AND COMPLAIN
VIA U.S. CERTIFIED MAIL AS FOLLOWS:**

Casey Industrial, Inc.
890 W. Cherry Street
Louisville, CO 80027



AlaFile E-Notice

16-CV-2021-900109.00

To:  Wyatt P. Montgomery
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:     2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:     2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To: TROUSDALE JEREMY NELSON
    jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:     2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
gdunagan@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:      2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  STEWART CHARLES ANDREW II
     cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:      2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:     2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   TSI-INC
      20818 44TH AVE. W.
      LYNNWOOD, WA, 98036

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:     2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  CASEY INDUSTRIAL, INC.
     890 W. CHERRY STREET
     LOUISVILLE, CO, 80027

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following complaint was FILED on 2/18/2022 2:57:55 PM

Notice Date:     2/18/2022 2:57:55 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2021-900109.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET

**NOTICE TO:** TSI-INC, 20818 44TH AVE. W., LYNNWOOD, WA 98036

<div align="center">

*(Name and Address of Defendant)*
</div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Wyatt P. Montgomery
                                                                                                                                                      ,

<div align="center">

*[Name(s) of Attorney(s)]*
</div>

WHOSE ADDRESS(ES) IS/ARE: 2020 Canyon Rd, Ste 150, Vestavia, AL 35216                                                     .

<div align="center">

*[Address(es) of Plaintiff(s) or Attorney(s)]*
</div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WALLACE TYLER

<div align="right">

*[Name(s)]*
</div>

pursuant to the Alabama Rules of the Civil Procedure.

| 02/18/2022 | /s/ SUMMER SCRUGGS PADGETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ Wyatt P. Montgomery

<div align="center">

*(Plaintiff's/Attorney's Signature)*
</div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<div align="center">

*(Date)*
</div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<table>
<tr><td>*(Name of Person Served)*</td><td>*(Name of County)*</td></tr>
</table>

Alabama on _____ .

<div align="center">

*(Date)*
</div>

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>16-CV-2021-900109.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA
### TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET

**NOTICE TO:** CASEY INDUSTRIAL, INC., 890 W. CHERRY STREET, LOUISVILLE, CO 80027

<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Wyatt P. Montgomery                                                                                              ,

<div align="center"><em>(Name(s) of Attorney(s))</em></div>

WHOSE ADDRESS(ES) IS/ARE: 2020 Canyon Rd, Ste 150, Vestavia, AL 35216                                      .

<div align="center"><em>(Address(es) of Plaintiff(s) or Attorney(s))</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WALLACE TYLER

<div align="right"><em>[Name(s)]</em></div>

pursuant to the Alabama Rules of the Civil Procedure.

| 02/18/2022 | /s/ SUMMER SCRUGGS PADGETT | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ Wyatt P. Montgomery

<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<div align="right"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<div><em>(Name of Person Served)                                 (Name of County)</em></div>

Alabama on _____.

<div><em>(Date)</em></div>

_____    _____    _____
<em>(Type of Process Server)            (Server's Signature)                (Address of Server)</em>

_____    _____
                             <em>(Server's Printed Name)              (Phone Number of Server)</em>

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)

☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage

$

Total Postage and Fees

$

FEB 2 2 2022

USPS   CV-21-9-109

Sent To

CASEY INDUSTRIAL, INC.,

Street and Apt. No., or PO Box

City, State, ZIP+4®   890 W. CHERRY STREET, LOUISVILLE, CO 80027

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7021 2720 0002 6091 6249

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

**Certified Mail Fee**

$

**Extra Services & Fees** *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)         $ _____          Postmark

☐ Certified Mail Restricted Delivery   $ _____          Here

☐ Adult Signature Required            $ _____

☐ Adult Signature Restricted Delivery  $ _____

FEB 22 2022

GROVEHILL AL 36451

USPS

Cv 21-a-109

**Postage**

$

**Total Postage and Fees**

$

**Sent To**

TSI-INC, 20818 44TH AVE. W., LYNNWOOD, WA 98036

*Street and Apt. No., or PO Box No.*

*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JACKSON METALWORKS, INC.

640 CLOLINGER ROAD
JACKSON, AL 36545

9590 9402 6484 0346 4594 30

2. Article Number (Transfer from service label)

7021 2720 0002 6071 8926

PS Form 3811, July 2020 PSN 7530-02-000-9053

A. Signature
X _____ ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

PO Box 6

CV-21-9-109 W

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TSI-INC
20318 44TH AVE. W.
LYNNWOOD, WA 98036

‖‖‖‖‖ 9590 9402 6868 1104 5575 88

2. Article Number *(Transfer from service label)*

7021 2720 0002 6091 6236

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _CH_   ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
_Miller_     _2/25/2022_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:       ☐ No

_CV-21-A-109 S_

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To: MONTGOMERY WYATT PERRY
wyatt.montgomery@beasleyallen.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was served on 2/25/2022

D003 TSI-INC
Corresponding To
CERTIFIED MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

Judge: GAINES C MCCORQUODALE

To:   HOWARD STEWART LEON
      showard@howardfesta.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following matter was served on 2/25/2022

D003 TSI-INC
Corresponding To
CERTIFIED MAIL

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
3/10/2022 11:10 AM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION NO.: CV-2021-900109 |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | ) |
| d/b/a LP BUILDING SOLUTIONS, a | ) |
| a corporation; STACEY LEVERNE | ) |
| CAMPBELL, an individual; et al., | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT LOUSIANA-PACIFIC CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, Louisiana-Pacific Corporation, and for answer to Plaintiff's Amended Complaint as follows:

1.      Louisiana-Pacific admits that the Plaintiff is over the age of 19. The remaining allegations in this Paragraph are denied.

2.      Louisiana-Pacific admits that it does business in the State of Alabama and operates a facility in Clarke County, Alabama.   The remaining allegations in this Paragraph are denied.

3.      Louisiana-Pacific admits to the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 4 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

–1–

5.      The allegations contained in Paragraph 5 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 5 are construed against Louisiana-Pacific, It denies the same and demands strict proof thereof.

6.      Louisiana-Pacific admits the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

## **STATEMENT OF FACTS**

7.      Louisiana-Pacific admits that the Plaintiff was involved in an accident causing an injury to his right hand and arm while working at Defendant's facility. Louisiana-Pacific denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Amended Complaint and demands strict proof thereof.

8.      Louisiana-Pacific admits that the Plaintiff injured his right hand and arm while working at Defendant's facility.   Louisiana-Pacific has insufficient information to answer the remaining allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint, and therefore denies the same and demands strict proof thereof.

9.      Louisiana-Pacific admits the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10.      As phrased, Louisiana-Pacific denies the allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint and demands strict proof thereof.

11.      Louisiana-Pacific admits, upon information and belief, that Casey Industrial, Inc. had a role in the assembly and installation of the subject trim waste conveyor.

12.      Louisiana-Pacific denies the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint and demands strict proof thereof.

## COUNT I

13.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through twelve above as if previously set out herein.

14.     Louisiana-Pacific admits the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint.

15.     Louisiana-Pacific admits that the Plaintiff was involved in an accident causing an injury to his right hand and arm on May 19, 2021. Louisiana-Pacific denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint and demands strict proof thereof.

16.     Louisiana-Pacific admits that it received notice of the accident within the time required by the Worker's Compensation Act of Alabama.

17.     Louisiana-Pacific denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint and demands strict proof thereof.

18.     Louisiana-Pacific admits that the Plaintiff has undergone medical treatment for his accident and injury and received temporary total disability. Louisiana-Pacific denies the remaining allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint and demands strict proof thereof.

19.     Louisiana-Pacific admits that it and the Plaintiff are subject to the Workers' Compensation Act of Alabama.

## COUNT II

20.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through nineteen above as if previously set out herein.

21.     Louisiana-Pacific admits the allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint.

22.     The allegations contained in Paragraph 22 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 22 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

23.     The allegations contained in Paragraph 23 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 23 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

24.     The allegations contained in Paragraph 24 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 24 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

25.     The allegations contained in Paragraph 25 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 25 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

### **COUNT III**

26.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through twenty-five above as if previously set out herein.

27.     The allegations contained in Paragraph 27 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 27 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

28.     The allegations contained in Paragraph 28 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in

Paragraph 28 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

29.     The allegations contained in Paragraph 29 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 29 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

30.     The allegations contained in Paragraph 30 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 30 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## <u>COUNT IV</u>

31.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through thirty above as if previously set out herein.

32.     The allegations contained in Paragraph 32 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 32 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

33.     The allegations contained in Paragraph 33 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 33 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

34.     The allegations contained in Paragraph 34 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 34 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## **COUNT V**

35.    Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through thirty-four as previously set forth in this Amended Complaint as if fully set out herein.

36.    The allegations contained in Paragraph 36 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 36 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

37.    The allegations contained in Paragraph 37 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 37 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

38.    The allegations contained in Paragraph 38 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 38 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## **COUNT VI**

39.    Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through thirty-eight as previously set forth in this Amended Complaint as if fully set out herein.

40.    The allegations contained in Paragraph 40 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 40 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

41.     The allegations contained in Paragraph 41 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 41 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

42.     The allegations contained in Paragraph 42 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 42 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## COUNT VII

43.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through forty-two as previously set forth in this Amended Complaint as if fully set out herein.

44.     The allegations contained in Paragraph 44 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 44 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

45.     The allegations contained in Paragraph 45 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 45 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

46.     The allegations contained in Paragraph 46 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 46 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## COUNT VIII

47.    Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through forty-six as previously set forth in this Amended Complaint as if fully set out herein.

48.    The allegations contained in Paragraph 48 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 48 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

49.    The allegations contained in Paragraph 49 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 49 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## COUNT IX

50.    Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through forty-nine as previously set forth in this Amended Complaint as if fully set out herein.

51.    The allegations contained in Paragraph 51 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 51 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

52.    The allegations contained in Paragraph 52 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 52 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

53.     The allegations contained in Paragraph 53 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 53 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## COUNT X

54.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through fifty-three as previously set forth in this Amended Complaint as if fully set out herein.

55.     The allegations contained in Paragraph 55 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 55 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

56.     The allegations contained in Paragraph 56 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 56 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

57.     The allegations contained in Paragraph 57 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 57 are construed against Louisiana-Pacific, it denies the same and demands strict proof thereof.

## COUNT XI

58.     Louisiana-Pacific adopts and reasserts each and every response to Paragraphs numbered one through fifty-seven as previously set forth in this Amended Complaint as if fully set out herein.

59.     Louisiana-Pacific denies the allegations set forth in Paragraph 59 of Plaintiff's Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion resting upon any other party, Louisiana-Pacific asserts the following affirmative and other defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief against Louisiana-Pacific may be granted.

### SECOND DEFENSE

To the extent that any allegations against Louisiana-Pacific remain unaddressed, Louisiana-Pacific denies each and every allegation and demands strict proof thereof.

### THIRD DEFENSE

Louisiana-Pacific denies that the Plaintiff was injured to the nature and extent claimed in his Complaint and demands strict proof thereof.

### FOURTH DEFENSE

The proximate cause(s) of the injuries and damages alleged in Plaintiff's Complaint were the actions, non-actions, or negligence of a person or persons other than Louisiana-Pacific for whose actions Louisiana-Pacific is not liable, whether directly, contributorily, vicariously, by theory of express or implied agency, or otherwise.   Accordingly, Plaintiff is not entitled to recover from Louisiana-Pacific.

### FIFTH DEFENSE

Louisiana-Pacific denies that it acted intentionally, negligently, wantonly, or otherwise acted wrongfully in connection with any of the alleged occurrences referenced in Plaintiff's Complaint.

## SIXTH DEFENSE

No allegedly wrongful act of omission of Louisiana-Pacific was the cause in fact or the proximate cause of Plaintiff's alleged injuries or other damages.

## SEVENTH DEFENSE

The injuries and damages alleged in Plaintiff's Complaint were caused by intervening, superseding actions for which Louisiana-Pacific is in no way liable.

## EIGHTH DEFENSE

Tyler Wallace may have failed to exercise ordinary care for his own safety, resulting in his injury, and therefore Plaintiff is not entitled to recover from Louisiana-Pacific.

## NINTH DEFENSE

Louisiana-Pacific asserts the defense of contributory negligence.

## TENTH DEFENSE

Louisiana-Pacific asserts the defense of assumption of the risk.

## ELEVENTH DEFENSE

To the extent that Plaintiff has received or may receive benefits from collateral sources, including any *pro tanto* settlements, Louisiana-Pacific is entitled to have the Court reduce the amount of any award to Plaintiff by the amount of payments made.

## TWELFTH DEFENSE

If Louisiana-Pacific were negligent, which it specifically denies, then Plaintiff, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence, and therefore is not entitled to recover from Louisiana-Pacific.

## THIRTEENTH DEFENSE

Louisiana-Pacific reserves the right to assert that Plaintiff failed to mitigate his damages, if appropriate.

### FOURTEENTH DEFENSE

No act or omission of Louisiana-Pacific was performed with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of such act or omission, which must be shown by clear and convincing evidence to support an award of punitive damages.

### FIFTEENTH DEFENSE

Because of a lack of clear standards, any attempt to impose punitive damages against Louisiana-Pacific is unconstitutionally vague and/or overbroad.

### SIXTEENTH DEFENSE

Plaintiff has failed to plead with specificity his claim for punitive damages.

### SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, are in contravention of the rights of Louisiana-Pacific under the United States Constitution and the Constitution of the State of Alabama, including the following Constitutional provisions: (a) the Fifth Amendment of the United States Constitution; (b) the right to counsel provided by the Sixth Amendment of the United States Constitution; (c) the right to trial by jury of the Seventh Amendment of the United States Constitution; (d) the proportionality principles contained in the Eighth Amendment of the United States Constitution; (e) the Commerce Clause of Article I, Section 8 of the United States Constitution; (f) the Contracts Clause of Article I, Section 10 of the United States Constitution; (g) the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (h) the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (i) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; (j) the federal constitutional prohibition against vague and over broad laws; (k) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (1) the *Ex*

–12–

*Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (m) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (n) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution; and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.      The procedures fail to provide objective and specific standards for determining whether an award of punitive damages is justified.

2.      The procedures fail to provide objective and specific standards for determining the amount of the award of punitive damages.

3.      Because of the lack of specific standards for determining whether an award of punitive damages is justified, and if so, the amount of such award, Louisiana-Pacific has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform their conduct accordingly.

4.      The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

5.      The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

6.      The procedures permit multiple awards of punitive damages for the same alleged act.

7.      The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

8.      The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

9.      The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

10.     The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

11.     Louisiana-Pacific denies that it is guilty of conduct for which punitive damages could or should be awarded and deny that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against him.

12. Plaintiff cannot recover punitive damages against Louisiana-Pacific because such an award, which is penal in nature, would violate Louisiana-Pacific's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States, unless Louisiana-Pacific is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

13. Subjecting Louisiana-Pacific to punitive damages, or affirming an award of punitive damages against him in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and by the Due Process Clause of the Article I, Section 13, of the Alabama Constitution as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(a) Any award of punitive damages against Louisiana-Pacific under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b) There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c) Any punitive damages award would not be subject to post-trial or appellate review on the basis of suitable and sufficient objective standards and criteria;

(d) The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(e) Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Louisiana-Pacific's alleged wrongful or culpable conduct;

(f) Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

–14–

(g)    Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(h)    In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and, under such a joint and several verdict, the single amount could be enforced against a defendant for any portion of that judgment regardless of the defendant's culpability or relative culpability;

(i)    Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(j)    Where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of each defendant;

(k)    An award of punitive damages should not be permitted to be assessed against Louisiana-Pacific for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Louisiana-Pacific;

(l)    An award of punitive damages should not be permitted to be assessed against Louisiana-Pacific vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by each defendant;

(m)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n)    Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective,

–15–

logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(o)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Louisiana-Pacific;

(p)   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)   The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(r)   The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)   An award of punitive damages would constitute an arbitrary and capricious taking of property of Louisiana-Pacific without due process of law.

14.   Plaintiff is not entitled to punitive damages from Louisiana-Pacific pursuant to the facts as alleged in Plaintiff's Complaint.

15.   Plaintiff's claim for punitive damages against Louisiana-Pacific is barred by the Fourteenth Amendment of the United States Constitution and by the Alabama Constitution.

16.   Imposition of punitive damages in this case against Louisiana-Pacific would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

17.   To award punitive damages against Louisiana-Pacific in this case would have a chilling effect upon his rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

18.   Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article I, Section 15, of the Alabama Constitution.

19.   To award punitive damages against Louisiana-Pacific in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

–16–

20.   Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award or the amount of the award of punitive damages, Louisiana-Pacific is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

21.   Plaintiff's claim for punitive damages violates the rights of Louisiana-Pacific to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in *Hammond v. City of Gadsden,* 493 So. 2d 1374 (Ala. 1986), and *Green Oil Company v. Hornsby,* 539 So. 2d 218 (Ala. 1989), is unconstitutionally vague and inadequate in the following respects:

(a)   The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)   The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

(c)   The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(d)   The *Hammond* and *Green Oil* procedure does not address, nor does it cure, the lack of guidelines to be given to the jury in the assessment of punitive damages;

(e)   The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)   The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

22.   Louisiana-Pacific adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Louisiana-Pacific,* 538 U.S. 408, 123 S. Ct. 1513 (2003) and their progeny.

23.   If punitive damages were assessed against Louisiana-Pacific for conduct or events allegedly occurring in states other than in the forum state, Louisiana-Pacific would

–17–

be denied due process of law, the right to trial by jury, and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

24.     The imposition of punitive damages sought by Plaintiff violates Louisiana-Pacific's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment of the United States Constitution in that:

(a)     Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(b)     Louisiana-Pacific has no notice or means of ascertaining whether, or if so in what amount, they might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Louisiana-Pacific to punitive damages or as to the potential amount of such an award.

(c)     Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of this Defendant.

(e)     Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(f)     Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times Louisiana-Pacific could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

25.    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment of the United States Constitution are violated.

26.    Insofar as the punitive damages award sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

(a)    Defendant's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

(b)    The dormant or negative commerce clause derived from Article 1, Section 8, Clause 3, of the United States Constitution;

(c)    The Full Faith and Credit Clause of Article IV, Section 1, of the United States Constitution;

(d)    The requirement of the United States Constitution that a state respect the autonomy of other states within its spheres; and

(f)    The prohibition against excessive fines in the United States Constitution.

27.    The standards of conduct upon which punitive damages are sought against Louisiana-Pacific are vague and ambiguous.

28.    The procedures used by courts under Alabama law and the guidelines given to the jurors, jointly and separately, are vague and ambiguous, and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on its notions of what the law should be instead of what it is.

29.    The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

30.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of any award of punitive damages.

31.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

32.  Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Louisiana-Pacific.

33.  An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

### EIGHTEENTH DEFENSE

Louisiana-Pacific denies that the Plaintiff suffered permanent injuries as a result of an accident arising out of and in the course of his employment.

### NINETEENTH DEFENSE

Louisiana-Pacific asserts that the Plaintiff may have had a pre-existing injury or infirmity as defined under the Workers' Compensation Act of Alabama, at Section 25-5-58.

### TWENTIETH DEFENSE

Louisiana-Pacific asserts that some or all of the Plaintiff's medical bills have been paid, or are due to be paid by some other entity or health insurance provider.

### TWENTY FIRST DEFENSE

Plaintiff's claim may be barred because Plaintiff's injuries were the proximate result of Plaintiff's willful misconduct or intoxication from the use of alcohol or impairment from the use of illegal drugs in violation of Alabama Code Section 25-5-51.

### TWENTY SECOND DEFENSE

Louisiana-Pacific asserts that the Plaintiff has or may collect benefits from a third-party tortfeasor, and Louisiana-Pacific will be entitled to a setoff of any recovery made pursuant to Section 25-5-11 of the Workers' Compensation Act.

### TWENTY THIRD DEFENSE

Louisiana-Pacific pleads entitlement to a set off pursuant to Section 25-5-57(c) and Section 25-5-57(a)(4)(e), of the Workers' Compensation Act.

### TWENTY FOURTH DEFENSE

The Plaintiff may have refused suitable employment as contemplated by Section

25-5-57(a)(3)(e), and thus would not entitled to compensation for the duration of the refusal.

### TWENTY FIFTH DEFENSE

Louisiana-Pacific reserves the right to allege additional affirmative defenses, or to withdraw affirmative defenses listed above, as additional facts and circumstances are learned throughout discovery.

### PRAYER FOR RELIEF

WHEREFORE, Louisiana-Pacific prays for relief and judgment against Plaintiff as follows:

1.     That Plaintiff take nothing by reason of the Amended Complaint, and that the Amended Complaint be dismissed against this Defendant, with prejudice, by the Court;

2.     For such other and further relief as the Court deems proper.

Respectfully submitted,


    /s/ Jeremy N. Trousdale
JEREMY N. TROUSDALE (TRO008)
D. GREG DUNAGAN (DUN021)
Attorneys for Defendant
Louisiana-Pacific Corporation


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006.
Facsimile:    (205) 822-2057

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 10th day of March, 2022:

Wyatt P. Montgomery, Esq. (MON077)
*Attorney for Plaintiff*
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602

Stewart Howard, Esq. (HOW041)
*Attorney for Plaintiff*
STEWARD HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone:   (251) 431-9364

Charles A. Stewart, III, Esq. (STE067)
Lillie A. Hobson, Esq. (HOB017)
*Attorneys for Stacey Campbell*
BRADLEY ARANT BOULT CUMMINGS, LLP
445 Dexter Avenue, Suite 9075
Montgomery, Alabama 36104
Telephone:   (334) 956-7700
Facsimile:   (334) 956-7701

   /s/ Jeremy N. Trousdale_____
Of Counsel



AlaFile E-Notice

16-CV-2021-900109.00

To:   JEREMY N. TROUSDALE MR.
      jtrousdale@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:      3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   TSI-INC (PRO SE)
      20818 44TH AVE. W.
      LYNNWOOD, WA, 98036-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:     3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   CASEY INDUSTRIAL, INC. (PRO SE)
      890 W. CHERRY STREET
      LOUISVILLE, CO, 80027-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:    3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   MONTGOMERY WYATT PERRY
      wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:     3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
     showard@howardfesta.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:     3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   DUNAGAN DON GREGORY
      gdunagan@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:      3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To: STEWART CHARLES ANDREW II
cstewart@babc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:     3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   HOBSON LILLIE AMILEA
       lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/10/2022 11:10:19 AM

Notice Date:     3/10/2022 11:10:19 AM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

ELECTRONICALLY FILED
3/15/2022 1:08 PM
16-CV-2021-900109.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS PADGETT, CLERK

IN THE CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| TYLER WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-2021-900109 |
| | ) | |
| LOUISIANA-PACIFIC CORPORATION | ) | |
| d/b/a LP BUILDING SOLUTIONS, | ) | |
| a corporation; STACEY LEVERNE | ) | |
| CAMPBELL, an individual; TSI-INC, a | ) | |
| corporation, CASEY INDUSTRIAL, | ) | |
| INC., a corporation; et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT STACEY LEVERNE CAMPBELL'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**Stacey Leverne Campbell** ("Campbell" or "this Defendant"), one of the Defendants in

this case, files his Answer to Plaintiff's Amended Complaint as follows:

1.      Campbell admits that the Plaintiff is over the age of 19. The remaining allegations

in this Paragraph are denied.

2.      Campbell admits that Defendant Louisiana-Pacific ("LP") does business in the

State of Alabama and operates a facility in Clarke County, Alabama.  The remaining allegations

in this Paragraph are denied.

3.      Campbell admits to the allegations set forth in Paragraph 3 of Plaintiff's Amended

Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint are directed against

another party and therefore does not require a response. To the extent any allegations in Paragraph

4 are construed against Campbell, he denies the same and demands strict proof thereof.

5.      The allegations contained in Paragraph 5 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 5 are construed against Campbell, he denies the same and demands strict proof thereof.

6.      Campbell admits the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

## STATEMENT OF FACTS

7.      Campbell admits that Plaintiff was an employee of LP on or about May 19, 2021.

8.      Campbell admits that the Plaintiff was involved in an accident causing an injury to his right hand and arm while working at Defendant's facility. Campbell denies that the machine was unguarded. Campbell has insufficient information to answer the remaining allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint, and therefore denies the same and demands strict proof thereof.

9.      Campbell admits the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10.     Campbell has insufficient information either to admit or deny the allegations in Paragraph 10 of Plaintiff's complaint and, as a result, denies the same and demands strict proof thereof

11.     Campbell admits, upon information and belief, that Casey Industrial, Inc. had a role in the assembly and installation of the subject trim waste conveyor.

12.     Campbell denies the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint and demands strict proof thereof.

## COUNT I

13.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 12 above as if previously set out herein.

14.     Campbell admits that Plaintiff was an employee of LP on or about May 19, 2021.

15.     Campbell admits that the Plaintiff was involved in an accident causing an injury to his right hand and arm on May 19, 2021. Campbell denies the remaining allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint and demands strict proof thereof.

16.     Campbell admits that LP received notice of the accident within the time required by the Worker's Compensation Act of Alabama.

17.     Campbell denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint and demands strict proof thereof.

18.     Campbell admits that the Plaintiff has undergone medical treatment for his accident and injury. Campbell denies the remaining allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint and demands strict proof thereof.

19.     Campbell admits that LP and the Plaintiff are subject to the Workers' Compensation Act of Alabama.

## COUNT II

20.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 19 above as if previously set out herein.

21.     Campbell admits that Plaintiff was an employee of LP on or about May 19, 2021.

22.     Campbell admits that LP maintained the subject premises, safety devices, and equipment to ensure a safe work environment. Campbell denies removing, bypassing, or failing to install or maintain safety devices and demands strict proof thereof.

23.     Campbell denies the allegations set forth in Paragraph 23 of Plaintiff's Amended Complaint and demands strict proof thereof.

24.     Campbell denies the allegations set forth in Paragraph 24 of Plaintiff's Amended Complaint and demands strict proof thereof.

25.     Campbell denies the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint and demands strict proof thereof.

## **COUNT III**

26.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 25 above as if previously set out herein.

27.     The allegations contained in Paragraph 27 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 27 are construed against Campbell, he denies the same and demands strict proof thereof.

28.     The allegations contained in Paragraph 28 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 28 are construed against Campbell, he denies the same and demands strict proof thereof.

29.     The allegations contained in Paragraph 29 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 29 are construed against Campbell, he denies the same and demands strict proof thereof.

30.     The allegations contained in Paragraph 30 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 30 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT IV

31.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 30 above as if previously set out herein.

32.     The allegations contained in Paragraph 32 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 32 are construed against Campbell, he denies the same and demands strict proof thereof.

33.     The allegations contained in Paragraph 33 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 33 are construed against Campbell, he denies the same and demands strict proof thereof.

34.     The allegations contained in Paragraph 34 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 34 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT V

35.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 34 above as previously set forth in this Amended Complaint as if fully set out herein.

36.     The allegations contained in Paragraph 36 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 36 are construed against Campbell, he denies the same and demands strict proof thereof.

37.     The allegations contained in Paragraph 37 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 37 are construed against Campbell, he denies the same and demands strict proof thereof.

38.    The allegations contained in Paragraph 38 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 38 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT VI

39.    Campbell adopts and reasserts each and every response to Paragraphs 1 through 38 as previously set forth in this Amended Complaint as if fully set out herein.

40.    The allegations contained in Paragraph 40 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 40 are construed against Campbell, he denies the same and demands strict proof thereof.

41.    The allegations contained in Paragraph 41 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 41 are construed against Campbell, he denies the same and demands strict proof thereof.

42.    The allegations contained in Paragraph 42 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 42 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT VII

43.    Campbell adopts and reasserts each and every response to Paragraphs 1 through 42 as previously set forth in this Amended Complaint as if fully set out herein.

44.    The allegations contained in Paragraph 44 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 44 are construed against Campbell, he denies the same and demands strict proof thereof.

45.     The allegations contained in Paragraph 45 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 45 are construed against Campbell, he denies the same and demands strict proof thereof.

46.     The allegations contained in Paragraph 46 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 46 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT VIII

47.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 46 as previously set forth in this Amended Complaint as if fully set out herein.

48.     The allegations contained in Paragraph 48 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 48 are construed against Campbell, he denies the same and demands strict proof thereof.

49.     The allegations contained in Paragraph 49 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 49 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT IX

50.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 49 as previously set forth in this Amended Complaint as if fully set out herein.

51.     The allegations contained in Paragraph 51 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 51 are construed against Campbell, he denies the same and demands strict proof thereof.

52.     The allegations contained in Paragraph 52 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 52 are construed against Campbell, he denies the same and demands strict proof thereof.

53.     The allegations contained in Paragraph 53 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 53 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT X

54.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 53 as previously set forth in this Amended Complaint as if fully set out herein.

55.     The allegations contained in Paragraph 55 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 55 are construed against Campbell, he denies the same and demands strict proof thereof.

56.     The allegations contained in Paragraph 56 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 56 are construed against Campbell, he denies the same and demands strict proof thereof.

57.     The allegations contained in Paragraph 57 of the Amended Complaint are directed against another party and therefore does not require a response. To the extent any allegations in Paragraph 57 are construed against Campbell, he denies the same and demands strict proof thereof.

## COUNT XI

58.     Campbell adopts and reasserts each and every response to Paragraphs 1 through 57 as previously set forth in this Amended Complaint as if fully set out herein.

59.     Campbell denies the allegations set forth in Paragraph 59 of Plaintiff's Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion resting upon any other party, Campbell asserts the following affirmative and other defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief against Campbell may be granted.

### SECOND DEFENSE

To the extent that any allegations against Campbell remain unaddressed, Campbell denies each and every allegation and demands strict proof thereof.

### THIRD DEFENSE

Campbell is neither indebted nor liable to Plaintiff in any manner or amount whatsoever.

### FOURTH DEFENSE

The proximate cause(s) of the injuries and damages alleged in Plaintiff's Complaint were the actions, non-actions, or negligence of a person or persons other than Campbell for whose actions Campbell is not liable, whether directly, contributorily, vicariously, by theory of express or implied agency, or otherwise. Accordingly, Plaintiff is not entitled to recover from Campbell.

### FIFTH DEFENSE

Campbell denies that he acted intentionally, negligently, wantonly, or otherwise acted wrongfully in connection with any of the alleged occurrences referenced in Plaintiff's Complaint.

### SIXTH DEFENSE

No allegedly wrongful act of omission of Campbell was the cause in fact or the proximate cause of Plaintiff's alleged injuries or other damages.

### SEVENTH DEFENSE

The injuries and damages alleged in Plaintiff's Complaint were caused by intervening, superseding actions for which Campbell is in no way liable.

### EIGHTH DEFENSE

Tyler Wallace may have failed to exercise ordinary care for his own safety, resulting in his injury, and therefore Plaintiff is not entitled to recover from Campbell.

### NINTH DEFENSE

Campbell asserts the defense of contributory negligence.

### TENTH DEFENSE

Campbell asserts the defense of assumption of the risk.

### ELEVENTH DEFENSE

To the extent that Plaintiff has received or may receive benefits from collateral sources, including any *pro tanto* settlements, Campbell is entitled to have the Court reduce the amount of any award to Plaintiff by the amount of payments made.

### TWELFTH DEFENSE

If Campbell were negligent, which he specifically denies, then Plaintiff, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence, and therefore is not entitled to recover from Campbell.

### THIRTEENTH DEFENSE

Campbell reserves the right to assert that Plaintiff failed to mitigate his damages, if appropriate.

### FOURTEENTH DEFENSE

No act or omission of Campbell was performed with willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of such act or omission, which must be shown by clear and convincing evidence to support an award of punitive damages.

### FIFTEENTH DEFENSE

Because of a lack of clear standards, any attempt to impose punitive damages against Campbell is unconstitutionally vague and/or overbroad.

### SIXTEENTH DEFENSE

Plaintiff has failed to plead with specificity his claim for punitive damages.

### SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, are in contravention of the rights of Campbell under the United States Constitution and the Constitution of the State of Alabama, including the following Constitutional provisions: (a) the Fifth Amendment of the United States Constitution; (b) the right to counsel provided by the Sixth Amendment of the United States Constitution; (c) the right to trial by jury of the Seventh Amendment of the United States Constitution; (d) the proportionality principles contained in the Eighth Amendment of the United States Constitution; (e) the Commerce Clause of Article I, Section 8 of the United States Constitution; (f) the Contracts Clause of Article I, Section 10 of the United States Constitution; (g) the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (h) the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (i) the Equal Protection Clause of the Fourteenth Amendment of the United States

Constitution; (j) the federal constitutional prohibition against vague and over broad laws; (k) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (1) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (m) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (n) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution; and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. The procedures fail to provide objective and specific standards for determining whether an award of punitive damages is justified.

2. The procedures fail to provide objective and specific standards for determining the amount of the award of punitive damages.

3. Because of the lack of specific standards for determining whether an award of punitive damages is justified, and if so, the amount of such award, Campbell has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform their conduct accordingly.

4. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

5. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

6. The procedures permit multiple awards of punitive damages for the same alleged act.

7. The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

8. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

9. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

10. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

11. Campbell denies that he is guilty of conduct for which punitive damages could or should be awarded and deny that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against him.

12. Plaintiff cannot recover punitive damages against Campbell because such an award, which is penal in nature, would violate Campbell's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States, unless Campbell is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

13. Subjecting Campbell to punitive damages, or affirming an award of punitive damages against him in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and by the Due Process Clause of the Article I, Section 13, of the Alabama Constitution as separation of property without due process of law, or standards or criteria of due process of law, based upon the following grounds and circumstances, separately and severally assigned:

(a) Any award of punitive damages against Campbell under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b) There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c) Any punitive damages award would not be subject to post-trial or appellate review on the basis of suitable and sufficient objective standards and criteria;

(d) The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(e)    Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Campbell's alleged wrongful or culpable conduct;

(f)    Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(g)    Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(h)    In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and, under such a joint and several verdict, the single amount could be enforced against a defendant for any portion of that judgment regardless of the defendant's culpability or relative culpability;

(i)    Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(j)    Where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of each defendant;

(k)    An award of punitive damages should not be permitted to be assessed against Campbell for unauthorized acts of an agent

14

or agents without any additional requirement of knowledge or fault on the part of Campbell;

(l)     An award of punitive damages should not be permitted to be assessed against Campbell vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by each defendant;

(m)     Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(n)     Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

(o)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Campbell;

(p)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(q)     The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

(r)     The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(s)     An award of punitive damages would constitute an arbitrary and capricious taking of property of Campbell without due process of law.

14.     Plaintiff is not entitled to punitive damages from Campbell pursuant to the facts as alleged in Plaintiff's Complaint.

15.     Plaintiff's claim for punitive damages against Campbell is barred by the Fourteenth Amendment of the United States Constitution and by the Alabama Constitution.

16.     Imposition of punitive damages in this case against Campbell would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

17.     To award punitive damages against Campbell in this case would have a chilling effect upon his rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

18.     Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article I, Section 15, of the Alabama Constitution.

19.     To award punitive damages against Campbell in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

20.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award or the amount of the award of punitive damages, Campbell is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

21.     Plaintiff's claim for punitive damages violates the rights of Campbell to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in *Hammond v. City of Gadsden,* 493 So. 2d 1374 (Ala. 1986), and *Green Oil Company v. Hornsby,* 539 So. 2d 218 (Ala. 1989), is unconstitutionally vague and inadequate in the following respects:

        (a)     The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

        (b)     The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

        (c)     The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

        (d)     The *Hammond* and *Green Oil* procedure does not address, nor does it cure, the lack of guidelines to be given to the jury in the assessment of punitive damages;

        (e)     The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow

16

for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

22.    Campbell adopts by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513 (2003) and their progeny.

23.    If punitive damages were assessed against Campbell for conduct or events allegedly occurring in states other than in the forum state, Campbell would be denied due process of law, the right to trial by jury, and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

24.    The imposition of punitive damages sought by Plaintiff violates Campbell's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment of the United States Constitution in that:

(a)    Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(b)    Campbell has no notice or means of ascertaining whether, or if so in what amount, they might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Campbell to punitive damages or as to the potential amount of such an award.

(c)     Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of this Defendant.

(e)     Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

(f)     Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times Campbell could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

25.    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment of the United States Constitution are violated.

26.    Insofar as the punitive damages award sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

(a)     Defendant's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

(b)     The dormant or negative commerce clause derived from Article 1, Section 8, Clause 3, of the United States Constitution;

(c)     The Full Faith and Credit Clause of Article IV, Section 1, of the United States Constitution;

(d)     The requirement of the United States Constitution that a state respect the autonomy of other states within its spheres; and

(f)     The prohibition against excessive fines in the United States Constitution.

18

27.    The standards of conduct upon which punitive damages are sought against Campbell are vague and ambiguous.

28.    The procedures used by courts under Alabama law and the guidelines given to the jurors, jointly and separately, are vague and ambiguous, and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on its notions of what the law should be instead of what it is.

29.    The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

30.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of any award of punitive damages.

31.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

32.    Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Campbell.

33.    An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

## EIGHTEENTH DEFENSE

Campbell reserves the right to allege additional affirmative defenses, or to withdraw affirmative defenses listed above, as additional facts and circumstances are learned throughout discovery.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Campbell prays for relief and judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by reason of the Amended Complaint, and that the Amended Complaint be dismissed against this Defendant, with prejudice, by the Court;

2.    For a trial by jury on all issues so triable; and

3.    For such other and further relief as the Court deems proper.

*/s/ Charles A. Stewart III*
Charles A. Stewart III (STE067)
Lillie A. Hobson (HOB017)
BRADLEY ARANT BOULT CUMMINGS LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
Telephone:   (334) 956-7700
Facsimile:    (334) 956-7701
E-mail:        cstewart@bradley.com
                    lhobson@bradley.com

**Attorneys for Defendant Stacey Campbell**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court using the AlaFile system, and the following parties were served either electronically, or by first-class, U.S. Mail, postage prepaid, as follows:

Wyatt P. Montgomery, Esq.
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard, Esq.
STEWART HOWARD, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
showard@howardfesta.com

Jeremy N. Trousdale, Esq.
D. Greg Dunagan, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
jtrousdale@carrallison.com

TSI-INC (*via U.S. mail*)
20818 44th Avenue W.
Lynnwood, WA 98036

Casey Industrial, Inc. (*via U.S. mail*)
890 W. Cherry Street
Louisville, CO  80027

*/s/ Charles A. Stewart III*
OF COUNSEL



AlaFile E-Notice

16-CV-2021-900109.00

To:   CHARLES A. STEWART III
      cstewart@babc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:      3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:   TSI-INC (PRO SE)
      20818 44TH AVE. W.
      LYNNWOOD, WA, 98036-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:      3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  CASEY INDUSTRIAL, INC. (PRO SE)
     890 W. CHERRY STREET
     LOUISVILLE, CO, 80027-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:     3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  MONTGOMERY WYATT PERRY
     wyatt.montgomery@beasleyallen.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:     3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOWARD STEWART LEON
       showard@howardfesta.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:       3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  TROUSDALE JEREMY NELSON
     jtrousdale@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:     3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  DUNAGAN DON GREGORY
gdunagan@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:     3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363



AlaFile E-Notice

16-CV-2021-900109.00

To:  HOBSON LILLIE AMILEA
     lhobson@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

TYLER WALLACE V. LOUISIANA-PACIFIC CORPORATION D/B/A LP BUILDING SO ET
16-CV-2021-900109.00

The following answer was FILED on 3/15/2022 1:08:19 PM

Notice Date:     3/15/2022 1:08:19 PM

SUMMER SCRUGGS PADGETT
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363