## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TYLER WALLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | **1:22-CV-00128-JB-M** |
| **LOUISIANA-PACIFIC** | ) | |
| **CORPORATION d/b/a** | ) | |
| **LP BUILDING SOLUTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

Defendant Teal Sales Incorporated, identified in the Amended Complaint as TSI-Inc. ("TSI"), hereby responds to Plaintiff's Amended Complaint as follows:

### PARTIES AND VENUE

1.       Admitted upon information and belief.

2.       Admitted upon information and belief.

3.       Admitted upon information and belief.

4.       TSI admits that it is a Washington corporation that designed, manufactured, and sold the subject trim waste conveyor that is referenced in Plaintiff's Amended Complaint.  TSI denies the remaining allegations of Plaintiff's Amended Complaint, including that TSI is legally responsible for any injuries or damages claimed by Plaintiff in his Amended Complaint.

1

5.     Admitted upon information and belief.

6.     Admitted upon information and belief.

## STATEMENT OF FACTS

7.     Admitted upon information and belief.

8.     TSI admits, upon information and belief, that Plaintiff was working at the Louisiana-Pacific facility at or near the location of the trim waste conveyor manufactured by TSI at the time of the accident referenced in Plaintiff's Amended Complaint.  TSI further admits, upon information and belief, that Plaintiff's right hand/arm came into contact with the subject trim waste conveyor.  TSI denies the remaining allegations of Plaintiff's Amended Complaint and demands strict proof thereof.

9.     TSI admits that the subject trim waste conveyor was designed, manufactured, and sold by TSI.  TSI lacks sufficient information to either admit or deny the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint. Therefore, TSI denies those allegations and demands strict proof thereof.

10.     Denied.

11.     Admitted.

12.     Denied.

## COUNT I
## WORKER'S COMPENSATION CLAIM AGAINST LOUISIANA-PACIFIC CORPORATION

13.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 12 as if set forth in full herein.

14.     Admitted upon information and belief.

15.     Denied.

16.     TSI lacks sufficient information to either admit or deny the allegations in Paragraph 16 of Plaintiff's Amended Complaint.  Therefore, TSI denies those allegations and demands strict proof thereof.

17.     Denied.

18.     TSI lacks sufficient information to either admit or deny the allegations in Paragraph 18 of Plaintiff's Amended Complaint.  Therefore, TSI denies those allegations and demands strict proof thereof.

19.     TSI lacks sufficient information to either admit or deny the allegations in Paragraph 19 of Plaintiff's Amended Complaint.  Therefore, TSI denies those allegations and demands strict proof thereof.

## COUNT II
## CO-EMPLOYEE LIABILITY

[TSI filed a Notice of Removal on March 25, 2022, on the basis that Stacey Campbell was fraudulently joined in this lawsuit, and there is no possibility Plaintiff can prove the co-employee cause of action against Campbell that Plaintiff asserts in Paragraphs 20 through 25 of the Amended Complaint.  TSI adopts and incorporates by reference all arguments stated in its Notice of Removal (Doc. 1) as if fully set

forth herein.  To the extend further response is required, TSI denies all allegations of Paragraphs 20 through 25 and demands strict proof thereof.]

**COUNT III**
**ALABAMA EXTENDED MANUFACTURER LIABILITY DOCTRINE (AEMLD) AGAINST TSI-INC**

26.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 25 as if set forth in full herein.

27.     TSI admits that it designed, manufactured, and sold trim waste conveyors used in the oriented strand board industry during the relevant timeframe, including the subject trim waste conveyor that is referenced in Plaintiff's Amended Complaint.  TSI denies the remaining allegations of Paragraph 27 of Plaintiff's Amended Complaint and demands strict proof thereof.

28.     Denied.

29.     Denied.

30.     Denied.

**COUNT IV**
**NEGLIGENCE AGAINST TSI-INC**

31.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 30 as if set forth in full herein.

32.     Denied.

33.     Denied.

34.     Denied.

4

## COUNT V
## NEGLIGENT FAILURE TO WARN AGAINST TSI-INC

35.     TSI adopts and incorporates by reference its responses to Paragraphs 1

through 34 as if set forth in full herein.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT VI
## WANTONNESS AGAINST TSI-INC

39.     TSI adopts and incorporates by reference its responses to Paragraphs 1

through 38 as if set forth in full herein.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT VII
## WANTON FAILURE TO WARN AGAINST TSI-INC

43.     TSI adopts and incorporates by reference its responses to Paragraphs 1

through 42 as if set forth in full herein.

44.     Denied.

45.     Denied.

46.     Denied.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY AGAINST TSI-INC

47.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 47 as if set forth in full herein.

48.     Denied.

49.     Denied.

## COUNT IX
## NEGLIGENCE AGAINST CASEY INDUSTRIAL, INC.

50.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 49 as if set forth in full herein.

51.     The allegations of this paragraph are not directed at TSI and therefore no response is required. To the extent a response is necessary, TSI is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

52.     The allegations of this paragraph are not directed at TSI and therefore no response is required. To the extent a response is necessary, TSI is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

53.     The allegations of this paragraph are not directed at TSI and therefore no response is required. To the extent a response is necessary, TSI is without

sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

## COUNT X
## WANTONNESS AGAINST CASEY INDUSTRIAL, INC.

54.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 53 as if set forth in full herein.

55.     The allegations of this paragraph are not directed at TSI and therefore no response is required. To the extent a response is necessary, TSI is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

56.     The allegations of this paragraph are not directed at TSI and therefore no response is required. To the extent a response is necessary, TSI is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

57.     The allegations of this paragraph are not directed at TSI and therefore no response is required. To the extent a response is necessary, TSI is without sufficient information to admit or deny the allegations of this paragraph and therefore denies them.

## COUNT XI
## COMBINED AND CONCURRING CONDUCT OF ALL DEFENDANTS

58.     TSI adopts and incorporates by reference its responses to Paragraphs 1 through 57 as if set forth in full herein.

59.     Denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.      TSI denies the material allegations of the Amended Complaint, both separately and severally, and demands strict proof thereof.

2.      The Amended Complaint fails to state any claim against TSI upon which relief can be granted.

3.      TSI is not liable for the matters and things alleged in the Complaint.

4.      TSI denies that its conduct was in any manner negligent or wanton.

5.      TSI asserts that its conduct was not the proximate cause of the claimed injuries.

6.      Plaintiff's own contributory negligence proximately caused or contributed to cause the alleged injuries and damages.

7.      TSI states that Plaintiff's claims may be barred or limited by the doctrines of waiver, estoppel, laches, release, res judicata, lack of standing, accord and satisfaction, and/or unclean hands.

8.      Plaintiff may have failed to join necessary or indispensable parties.

9.     TSI avers that all of Plaintiff's injuries and damages, if any, were caused by the acts or omissions of others over whom TSI has no control and for whom TSI owes no legal responsibility.

10.     TSI avers that the claimed injuries and damages were the result of superseding or intervening causes.

11.     TSI denies that it owed any duty to Plaintiff.  Alternatively, TSI denies that it breached any duty or obligation owed to Plaintiff.

12.     TSI pleads the sophisticated user defense.

13.     TSI avers that any dangers to Plaintiff were open and obvious.

14.     Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

15.     Some or all of Plaintiff's claims may be barred by the applicable statute or rule of repose.

16.     Any alleged non-conforming or defective condition of any of TSI's products, as described in the Amended Complaint, was the result of abuse, neglect, modification, or alteration of the product that was not authorized by TSI.

17.     The products, as described in the Amended Complaint, were not and are not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because:

a)      Such products were not unreasonably dangerous because such products were not more dangerous than the ordinary user would have contemplated; and

b)      The manufacture and design of the products was well in keeping with the state of the art at the time of the manufacture of the products.

18.      TSI denies that the conveyor described in the Amended Complaint was defective when it left the possession of the manufacturer.

19.      Plaintiff's claims for breach of express or implied warranty are barred by the applicable provisions of the Uniform Commercial Code.

20.      Plaintiff's warranty-based claims are or may be barred, in whole or in part, because Plaintiff was not in privity with TSI.

21.      TIS denies the existence of any implied warranty or breach of warranty. TSI further avers that it did not receive any timely notice of the alleged breach of warranty and that Plaintiff did not reasonably rely on any purported warranty issued by TSI.

22.      Plaintiff's warranty-based claims are or may be barred, in whole or in part, because Plaintiff gave no notice of alleged breach of warranty as required by law.

23.    Plaintiff's warranty-based claims are barred and/or limited by any and all express conditions or disclaimers given by TSI.

24.    Plaintiff's warranty-based claims are barred, in whole or in part, by Plaintiff's failure to satisfy all conditions precedent or subsequent to the enforcement of any such alleged warranties.

25.    Plaintiff's claims may be barred, in whole or in part, by Plaintiff's assumption of the risk.

26.    Plaintiff's claims may be barred due to the doctrine of spoliation and Plaintiff's failure to preserve crucial evidence.

27.    The conveyor described in the Amended Complaint was not defective when manufactured or sold by TSI because (1) the conveyor was not unreasonably dangerous (i.e., more dangerous than the ordinary user would have contemplated), and (2) the manufacture and design of the conveyor was well in keeping with the state of the art at the time of manufacture and complied with all industry standards.

28.    TSI contests the amount and nature of the damages claimed by Plaintiff in his Amended Complaint. More specifically, TSI reserves its right to determine the actual amount in controversy via other papers.

29.    Plaintiff may have failed to mitigate his damages.

30.    TSI asserts as a defense, credit, or set-off against the damages claimed by Plaintiff, the settlement (and any monies paid pursuant thereto) between Plaintiff and any other person or entity.

31.    To the extent that any damages claimed by Plaintiff has been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against TSI must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

32.    The Amended Complaint fails to state any claim for which damages for mental anguish or emotional distress can be awarded.

33.    To award damages for pain and suffering, mental anguish or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish or emotional distress and/or the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, TSI avers that such an award in this case would violate both the Constitution of the state of Alabama and the United States Constitution for the separate and several reasons stated herein.

34.    A jury award of mental anguish damages in this case would violate due process and equal protection rights guaranteed to TSI by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish

award would violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

35.     TSI asserts that the imposition of punitive damages in this case, if claimed, would violate the Fifth Amendment to the United States Constitution, the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution to the extent such punitive damages are imposed:

(1)     in an arbitrary and capricious manner;

(2)     without the award of compensatory damages;

(3)     without a reasonable limit on the amount of the award;

(4)     without the provision of adequate notice to TSI of the severity of the award, the conduct that would subject the defendant to punishment, or the severity of the penalty that may be imposed solely by the unbridled discretion of the jury;

(5)     in a manner that is not rationally related to any legitimate government interest;

(6)     in a manner that permits different awards for the same or similar acts; and/or

(7)     without requiring clear and convincing proof before damages may be awarded as required for all punitive damage awards under Alabama law.

(8)     TSI asserts that an award of punitive damages may not exceed the limits imposed under Ala. Code § 6-11-21.

36.    Alabama law permitting the imposition of punitive damages is unconstitutionally vague because there are no specific standards by which such an award is made.

37.    TSI asserts that punitive damages may not be imposed for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant under Ala. Code § 6-11-27.

38.    The imposition of punitive damages under Alabama law is unconstitutional because it permits the imposition of an excessive criminal fine and does not require proof beyond a reasonable doubt.

39.    TSI avers that joint and several liability is unconstitutional both on its face and as applied to TSI in this case.

40.    Plaintiff's claims against TSI are, partially or in their entirety, misjoined in this lawsuit and should be severed or dismissed.

41.    TSI reserves the right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of this litigation.

WHEREFORE, TSI respectfully requests that the Court enter judgment against Plaintiff and in favor of TSI in connection with all causes of action alleged against TSI in the Amended Complaint, award TSI its taxable costs and disbursements, and grant such other relief as this Court may deem just, proper and equitable.

14

Respectfully submitted,

/s/ W. McKinley Dunn
One of the Attorneys for TSI

OF COUNSEL:
Adam K. Peck
*apeck@lightfootlaw.com*
Sanford G. Hooper
*shooper@lightfoolaw.com*
W. McKinley Dunn
*mdunn@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on March 28, 2022, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system.

Wyatt P. Montgomery
BEASLEY, ALLEN, CROW, METHVIN
PORTIS & MILES, P.C.
301 St. Louis Street
Mobile, Alabama 36602
wyatt.montgomery@beasleyallen.com

Stewart Howard
Stewart Howard, P.C.
411 Saint Francis Street
P.O. Box 1903
Mobile, Alabama 36633
Telephone – (251) 431-9364
showard@howardfesta.com
        *Attorneys for Plaintiff*

Charles A. Stewart III, Esq.
Lillie A. Hobson, Esq.
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Suite 9075
Montgomery, AL 36104
cstewart@bradley.com
lhobson@bradley.com
        *Attorneys for Stacey Campbell*

Jeremy N. Trousdale
D. Greg Dunagan
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
jtrousdale@carrallison.com
        *Attorneys for Louisiana-Pacific*

I also served a copy by electronic and/or U.S. mail to:

Casey Industrial, Inc.
890 W Cherry Street
Louisville, CO 80027

/s/ W. McKinley Dunn
Of Counsel