IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYLER WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 22-00128-JB-M |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND OPINION**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Casey Industrial, Inc. ("Casey") as to Count VII (Negligence) (Doc. 101).[1] Plaintiff Tyler Wallace ("Plaintiff") filed a Response in Opposition to this Motion (Docs. 128) and Casey filed a Reply Brief. (Doc. 141). The Court conducted a hearing on June 17, 2024, at which counsel for Plaintiff and Defendant appeared and argued. Upon due consideration of the filings and the oral arguments of the parties, the Court finds that Casey's Motion for Summary Judgment as to Count VII (negligence) is due to be **GRANTED**.

**I.   UNDISPUTED FACTS**[2]

Louisiana-Pacific Corporation ("LP") entered into an "Independent Contractor Agreement," effective August 31, 2006 with Defendant Casey for installation of to install the finishing line. (Doc. 103 at PageID.1713). The contract specified Casey's scope of work as "Contractor shall provide all labor, services, materials, transportation, supplies, equipment and

---

[1] The Court granted Casey's motion for summary judgment with respect to Plaintiff's other claims from the bench during the hearing on June 17, 2024.
[2] The facts recited by the Court at this point relate only to the contract between LP and Casey.

1

machinery required, indicated or described as necessary to fulfill its obligation as described in Exhibit 2 – Scope of the Work." (*Id.* at PageID.1718). The scope of work stated: "The Contractor will provide the INSTALLATION OF MECHANICAL EQUIPMENT, STRUCTURAL STEEL AND PROCESS PIPING for LP's OSB plant to be constructed in Clarke County, Alabama." (*Id.* at PageID.1751). "The equipment will be purchased by Louisiana-Pacific (LP), hereinafter also called 'Owner' or 'Purchaser'." (*Id.*).

The Contract required Casey to install the equipment per manufacturer's drawings. The original drawings incorporated into the Contract did not include Trim Waste Conveyor # 4. There is some evidence that at least one other trim conveyor additions was performed by another contractor. There is no evidence the Contract between LP and Casey was modified to include the conveyor which is the subject of this action.

It is Plaintiff's position that the Contract requires Casey to promptly report to LP any term, specification or drawing that may constitute or require a violation of applicable laws, regulations or building trade codes. (Doc. 102-1, pg. 8, §3.8; *see also* Doc. 127-9, PageID.2372, pg. 96:3-16). Plaintiff also contends the Contract requires Casey "shall provide recommendations for additional safety barriers, fences and signage to prevent intentional or inadvertent access." (Doc. 103 at PageID.1780). There is no evidence Casey provided any recommendations for any safety barriers, fences or signage around the area of the equipment where the Plaintiff was injured. (Doc. 127-9 at PageID.2376). The Contract also states "[g]uards and other safety protection equipment shall exceed the requirements of the State of Alabama and OSHA standards." (Doc. 103 at PageID.1780). There is no evidence that Casey provided any recommendations for

additional guarding or other safety equipment around the subject conveyor where the Plaintiff was injured. (Doc. 127-9 at PageID.2376)

## II.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Anderson*, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, at 249-250 (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B&B Cash*

*Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 524 (11th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 870 (11th Cir. June 24, 2011). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

### III.    ANALYSIS

This Order addresses Plaintiff's remaining negligence claim against Casey. To prove a negligence claim under well settled Alabama law, a Plaintiff must demonstrate the existence of

4

a duty, a breach of that duty, causation and damages. *See Ex parte Harold L. Martin Distributing Company*, 769 So. 2d 313 (Ala. 2000) and *Klien v. Mr. Transmission*, 318 So. 2d 676 (Ala. 1975). In its Motion for Summary Judgment Casey contends that Plaintiff cannot make such a *prima facie* case of negligence. The Court agrees.

> **A.     Plaintiff has not established the conveyor in issue was installed by Casey pursuant to its Contract.**

Casey's Contract with LP had an effective date of August 31, 2006. It is undisputed that the Trim Waste Conveyor #4 was not designed until May 2007, over eight (8) months after the effective date of the Contract. The Contract only required Casey to install equipment as shown on the contract drawings, which could not have included the conveyor in question.

Casey has demonstrated there were other mechanical contractors on site, some of whom were even performing installation regarding other parts of the conveyor. It is undisputed that the reconfigured Trim Waste Conveyor No. 1 was installed by an unrelated third-party (WPS). Thus, Plaintiff has not met his burden of proving Casey installed the conveyor and that the installation was performed pursuant to the Contract.

In a Motion for Summary Judgment, ". . . the burden on the moving party may be discharged by 'showing' – that is pointing out to the District Court – that there is an absence of evidence to support the non-moving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). "Summary judgment is mandated against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Brownrigg v. Walgreens*, 2016 U.S. Dist. LEXIS 38452 (N.D. Ala. 2016). Here, there is insufficient evidence that Casey installed the conveyor in

question. Because there is no evidence supporting a duty established by contract, Casey is entitled to judgment as a matter of law on Plaintiff's negligence claim.

### B. The Plaintiff has no right of recovery for alleged nonfeasance of the Contract terms.

Even assuming the conveyor was installed by Casey pursuant to the Contract and assuming Casey had a duty to make recommendations on machine safety, Alabama law does not support tort recovery for nonfeasance even if (as Plaintiff alleges) such nonfeasance was negligent. *See Perkins Communication, LLC. v. D'Shannon Prods.*, 2016 WL 11634348 (N.D. Ala. Oct. 13, 2016); *Pugh v. Butler Tel. Co.*, 512 So. 2d 1317 (Ala. 1987). The distinction between nonfeasance and misfeasance is critical. "Nonfeasance generally refers to a party's absolute failure to perform a promise, and misfeasance encompasses tortious conduct in the performance of that promise." *Perkins Commc'n, LLC*, 2016 WL 11634348, at *2 (citing *Morgan v. S. Cent. Bell Tel. Co.*, 466 So. 2d 107, 114 (Ala. 1985)).

In *Pugh*, an employee was killed when the sides of an excavation caved in on top of him. Plaintiffs alleged defendant Fail, an engineering firm, violated its contractual responsibilities by failing to be present on the jobsite and that failure resulted in Pugh's death. The Alabama Supreme Court affirmed summary judgment holding Fail owed no duty to Plaintiffs, even though the contract required Fail to have an engineer present at all times, because Plaintiffs were necessarily relying upon nonfeasance as opposed to misfeasance in performance of the contract. The Court noted that Plaintiffs were claiming the death was caused because of the engineer's failure to be at the bore site at the time of the accident.

In the present case, Plaintiff is not claiming Casey was negligent in the way it recommended a barrier guard on the machine in question. To the contrary, there is no evidence Casey attempted to recommend a barrier guard and did so in a negligent manner. Instead, Plaintiff's allegations sound in nonfeasance in the performance of the Contract, and such a claim does not support tort liability to Plaintiff.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Casey's Motion for Summary Judgment (Doc. 101) should be **GRANTED**.

**DONE and ORDERED** this 16th day of July, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE